# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 0-20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

    Defendant.

_____/

### DEFENDANT CABLE NEWS NETWORK, INC.'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

Katherine M. Bolger
Amanda B. Levine
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone:  (212) 489-8230
katebolger@dwt.com
amandalevine@dwt.com

-and-

George S. LeMieux
(Florida Bar No. 16403)
Eric C. Edison
(Florida Bar No. 010379)
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com

*Counsel for Defendant Cable News Network, Inc.*

CNN,[1] by and through its undersigned counsel, pursuant to Local Rule 7.1(c), respectfully files its Reply Memorandum ("Reply") in support of its Motion to Dismiss, Dkt. 17 ("Motion"), and in opposition to Dershowitz's Opposition to the Motion, Dkt. 21 ("Opposition"), and states:

This case is about CNN's airing of a Clip of Dershowitz's arguments on the Senate floor during President Donald Trump's impeachment trial and Statements by CNN contributors about those arguments. CNN asks the Court to dismiss this case because the speech at issue is protected by the fair report privilege and by the First Amendment to the United States Constitution and Florida law as opinion. Rather than engage meaningfully with CNN's arguments, Dershowitz's Opposition engages in name-calling, hypothesizes about CNN's political leaning, and oscillates between insisting that this case arises solely from the Statements to seemingly challenging *both* the Statements and the Clip. None of these efforts is convincing or prevents dismissal. "As [the Supreme Court] observed, '[w]hatever differences may exist about interpretations of the First Amendment, there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs.'" *Landmark Commuc'ns, Inc. v. Virginia*, 435 U.S. 829, 838 (1978). This case fits squarely within that area of universal agreement. As set forth in CNN's Motion, to the extent Dershowitz's claim is based upon the Clip, its airing is protected by the fair report privilege; to the extent it is based on the Statements, they are protected opinion; and, in either case, Dershowitz has failed to plead actual malice. This case should be dismissed with prejudice.

## ARGUMENT

### I.   THIS CASE IS PROPERLY DECIDED ON A MOTION TO DISMISS

In the Opposition, Dershowitz urges this Court to deny the Motion because he claims it is

---

[1] This Reply uses the same abbreviations and capitalized terms as those set forth in the Motion.

not properly brought under Federal Rule of Civil Procedure 12(b)(6) but is instead a "combination of a post-discovery summary judgment attempt along with a closing argument to a jury." Opp. at 1. Dershowitz is simply incorrect. CNN seeks dismissal because Dershowitz failed to plead a plausible basis for his claims within the meaning of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts routinely dismiss defamation cases for the reasons argued by CNN at the motion to dismiss stage. *See, e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016) (affirming grant of motion to dismiss defamation claim on actual malice grounds); *Turner v. Wells*, 879 F.3d 1254, 1264, 1273-74 (11th Cir. 2018) (affirming grant of motion to dismiss defamation claim on opinion and actual malice grounds); *Marder v. TEGNA Inc.*, 2020 WL 3496447, at *4-6 (S.D. Fla. June 29, 2020) (granting motion to dismiss defamation claim on fair report and opinion grounds).

In addition, Dershowitz argues that CNN's Motion is not one pursuant to Rule 12(b)(6) because it attaches "hundreds of pages" of exhibits. Opp. at 2. But most of these attachments are the very documents he references in his Complaint: forty-three pages are copies of the CNN transcripts and article at issue, *see* Riner Decl. Exs. B-D, and forty-seven pages are the Congressional Record, which recites verbatim the arguments that Dershowitz made during the President's impeachment hearing, *see* Bolger Decl. Ex. 1. This Court can consider on a motion to dismiss documents, like these, which are "central to the plaintiff's claim," "undisputed," and "incorporated by reference" into the Complaint. *See* Mot. at 5, n.2 & 6, n.5. The remaining pages are Dershowitz's own book and some newspaper articles, none of which are offered for their truth, but rather to demonstrate their publication. These too, are judicially noticeable. *Id.* at 5 n.2. Thus, all of these documents are properly considered by this Court when deciding CNN's Motion.[2]

---

[2] Dershowitz warns this Court not to make the same mistake as the district court in *Palin v. N.Y. Times Co.*, 940 F.3d 804 (2d Cir. 2019). But, in *Palin*, the court held a full evidentiary hearing on a motion to dismiss.

