UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 0-20-CV-61872-AHS**

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

**DEFENDANT CNN'S MOTION FOR PROTECTIVE ORDER
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Cable News Network, Inc. ("CNN") respectfully moves under Fed. R. Civ. P. 26(c) for entry of the attached Confidentiality and Protective Order (the "PO") to govern the terms of discovery in this matter.

**PRELIMINARY STATEMENT**

The parties in this action both agree that a PO should be entered to shield discovery materials—including CNN's privileged newsgathering materials—in this litigation. But the parties have reached an impasse over one single provision in the PO—Plaintiff Alan Dershowitz ("Plaintiff" or "Dershowitz") seeks to include a provision allowing sanctions above and beyond those imposed by Federal Rules for over-designation of confidential materials. While judicial efficiency and the parties' interests would be served by entry of the remainder of the draft PO, Plaintiff's proposed sanctions provision is unnecessary and apparently calculated to create a threat of monetary penalties not otherwise supported by the law. CNN cannot agree to its inclusion. CNN therefore asks this Court to order entry of the attached PO without Dershowitz's proposed language.

**FACTUAL BACKGROUND**

This lawsuit, commenced on September 15, 2020 (see ECF No. 1), arises from CNN's coverage of President Donald Trump's first impeachment trial; a trial that CNN aired in full, and at which Plaintiff represented President Trump. After airing the trial, CNN reporters discussed its key moments, including an answer that Plaintiff gave in response to a question from Senator Ted Cruz concerning the frequency of quid pro quos in foreign policy. In his Complaint, Plaintiff claims that CNN defamed him by re-airing a clip of his answer—rather than the entire five-minute answer—and having its commentators then mischaracterize his arguments as part of a "deliberate scheme to defraud" the CNN audience. ECF No. 1 (Compl.) ¶ 11. Of particular relevance to this motion, Plaintiff has pursued his claims both in court and in the "court of public opinion," making numerous public statements and appearances discussing this lawsuit, his intentions for discovery in this action, and his animosity toward CNN.[1]

Following a denial of CNN's motion to dismiss Plaintiff's Complaint (see ECF No. 28), the parties are now engaged in discovery. *See* **Bolger Decl. Exs. A-B.** As a condition of the exchange of documents, the parties agreed to enter into a stipulated confidentiality and protective order. Bolger Decl. ¶ 4. Counsel for CNN told Plaintiff's counsel that CNN was particularly concerned with protecting the confidentiality of its privileged, newsgathering materials. CNN drafted an order based on one that had been accepted before in this court, and sent it to Plaintiff for comment. *Id*. ¶¶ 3-5. Plaintiff then proposed changes, which were largely accepted. *Id*. ¶ 6.

---

[1] *See, e.g.*, "I'm suing CNN. Find out why," The Dershow Podcast (September 16, 2020); Alan Dershowitz, "Why I'm Suing CNN," Newsmax.com (Sept. 18, 2020), https://www.newsmax.com/alandershowitz/assange-bribery-extortion-first-amendment/2020/09/18/id/987601/; "Dershowitz' CNN lawsuit will advance: I will depose Jeff Zucker," Newsmax (May 26, 2021), *available at* https://www.youtube.com/watch?v=-t6CGK0xbHE&ab_channel=NewsmaxTV

2

In fact, the parties' discussions led to agreement on *every point*, with only one single exception: Plaintiff has insisted that the order include a provision whereby the parties agree that overdesignation of documents as confidential may result in "contempt proceedings" or "sanctions" (the "Additional Sanctions Provision").[2] Plaintiff's insistence was in spite of the fact that the draft order already required the parties to make confidentiality designations in "good faith," with "[r]estraint and [c]are," and withdraw them if necessary. *See* Proposed Order at ¶¶ 4–7.

