UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.

_____/

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

Plaintiff, by and through undersigned counsel, filed this Partial Opposition to Defendant's Motion for Protective Order, along with the Declaration of Brian Rodier as Exhibit A, and states as follows:

At the outset, there is no need for Plaintiff to even address any of the case law that the Defendant cites in its motion or the many pages of argument in support of the sensibility of having a protective order in place that allows the parties to designate discovery responses as confidential. The reason is because Plaintiff agrees and believes an order should be entered. But the dispute that arose should be put into better perspective because CNN opposes any language in the order itself that puts the parties on <u>certain notice</u> that abuse in the designation process will result in sanctions if the court in fact determines that abuse has occurred. CNN's steadfast reluctance to have this language within the court order is perplexing because the language can only affect a party that violates the designation process.

CNN's initial proposed order did not contain a single word referencing anything warning of sanctions in the event that party makes abusive or frivolous designations. As such, the Plaintiff agreed to stipulate to the entry of a protective order but requested the following be included:

1

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or obstruct the case development process or to impose unnecessary expenses and burdens on another Party or Non-Party) may expose the Designating Party to sanctions pursuant to applicable law.

Frivolous designations and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on another Party or Non-Party) may expose the Challenging Party to sanctions pursuant to applicable law. Additionally, Rule 37(a)(5) shall apply to designation challenges. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

CNN rejected this language. All of it. (See below)



Plaintiff then proposed more concise terminology and included a notation to assure CNN that Plaintiff would not seek sanctions for even a frivolous designation if it was thereafter cured in the meet and confer process:

> Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or obstruct the case development process or to impose unnecessary expenses and burdens on another Party or Non-Party) may expose the Designating Party to sanctions pursuant to applicable law, **but cannot serve as the basis for sanctions if the designation is removed or re-classified during the meet and confer process.**

CNN rejected this as well, and claimed simply that Rule 37 exists to deal with this issue. Then CNN sent back a new version without any reference to sanctions and Rule 37 even within the document at all. This seemed very concerning to Plaintiff.

CNN then asked the undersigned counsel to provide orders where its proposed language had been used in the past. Plaintiff complied with CNN's request and referenced this language from several prior orders, just as CNN requested:

> Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.
>
> Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

CNN rejected all of this nonetheless except for adopting only the language that could land a party in contempt for violating the order, meaning improperly disseminating items marked confidential. Despite being provided orders from other cases showing this language had been entered by other courts, CNN once again rejected its inclusion, thus again sounding off an alarm

3

for Plaintiff and leaving the undersigned to wonder why they even asked for other orders if they were going to reject it anyway.

In a final attempt to resolve the matter, Plaintiff proposed the following because CNN kept claiming the word sanctions was ambiguous:

> The Parties understand that violations of this Order may result in contempt proceedings and/or monetary sanctions pursuant to applicable law, including Rule 37 of the Federal Rules of Civil Procedure. The parties further understand that mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, frivolous or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, unless a correction to the designation is made during the meet and confer process contained in this order.

This too was rejected by CNN and it filed the motion now before the court.

It appears that CNN fails to see the difference between a rule and violating a court order. Without minimizing the rules of court that govern cases, when a court order spells out the remedy for violations, there can be no dispute by an offending party that the consequences were not crystal clear.[1]

The undersigned represents to this Court that he has yet to utilize a protective order that is put in place prior to disclosures that did <u>not</u> contain language specifically warning of the risk of sanctions for improper designations. In fact, the ones the undersigned supplied to Defendant, at their request, were actually drafted by the opposing counsels in each case and stipulated to by all parties. The logic is simple – it deters improper designations and acts as a preventative tool to

---

[1] CNN cites *Procaps* as "case law" as its basis for leaving the warning out of the order, however, that is not case law, it is a court order from 2015. That said, plaintiff would not be able to use it as binding authority on this court should CNN over designate or improperly designate. What is would be unambiguous and binding authority on CNN is language in the actual protective order.

eliminate time wasted during the discovery process.  In fact, such language results in the Court having less matters ultimately brought before it because the risk of attorney fees and costs, spelled out in plain language, normally leads to resolutions in the meet and confer process.

As a final note, Plaintiff would like to reference a protective order that was recently signed by Chief Judge Altonaga in case # 21-2989 MDL, on June 30, 2021.  That order, to which the undersigned is not a party, contains this type of language as well. It is attached hereto as Exhibit B (specifically par 5.1 and 6.3).  It is worth noting that this order was the product of a stipulation by all of the parties to the litigation and also worth noting that the counsels that came to the agreement to include language warning of sanctions were the following firms: Gibson, Dunn & Crutcher, White & Case, Jenner & Block, Davis Polk,  Dechert, Morgan Lewis & Bockius, Paul Weiss, Sullivan & Cromwell, White & Case, Cravath, Swaine & Moore, and other firms (27 law firms in total).  Even in a contentious litigation with a collection of lawyers from some of the largest firms in the nation, the one thing they all were able to agree on was that language warning of sanctions needed to be in the order, not once, but twice.  It prevents a party from claiming they did not know sanctions could be levied against them <u>specifically for improper designations</u>.

In the short time that the undesigned has known opposing counsel in this litigation, it is clear that each lawyer representing CNN has acted in good faith and with the highest level of professionalism.  Nothing in Plaintiff's insistence that the order contain this additional language should be taken as any indication that the undersigned does not believe that defense counsel will

5

act in good faith in making designations. However, this language is standard and should be included for the reasons set forth above.

Although Plaintiff generally agrees to an order granting CNN a protective order, Plaintiff urges this court to amend Paragraph 19 in Defendant's proposed order to include the following:

> The parties further understand that mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, frivolous or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, unless a correction to the designation is made during the meet and confer process contained in this order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF portal on this 12th day of November 2021 to George LeMieux, Esq., glemieux@gunster.com Gunster, Yoakley & Stewart, P.A. and Katherine M. Bolger, Esq., katebolger@dwt.com Davis Wright Tremaine LLP.

>RODIER & RODIER, P.A.
>Attorneys at Law
>400 North Federal Highway
>Hallandale, FL 33009
>Tel: (954) 455-9300
>Fax: (954) 457-0499
>
>By: ____/s/ *Brian M. Rodier*_____
>
>BRIAN M. RODIER, ESQ.
>Fla Bar #: 42250