**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:20-cv-61872-AHS**

---------------------------------------------------- x
ALAN DERSHOWITZ,  :
                              Plaintiff,  :
            - against -  :
CABLE NEWS NETWORK, INC.,  :
                             Defendant.  :
---------------------------------------------------- x

## CONFIDENTIALITY AND PROTECTIVE ORDER

**WHEREAS** the parties are engaged in disclosure and discovery which may involve, among other things, the production of documents and information deemed confidential, including, but not limited to, trade secrets and other confidential research, development, technical, or commercial information, news gathering materials, or business, propriety, and/or personal information of parties and third parties;

**WHEREAS** the parties believe that entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such documents and information deemed confidential that may be produced or provided by the parties or non-parties;

**WHEREAS** the parties desire to facilitate the process of disclosure and discovery while at the same time adequately and reasonably protecting the confidentiality of such documents and information, and without burdening the Court with unnecessary procedural litigation; and

**WHEREAS** good cause appears to exist for entry of a protective order of confidentiality; now, therefore,

**IT IS HEREBY ORDERED** as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action (collectively, "Discovery Materials"). Discovery Materials that are, in good faith, designated Confidential or Highly Confidential as provided herein shall be used by any authorized recipients solely for the purposes of conducting this litigation and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein unless and until such designation is challenged and reversed by the Court as provided for herein.[1]

2. The term "producing party" means the party or non-party designating documents or information as Confidential or Highly Confidential Information under this Protective Order.

3. The term "receiving party" means each party to whom the Confidential or Highly Confidential Information is disclosed.

4. The producing party may, in good faith, designate as "Confidential Information" any business, proprietary, or personal information contained in Discovery Material and any other non-public or sensitive information of the parties and their affiliates by marking or otherwise requesting that such information be treated as Confidential.

5. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care

---

[1] This Protective Order does not apply to hearings or trial before the Court. The parties, any party in interest, and/or the witnesses can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

to limit any such designation to specific material that qualifies under the appropriate standards, to the extent it is practicable to do so.

6. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

7. The producing party may, in good faith, designate as "Highly Confidential Information" non-public and highly confidential business, strategic, proprietary, financial, or otherwise commercially sensitive business information or information subject to confidentiality restrictions, trade secrets, or other similar information that is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such producing party or its employees, customers, or clients if disclosed, by marking or otherwise requesting that such information be treated as Highly Confidential.

8. Confidential or Highly Confidential Information shall be subject to the terms, conditions, and restrictions of this Confidentiality and Protective Order.

9. Confidential Information shall not be delivered, disclosed, or disseminated except to the following persons:

    (a) counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, their partners and associate attorneys, and any litigation assistant, paralegal, stenographical, secretarial, or clerical personnel assisting counsel in this action;

    (b) a party, including in the case of corporate parties, their affiliates and each of their directors, officers, and employees designated to assist counsel in this action;

(c) the Court, court personnel, and any court reporter or typist recording or transcribing testimony;

(d) experts and litigation support vendors who are assisting counsel in this action, including their assistants and stenographical, secretarial, or clerical personnel;

(e) witnesses and deponents in this action who are shown the Confidential Information while testifying;

(f) the author, custodian, or any individual identified as a recipient of the Discovery Material, or the original source of the information;

(g) any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and

(h) any other person whom the parties agree, in advance and in writing, may receive such information.

10. Highly Confidential Information shall not be delivered, disclosed, or disseminated except to the following persons:

(a) counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, their partners and associate attorneys, and any litigation assistant, paralegal, stenographical, secretarial, or clerical personnel assisting counsel in this action;

(b) the Court, court personnel, and any court reporter or typist recording or transcribing testimony;

(c) experts and litigation support vendors who are assisting counsel in this action, including their assistants and stenographical, secretarial, or clerical personnel;

> (d) witnesses and deponents in this action who are shown the Highly Confidential Information while testifying;
>
> (e) the author, custodian, or any individual identified as a recipient of the Discovery Material, or the original source of the information;
>
> (f) any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and
>
> (g) any other person whom the parties agree, in advance and in writing, may receive such information.

11. Persons who receive Confidential or Highly Confidential Information pursuant to Paragraphs 9(d)–(h) or 10(c)–(g) shall be provided by the party disseminating such information with a copy of this Order and shall execute an acknowledgement, in substantially the form attached hereto as Exhibit A, that they have reviewed such Order and agree to be bound by it, with a copy of such acknowledgement provided to all parties at the conclusion of the case.

12. All Discovery Materials and all transcripts of testimony and copies of Court-filed papers consisting of or containing Confidential or Highly Confidential Information, and summaries, descriptions, or reports regarding the contents thereof, shall be kept at all times only in the custody of counsel, except when being used by other persons pursuant to Paragraphs 9 or 10.

13. All pleadings, motion papers, memoranda, affidavits, exhibits, transcripts, and other papers that consist of or contain Confidential or Highly Confidential Information shall, if filed with the Court, be filed under seal in conformity with the Local Rules and marked or designated with the legend: "CONFIDENTIAL MATERIAL PURSUANT TO PROTECTIVE

ORDER." Where possible, only the Confidential or Highly Confidential portions of filings with the Court shall be filed under seal.

