UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0-20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

**CNN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST TO PRODUCE**

Defendant CNN respectfully submits this memorandum in opposition to the Motion to Compel Better Responses to Request to Produce and Overrule Objections filed by Plaintiff Alan Dershowitz, Doc. 53 ("Pl.'s RFP Mot.").[1]

As explained in CNN's opposition to Plaintiff's motion to compel further interrogatory responses, this is a defamation action based on three statements published by CNN (the "Challenged Statements"). CNN has already produced hundreds of pages of documents relied on in drafting or editing the Challenged Statements from the ten custodians who were primarily responsible for making substantive decisions in connection with those statements, and, in a show of good faith, has also produced documents from the files of Jeff Zucker, CNN's President. CNN is also willing to search for and produce documents from three additional custodians who it recently determined assisted with video clips. Nonetheless, Plaintiff has moved to compel further production. This Court should deny the motion. Initially, Plaintiff's motion is flawed because it is apparently based on the wrong version of CNN's Responses to Plaintiff's Request for Production.[2] CNN's revised response, served before Plaintiff's motion, moots many of the issues Plaintiff raises in his motion. This Court should also deny the motion because Plaintiff does not seek relevant material, but instead seeks to impermissibly expand the scope of discovery to potentially hundreds of custodians who may know nothing about this case or the CNN reporting at issue. This discovery would be burdensome, expensive, and unlikely to lead to relevant evidence. In sum, Plaintiff's motion is a fishing expedition for additional claims or irrelevant materials, and it should be denied.

**FACTUAL BACKGROUND**

For the factual background, CNN respectfully refers the Court to its opposition to

---

[1] CNN incorporates by reference the arguments and defined terms set forth in its opposition to Plaintiff's Motion to Compel Better Responses to Interrogatories and Overrule Objections, filed concurrently herewith.
[2] Plaintiff attached to his motion only CNN's initial September 22, 2021 responses and omitted CNN's revised November 29 responses, which are attached hereto as Exhibit A ("RFPs").

Plaintiff's interrogatory motion, filed concurrently herewith.

## ARGUMENT

Plaintiff's motion to compel should be denied for the following reasons:

Request Nos. 1, 2, and 3: Plaintiff seeks "all transcripts" and "videos for all CNN television broadcasts" and "all copies and links to all CNN internet publications in which Alan Dershowitz's response to Ted Cruz's question was discussed." RFPs at pp.1–3. Initially, contrary to Plaintiff's assertions, CNN already produced transcripts, videos, and copies of the Challenged Statements as exhibits to the motion to dismiss in this action. *Id.* at pp.2–3. Thus, Plaintiff is already in possession of the responsive documents.

Further, as explained in CNN's opposition to Plaintiff's interrogatory motion, to the extent Plaintiff seeks transcripts and videos of CNN publications *other than* the Challenged Statements, these Requests are improper. While the Complaint squarely identifies three Challenged Statements, the Request seeks information for *every* time that Plaintiff was mentioned on CNN, rather than just the Challenged Statements. It is well settled that "[d]iscovery is a fishing expedition when it goes beyond the pleadings' allegations to attempt finding additional violations or claims." *Blankenship v. Fox News Network, LLC*, 2020 WL 9718873, at *15 (S.D.W. Va. Sept. 21, 2020), *objections overruled*, 2021 WL 2345972 (S.D.W. Va. June 8, 2021); *see also Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) (rejecting discovery requests that "constitute no more than a fishing expedition to discover additional instances of wrongdoing beyond those already alleged"). Here, CNN has already produced the transcripts and videos of the three Challenged Statements identified by Plaintiff. This Court should reject Plaintiff's efforts to expand the scope of discovery beyond those statements.

Moreover, Plaintiff's Requests are inappropriate because the information he seeks "is publicly available" and he "may access that information on [his] own." *Harris v. 68-444 Perez,*

2

*Inc.*, 2020 WL 9259817, at *6 (C.D. Cal. Sept. 8, 2020); *see* Fed. R. Civ. P. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" when determining proportionality). Transcripts for CNN broadcasts are available online and readily accessible to Plaintiff via CNN's website (as well as services frequently retained by law firms, such as LexisNexis).[3] Accordingly, Plaintiff already has access to these materials.

