UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0-20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

**CNN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES
<u>BY PLAINTIFF</u>**

Defendant Cable News Network, Inc. ("CNN") respectfully submits this reply memorandum in further support of its Motion to Compel Plaintiff Alan Dershowitz ("Plaintiff" or "Dershowitz") to produce documents and interrogatory responses (Dkt. 52) ("Mot." or "Motion").

## ARGUMENT

In this action, Plaintiff has accused CNN of publishing a "one-sided and false narrative" about what Plaintiff "believes and argued" concerning impeachable offenses, *see* Dkt. 1 ("Compl.") ¶ 8, and seeks an award of $300 million based on alleged reputational damages. Now, in his Opposition Memorandum (Dkt. 57) ("Opposition" or "Opp."), Plaintiff contends that he has no obligation to produce information critically relevant to these claims, because he himself can define "relevance." This is not how defamation law, or litigation, works. Just as Plaintiff is entitled to pursue his claim, CNN is entitled to defend itself. CNN cannot do so without discovery of evidence relating to the truth of what Plaintiff "believes and argued," or the nature of Plaintiff's alleged damages. CNN's Motion should be granted.

**A.     Substantial Truth Discovery**

Plaintiff refuses to produce documents and materials in response to First RFP Nos. 2-4 and Second RFP Nos. 1 and 3, which are related to the substantial truth of the alleged defamatory statements. *See* Opp. at 1-4. Yet Plaintiff's Opposition misstates his own allegations. In the Opposition, Plaintiff argues that it is only "what he *said* [about impeachment] that matters," Opp. at 1, apparently forgetting that the claim *he pled* is explicitly based upon CNN's characterization of what he "believes" about impeachment. Compl. ¶ 8. In fact, the Complaint makes Plaintiff's subjective beliefs the central issue, and viewers' alleged misperception of those beliefs the cause of his asserted damages. *See, e.g.*, *id.* (alleging CNN's intent was to "paint" Plaintiff as having "lost *his* mind"); *id.* (claiming "it was an easy sell to CNN's viewers that the respected Alan Dershowitz *believed* that the President of the United States could commit <u>illegal</u> acts as long as he

1

thought it would help his reelection . . ."); *id*. (CNN allegedly "fool[ed] its viewers" about what Plaintiff "said *and meant*"); *id*. ¶ 12 (referring to "CNN's malignant conclusion that Alan Dershowitz *believes* that a president could commit crimes and escape impeachment"); *id*. ¶ 13 (alleging Plaintiff's damages draw from a "general public['s]" conclusion that he "had lost *his mind*") (italics added to all). Plaintiff cannot unilaterally rewrite these pleadings on opposition to a motion to compel. *See Gilmour v. Gates, McDonald & Co*., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief . . . ."). His own Complaint put the truth of his beliefs and state of mind about impeachment directly at issue, and he cannot now refuse discovery on these topics.

Nor are any of these materials privileged. "The party invoking the privilege has the burden of establishing the existence of the attorney-client relationship and the confidential nature of the communication." *In re Grand Jury Proc. in Matter of Freeman*, 708 F.2d 1571, 1575 (11th Cir. 1983). Plaintiff cannot meet this burden. Though he argues that only his client can waive the attorney-client privilege, he himself has confirmed on numerous occasions that there was never any client relationship to begin with. Ex. L at 19 (Dershowitz asserting days before Impeachment Trial he was "not in a lawyer-client relationship with anybody"); Ex. K. at 10 (Dershowitz: "I am not part of [Trump's] strategic legal team"). *See also Freeman*, 708 F.2d at 1575 (finding no privilege where there was no attorney-client relationship as to third party who paid attorney's fees for a matter). Having disclaimed the existence of an attorney-client relationship, Plaintiff cannot assert it to prevent discovery. Moreover, Plaintiff has no basis to claim work product privilege since he has made his subjective beliefs on impeachment the critical issue. *See* Mot. at 9-10; *Stern v. O'Quinn*, 253 F.R.D. 663, 680 (S.D. Fla. 2008) (attorneys can waive privileges as to their own work product). Finally, Dershowitz's actions in sharing his preparatory materials with an *Esquire*

2

journalist provide an independent basis for waiver. Plaintiff's unsupported contention that whatever that reporter actually saw was reported in the ensuing article, Opp. at 4, defies belief. The article specifically refers to, without reciting, numerous draft arguments the author read and heard. *See* Mot. at 10.[1] In sum, Plaintiff must produce evidence relevant to the truth of his views and arguments relating to presidential impeachment and the Impeachment Trial. CNN's motion should be granted.

    **B.    Damages Discovery**

Plaintiff also appears to believe that he has no obligation to prove he suffered any damages as a result of the Challenged Statements. The law, however, is not on Plaintiff's side. To satisfy the elements of his claim, Plaintiff must not only assert recoverable damages, but prove they were proximately caused by the Challenged Statements. *See Barry Coll. v. Hull*, 353 So. 2d 575, 578 (Fla. 3d DCA 1977) (ordering directed verdict against plaintiff where "the record reflects no evidence of damages stemming from the publication of the [false statement]"). In other words, Plaintiff bears the burden of proving that CNN viewers developed a negative view of his professional and intellectual reputation as a proximate result of the Challenged Statements, as opposed to the years of controversial decisions and public opprobrium that predated these statements. Accordingly, CNN is entitled to defend itself via discovery on whether these other factors contributed to Plaintiff's asserted reputational and emotional damages, and to what extent. *See* Mot. at 4-5. Plaintiff cannot be permitted to circumvent discovery on these critical topics.

