UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ

       Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

       Defendant.

_____/

**<u>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL BETTER RESPONSES TO INTERROGATORIES</u>**

In its opposition to plaintiff's motion, CNN not only admits that plaintiff's motion was fully justified, but cites opinions and orders from other jurisdictions that actually support plaintiff rather than CNN. CNN throws around "fishing expedition" and "burden," perhaps hoping that those buzzwords will shield it from producing the clearly probative evidence plaintiff seeks. CNN also conveniently mistakes "overly burdensome" with something just being a burden. Having to respond to any discovery is a burden, not just for defendant, but for plaintiff as well. Surely both sides would rather be sipping margaritas by a pool. But the answers sought in plaintiff's discovery are both relevant and probative, and giving CNN a pass would be providing it with the bricks to build a shield wall around potentially damaging evidence it hopes will never come to light.

CNN keeps going back to the people that they, for themselves, have determined are the only ones who have knowledge, and that plaintiff ought to smile and say thank you for the generosity. CNN also, on the very first page of its motion, says that in addition to their self-designated star lineup, they agreed to search the files of Jeff Zucker, **as a sign of good faith**. This reveals the mindset at CNN – they do not believe they have an obligation under the law to produce communications from its president, who is intimately involved in the content of CNN's broadcasts, but that they will do a search as a sign of good faith. Also, on page one of its opposition, CNN represented to this court that they have produced hundreds of pages, but that representation would present itself as misleading if the court were to actually see what well over a hundred of the documents actually look like. Plaintiff unfortunately cannot describe them or attach any as an exhibit because as we suspected, CNN designated 86% of its production so far as confidential. By comparison, plaintiff has designated only .37% as confidential so far. So, to demonstrate the stonewalling that plaintiff has endured from the CNN camp, Plaintiff would

1

have to move separately to file examples under seal and once this court saw those examples, it would likely chuckle at CNN's representation. Plaintiff will now map his reply to each interrogatory as addressed in CNN's opposition.

Interrogatory 1: Plaintiff stands by his argument in the motion. This interrogatory is designed to find out what actual efforts were made to provide complete answers. This is an action against an entity, not a human. The person who signed the interrogatories is a lawyer, not someone involved in the shows. How can we trust that someone on the sets or production booth didn't hear or see anything if CNN won't say under oath if they even bothered to check?

Interrogatory 2: Here, CNN relies entirely on the Blankenship v. Fox News, 2020 WL 9718873 (S.D.W. Va. Sept 21, 2020) unpublished order. Blankenship has nothing at all to do with this interrogatory and CNN's reliance on it is puzzling. Blankenship dealt with a motion to compel production from people who had no possible involvement in the defamatory broadcasts. Plaintiff here is only asking for the names of all people who worked on or who were involved with the actual shows or publications that discussed Dershowitz's response to Senator Cruz's question posed on January 29, 2020. The interrogatory is thus trying to avoid the deficiency in Blankenship by finding out the names of all the people who might have such information. Interrogatory 2 does not ask for a single item to be produced, so Blankenship is irrelevant to this interrogatory. Plaintiff will address the Blankenship order further below for the interrogatories that do relate to potential production and demonstrate that Blankenship fails to help CNN for that purpose either.

Directing the court back to the subject matter of Interrogatory 2, the defendant may not control plaintiff's investigation by revealing only the identities of 10 people (hereinafter CNN's

Chosen 10)¹ that CNN decided are the only ones that have information. But plaintiff is not required to trust CNN. And how can plaintiff be expected to do so given the contradictory revelation in their opposition memorandum? In CNN's responses to interrogatories, they maintained that there were only 10 people during the meet and confer Zoom meeting and in emails. But CNN has just disclosed that it plans to identify three more video editors. See Doc 56, p.3. This is information we are now learning only because Dershowitz filed this motion to compel. So not only has CNN just proven that plaintiff's motion to compel was justified and necessary, it has also documented that, when it represented that there were only 10 people with knowledge, it was not being accurate. Yet CNN has the audacity to continue to argue that they should not have to tell us the names of all the people who worked on the shows that day? In fact, pursuant to FRCP 37(a)(5)(A), plaintiff should be entitled to sanctions because the disclosure occurred after the motion to compel was filed. But Dershowitz is justice hungry, not sanction hungry, so we leave that to the court's discretion without further comment. The point is that, whether CNN deliberately lied to its counsel or if was an oversight, plaintiff is not required to rely on the diligence and candor of CNN.

