UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PRODUCTION**

Most of the argument in reply to CNN's opposition to Plaintiff's motion to compel better responses to production are set forth in Plaintiff's reply to CNN's opposition to Plaintiff's motion to compel better answers to interrogatories. That reply was filed on December 22, 2021, Doc. 60. <u>Plaintiff respectfully requests that the Court review that reply first as it is incorporated herein and attached as an exhibit and the issues are intertwined</u>. Plaintiff will therefore refrain from burdening this court by repeating his arguments as to why <u>Blankenship v. Fox News,</u> 2020 WL 9718873 (S.D.W. Va. Sept 21, 2020) and <u>Steel Erectors, Inc. v AIM Steel Int'l</u>, 312 F.R.D. 673, 677, n5 (S.D. Ga. 2016) support Plaintiff rather than CNN.

CNN faults Plaintiff for attaching only its original responses but not its November 29, 2021 revision. But Plaintiff did clarify and fully disclose that CNN did agree to produce certain things following that response and a review of CNN's November 29, 2021 response demonstrates that virtually nothing that Plaintiff's motion seeks to compel was given. Contrary to CNN's contention, the issues are not moot. Plaintiff will now present his reply in the order presented in CNN's opposition:

<u>Requests Nos ,1 2, and 3</u>: In paragraph 2 on page 2 of CNN's opposition, CNN claims that plaintiff's *"request seeks information for every time that Plaintiff was mentioned on CNN."* This is not true. Requests nos.1, 2 and 3 ask only for copies of transcripts or videos in which Dershowitz's response to Senator Cruz's question was discussed. Big difference.

CNN also claims everything is publicly available. But how can plaintiff be sure that there are no unpublished videos or transcripts? Or internal versions that were edited prior to publication? Or published material that Google has not indexed properly so they cannot be found? Undersigned counsel cannot write to CNN's archives department and request the materials because it is related to this litigation and CNN is represented by counsel. Plaintiff is seeking these documents the way

1

authorized by the federal discovery rules and is entitled to a sworn response, not "go look elsewhere." The reasons laid out in our motion are readopted here. CNN's resistance to these requests speaks volumes.

Request 4: CNN continues to turn blind eyes to the substance of this request. Plaintiff has a right to know what information CNN had before or at the time of the defamatory broadcasts and publications, not just from CNN's chosen 10. It is also worth repeating that CNN now admits for the first time that there are three more names, demonstrating that this motion to compel already served a purpose, and, because this was disclosed only after we filed this motion to compel, FRCP 37(a)(5)(A) is triggered. It also demonstrates the need to check what every person who worked on the broadcasts or publications had in their possession because if CNN forgot to tell us about the three new people until they were served with the motion to compel, it's anyone's guess whom else they left out. The cure for this is simple: order the production from everyone that produced, edited, directed and appeared on the shows. If it's only 10 or 13—which is highly unlikely—let CNN say so under oath. The risk of committing perjury focuses the mind and makes oversights like the Forgotten 3 far less likely.

Requests Nos. 5 and 6: As CNN points out, this request relates to interrogatories 3 and 4. Re-arguing the same thing contained in Plaintiff's reply to that opposition would be redundant. Plaintiff adopts and incorporates that argument as if fully set forth herein.

Request 8: Here, CNN's only argument is that we are speculating as to the reasons laid out in our motion and that we have no factual basis. But plaintiff is not required to disclose to CNN what information it has as to CNN's defenses. Plaintiff is entitled to have CNN worry about what plaintiff already knows. And plaintiff certainly does not know everything, which is why it is propounding discovery. CNN's responsibility is to produce contracts containing incentive

2

provisions or stating under oath that they don't exist. CNN's resistance to answering this simple RFP only confirms the relevance of this information. CNN asked this court for an umbrella protective order. So now CNN should put that order to good use by producing these documents with a confidentiality designation, and that would solve the problem. Federal discovery is not a game of hide and seek.

Requests 9, 10 and 11: Once again, CNN heedlessly cites a case that hurts it. In CNN's cited case, which is an unpublished order from another jurisdiction, Birch v. City of Atchison, 209 WL 4573410 (D. Kan. Sept. 201, 2019), the court makes it clear that the defendant had been made to produce and did produce call logs that pertained to the issues in the case. But Plaintiff wanted more, demanding "any and all police radio communications and call logs" made by the police department, even though the defendant pointed out that it had already produced the entire dispatch history regarding the incident. The defendant even had produced the call logs with descriptions of each call. The court denied the plaintiff's quest for expanded call logs, specifically between 6:30am and 6:57am because the evidence showed that the first 911 call regarding the incident that led to the alleged police brutality occurred at 6:57am, meaning that any calls before that time could not possibly be relevant. So, CNN's description of this case as *"denying motion to compel call logs"* is misleading. That CNN could find no other case even remotely helpful to its position speaks volumes. Here, what happened *before* the defamatory broadcasts—the planning, the scheming, the pre-broadcast directives from those in high positions to skewer plaintiff—are key. If they don't exist, let CNN say so at peril of committing perjury.

CNN argues that the request is staggering. But the request asks for only two dates and narrowly specifies to whom it applies. Request 9 only asks for the people who literally appeared on camera. Request 10 only asks for the people who actually *run* the show, not all the people who work on

3

the show.  And request 11 asks for Zucker only.  So, CNN's claim that the "*requests seek call logs from too many people on too many topics"* does not hold water. Additionally, we affirm once again that we have no interest in personal or unrelated matters. CNN has the umbrella protective order and can use it if need be, but Plaintiff is entitled to see if calls were made between the key players because that leads to learning what was discussed.  That is why cell phones are always seized in police investigations.  Cell phone logs tell the truth and do not have memory lapses.  CNN already claimed, as previously discussed, that only 10 people had information and magically today it is 13. Next week it may be 23. So let us not rely on CNN's candor and memory anymore.

Finally on this topic, CNN claims it is a burden and claims that this burden outweighs the benefit to Plaintiff, who has the high burden of proving malice.  But all CNN has to do is to ask the cell companies for a copy of the call log—or look it up in the online account web page.  This is a minimal burden in exchange for discovering whether Jeff Zucker had a chat with Lockhart before airtime, or if Lockhart had a chat with Erin Burnett, or if Zucker had a chat with Erin Burnett's video editor, etc., on the very day that Dershowitz spoke on the senate floor.  Plaintiff claims they conspired to smear him and proof that such conversations took place is a key to proving they did so maliciously.

Request 12: As already explained, he does not seek any communications that are legal advice or that were made in a legal capacity, only those that are not privileged.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the email this 22nd day of December, 2021 to George LeMieux, Esq., glemieux@gunster.com, and Eric Edison,  eedison@gunster.com, Gunster, Yoakley & Stewart, P.A. and Katherine M. Bolger, Esq., katebolger@dwt.com, Davis Wright Tremaine LLP.

RODIER & RODIER, P.A.
Attorneys at Law
400 North Federal Highway
Hallandale, FL 33009
Tel: (954) 455-9300
Fax: (954) 457-0499

By: _____/s/ *Brian M. Rodier*_____

BRIAN M. RODIER, ESQ.
Fla Bar #: 42250