Finally, Dershowitz identifies no discovery he needs to oppose the Motion. While he references his desire to seek "programming notes, emails, text messages, deposition testimony regarding conversations, [and] pre-airing discussions," Opp. at 3, for example, none of those will prove whether the airing of the Clip was privileged as a fair report or opinion, nor does his Complaint allege that there is anything in these documents that would support a finding of actual malice. Dershowitz had what he needed to oppose this Motion. This Court can and should dismiss this action on a Rule 12(b)(6) motion.

## II.   THE FAIR REPORT PRIVILEGE BARS DERSHOWITZ'S CLAIMS

In its Motion, CNN argued that, to the extent Dershowitz sought damages based on the Clip, it is an accurate video of what Dershowitz said on the Senate floor—as also reflected in the Congressional Record (the very same Record Dershowitz admits he used in his Book, *see* Opp. at 9). As such, CNN's airing of the Clip is protected by the fair report privilege. Mot. at 9-14

In response, Dershowitz barely engages with the merits of this argument, instead asserting that the fair report privilege is "entirely irrelevant" because he "did not file a lawsuit complaining that CNN aired only a portion of Professor Dershowitz's senate floor argument." Opp. at 6. If this Court agrees that the airing of the Clip is not at issue, then CNN welcomes the clarification. But throughout Dershowitz's Complaint and Opposition, Dershowitz appears to seek damages for *both* the airing of the Clip *and* the Statements. *See* Compl. ¶ 11, Opp. at 4, 9. If, therefore, this Court concludes that Dershowitz *is* suing over the Clip, the claim must fail because a verbatim video clip of what Dershowitz argued on the Senate floor during the impeachment trial of the President is clearly privileged. Mot. at 9-14; *Ortega v. Post-Newsweek Stations, Florida, Inc.*, 510 So. 2d 972, 976 (Fla. 3d DCA 1987).

To the extent he does engage with the merits of CNN's argument about the fair report

3

privilege, Dershowitz argues that it does not apply because CNN allegedly changed the meaning of the Clip by not "prefac[ing]" it with what he claims was his "clear caveat that illegal and unlawful activity can be grounds for impeachment." Opp. at 7. But this claim is factually incorrect. Dershowitz provided no such "clear caveat." To even make this argument, Dershowitz again manipulates his Senate arguments by merging together *three* separate paragraphs from the Congressional Record to make it appear as one thought. *Id.* at 5; Compl. ¶ 7. In reality, Dershowitz's statement, "The only thing that would make a quid pro quo unlawful is if the quo were some way illegal," is separated from his statement, "If a President does something which he believes will help him get elected . . . that cannot be the kind of quid pro quo that results in impeachment," by an entire unrelated paragraph. *See* Mot. at 3. And it was succeeded by the argument that a president's actions could only be impeachable if "you . . . discern[ed] that he or she made a decision solely on the basis of, as the House managers put it, corrupt motives, and it cannot be a corrupt motive if you have a mixed motive that partially involves the national interest, partially involves electoral, and does not involve personal pecuniary interest." *Id.* In short, Dershowitz is simply wrong to suggest that CNN changed the meaning of his arguments.

What Dershowitz is really complaining of is that he would like CNN to have manipulated the footage of his arguments on the Senate floor to reflect the argument he thinks he made (or at least played a longer clip). This betrays his profound misunderstanding of the fair report privilege. As Magistrate Judge Goodman of this Court recently held in discussing the decision in *Folta v. New York Times, Co.*, 2019 WL 1486776, at *7 (N.D. Fla. Feb. 27, 2019), "the fair report privilege is broad and . . . 'its fair and accurate bar is a low standard.'" *Larreal v. Telemundo of Florida, LLC* , 2020 WL 5750099, at *8 (S.D. Fla. Sept. 25, 2000). As a result, "media defendants can . . . 'summarize and focus publications as they choose' [and] media defendants are 'under no

4

obligation to include additional information that would portray [Dershowitz] in a more favorable light.'" *Id.* (quoting *Folta*, 2019 WL 1486776, at *4, *7-8).[3] Here, CNN aired a clip of Dershowitz's actual argument as made on the floor of the United States Senate. It was under no obligation to mix together different parts of Dershowitz's arguments to paint him in a more favorable light, and Dershowitz certainly cannot recover $300 million in damages based on his perception that CNN failed to do so.[4] To the extent this Court determines that Dershowitz is making claims based on the publication of the Clip, they should be dismissed because the publication is absolutely privileged as a fair report of the impeachment proceedings.