CNN objected to what appeared to be an attempt to impose, without justification, additional and ambiguous sanctions beyond the broad remedies already ensured under Rule 37 of the Federal Rules of Civil Procedure. So as to avoid this ambiguity, CNN offered to stipulate within the draft order that any violation of its terms "may result in contempt proceedings and/or monetary sanctions pursuant to applicable law, including Rule 37 of the Federal Rules of Civil Procedure." Proposed Order ¶ 19. CNN also pointed Plaintiff to provisions in the draft order that already prohibit indiscriminate or bad faith designations, the violation of which would therefore implicate this provision. Bolger Decl. ¶ 8. Finally, CNN provided Plaintiff with caselaw demonstrating that courts can impose sanctions under Rule 37 for overdesignation, precisely the concern Plaintiff

---

[2] Specifically, Plaintiff insisted upon the following provision:

> *The Parties understand that violations of this Order may result in contempt proceedings and/or monetary sanctions pursuant to applicable law, including Rule 37 of the Federal Rules of Civil Procedure. The parties further understand that mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, frivolous or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, unless a correction to the designation is made during the meet and confer process contained in this order.*

Plaintiff later proposed changing references to "sanctions" to "attorneys' fees and costs." Bolger Decl. ¶ 8.

articulated. *Id*. *See also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955 at *1 (S.D. Fla. July 20, 2015). Plaintiff flatly refused this attempt at a compromise. Thus, it is clear that Plaintiff is seeking sanctions *beyond* what is available under the Federal Rules and CNN is forced to ask the Court to enter the attached PO, which omits the Additional Sanctions Provision.

**ARGUMENT**

Rule 26(c) gives the court broad discretion to issue a protective order limiting and/or setting terms for discovery "for good cause." Fed. R. Civ. P. 26(c). This includes entering "a protective order that requires a trade secret, or other confidential research, development, or commercial information, to remain confidential, or to be revealed only in a specified way during the course of litigation." *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2018 WL 3118266, at *3 (S.D. Fla. June 25, 2018).

It is "standard practice in many civil cases" for parties to enter into "[u]mbrella protective orders" which "allow parties to designate particular documents as confidential and subject the documents to protection under Federal Rule of Civil Procedure 26(c)(7)." *Id*. at *3. This method is favored by courts because it "replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (noting that stipulated protective orders have "become commonplace in the federal courts"); *Whitwam v. JetCard Plus, Inc.*, No. 14-CV-22320, 2015 WL 1014292, at *1 (S.D. Fla. Jan. 21, 2015) (Valle, M.J.) (entering stipulated protective order). Because of these benefits, a protective order consented to by both parties may be entered without a showing of good cause. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001); *McCarty v. Bankers Ins. Co.*, 195 F.R.D. 39, 42 (N.D. Fla. 1998) ("While generally, Rule 26(c) requires a party advocating non-

disclosure to show good cause for a protective order, often times a court may enter a consented or stipulated protective order requiring confidentiality of disclosure without such a showing"). Here, an umbrella protective order is especially appropriate for three reasons:

*First*, the parties agreed that an umbrella protective order is necessary here. Bolger Decl. ¶ 4. Thus, good cause is not required to support entry of such an order. *Chicago Trib.,* 263 F.3d at 1307; *McCarty*, 195 F.R.D. at 42.

*Second*, even if good cause did need to be shown, it exists here. Providing for confidentiality protections in the exchange of documents is a practice not only allowed but endorsed by the Eleventh Circuit, which has held that "[d]iscovery, whether civil or criminal, is essentially a private process . . . . That is why parties regularly agree, and courts often order, that discovery information will remain private." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). Accordingly, the Eleventh Circuit has confirmed that umbrella protective orders (like the PO at issue here) "restricting access to sensitive information in order to encourage maximum participation in the discovery process[] conserve judicial resources and prevent the abuses of annoyance, oppression and embarrassment," and good cause exists for entering such orders. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). Here, the PO sets clear terms and procedures allowing the parties to protect the confidentiality of certain materials exchanged in discovery, *see* Proposed Order, furthering these goals of judicial efficiency and "maximum participation in the discovery process." And, the parties agree as to the vast majority of the PO, including its detailed standards for confidentiality designations and procedures for challenging those designations. Bolger Decl. ¶ 6.

The confidentiality protections provided for in the PO are, moreover, critically important in this case because the records sought from CNN are not just sensitive, but also privileged.