14. Counsel for either party may designate as Confidential or Highly Confidential Information that part of a deposition transcript that discloses or discusses Confidential or Highly Confidential Information, by making a statement to that effect for inclusion in the deposition transcript at or prior to the conclusion of a deposition, provided, however, that if such deposition is not concluded in one day, such designation is to be made at or prior to the conclusion of the session at which the Confidential or Highly Confidential Information was disclosed or discussed. Those portions of a deposition transcript that are designated as Confidential or Highly Confidential pursuant hereto shall be bound separately and stamped "Confidential Information" or "Highly Confidential Information" respectively and, if filed with the Court, shall be filed separately and under seal in conformity with the Local Rules. The deponent shall be instructed that he or she may not disclose any Confidential or Highly Confidential Information. Confidential or Highly Confidential Information shall not be left in the possession of deponents.

15. A party may exclude from a deposition any person who is not entitled to have access to Confidential or Highly Confidential Information when such information is the subject of examination.

16. Any Party may challenge a designation of confidentiality at any time consistent with any scheduling orders to be entered by the Court. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

17. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Designating Party shall thereafter, within seven (7) calendar days (or as otherwise agreed upon), respond to such challenge in writing by either: (1) agreeing to remove the designation; or (2) stating the reasons to maintain such designation. Should the dispute remain unresolved, the Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within seven (7) calendar days of the date of service of the Designating Party's response. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Nothing in this paragraph precludes the Parties from agreeing to reasonable extensions at any step of the process described herein.

18. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention through exhaustion of the procedures in paragraph 17, the Challenging Party may file a motion challenging a confidentiality designation at any time following completion of the procedure in paragraph 17 if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

7

this provision must be accompanied by certification pursuant to Local Rule 7.1 certifying that the movant has complied with the meet and confer requirements of this District.

19. The Parties understand that violations of this Order may result in contempt proceedings and/or monetary sanctions pursuant to applicable law, including Rule 37 of the Federal Rules of Civil Procedure. The parties further understand that mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, frivolous or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions pursuant to the Federal Rules of Civil Procedure, including Rule 37, unless a correction to the designation is made during the meet and confer process contained in this order.

20. Upon final termination of this action, the receiving party shall within sixty (60) days permanently delete or destroy all copies, memoranda, or materials embodying Confidential or Highly Confidential Information and provide the producing party with a certification attesting to having done so, except that counsel may retain archival copies of such materials. Any such archival copies remain subject to this Order.

21. The provisions of this Confidentiality and Protective Order shall survive the conclusion of this action.

22. Any party or person receiving Confidential or Highly Confidential Information that receives or becomes subject to a subpoena, request from a government agency or committee, or order for production or disclosure of Confidential or Highly Confidential Information shall, within five (5) days of receipt thereof, give written notice to the source of the Confidential or Highly Confidential Information identifying the information sought and attaching a copy of the order, subpoena, government agency or committee request, or other legally mandated request.

The person subject to the subpoena, request, or order of any court, arbitrator, attorney, government agency, or like entity shall not produce or disclose the requested information without consent of the source of the information or until ordered by a court of competent jurisdiction to do so, provided that the source makes a motion or other application for relief from the subpoena or other request in the appropriate forum, within a reasonable time of being provided with notice pursuant to this paragraph.

23. Nothing contained herein shall prevent disclosure beyond the terms of this Confidentiality and Protective Order if the producing party consents in writing to such disclosure, or limit or prejudice the right of any party, after reasonable attempts to resolve the dispute informally and thereafter on reasonable prior written notice, to seek a Court order broadening or restricting the rights of access to or use of Confidential or Highly Confidential Information, or for other modifications of this Confidentiality and Protective Order. Nothing contained herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Protective Order or from applying to the Court for further or additional protective orders.

24. Nothing contained herein shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing contained herein shall constitute an admission or waiver of any claim or defense by any party.

25. Nothing contained herein shall prevent any of the parties from seeking, or objecting to, the introduction into evidence at any trial of this case any of the documents which

may have been designated as Confidential or Highly Confidential Information, subject to the rulings of the Court.

26. This Protective Order shall not be construed to apply to any information that (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a producing party or non-party.

27. If a party inadvertently fails to designate Discovery Materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is notified in writing of an inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain and return or destroy all copies of the document, including any copies which it distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons.

28. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

29. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

DONE AND ORDERED in Chambers, Fort Lauderdale, Florida on November 17, 2021

SO ORDERED:

_Alicia O. Valle_

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

**Case No.: 0:20-cv-61872-AHS**

_____ x
                                        :
ALAN DERSHOWITZ,                        :
                                        :
                Plaintiff,    :
                                        :
      - against -                  :
                                        :
CABLE NEWS NETWORK, INC.,               :
                                        :
                Defendant.   :
                                        :
                                        :
_____ x

      I,_____, hereby acknowledge that as a condition of being given access to Confidential or Highly Confidential Information, as these terms are defined in the Confidentiality and Protective Order in effect in this action, I am required to agree to certain restrictions on any use of such Confidential or Highly Confidential Information; such Confidential or Highly Confidential Information is governed by the Confidentiality and Protective Order, which I have read; and I hereby agree to be bound by the terms of that Confidentiality and Protective Order, including any penalties for breach of its confidentiality provisions.

                                                              Signature: _____

                                                               Print Name: _____

                                                               Date: _____