Request No. 4: Plaintiff seeks "any and all videos in your possession from any other news source/television station in which Alan Dershowitz's response to Ted Cruz's question was discussed." RFPs at p.3. But Plaintiff's motion to compel these materials is confusing because CNN has already agreed to produce such materials that were relied on in drafting or editing the Challenged Statements. *Id.* at pp.4–5. As set forth in CNN's Responses to Plaintiff's Request for Production, CNN agreed to search the files of the Key Custodians who had primary responsibility for substantive decisions in connection with the Challenged Statements, as well as Jeff Zucker (CNN's President), and to produce documents relied on in drafting and editing the Challenged Statements. *Id.* CNN will also search the files of the three lower-level video editors. The documents requested in Request No. 4, if there are any, would be included in the ongoing production.

For the avoidance of doubt, CNN is not withholding the above-described materials responsive to this or any other request on the basis of its journalist privilege. As explained in CNN's opposition to Plaintiff's interrogatory motion, Plaintiff misapprehends CNN's assertion of the journalist privilege. Florida recognizes that professional journalists have "a qualified privilege . . . not to disclose the information, including the identity of any source, that the professional journalist has obtained while actively gathering news." Fla. Stat. § 90.5015(2). CNN is not asserting this privilege over documents that were relied on in drafting or editing the Challenged

---

[3] *See* CNN, *Transcripts*, https://transcripts.cnn.com/.

Statements, and has not withheld any such responsive materials based on the journalist privilege.[4] Because, however, Plaintiff's requests sought broad discovery of newsgathering materials unrelated to the Challenged Statements,[5] CNN appropriately withheld (or redacted) materials related to reporting *other than* the Challenged Statements. Plaintiff has not and cannot overcome the journalist privilege as to these irrelevant materials, and any effort to discover them should be denied.

Request Nos. 5 and 6: Plaintiff seeks all communications referenced in Interrogatory Nos. 3 and 4. RFPs at pp.5–6. CNN opposes these Requests for the reasons stated in its opposition to Plaintiff's motion to compel Interrogatory Nos. 3 and 4, filed concurrently with this opposition. Specifically, the requests are overbroad and seek irrelevant material. In fact, discovery requests to CNN nearly identical to Requests Nos. 5 and 6 and Interrogatory Nos. 3 and 4 were recently rejected in another defamation action. In *Blankenship v. Fox News Network*, CNN, as here, identified custodians "most likely to possess responsive information relating to" four allegedly defamatory "references [to the plaintiff] made during CNN programming." 2020 WL 9718873, at *11, *21 n.18. The plaintiff nonetheless sought documents and information from every person affiliated with the programming on which the allegedly defamatory remarks were made, regardless of the date. *Id.* at *21. The court denied the plaintiff's motion to compel those materials—which, notably, was less broad than the requests here—on the grounds that:

> this production request on its face is overbroad, in addition to being irrelevant to Plaintiff's claims. Plaintiff does not limit these particular production requests to the broadcast dates on which defamatory statements were made, let alone which segments he seeks from these three shows. . . . Plaintiff's requests do not identify which personnel were involved in these shows or even whether they had anything to do with the defamatory statements that form

---

[4] As a matter of statutory law, CNN's failure to assert the privilege over the matters relied on in drafting or editing the Challenged Statements does not waive the privilege as to other newsgathering. *See* Fl. Stat. § 90.5015(2)–(4); N.Y. Civ. Rights Law § 79-h(g); *see also News-J. Corp. v. Carson*, 741 So. 2d 572, 574 (Fla. 5th DCA 1999); *Guice-Mills v. Forbes*, 819 N.Y.S.2d 432, 436 (Sup. Ct. 2006).
[5] *See* Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8; Document Request Nos. 4, 5, 6, 7, 9, 10, 11, 12.

4

> the basis of Plaintiff's claims. CNN has represented to this Court that it has performed a reasonable investigation into which custodians could have responsive documentation and that it continues to search, therefore, the undersigned **FINDS** that compelled production in this instance is unwarranted.