First, Plaintiff must produce evidence of publications and defamation lawsuits relating to Virginia Giuffre's allegations. First RFP Nos. 35 and 36; Rogs 12 and 13. Plaintiff characterizes this evidence as relating purely to his "[]moral" reputation "as a human being" as opposed to his

---

[1] Plaintiff suggests CNN seek discovery from the reporter, though he knows full well a reporter's unpublished reporting materials are privileged from disclosure. *See* Fl. Stat. § 90.5015; N.Y. Civil Rights Law § 79-h.

professional reputation. *See* Opp. at 5-6. But libel law makes no such distinction, as Plaintiff well knows since he recently argued (as a defamation defendant himself) that when a party sues for defamation they put their *whole* reputation at issue, and cannot limit discovery to the subjects of specific challenged statements. *See* Ex. M at 5; Mot. at 8 n.8. *See also* Mot. at 3-4 (citing cases). Besides, Plaintiff has previously admitted that Giuffre's allegations resulted in harm to his professional standing and legacy. *See id*. at 6 & n.5.[2] Accordingly, the *Boyles* case upon which Plaintiff exclusively relies is irrelevant. There, the plaintiff had been accused of antagonizing and raping mentally ill children at his job taking care of them. The question was whether he should be forced to answer questions about his sexual orientation (with no evidence it was publicly known), on the theory that his alleged damages were "part and parcel" of having a "homosexual lifestyle." *Boyles v. Mid-Fla. Television Corp.*, 431 So. 2d 627, 640 (Fla. DCA 5th 1983). CNN is not seeking discovery about Plaintiff's personal lifestyle. Rather, it is seeking evidence of other recent sources of harm to his professional reputation and related emotional wellbeing. Giuffre's allegations fall squarely in this category, making them discoverable.

Next, Plaintiff objects to producing direct evidence of his public reputation in the form of negative messages and hate mail he has received. Yet his Opposition itself demonstrates the critical importance of these materials: In an attempt to dispute relevance, Plaintiff imagines a hypothetical email from 2018 calling him "*the stupidest lawyer in the planet*." Opp. at 8 (emphasis in original). But if this email existed, ***it would be highly relevant***. Plaintiff claims that his damages resulted from the public perceiving him as an "intellectual fool" "<u>solely</u> because of CNN's defamatory

---

[2] Indeed, Plaintiff himself tied his reputation as a constitutional scholar to the morality of having sex with young women when he published, and more recently defended, an op-ed arguing the constitution supports lowering the age of consent. *See* Martin Finucane, "Alan Dershowitz defends op-ed suggesting that age of consent for sex should be lowered," BOSTON GLOBE (Jul. 30, 2019), https://www.bostonglobe.com/metro/2019/07/30/alan-dershowitz-defends-suggesting-that-age-consent-for-sex-should-lowered/6AxjIuSJMeRG8iIxHf4WxO/story.html.

statements." Opp. at 5, 9 (emphasis in original). Evidence that the public *already* believed he was a fool would directly contradict this claim, since "[o]nly damages which are a direct and natural result of the alleged libel . . . may be recovered." *Firestone v. Time, Inc.*, 305 So. 2d 172, 176 (Fla. 1974), *vac'd on unrelated grounds*, 424 U.S. 448 (1976) (emphasis omitted). In light of the importance of this evidence, any burden on Plaintiff to search for negative messages is entirely proportional and appropriate.

Finally, Plaintiff opposes producing any evidence relating to his publications and public appearances, on the theory that this could only ever be relevant to the claim for lost income he has now abandoned. Opp. at 9-10. But CNN's requests are not targeted solely at income. First RFPs Nos. 22, 26, and 27 do not reference income at all, but rather seek evidence concerning Plaintiff's professional standing (including records showing any publication rejections, his history of public appearances, and any loss of professional and lecturing positions). First RFP No. 24 does not concern lost income, but *gained* income from publications directly responsive to the Challenged Statements, which would rebut any claim that Plaintiff suffered general reputational harm. And, where financial information is sought, this is still relevant because "information concerning plaintiff's business income is relevant in assessing the effect of [the] allegedly defamatory statement on plaintiff's business reputation." *Pino v. Prudential Ins. Co. of Am.*, 1987 WL 26678, at *2 (E.D. Pa. Dec. 8, 1987) (ordering discovery on income even after economic damages claim had been abandoned). *See also Tavoulareas v. Piro*, 93 F.R.D. 11, 22 (D.D.C. 1981).[3] By asserting reputational harm, Plaintiff has made evidence of his professional activities and income relevant, and this evidence must be produced.

---

[3] The sole case Plaintiff cites to the contrary, *Mana v. Cho*, 147 So. 3d 1098 (Fla. DCA 3d 2014), is inapposite: it does not relate to defamation damages at all.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 22nd day of December, 2021 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com; Rodier & Rodier, P.A., *Counsel for Plaintiff,* 400 N. Federal Highway, Hallandale, Florida 33009.

DAVIS WRIGHT TREMAINE LLP

By: /s/ *Katherine M. Bolger*
    Katherine M. Bolger
    *(pro hac vice admitted)*
    Amanda B. Levine
    *(pro hac vice admitted)*
    Abigail B. Everdell
    *(pro hac vice admitted)*
    1251 Avenue of the Americas, 21st Floor
    New York, NY 10020-1104
    (212) 489-8230 Phone
    (212) 489-8340 Fax
    katebolger@dwt.com
    amandalevine@dwt.com
    abigaileverdell@dwt.com

GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
George S. LeMieux
glemieux@gunster.com
Florida Bar No. 16403
Eric C. Edison
Florida Bar No. 010379
eedison@gunster.com

*Attorneys for Defendant Cable News Network, Inc.*

6

4893-4231-7831v.4 0026517-000208