Even without that damning revelation, which in and of itself proves the need to compel everything plaintiff has asked for, simple common sense mandates it as well. As an illustration, consider the recent shooting on the "Rust" movie set that involved Alec Baldwin. Imagine the police, DA, or the estate in a wrongful death case asking for the names of all the people on the set that day and the names of people that had anything to do with the production and being told that the main producer has determined, on his own, that there were 10 primary people responsible for the prop gun and that the police have no proof that any of the other 70 people on

---

¹ Plaintiff's reference in his motion to compel to the "chosen 7" is actually accurate, because in CNN's claim of disclosing 10 people, three are the actual defamers, so discovery has caused CNN to reveal 7.

the set heard, saw or knew anything and were only speculating that they might, so they do not get to know the identities or the job descriptions. Under CNN's view of the law, the police would have to walk away and remain satisfied that the evidence of what really happened rests only with the 10 people the production identified. Why? Because the production said so and that was enough to prevent the police from interviewing the sound person or the make-up artist to see if they heard Mr. Baldwin, the director, or the prop-master say anything, because after all, they are only "speculating," as CNN purports to phrase it, that such people might have evidence. But that is not how it works in criminal investigations or tort claims because it is not speculation; it is reasonable suspicion based on common sense.

CNN offers more support for having to fully answer this interrogatory when it argues that the only thing that matters is the defamers' state of mind. We agree 100%. But we do not possess a Joe Lockhart mind reading machine. We all know about hot mics; we all know that news panels chat before the cameras roll and chat after the cameras stop. We know people were standing there watching those moments. We get to decide if we want to chat with those eyewitnesses, CNN does not get to decide for us.

CNN also claims that Interrogatory #2 seeks information concerning every time Dershowitz was mentioned on CNN. That is a false statement. Interrogatory #2 only pertains to broadcasts in which Dershowitz was mentioned in relation to Senator Cruz's question. And the request is so narrow that it only asks for three dates. CNN also uses the 10-deposition limit rule to suggest it shouldn't have to provide the names. Does this mean CNN decides which 10 we get to depose? Furthermore, this argument has no applicability at this moment nor will it ever. It is clear that the 10-depo limit rule is not a "one size fits all cases" rule, as Rule 26(b)(2), which allows a party to move the court when the need arises, comes into play in cases as dynamic as this. This is

4

not a rear end accident case or a slip and fall at a convenience store. This is a case against a giant news organization with numerous defamations occurring across multiple platforms. Finally, CNN's other cited court order, Steel Erectors, Inc. v AIM Steel Int'l, 312 F.R.D. 673, 677, n5 (S.D. Ga. 2016), also has no relevance to this interrogatory given that it too is a production of documents order.  Even still, that order hurts CNN's position for the other interrogatories that are intertwined with production. The footnote quote CNN used is out of context.  In that case, plaintiff sought documents from the defendant's parent company based on a fantasy-like assumption that it would have relevant information to the subject of the litigation. The court shot that down because the discovery sought was incredibly complex and would have resulted in the disclosures of treaties with foreign governments with absolutely no rational basis to believe the parent company was involved in any way with the subject matter of the litigation as it was not even a party.  So, if Dershowitz were seeking documents from employees at AT&T (CNN's parent company) without any basis to believe anyone at AT&T was involved in the broadcasts, the Steel Erectors order could at least be persuasive, but instead it is apples and oranges to this litigation. CNN's reliance on it is puzzling and its inclusion of it is disingenuous.  Everything plaintiff has asked for in this interrogatory and the remaining ones involve CNN employees and guest commentators that do have or may reasonably have a relationship to the subject matter because they were at or near the place and time the defamatory statements were made.

      Before moving on, plaintiff will address CNN's reliance on the Blankenship court order out of WV (in another case where CNN finds itself sued for defamation) as it relates to all of the remaining interrogatories that do ask for communications and eventual production. CNN uses an out of context and inapplicable quote in the 22-page order but ignores the fact that the rest of the order, as it pertains to Fox News, supports exactly what plaintiff is arguing. The only portion

5

CNN cites is the court's denial of Blankenship's motion to compel ultra-broad discovery. Reading the actual order reveals that the court was troubled that Blankenship was seeking documents, <u>regardless of date</u> and regardless of relation to the defamatory statements and from some people not under CNN's control. It was an *anything under the sun* request. Also, unlike in <u>Blankenship</u>, CNN has produced emails in this case demonstrating that its highest-level executive, Jeff Zucker, was indeed part of communications relating to the broadcasts and Dershowitz, and as such, unlike in <u>Blankenship,</u> plaintiff here has a basis for discovery of executive communications because, if the top executive was involved, it is reasonable to suspect that others were as well. Plaintiff cannot attach any of these documents as an exhibit because for the time being, CNN has designated all as confidential even though that designation is improper.