### III. THE STATEMENTS ARE PROTECTED OPINION

In the Opposition, Dershowitz seeks to refocus his defamation claim on the allegedly false Statements he claims CNN's commentators made. As set forth in the Motion, however, these statements are unquestionably statements of opinion and/or rhetorical hyperbole. *See* Mot. at 14-16. In response, Dershowitz once again seeks to avoid dismissal by claiming that whether a statement is an opinion is best resolved on summary judgment or at trial. Opp at 15. But that is incorrect. "Whether [a] statement is one of fact or opinion . . . [is a] question[] of law for the court." *Turner*, 879 F.3d at 1262-63. It is ripe for determination at this stage.

Next, Dershowitz concedes that the majority of the Statements are opinion, but he claims he should be allowed to maintain his claim because certain, cherry-picked sentences within these Statements are "false statements." *See* Opp. at 15. But Dershowitz cites no case that undertakes

---

[3] In the Opposition, Dershowitz seeks to distinguish *Folta* because it was a summary judgment decision. But "[w]hen the parties submit allegedly defamatory information to a court, that court may determine as a matter of law whether allegedly defamatory publications are 'fair and true' reports of official proceedings." *Nix v. ESPN, Inc.*, 772 F. App'x 807, 812 (11th Cir. 2019) (*quoting Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 457 (E.D.N.Y. 2013)).

[4] Dershowitz also seems to rely on *Masson v. New Yorker Magazine*, 501 U.S. 496 (1991) and *Price v. Stossel*, 620 F.3d 992 (9th Cir. 2010), to address CNN's fair report argument. But neither *Masson* nor *Price* involved the fair report privilege at all. On the contrary, they involved quotations from individuals outside of a government proceeding—and, at least in the case of *Masson*, wholly outside of the public view.

5

this mix and match analysis, nor could he. As the Eleventh Circuit has held:

> In determining whether an alleged libelous statement is pure opinion, the court must construe the statement in its totality, examining not merely a particular phrase or sentence, but all of the words used in the publication. The court must consider the context in which the statement was published and accord weight to cautionary terms used by the person publishing the statement. All of the circumstances surrounding the publication must be considered, including the medium by which it was disseminated and the audience to which it was published.

*Keller v. Miami Herald Pub. Co.*, 778 F.2d 711, 717 (11th Cir. 1985) (*quoting Info. Control. Corp. v. Genesis One Comp. Corp.*, 611 F.2d 781, 783-84 (9th Cir. 1980)); *see also Turner*, 198 F. Supp. 3d at 1367-68 ("Examining the Wells Report in its entirety, the Court notes that it includes several overarching cautionary statements, each of which would inform any reasonable reader that the conclusions contained within were the Defendants' opinions."). Thus, context is key, and here the context makes clear the Statements are opinion: they were published on commentary shows with the express purpose of opining on current events and, in the case of the Begala Statement, an article that appears under the heading "Political Op-Eds Social Commentary" and cautions readers "[t]he opinions expressed in this commentary are [Begala's]." Riner Decl. Ex. D. In addition, each of the Statements contains loose, rhetorical language that is the hallmark of opinion. The Lockhart Statement talks about Stalin, Hitler and authoritarian regimes, the Berman Statement begins with Berman stating, "if you look at what he says there it blows your mind," and the Begala Statement refers to Dershowitz as "a legendary legal mind [setting law] ablaze on the Senate Floor." The Statements clearly hold themselves out as statements of opinion and, as such, are absolutely protected by the First Amendment to the United States Constitution and Florida law.

Emphasizing the weakness in his argument, Dershowitz ignores the bulk of the cases cited by CNN, including the case with the closest facts, *Rasmussen v. Collier County Publishing Co.*, 946 So. 2d 567, 571 (Fla. 2d DCA 2006), which provides that editorials "based on facts disclosed

. . . in the extensive coverage that [defendants] afforded to the controversy" are protected opinions. Instead, Dershowitz spends much of his Opposition focused on a single case included in a string cite by CNN, *Zambrano v. Devanesan*, 484 So. 2d 603 (Fla. 4th DCA 1986). Dershowitz argues that *Zambrano* is helpful to him because the Court there commented that "where the speaker or writer neglects to provide the audience with an adequate factual foundation prior to engaging in the offending discourse, liability may arise." *See* Opp. at 16-17. But in making that argument, he simply leaves out the rest of the Court's statement [in bold italics below]. The Court actually held:

> Where the speaker or writer presents the facts at the same time he or she offers independent commentary, a finding of pure opinion will usually result. ***Alternatively, even if the speaker or writer does not present the facts, or does not present all of them, like comments may still justify a finding of pure opinion where the facts are already known to the audience. A number of cases have held that a statement which is pure opinion is such because it is tantamount to rhetorical hyperbole.*** Conversely, where the speaker or writer neglects to provide the audience with an adequate factual foundation prior to engaging in the offending discourse, liability may arise.