5

Plaintiff's discovery requests to CNN are focused almost entirely on reporting materials prepared by CNN and its employees, *see* Bolger Decl. ¶ 5, Ex. B at Request Nos. 4-7, 9-12, which, under Florida law, are prima facie subject to a statutory and common law privilege against disclosure. Fl. Stat. § 90.5015; *State v. Davis*, 720 So. 2d 220, 224 (Fla. 1998).[3]  While CNN has agreed to waive this privilege specifically to produce documents to Plaintiff in the context of this litigation as to materials relating to its preparation of the three allegedly defamatory statements at issue in the Complaint, these records nevertheless remain privileged.  In fact, Florida law provides that "[a] professional journalist does not waive the privilege [for newsgathering materials] by publishing [that] information."  Fla. Stat. § 90.5015(4).  *See also von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 138, 147 (2d Cir. 1987) (holding reporter's privilege did not apply to third party's documents, but nevertheless affirming that documents would only be produced under an "order of confidentiality" that "limited disclosure of the documents to [the requesting party], her next friends and their attorneys for the sole purpose of litigating appellee's action against von Bulow"); *U.S. Commodity Futures Trading Comm'n v. Whitney*, 441 F. Supp. 2d 61, 72 (D.D.C. 2006) (while "documents protected by the reporter's privilege" were subject to disclosure in that circumstance, disclosure would be subject to a confidentiality protective order, since "any subsequent disclosure of the documents must necessarily be on condition that the [qualified reporter's privilege] balancing test is also met in that particular case.").  CNN's decision to produce these privileged materials to defend itself here, therefore, should not be used to work a broader waiver.  *See McCarty*, 195 F.R.D. at 43 (where otherwise privileged documents are produced subject to confidentiality designations per a protective order, "that privilege should not be subject to implied

---

[3]   New York and Washington D.C. law, which may also apply to some materials, also provide for the same qualified privilege for non-confidential unpublished reporting materials. *See* N.Y. Civil Rights Law § 79-h; D.C. Code §§ 16-4702, 4703.

waiver simply by virtue of the fact that the disclosing party relied on a court order ensuring confidentiality and non-disclosure to third parties"); *NXP B.V. v. Blackberry Ltd.*, No. 612-CV-498-ORLYKTBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar. 17, 2014) (holding that "[a]llowing public access to documents" produced in discovery subject to confidentiality designations "which . . . are [] privileged could harm the parties' legitimate interests").  There is good cause, then to enter the PO to protect these privileged materials.  These protections are of particular importance here, since Plaintiff has made clear that he would not hesitate to use discovery materials to further his publicity campaign around this lawsuit.  *See supra* at n. 1.

***Finally***, there is good cause to enter the version of the PO filed herewith, which omits Plaintiff's Additional Sanctions Provision.  There was no reasonable basis to demand this provision.  Sanctions are not typically provided within the text of typical protective orders.  For example, in a key case endorsing the use of protective orders, the Eleventh Circuit affirmed entry of an order that contained no reference to sanctions or attorneys' fees at all.  *See In re Alexander Grant*, 820 F.2d at 357; *In re Alexander Grant & Co. Litig.*, 629 F. Supp. 593, 595 (S.D. Fla. 1986) (setting out full text of protective order).  And, in any event, the PO provides a mechanism by which Plaintiff can seek sanctions under Rule 37.  *See* Proposed Order at ¶¶ 4–7, 19; *Procaps*, 2015 WL 4430955 at *1 (awarding sanctions under Rule 37 for over-designation of discovery materials as highly confidential).  Plaintiff's refusal to agree to the PO in this form suggests he is seeking to impose sanctions beyond those available to him through the Federal Rules and/or that he is seeking to make the confidentiality of discovery materials a side show in this litigation.  There is simply no need for the Additional Sanctions Provision.

## CONCLUSION

For all these reasons, the Court should enter the attached Proposed Protective Order, without the Additional Sanctions Provision demanded by Plaintiff.

**CERTIFICATE OF CONFERRAL**

Pursuant to S.D. Fla. L.R. 7.1(3), the undersigned hereby certifies that counsel for CNN has conferred with counsel for Plaintiff Alan Dershowitz in a good faith effort to resolve the issues raised in this motion, and counsel were unable to reach agreement as described in this motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 11th day of November, 2021 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com; Rodier & Rodier, P.A., Counsel for Plaintiff, 400 N. Federal Highway, Hallandale, Florida 33009.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax

By: **/s/ Katherine M. Bolger**
Katherine M. Bolger
Abigail B. Everdell
Admitted Pro Hac Vice
Email: katebolger@dwt.com
Email: abigaileverdell@dwt.com

*Attorneys for Defendant Cable News Network, Inc.*