*Id.* (citation omitted); *see also Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 2018 WL 276941, at *5 (M.D. La. Jan. 3, 2018) (holding that contacting "everyone in every [defendant] entity to ask whether anyone employed by any [defendant] entity has knowledge relevant to this litigation" and thereafter conducting additional large-scale searches "is simply unreasonable," "raises proportionality concerns," and "would be unduly burdensome"). Here, CNN has gone even further than it did in *Blankenship*, agreeing to identify 13 relevant custodians, and to produce documents from the files of CNN's President, Jeff Zucker. *See* 2020 WL 9718873, at *22. This Court, as in *Blankenship*, should deny Plaintiff's request for burdensome and irrelevant discovery related to CNN employees and programming other than the Challenged Statements and the Key Custodians.

As in *Blankenship*, Request Nos. 5 and 6 (and Interrogatory Nos. 3 and 4) are overbroad in two ways. First, "to be discoverable, the requested information must . . . satisfy the proportionality requirement meaning it must be more than tangentially related to the issues that are actually at stake in the litigation." *Flynn v. Square One Distribution, Inc.*, 2016 WL 2997673, at *4 (M.D. Fla. May 25, 2016). But Request Nos. 5 and 6 seek discovery about a breathtaking number of people, unrelated to the Challenged Statements, and based on pure speculation. CNN is a large company, and there are hundreds of people who could work on the relevant shows.[6] Searching those records, for no reason other than Plaintiff's idle speculation that they *might* know something, would impose a disproportionate burden on CNN. In light of CNN's identification of the Key Custodians, Plaintiff is not entitled to the additional information sought.

---

[6] For example, CNN's programming involves anchors, correspondents, contributors, producers, writers, editors, factcheckers, directors, camera operators, audio/video production staff, stage technicians, wardrobe and makeup stylists, and administrative staff, among others.

5

This is particularly so because the information requested is not relevant to Plaintiff's defamation claim as a matter of law. The U.S. Supreme Court has held that "[w]here the defendant in a defamation action is a publishing organization, . . . 'actual malice' must be 'brought home to the persons in the [publishing] organization having responsibility for the publication.'" *Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841, 847 (Fla. 4th DCA 2002) (second alteration in original) (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964)). Courts "focus *solely* on [the] state of mind" of the "employee responsible for the publication of the allegedly defamatory statements." *Holbrook v. Harman Auto., Inc.*, 58 F.3d 222, 225 (6th Cir. 1995) (emphasis added). As such, as a matter of law, the only relevant individuals are the people with primary responsibility for the Challenged Statements, whom CNN has disclosed.

Second, Request Nos. 5 and 6 (and Interrogatory Nos. 3 and 4) are improper because, while the Complaint squarely identifies three Challenged Statements, these Requests seek information concerning *every* time Plaintiff was mentioned on CNN. It is well settled that "[d]iscovery is a fishing expedition when it goes beyond the pleadings' allegations to attempt finding additional violations or claims." *Blankenship*, 2020 WL 9718873, at *15; *see also Tottenham*, 2002 WL 1967023, at *2 (rejecting discovery requests that "constitute no more than a fishing expedition to discover additional instances of wrongdoing beyond those already alleged"). Here, CNN agreed to produce documents relied on in drafting or editing the three Challenged Statements. This Court should reject Plaintiff's efforts to expand the scope of discovery beyond those statements.

Finally, as explained in CNN's opposition to Plaintiff's interrogatory motion, Plaintiff is mistaken in his unsupported assumption that CNN may not, in the first instance, identify its own relevant custodians. In fact, the "responding party is generally entitled to select the custodians most likely to possess responsive information." *Firefighters' Ret.*, 2018 WL 276941, at *4. Further, "a

6

party seeking to compel another party to search the files of additional custodians bears the burden of establishing the relevance of the documents it seeks from those custodians." *Id.*; *see also In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2020 WL 4501794, at *1 (N.D. Fla. Aug. 5, 2020) (requesting party "must demonstrate each custodian would provide 'unique relevant information not already obtained'"). The requesting party's "unsupported assertions . . . are not enough." *Lightsquared Inc. v. Deere & Co.*, 2015 WL 8675377, at *5 (S.D.N.Y. Dec. 10, 2015). Here, Plaintiff has not established the relevance of any additional custodians' documents, nor has Plaintiff even identified the additional custodians that he seeks. In fact, CNN's offer to identify custodians in the first instance is precisely the rubric accepted by the court in *Blankenship*. 2020 WL 9718873, at *21 & n.18.