The more analogous part of the <u>Blankenship</u> order is the ruling as it pertained to Fox News, for which the court compelled extensive production. CNN did not include any language from the June 8, 2021 order and opinion in which Fox News sought to overturn the magistrate's order. See: <u>Blankenship v. Fox News et. al.,</u> 2020 WL 1234972 (S.D.W. Va. June 8, 2021). That order fully supports what plaintiff requested so far and will justify even more requests once CNN finally answers the interrogatories. Finally on this subject, CNN forgot to include these parts of the September 21, 2020 <u>Blankenship</u> order that it did cite:

"[C]ourts have long held that ... the burden of persuasion remains at all times with the objecting party." See Wagner v. St. Paul Fire and Marine Ins. Co., 238 F.R.D. 418, 424-425. (N.D.W. Va. 2006). Therefore, the burden of proof is on the defendants to show that the proposed discovery should not be allowed. <u>Id</u> at 13. Thus, Plaintiff should be permitted to obtain the necessary discovery to demonstrate how a large organization, which is obviously composed of many individuals, has shown any actual malice towards Plaintiff when it broadcast clearly false statements about Plaintiff's conviction during a critical primary election when other members within that organization were well aware of the truth. . . . Given that Plaintiff has a higher burden of proof to demonstrate actual malice by FNN, Plaintiff is entitled to explore these communications, as the relevance of these particular custodians and any written or electronic communications they may have is clear when considering Plaintiff's claims. <u>Id</u> at 15.

Interrogatory 3: CNN keeps claiming that plaintiff has no proof of anyone other than the Chosen 10. Exactly--because CNN won't answer any of the questions! This question is designed to learn the information. Did Zucker, Vigilante (in non-lawyer capacity) or any CNN executive communicate with any person on two specific dates (literally as narrow as can be) with any person about Dershowitz's response to Senator Cruz's question (again, as narrow as can be). Yes or no? If yes, who? Then plaintiff will know if anyone other than CNN's Chosen 10 are worth deposing. CNN says it agreed to search the files of Zucker and the Chosen 10, but the question also includes managers and CNN executives. CNN also says that it will "produce responsive documents relied on *in drafting or editing* the Challenged Statements." But the interrogatory is not limited to that. It asks for all communications related to Dershowitz's senate floor response. Nor did we ask CNN to only search the "files" of Jeff Zucker. We not only have a right to his emails and text messages, but also to know if he called anyone in that limited period of time. If CNN wants to just produce the written communications of Zucker and its executives (not just the Chosen 10) instead of listing them all, that is fine. We told them that in the meet and confer. But the phone calls need to be disclosed within the interrogatory answer itself. If a CNN executive or Zucker called Lockhart or any significant employee on those shows on those two days, we have to know so we can ask in deposition what was discussed. If CNN wants to claim none of the calls had anything to do with Dershowitz, then they must go on record and state that under oath. CNN can't bury this.

Interrogatory 4: CNN objected entirely. First off, we agreed that production in lieu of a narrative was acceptable. Second, we agreed that Vigilante is a lawyer and that we are not entitled to his communications that are legal advice. However, if CNN claims there are none that are not legal related, then state that under oath. The only way that becomes a problem for CNN

7

is if it turns out not to be true. CNN also claims that plaintiff has the communication documents. Again, not true. Plaintiff has only some documents from the CNN Chosen 10 and that is the reason for the motion to compel. CNN complains about the start time of 6am on January 29th. Plaintiff is fine with changing that to 2pm. However, documents and communications after the incident dates are perhaps the most probative. After the publication of the defamatory statements, Dershowitz made his disgust with CNN known and CNN employees likely communicated about what they had done, and those communications are admissions. CNN might like to cut off access to all evidence past January 30, 2020, but the law does not give it that shield. Suppose there is an email from a video editor to another that says, "*I told you guys that trimming the tape would come back to bite us*." Or maybe one that says, *"Don't worry, No one can ever prove we knew he didn't mean crimes."* Consider it in the context of a car accident litigation. Would a text message from the driver to his best friend that says, "*it's a good thing they didn't find out I was texting when the crash occurred*" not be discoverable because it was drafted after the incident date? How would it even be known of if not through discovery? The fact remains that, under the law, we are entitled to communications from these people that pertains to Dershowitz's response to the senator's question and the defamatory comments. Again, a super narrow request – only those identified in Interrogatory #2 (not all CNN employees) and Plaintiff is not interested in communications where CNN folks discussed Dershowitz's take on other matters.