484 So.2d at 606-07 (emphasis added) (internal citations omitted). Here, the average CNN viewer did not lack "an adequate factual foundation" for understanding the Statements. On the contrary, the underlying facts were "known to the audience." The Statements discuss an argument made during the impeachment trial of the United States President, which was aired in full on CNN and other news stations and was discussed in all forms of media throughout the world in the following days. Indeed, Dershowitz himself cites to numerous other news organizations that reported on his argument. *See* Opp. at 7-8. In fact, there is nothing else a viewer needed other than the Clip itself to support the opinions expressed in the Statements. *Zambrano* supports CNN's arguments.

In the Opposition, Dershowitz appears to be advancing a new theory of the case: that he was defamed by the editing of the Clip combined with the commentary. Opp. at 9. But this argument does not stave off dismissal. As discussed above, the airing of the Clip itself is absolutely protected by the fair report privilege and the commentary on that Clip is absolutely protected as

7

opinion. Dershowitz cannot concoct an actionable claim out of two non-actionable ones to avoid dismissal. Together, these defenses entirely dispose of Dershowitz's claim. *See, e.g.*, *Boley v. Atlantic Monthly Grp.*, 950 F. Supp. 3d 249, 259 (D.D.C. 2013) (publication that fairly and accurately described various official documents was privileged, even though the article expressly concluded, based in part on the allegations set forth in those documents, that it was a "good thing" that the plaintiff had been charged with war crimes because "[t]his comment, while exceeding the bounds of the fair report privilege, falls within the scope of a separate . . . fair comment privilege"); *Piscatelli v. Van Smith*, 35 A.3d 1140, 1153-54 (Md. Ct. App. 2012) (articles at issue "include privileged reports on the memorandum and Piscatelli's testimony as bases for its opinions, enabling readers to judge for themselves the quality of the opinions" expressed). This Court should dismiss the Complaint.

### IV. DERSHOWITZ DOES NOT—AND CANNOT—PLEAD ACTUAL MALICE

Finally, Dershowitz has failed to plead that the relevant speakers acted with actual malice, dooming his claim. Dershowitz does not even address CNN's argument that he has failed to home actual malice to the person responsible for excerpting the Clip. *See* Mot. at 18; *Mejia v. Telemundo Mid-Atlantic LLC*, 440 F. Supp. 3d 495, 502 (D. Md. 2020) (granting motion to dismiss when defendant did not allege that person responsible for creating broadcast banners acted with actual malice). Instead, Dershowitz attempts to distinguish *Mejia* by claiming that, unlike the plaintiff there, he adequately pled actual malice by "specifically alleging, 'the defamatory statements CNN published were made by each person <u>knowing that</u> what they were stating was false.'" Opp. at 18. Initially, that claim is false—the *Mejia* complaint pled actual malice in the same manner as Dershowitz does here, alleging that the defendant made the "false and defamatory statement . . . with knowledge that it was false." *See* 19-cv-01563-JVC, Dkt. 19-1 (D. Md. 2019). Even if it were

not, the Eleventh Circuit has rejected such threadbare recitals of actual malice. In *Turner*, the court explained that where the plaintiff alleges that the defendants acted "knowingly and recklessly" but "does not set forth facts demonstrating that the Defendants acted in these ways," "the complaint do[es] not allege sufficient relevant facts to support a claim of actual malice." 879 F.3d at 1273. *Id.*; *Michel*, 816 F.3d at 70. Dershowitz pleads no facts in support of his claim that Berman, Begala, and Lockhart acted with knowledge of the falsity of their Statements, instead relying on the belief that they were part of a "coordinated effort to smear" him. Opp. at 3. This conclusory assertion fails to rise above the plausibility threshold enumerated by the Supreme Court.[5]