Request No. 8: Plaintiff seeks "all written employment or engagement agreements between CNN and each commentator that appeared on air for any broadcast in which Alan Dershowitz's response to Ted Cruz's question was discussed." RFPs at p.7. Plaintiff speculates, without any factual basis, that "the agreements *might* contain information relevant to what incentives were offered to commentators depending on viewership or click volume generated by their work or how many other news organizations picked up the CNN content." Pl.'s RFP Mot. at 4 (emphasis added). As an initial matter, this Request is overbroad as it includes commentators beyond those who made the Challenged Statements. (See response to Request Nos. 1, 2, and 3, *supra*.) More than that, it makes little sense. Plaintiff's argument that the requested contracts are relevant presupposes both that the contracts had incentives that related to the Challenged Statements *and* that those incentives somehow caused CNN to defame Plaintiff. This logic, wholly unsupported by any facts, is simply too attenuated to lead to relevant discovery. *See Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 677 n.5 (S.D. Ga. 2016) (rejecting discovery request based on "nothing more than a

hypothetical without any support in the record"). That is especially so here, where Plaintiff is a public figure, who must demonstrate by clear and convincing evidence that CNN acted with actual malice in publishing the Challenged Statements. *Sullivan*, 376 U.S. at 279–80. Evidence of a financial interest in a publication is not relevant to actual malice where there is no evidence of a motivation *to lie*. *See Tavoulareas v. Piro*, 817 F.2d 762, 796–97 (D.C. Cir. 1987) (motivation to publish sensational or negative stories was insufficient to show actual malice, where there was no evidence of a specific motivation to lie or disregard the truth); *Reeder v. Carroll*, 759 F. Supp. 2d 1064, 1089–90 (N.D. Iowa 2010) (claim that a doctor wrote letters critical of plaintiff's medical work because that doctor had a "financial interest" in his own competing hospital's success was "insufficient to support a finding" of actual malice). Accordingly, these agreements have no relevance because they do not, and could not possibly, evidence any motive by CNN (the defendant here) to defame the Plaintiff.[7] Plaintiff's motion should be denied.

Request Nos. 9, 10, and 11: Plaintiff requests a "cell phone call ledger" for "each CNN employee each commentator that appeared on air" and "each CNN host, producer, director and show runner" for "any broadcast in which Alan Dershowitz's response to Ted Cruz's question was discussed," as well as for Jeff Zucker.[8] The scale of these Requests is staggering, yet "[p]laintiff has not cited any authority to show he is entitled to every call made on that log for the period in question, including calls that do not have anything to do with his case." *Birch v. City of Atchison*, 2019 WL 4573410, at *2 (D. Kan. Sept. 20, 2019) (denying motion to compel call logs). The breadth of these Requests alone—which Plaintiff refused to limit even after a meet and confer—

---

[7] Perplexingly, Plaintiff speculates that the agreements "may also lead to evidence regarding any rules, procedures or obligations" that Plaintiff theorizes may have been violated. Pl.'s RFP Mot. at 4. But if Plaintiff actually desired rules and policies, he could have directly requested them. Plaintiff did not do so.
[8] Plaintiff states that CNN's retyping of the Request in its response was incorrect, but Plaintiff does not identify any purported error. Pl.'s RFP Mot. at 4 n.3. CNN has confirmed that it accurately reproduced the Request verbatim.

is a reason to deny the motion to compel these Requests.