Interrogatory 5: Once again here, CNN just proved everything plaintiff is concerned about is legitimate. CNN states, for the first time, that it will now identify three more video editors, now bringing the CNN Chosen 10 to the CNN Chosen 13. So, it is a good thing plaintiff filed his

motion to compel, because without it, we would never have known about these three new people. However, CNN still must tell us the answer to what was asked: Who made the final decision?

Interrogatory 6: CNN claims burden. There is no burden. Plaintiff did not ask for all the IP addresses for all accounts. The only thing asked for was the names of the programs (Outlook, Apple Mail, etc.), who stores the data, and the name of the person that controls it. The burden of that answer takes less time than typing this sentence.

Interrogatory 7: While plaintiff agrees that a document can be responsive in lieu of a written answer to an interrogatory, that just does not apply to this interrogatory. CNN's unlabeled document dump does answer the question posed. Defendant is not permitted to tender documents and say, "go figure it out." If that were the case, there wouldn't even be interrogatories, just production. Plaintiff is entitled to an actual answer to this question and is entitled to an explanation.

Interrogatory 8: CNN's objections and argument here might in fact be the most frivolous so far. Plaintiff is asking if CNN deleted any relevant evidence, not asking if CNN took reasonable steps to preserve evidence. Did those reasonable steps work? Or did those reasonable steps fail, and emails were deleted? Does CNN honestly believe it does not have to tell us if emails were deleted and what those emails were about? CNN cites that its only obligations are those in Rule 37(e), but CNN clearly does not understand the purpose of that rule. That rule sets forth the punishment for a party that fails to preserve evidence or that destroys or deletes evidence. Once again, CNN cites law that supports plaintiff! The only way to know if CNN violated Rule 37(e) is to get an under-oath answer to this interrogatory. CNN also cites the reporter's privilege under Fla. Stat. 90.5015. What does this even mean? Does CNN really think it has a privilege to delete emails pertinent to the subject matter of this case and not have to admit it?

Furthermore, CNN once again here, as it did in relation to Interrogatories 2 and 5, fully legitimizes plaintiff's filing of his motion to compel. CNN filed its original responses to interrogatories on September 3, 2021, and then amended ones on November 29, 2021, but only now, for the first time, CNN *partially* answers this interrogatory by stating *"CNN represents that of the individuals whom counsel has interviewed, none recall ever purposefully deleting relevant materials once on notice of this litigation."* Good thing Dershowitz filed this motion because CNN did not disclose even this much in either of their answers to the interrogatory. Again, CNN providing this disclosure now, <u>after the filing</u> of our motion, has FRCP 37(a)(5)(A) implications. But the answer CNN now provides is still inadequate. Interrogatory 8 does not ask if anyone that CNN's lawyer interviewed deleted emails <u>on purpose</u>.  Interrogatory 8 does not ask if anyone that CNN's lawyer interviewed deleted emails <u>after notice of the litigation</u>.  The interrogatory asks if anyone deleted emails – period. Whether the emails were deleted as a matter of course, whether they were deleted to clean up a crowded inbox or whether they were deleted because that person perceived that they contained incriminating statements even before they were on notice of the litigation, that is information plaintiff is entitled to know so that he can commence steps to retrieve the deleted materials, which relates back to interrogatory 6 and why that information is important.  CNN's three-time failure to fully answer this interrogatory only confirms plaintiff's suspicions because, if no emails were deleted, CNN would have already stated that.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the email this 22nd day of December, 2021 to George LeMieux, Esq., glemieux@gunster.com, and Eric Edison, eedison@gunster.com, Gunster, Yoakley & Stewart, P.A. and Katherine M. Bolger, Esq., katebolger@dwt.com, Davis Wright Tremaine LLP.

                                      RODIER & RODIER, P.A.
                                      Attorneys at Law
                                      400 North Federal Highway
                                      Hallandale, FL 33009
                                      Tel: (954) 455-9300
                                      Fax: (954) 457-0499

                                      By: _____/s/ *Brian M. Rodier*_____

                                      BRIAN M. RODIER, ESQ.
                                      Fla Bar #: 42250