Lacking concrete allegations of actual malice, Dershowitz instead seems to believe that invoking *Masson* and *Price* provides him with a cause of action sufficient to survive a motion to dismiss. This belief is incorrect. First, to the extent Dershowitz's Complaint concerns only the Statements, *Masson* and *Price* are inapposite. *Masson* and *Price* were specifically about quotes from the plaintiff; they were not about the defendant's analysis of the plaintiff's quotes. *Masson,* 501 U.S. at 519-20; *Price,* 620 F.3d at 1002. This case, by contrast, is nearly indistinguishable from the facts of *Time, Inc. v. Pape*, 401 U.S. 279 (1971)—a case that the Opposition ignores. There, the Court held that "[t]he deliberate choice of [one] interpretation [of an ambiguous document], though arguably reflecting a misconception was not enough to create a jury issue of 'malice' under *New York Times*." *Id.* at 290; *see also Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 513 (1984) (rejecting idea that "any individual using a malapropism might be liable, simply because an intelligent speaker would have to know that the term was inaccurate in context,

---

[5] Similarly, Dershowitz's claim that "CNN was aware of Professor Dershowitz's full statement on the issue of whether or not the president can commit crimes" because, on other shows, Dershowitz's full statement was played, Opp. at 18, does not show that any of the speakers here acted with knowledge of falsity. *See, e.g.*, *Holbrook v. Harman Auto., Inc.*, 58 F.3d 222, 225 (6th Cir. 1995) (where "the defendant is an institution rather than an individual, the question is whether the individual responsible for the statement's publication acted with the requisite culpable state of mind").

9

even though he did not realize his folly at the time"). Thus, even if one could reasonably find that Dershowitz's description of what he said on the Senate floor is correct (and it is not), the fact that Begala, Berman, and Lockhart understood and reported on his argument differently is not evidence of actual malice. Put simply, disagreement as to meaning does not equal actual malice.

Further, to the extent Dershowitz complains about the Clip itself, *Masson* and *Price* do not save his Complaint from its failure to home actual malice. In *Price*, the defendants made their motion solely on falsity grounds. 620 F.3d at 999. And in *Masson*, the plaintiff pled concrete facts as to why the defendant journalist knew her quotations were false—she interviewed the plaintiff, took notes on the interviews, and even had tape recordings of the interviews. 501 U.S. at 522-25. Dershowitz makes no such allegations as to the person who edited the Clip. Moreover, unlike in *Masson*, the Clip was not the only way for the public to hear Dershowitz's full argument, which was widely disseminated and remains publicly available.[6] Thus, because Dershowitz's allegations of actual malice are generalized and conclusory, his Complaint should be dismissed at the outset.

## CONCLUSION

As Dershowitz has said, "[t]he First Amendment requires that the media and dissenters need breathing room, and that the presumption should always be in favor of free speech." *Taking the Stand* at 108. CNN agrees with Dershowitz. The Complaint should be dismissed with prejudice for the reasons set forth herein and in CNN's Motion.

---

[6] Dershowitz also argues that *Masson* did away with courts' deference to editorial discretion. Opp. at 13. But *Masson* actually reaffirms the importance of editorial discretion, stating, "[i]f every alteration constituted the falsity required to prove actual malice, the practice of journalism, which the First Amendment standard is designed to protect, would require a radical change, one inconsistent with our precedents and First Amendment principles." 501 U.S. at 514.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 11th day of January, 2021 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com; Rodier & Rodier, P.A., *Counsel for Plaintiff*, 400 N. Federal Highway, Hallandale, Florida 33009.

        **GUNSTER, YOAKLEY & STEWART, P.A.**
        450 East Las Olas Boulevard, Suite 1400
        Fort Lauderdale, Florida 33301
        Telephone: (954) 462-2000

        By: **George S. LeMieux, Esq.**
         George S. LeMieux, Esq.
         Florida Bar No. 16403
         Email: glemieux@gunster.com
         Eric C. Edison, Esq.
         Florida Bar No. 010379
         Email: eedison@gunster.com

        **DAVIS WRIGHT TREMAINE LLP**
        Katherine M. Bolger, Esq.
        (admitted *pro hac vice*)
        Email: katebolger@dwt.com
        Amanda B. Levine, Esq.
        Email: amandalevine@dwt.com
        1251 Avenue of the Americas, 21st Floor
        New York, New York 10020
        Telephone: (212) 489-8230

        *Counsel for Defendant Cable News Network, Inc.*