In addition, the motion to compel production of the call logs should be denied because the requests are overbroad in three fundamental ways. First, there is no allegation in the Complaint that links the alleged defamation to the fact that phone calls took place. Plaintiff is impermissibly speculating that those calls exist. That is not a reasonable basis for discovery. Second, the Requests seek call logs from too many people on too many topics. (*See* response to Request Nos. 1, 2, and 3, *supra*, and responses to Interrogatory Nos. 2, 3, and 4, in concurrently filed opposition.) The burden on CNN far outweighs any potential benefit. Second, even if targeted to the custodians identified by CNN, these Requests impinge on protected information under the journalist privilege while adducing no relevant evidence in any material sense. CNN journalists' call logs contain privileged newsgathering materials unrelated to the Challenged Statements and/or can reveal the identity of sources, including sources for stories having nothing to do with this case, which is squarely privileged under Fla. Stat. § 90.5015(2). *See Muhammad v. State*, 132 So. 3d 176, 190 (Fla. 2013) ("The reporter's qualified privilege applies to both confidential and non-confidential sources . . . ."). As to irrelevant stories, Plaintiff cannot and does not attempt to overcome the privilege. *See id.* (to overcome the privilege, the information must be "highly relevant" and "necessary to the proper presentation of the case"). Even if log entries relating to irrelevant sources and reports could be filtered out (which would likely be an extraordinarily burdensome process requiring, among other things, identification of anonymous phone numbers), all the call logs would likely show is that CNN employees communicated amongst each other—as would be expected of employees in any organization—but the logs would not show what they communicated *about*. Critically, the logs would not show whether they were discussing Dershowitz or one of the dozens of other stories of the day. Thus, the call logs have little potential to provide any relevant evidence,

and the burden of collecting and filtering them would far outweigh any negligible value. *See* Fed. R. Civ. P. 26(b)(1) (directing courts to consider "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" when determining proportionality). The more efficient and effective way to obtain the information would be to depose the Key Custodians and ask if they had any phone calls about Dershowitz.[9]

Request No. 12: Plaintiff requests a cell phone call ledger for David Vigilante, CNN's General Counsel. This Request is improper for the same reasons as above and the additional reason that, as Plaintiff acknowledges, a log of Vigilante's calls would implicate the attorney-client privilege and generally would not be discoverable. *See* Pl.'s RFP Mot. at 5. And while Plaintiff speculates that Vigilante may have made calls in a "non-lawyer role," he has provided no evidence that Vigilante was in any way involved in the Challenged Statements. Plaintiff plainly has not met his "burden of establishing the relevance of the documents [he] seeks from" Vigilante. *Firefighters' Ret.*, 2018 WL 276941, at *4. Moreover, it would be impossible to determine which of Vigilante's calls were legal or non-legal because a log would not display the content of the call. Thus, collecting and reviewing Vigilante's calls for privilege would be a futile exercise, and CNN would be unable to identify non-privileged log entries to produce.

## CONCLUSION

For all these reasons, the Court should deny Plaintiff's motion to compel, as well as his request for attorney fees and costs.

---

[9] Plaintiff's contrary arguments are unavailing. Plaintiff apparently thinks, without providing evidence, that there are more than ten primary decisionmakers for the Challenged Statements whom CNN identified. Pl.'s RFP Mot. at 5. But call logs would not reveal if anyone else was involved in the Challenged Statements, as they would not reveal whether the call participants discussed Dershowitz or some other news story that day. Call logs are simply not relevant here.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 15th day of December, 2021 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com; Rodier & Rodier, P.A., *Counsel for Plaintiff,* 400 N. Federal Highway, Hallandale, Florida 33009.

DAVIS WRIGHT TREMAINE LLP

By: /s/ *Katherine M. Bolger*
    Katherine M. Bolger
    *(pro hac vice admitted)*
    Amanda B. Levine
    *(pro hac vice admitted)*
    Abigail B. Everdell
    *(pro hac vice admitted)*
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
katebolger@dwt.com
amandalevine@dwt.com
abigaileverdell@dwt.com

GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
George S. LeMieux
glemieux@gunster.com
Florida Bar No. 16403
Eric C. Edison
Florida Bar No. 010379
eedison@gunster.com

*Attorneys for Defendant Cable News Network, Inc.*