**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:20-CV-61872-AHS**

ALAN DERSHOWITZ,

     Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

     Defendant.

_____/

**JOINT STATUS REPORT IN CONNECTION WITH MOTIONS TO COMPEL**
**(ECF NOS. 51, 52, AND 53)**

     The parties jointly submit this Joint Status Report pursuant to this Court's order setting a

briefing schedule for motions to compel (ECF No. 50).

JOINT STATUS REPORT ON DEFENDANT'S MOTION TO COMPEL (ECF NO. 52)

First Request No. 8: All Communications between You, on the one hand, and any employee, independent contractor, or contributor of CNN, on the other hand.

Response: Objection. This request is vague, overbroad and overly burdensome in that is has no start or end period and no limitation on the subject matter.

First Request No. 9: All recordings in Your possession of conversations between You and any representative of CNN or between You and any third party in which you discuss CNN or this Lawsuit.

Response: Objection. This request appears to include communications between any third party and that would include attorney/client privileged communications.

First Request No. 12: All Documents and Communications, other than Communications solely between You and Your counsel, in which you discuss CNN.

Response: Objection. This request is vague, overbroad and overly burdensome in that is has no start or end period and no limitation on the subject matter.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| These requests seek communications with and about CNN. Plaintiff has frequently appeared on CNN. His prior relationship with CNN is relevant, including for impeachment. | Request is overbroad and has nothing to do with the issues in this case as communications that just mention CNN in general have zero probative value. Plaintiff already agreed prior to this motion that communications regarding the lawsuit and the defamatory statements in his possession will be produced. See Doc 57, p.8 | |

First Request No. 11: All Documents and Communications, other than Communications solely between You and Your counsel, in which You discuss this Lawsuit.

Response: Plaintiff will produce what he has in his possession.  [By email, Plaintiff's counsel further stated: "11 excludes wife and all between him and his wife is privileged."]

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Plaintiff has asserted a marital privilege over requested communications with his wife, who has first-hand knowledge of his emotional damages. That privilege is waived because Plaintiff has placed his emotional state directly in issue.<br><br>In addition, his wife, who publicly opposed his work on the Impeachment Trial in an *Esquire* article, Doc. 52-2, Ex. N, at 15-16, has relevant knowledge of reputational damage caused by such factors other than the Challenged Statements. Any privilege is waived as to such publicly disclosed information.<br><br>While Plaintiff claims that he has produced certain documents, to date his production is incomplete and does not include responsive communications with his wife. | Marital privilege is not 100% waived for all marital communications, just the elements in which plaintiff claims the spouse has evidence.  Plaintiff understands that the privilege cannot be a sword and a shield.  Under confidentiality, defendant is already aware what testimony plaintiff's spouse will provide and documents were already tendered. | |

<u>First Request No. 22</u>: All Documents and Communications in which a third-party has refused to publish or has otherwise rejected a book, article, television program, documentary, proposal, or other material created by You.

<u>Response</u>: Objection. This request is vague, overbroad and overly burdensome in that is has no start or end period and no limitation on the subject matter.

<u>First Request No. 26</u>: Documents sufficient to show all bookings, income, and contracts related to any appearance You have made, including but not limited to appearances in person, on Zoom or other video communication platforms, on television shows, or podcasts, for the years 2014 to present.

<u>Response</u>: Objection. This request invades privacy and with the date parameters as requested has no bearing on the issues in this cause of action, nor can it lead to probative or admissible evidence as the request is written.

<u>First Request No. 27</u>: All Documents concerning Your loss of professional or lecturing positions for the years 2014 to present.

<u>Response</u>: Objection. This request invades privacy and with the date parameters as requested has no bearing on the issues in this cause of action, nor can it lead to probative or admissible evidence as the request is written.

<u>Result of Meet-and-Confer</u>: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| These requests relate directly to reputational and emotional harm. They are targeted at establishing Plaintiff's professional standing and public profile before and after the Challenged Statements, and whether other factors might have caused him reputational harm. Plaintiff's late-inning decision to disclaim lost income does not relieve him of these discovery obligations, because they are targeted at his professional standing, not income. | As stated in his opposition memo, plaintiff only seeks harm from the lies CNN told on January 29, 2020 limited solely to people hearing those specific lies and developing an opinion that plaintiff had lost his intellectual mind by saying things he did not actually say. All economic damages pertaining to lost income, engagements, etc., have been dropped. Only emotional harm from the lies and people mocking him for these remarks remains and the fact that millions believe he thinks a president can commit crimes. Reduction in past work or past income has | |

| | | |
|---|---|---|
| | no bearing on whether millions of John Does now think plaintiff sanctioned Hitler conduct as CNN told them. See Doc 57, p. 9 & 10. | |

First Request No. 23: Documents sufficient to show Your earned income, including wages and investments, for the years 2014 to present, including tax returns, financial statements, financial affidavits, W-2, 1099 or K-1 schedules, worksheets, payroll check stubs.

Response: Objection.  This request invades privacy and with the date parameters and investment information as requested, has no bearing on the issues in this cause of action, nor can it lead to probative or admissible evidence as the request is written.

First Request No. 24: Documents sufficient to show all profits earned from the publication of Your book, Defending the Constitution, Your article on TheHill.com, tiled "I never said president could anything to get reelected," and the September 16, 2020 episode of your podcast, "The Dershow," titled "I'm suing CNN. Find out why," or any other book, article, or podcast in which you discuss the arguments You made during the Impeachment Trial.

Response: Objection.  Earnings from this publication are private and have no bearing on the issues in this cause of action, nor can it lead to admissible evidence or does it have any probative value.

Interrogatory No. 15: List each book, article, or other publication authored by You for which you have earned income from 2014 to the present, specifying the total amount of income you earned from each such book, article, or other publication.

Response: OBJECTION, overly broad and overly burdensome. Plaintiff has had hundreds of appearances and the time frame sought is not reasonable.

Interrogatory No. 16: List each appearance You have been invited to make, including but not limited to appearances in person, on Zoom or other video communication platforms, on television shows, radio shows, or podcasts from 2014 to the present, specifying the total amount you were paid for each appearance.

Response: OBJECTION, overly broad and overly burdensome. Plaintiff has had hundreds of appearances and the time frame sought is not reasonable.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Regardless of whether Plaintiff seeks damages based on lost income, CNN is entitled to the financial information sought in these requests because if the | As stated in opposition memo, plaintiff only seeks harm from the lies CNN told on January 29, 2020 limited solely to people hearing those specific lies and | |

| | | |
|---|---|---|
| evidence shows that Plaintiff's financial situation has improved or remained the same following the Challenged Statements, that would rebut any contention that his professional reputation more generally has been harmed.<br><br>In addition, First Request No. 24 asks for documents showing profits from several publications Plaintiff authored about his arguments at the Impeachment Trial, specifically to rebut supposed mischaracterizations in the press. This information is not evidence of lost income, but evidence that Plaintiff actually benefitted from a series of publications that directly concerned the Challenged Statements, which would weigh against any claim of damages, tangible or intangible. | developing an opinion that plaintiff had lost his intellectual mind by saying things he did not actually say. All economic damages pertaining to lost income, engagements, etc., have been dropped. Only emotional harm from the lies and people mocking him for these remarks remains and the fact that millions believe he thinks a president can commit crimes. Reduction in past work or past income has no bearing on whether millions of John Does now think plaintiff sanctioned Hitler conduct as CNN told them. See Doc 57, p. 9 & 10. Additionally, even if plaintiff made money from books post CNN's published lies, it does not change the only damages being sought here, meaning making money from a book does not mean John Doe out there didn't hear the lies and believe them. Totally irrelevant. | |

First Request No. 28: All Documents and Communications in which a third party has criticized You or Your legal abilities.

Response: Objection.  This request is vague, overbroad and overly burdensome in that is has no start or end period and no limitation on the subject matter.

Second Request No. 4: Any and all "hate mail" received by you related to your appearances on CNN, as referred to in the January 29, 2020 Esquire article "21 Hours With Alan Dershowitz," authored by Tom Chiarella, including but not limited to the message described therein beginning "Dear Douch-a-witz …"

Response: Objection, this request has no start or end date and does not define what CNN broadcast or broadcasts. It would be impossible to comply with this request in full as senders do not use the term "hate mail" in their emails, making any search impracticable or impossible.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| These requests seek evidence of criticism of Plaintiff unrelated to the Challenged Statements. Evidence that the public *already* held Plaintiff in low esteem would directly contradict his damages claim, because only damages which are a direct result of the alleged libel may be recovered. | Plaintiff conceded that as celebrity lawyer who represented infamous people who were either loved or despised, that he has received praise and hate mail for decades. Finding this is impossible (they aren't kept as souvenirs) as laid out in his opposition memo and no part of this request can add to the stipulation plaintiff made.  That is like asking President Trump to produce all his hate mail in order to prove that people held him in low esteem. See Doc 57, p.8. | |
| With regard to Second Request No. 4, the fact that Plaintiff felt comfortable discussing the sought messages with an *Esquire* reporter undercuts any reasonable claim of burden. To the extent any burden does exist, CNN will agree to limit the requests to 2015 onward and provide search terms. | | |

First Request No. 34: Documents sufficient to show all legal actions or suits to which you have been a party, whether criminal or civil in nature, including the caption of each suit or action, the court in which such suit or action was brought, the identity of all parties to each suit or action, the general nature of each suit or action, including both claims and counterclaims, if any, and the outcome of each suit or action.

Response: No documents in plaintiff's possession. Plaintiff will provide this information in response to any valid interrogatory that has been served or will be served.

First Request No. 35: All Documents and Communications produced by You in the litigations *Edwards v. Dershowitz*, No. CACE-15-000072 (Fla. Broward Cty. Ct. 2015); *Giuffre v. Dershowitz*, No. 19-cv-03377 (S.D.N.Y. 2019), and *Boies v. Dershowitz*, No. 160874/2019 (N.Y. Sup. Ct. 2019).

Response: Objection. Plaintiff and counsel for this cause of action are unaware of the parameters of any court order that protects the confidentiality of such documents encompassed by this request and would refer defendant to the counsels in those causes of action.

Interrogatory No. 12: Identify, specifying the relevant proceeding, every amount of damages you have claimed as a plaintiff in a legal proceeding.

Response: Objection, overbroad and not likely to lead to any admissible evidence.

Interrogatory No. 13: Identify, specifying the relevant proceeding and the nature of its resolution, every amount of damages you have been awarded in judgment, and/or the amount of every monetary settlement you have received, in any legal proceeding.

Response: Objection, overbroad and not likely to lead to any admissible evidence.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| These requests seek evidence relating to other lawsuits to which Plaintiff has been a party, and the amounts of damages he has claimed and received. This evidence is relevant to, among other things, Plaintiff's prior reputation and his damages claim, | No part of these requests bears any relevance on the issues in this case and the narrow prayer for relief. This asks for ALL documents produced in cases about alleged sexual relations in other litigations. Documents relating to the | |

| | | |
|---|---|---|
| particularly because in many of those lawsuits, Plaintiff has sought reputational damages and CNN is entitled to discover that evidence to offset any claimed reputational damages here.<br><br>As to Interrogatory Nos. 12 and 13, CNN is entitled to basic evidence relating to any damages he has claimed in the past both to understand how his damages have previously been measured and to impeach any damages claim or characterization he may assert in this action.<br><br>To the extent that Plaintiffs' attorneys, not Plaintiff himself, have custody of the materials, numerous cases hold that a client has a legal right to demand documents from his former or present counsel. | times and places someone alleged plaintiff was with Jeffrey Epstein or on his island etc. serve one purpose, to harass. None can ever have bearing on this litigation and determining if CNN lied to its audience on January 29, 2020 or if people now think plaintiff has lost his constitutional intellect. It is instead an effort to make every potential juror ignore this case and to stigmatize plaintiff with unproven lies. Emotional damage to his reputation as a scholar has nothing to do with any of this, as was set forth in Doc 57. pp. 4-7. | |

First Request No. 36: Any and all interviews, articles, news stories, movies, or television programs regarding Virginia Giuffre's allegations against You that pre-date Your January 29, 2020 argument at the Impeachment Trial.

Response: Objection. This request asks for information that has no probative value to any issues in this cause of action.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| By Plaintiff's own admission, Giuffre's allegations (that she was sexually trafficked to Plaintiff at the direction of Jeffrey Epstein) measurably damaged his professional reputation as an attorney and scholar. Plaintiff said he no longer gets honorary degrees and has lost multiple clients. There is no question that evidence relating to Giuffre's claims is relevant to mitigate any asserted damages relating to Plaintiff's reputation, as well as his emotional wellbeing. CNN is entitled to defend itself via discovery on whether such other factors contributed to Plaintiff's asserted reputational and emotional damages, and to what extent. | Plaintiff adopts the position immediately preceding this section and adds that if plaintiff was seeking lost income, lost clients, lost television appearances etc, then defendant's position would be sound. But defendant continues to ignore none of those types of damages are being sought in this case and are moot and irrelevant. Defendant is clearly frustrated that its plan to poison the trial with salacious matters cannot be accomplished given that none of the damages that could have been probative are being sought. CNN cannot revive dropped claims for purposes of a smear campaign. | |

Interrogatory No. 2: For each element of damage that You claim in this Action, including but not limited to the injuries claimed at paragraphs 4, 13, 15, and 19 of the Complaint, identify separately and with specificity the complete nature of such injury, the amount of damage, and the method used to compute that amount.

Response: The method of damage is the damage the law allows for to compensate me for the damaged CNN has done. The jury will assess the amount of economic and noneconomic damages and assess the amount of punitive damages in relation to CNN's financials. For economic damages, the loss of business opportunities and diminished appearances will be delineated through expert testimony. Other specifics will be revealed when a protective order if in place allowing for designation as confidential until the matter is presented in court.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| To date, Plaintiff has failed to even provide a list of his own asserted damages. Plaintiff must be compelled to provide this basic information about his claim. | Plaintiff has provided documents marked as confidential that contain economic damages and never claimed he would not. Part of the verbatim original response is moot with the dropping of all economic damages related to work. Experts relating to other damages have not yet been disclosed and plaintiff has always agreed that this request is valid, so there is no actual dispute. | |

First Request No. 2: All Communications between You, on the one hand, and any other Person on the other hand, including but not limited to former President Donald J. Trump, attorneys for Donald J. Trump, advisors for Donald J. Trump, or members of the United States House of Representatives or Senate, dated on or before January 29, 2020, concerning the arguments that You planned to make at the Impeachment Trial.

Response: Objection. This request seeks communications and documents that are privileged under the attorney/client relationship, and/or are privileged work product. For any items that are not attorney client privilege, plaintiff objects because the matters sought in this request have no bearing to the issue in this cause of action, which are whether CNN and its commentators knowingly lied when they reported what Alan Dershowitz said on the senate floor in response to Senator's Cruz's posed question, nor can it lead to any evidence that is probative.

First Request No. 3: All notes, drafts, or other documents that You prepared for Your arguments at the Impeachment Trial.

Response: Objection. All items under this request are non-discoverable as protected work product and attorney client privilege. Additionally, plaintiff objects because the matters sought in this request have no bearing to the issue in this cause of action, which are whether CNN and its commentators knowingly lied when they reported what Alan Dershowitz said on the senate floor in response to Senator's Cruz's posed question, nor can it lead to any evidence that is probative.

First Request No. 4: All Communications between You, on the one hand, and any other Person on the other hand, concerning the arguments that You made during the Impeachment Trial on January 29, 2020.

Response: Objection. This request seeks communications and documents that are privileged under the attorney/client relationship, and/or are privileged work product. For any items that are not attorney client privilege, plaintiff objects because the matters sought in this request have no bearing to the issue in this cause of action, which are whether CNN and its commentators knowingly lied when they reported what Alan Dershowitz said on the senate floor in response to Senator's Cruz's posed question, nor can it lead to any evidence that is probative.

Second Request No. 1: All documents, including but not limited to physical or digital written notes and records of communications sent over email, SMS message, or application-based messaging service (including but not limited to WhatsApp, Slack, and Signal) relating to your views on the circumstances under which a United States President may be impeached or convicted of impeachable offenses.

Response: Objection. This has no bearing on the sole issue in this cause of action, which is, whether CNN lied on January 29, 2020 and January 30, 2020 while reporting what plaintiff said on the floor of the senate while responding to Ted Cruz's question. This request is overly broad and will not lead to probative evidence. Additionally, the time period in this is open ended and even fulfilling this request is overly burdensome.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Plaintiff alleges that the Challenged Statements created a false narrative of what Plaintiff "believes and argued" at the Impeachment Trial. Compl. ¶ 8. These requests concern the nature of Plaintiff's beliefs and arguments on impeachment and are thus squarely relevant to the substantial truth of the Challenged Statements.<br><br>There is no attorney-client or work product privilege over these materials because Plaintiff had no client at the Impeachment Trial. Plaintiff publicly stated that he was "doing it as a lawyer who is not in a lawyer-client relationship with anybody." Doc. 52-2, Ex. L, at 19.<br><br>Even if there were a privilege, that privilege is waived because Plaintiff has affirmatively put the question of his beliefs and arguments at issue, and it would be manifestly unfair to deprive CNN access to the very materials necessary to establish its defense of truth. | No part of these requests has any bearing on the issue in this case. Plaintiff sued alleging only that CNN lied to its viewers by saying that Plaintiff stood on the floor of the senate on January 29, 2020 and told the world that a president can commit crimes as long as he though his reelection was in the public interest and that they edited a video to cut out the part where he specifically excluded crimes so that their audience would believe their lies. CNN here plays the semantics game by trying to make this court believe that because the subject matter regarding the CNN defamation dealt with the subject of impeachment, that anything about "impeachment" matters. It does not and we cannot pretend that it does. What Plaintiff actually said on Jan 29 is on tape. What CNN said on Jan 29 is on tape. Whether CNN cut out the part where Plaintiff excluded illegal things is also on tape. Nothing is debatable and nothing else matters to this narrow defamation case which is about whether CNN lied about what he said on January 29. See Doc 57, pp 1-4.<br><br>Plaintiff reminds the court that the defamatory statements came 2 days after Dershowitz's defense presentation and | |

| | | |
|---|---|---|
| | was part of a spontaneous Q&A session. His notes for the preparation of his defense speech read days earlier are not only irrelevant for the reasons stated, but are privileged because President Trump viewed him as his defense lawyer. A client does not lose privilege because his lawyer tells a reporter something different. Allowing this discovery is downright dangerous and would set a terrible precedent. | |

Second Request No. 3: All documents and materials related to the drafting of your statements in support of President Donald J. Trump at the Impeachment Trial (the "Impeachment Arguments") as referred to in the January 29, 2020 Esquire article "21 Hours With Alan Dershowitz," authored by Tom Chiarella, including but not limited to: (1) Any and all legal pads containing notes and drafts of your Impeachment Arguments as referred to in the article; (2) the page from the program for the Cleveland Orchestra's concert performance of Prokofiev works on which you made notes concerning your Impeachment Arguments; (3) all correspondence with Maura Kelley at Harvard University concerning your draft Impeachment Arguments, including but not limited to messages containing photographs of your handwritten work and fax messages containing typewritten copies of your work prepared by Ms. Kelley; and (4) all correspondence, including but not limited to SMS messages, with any of your children concerning any media appearances at which you discussed the impeachment proceedings against President Trump, including but not limited to appearances on CNN.

Response: Objection. All items under this request are non-discoverable as protected work product and attorney client privilege. Additionally, plaintiff objects because the matters sought in this request have no bearing to the issue in this cause of action, which are whether CNN and its commentators knowingly lied when they reported what Alan Dershowitz said on the senate floor in response to Senator's Cruz's posed question, nor can it lead to any evidence that is probative.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| In addition to the arguments made on the previous group of requests which are incorporated here, any privilege over the requested materials here is waived for another reason. Plaintiff voluntarily shared these materials with a journalist for purposes of a nationally published magazine profile. While developing his arguments, Plaintiff allowed an *Esquire* reporter to shadow him for 21 hours, in the process sharing countless drafts of his arguments. Plaintiff made no attempt to preserve the confidentiality of this work product. The lack of confidentiality waives any privilege. Any material that was shared with the reporter must be | Same response as above regarding total irrelevance to the January 29th Q&A, including that seeing someone scribble words here and there without real context or overhear a "change this" or "change that" does not waive the work product privilege. The reporter actually reported verbatim what he heard which is what plaintiff allowed him to hear. That does not open the door to everything plaintiff did not allow him to see or hear. Letting someone see you change a few words on page 2 does not mean they get to read all of your notes on pages 3 to 18. CNN is free to depose the Esquire reporter and that will limit the disclosure to what he | |

| produced—which includes not only the materials that were reported on but also the shared materials that were not reported verbatim given that the article was necessarily condensed. | saw and heard and preserve the integrity of the work product privilege. See Doc 57, p.4. | |
|---|---|---|

JOINT STATUS REPORT ON PLAINTIFF'S MOTIONS TO COMPEL (ECF NOS. 51 AND 53)

| | |
|---|---|
| **Interrogatory No. 1**:<br>What are the names of all persons who assisted in the preparation of responses to these interrogatories and identify the position of each person?<br><br>**Response:**<br>Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks the identities of individuals involved in the defense of this action rather than individuals with relevant personal knowledge. Defendant further objects to this Interrogatory as it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Interrogatory to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Subject to and without waiving the foregoing objections, Defendant refers to the attached Verification in response to this Interrogatory.<br><br>**Result of Meet-and-Confer**: Unresolved | |

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Plaintiff is entitled to know who was actually consulted. It goes to the veracity and trustworthiness of the responses and assigns responsibility for the answers. CNN is not a human defendant as if the lawsuit was against an individual or individuals, wherein the response would be obvious. | CNN's responses were verified by a VP and Associate General Counsel for CNN. How she and outside counsel assembled the responses is unquestionably privileged. And compelling CNN to disclose its privileged materials is unnecessary. This is not a lawsuit about interrogatory responses; it is a lawsuit about the Challenged Statements. CNN has identified the Key Custodians who had primary responsibility for substantive decisions in connection with the Challenged Statements. There is no reason Plaintiff needs the privileged information sought. | |

Interrogatory No. 2: Please list the names, job descriptions, broadcast show or publication each works on, mailing addresses, email addresses and telephone numbers of all guests/commentators and employees, identifying each as currently employed or no longer employed, that appeared or worked in any capacity on the sets or productions of all televised shows or cnn.com publications, occurring on January 29, 30 and 31, 2020, in which the subject of Alan Dershowitz's response to Senator Ted Cruz's question was discussed.

Response: Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to Joe Lockhart's statement identified in the Complaint as occurring at 7:11 p.m. on January 29, 2020, John Berman's statement identified in the Complaint as occurring at 6:17 a.m. on January 30, 2020, and Paul Begala's statement on CNN.com identified in the Complaint as occurring at 9:11 p.m. on January 29, 2020 (the "Alleged Defamatory Publications"), and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Interrogatory to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Interrogatory to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Interrogatory to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant further objects to this Interrogatory to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant reserves the right to supplement these responses after continued investigation.

Subject to and without waiving the foregoing objections, Defendant responds that the following individuals were primarily responsible for making substantive decisions in connection with the Alleged Defamatory Publications:

1. Joe Lockhart
CNN Contributor
c/o Davis Wright Tremaine LLP

2. Susie Xu
Executive Producer, Erin Burnett OutFront
c/o Davis Wright Tremaine LLP

3. Rebecca Samuels
Senior Producer, NY Show, Erin Burnett OutFront
c/o Davis Wright Tremaine LLP

4. Katie Carver
Producer I, NY Show, Erin Burnett OutFront
c/o Davis Wright Tremaine LLP

5. John Berman
Anchor/Correspondent, New Day
c/o Davis Wright Tremaine LLP

6. Aaron Silverman
Senior Broadcast Producer, New Day
c/o Davis Wright Tremaine LLP

7. Izzy Povich
Former VP, Morning Programming, New Day
c/o Davis Wright Tremaine LLP

8. Paul Begala
CNN Contributor
c/o Davis Wright Tremaine LLP

9. Pat Wiedenkeller
Former Senior Section Editor
c/o Davis Wright Tremaine LLP

10. Brett Harman
Producer I, Video Programming
c/o Davis Wright Tremaine LLP

The above individuals, except Wiedenkeller, are currently employed by or contracted with CNN.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Plaintiff is entitled to know all those who worked on the broadcasts or the online | CNN, in good faith, identified the ten Key Custodians who were primarily | |

| | | |
|---|---|---|
| publications as all have eyes and ears and could have seen or heard something incriminating. CNN's claim that they have conducted an investigation and determined that only 10 (now suddenly 13) people have information is meaningless. Plaintiff did not hire CNN to conduct his investigation, he hired his own lawyer. See Doc 51 pp 2-3; See also Doc 60 pp 2-5. | responsible for making substantive decisions in connection with the Challenged Statements. CNN will also identify three video editors who edited the relevant clip at the direction of the decisionmakers. Identifying these individuals more than adequately provides responsive information that is relevant to the Challenged Statements and proportional to the needs of the case.<br><br>The Court should deny Plaintiff's request for burdensome and irrelevant discovery related to CNN employees and programming other than the Key Custodians and the Challenged Statements. First, the request seeks discovery about hundreds of employees based only on speculation. Second, the information requested is not relevant to Plaintiff's defamation claim as a matter of law, because courts focus *solely* on the state of mind of the employee responsible for the publication of the allegedly defamatory statements—not hundreds of minor employees. Finally, the request is improper because, while the Complaint squarely identifies three Challenged Statements, the request seeks information concerning other unalleged and unidentified statements by CNN. This is a classic fishing expedition, going beyond the pleadings' allegations to attempt to find additional violations or claims. | |

Interrogatory No. 3: Did Jeff Zucker, David Vigilante or any management employee or CNN executive communicate in any capacity or manner whatsoever on January 29, 2020 or January 30, 2020 with any person regarding Alan Dershowitz's response to Senator Ted Cruz's question. If yes, provide:
a) The dates and times of each communication and the method of communication.
b) The names of all people involved in the communication.
c) The full specific details of each communication.

Response: Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Interrogatory to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Interrogatory to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Interrogatory to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant reserves the right to supplement these responses after continued investigation.

Subject to and without waiving the foregoing objections, Defendant responds that it will conduct a reasonable search of the documents of the key custodians listed in response to Interrogatory No. 2 and Jeff Zucker, to the extent in Defendant's possession, custody, or control, and will produce responsive, non-privileged documents, if any, relied on in drafting and/or editing of the Alleged Defamatory Publications, from which the answer to this Interrogatory may be derived in accordance with applicable Rules and after the entry of an appropriate Protective Order.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| These communications are critical in determining whether malice occurred. These are limited to only two days, the days of the commission of the torts. CNN limiting this to communications their chosen 10 and Zucker only is unacceptable and also does not account for oral communications. Plaintiff respects | CNN agreed to search the files of the ten Key Custodians, as well as Jeff Zucker (CNN's President), and produce responsive documents relied on in drafting or editing the Challenged Statements. CNN will also search the files of the three lower-level video editors. This is more than sufficient to respond to this request. | |

| | | |
|---|---|---|
| communications with Vigilante that are legal advice, but non legal advice ones are not protected nor are ones with legal advice in which a third party is involved. See Doc 51 pp 3-4; See also Doc 60 p.7. | Under the case law, CNN may, in the first instance, identify its own relevant custodians. A party seeking to compel a search of additional custodians bears the burden of establishing the relevance of the documents it seeks from those custodians. Here, Plaintiff has not established the relevance of any additional custodians' documents, nor has he even identified the additional custodians that he seeks.<br><br>As to David Vigilante (CNN's General Counsel), the attorney-client privilege is implicated. While Plaintiff hypothesizes circumstances where the privilege might not attach, he offers no support for the notion that any of those circumstances are present here, nor has he established that Vigilante's documents are even relevant.<br><br>Finally, Plaintiff misapprehends CNN's assertion of the journalist privilege. CNN is not asserting this privilege over documents that were relied on in drafting or editing the Challenged Statements, and has not withheld any such responsive materials based on the journalist privilege. Because, however, Plaintiff's requests sought broad discovery of newsgathering materials unrelated to the Challenged Statements, CNN appropriately withheld (or redacted) materials related to reporting other than the Challenged Statements. | |

Interrogatory No. 4: From January 29, 2020 at 6:00 am EST through present day, did any person listed in response to question #2 above communicate in any manner whatsoever with any other person or persons listed in response to question #2 above, Jeff Zucker, David Vigilante or any other CNN executive regarding: (a) Alan Dershowitz; (b) Alan Dershowitz's January 29, 2020 response to Senator Ted Cruz's question; or (c) regarding any of the televised broadcasts or cnn.com publications that referenced Alan Dershowitz that aired or were published on January 29, 2020, January 30, 2020 and January 31, 2020? If yes, provide:
a) The dates and times of each communication and the method of communication.
b) The names of all people involved in the communication.
c) The full specific details of each communication.

Response: Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Interrogatory to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Interrogatory to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Interrogatory to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant further objects to this Interrogatory to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant reserves the right to supplement these responses after continued investigation.
Subject to and without waiving the foregoing objections, Defendant responds that it will conduct a reasonable search of the documents of the key custodians listed in response to Interrogatory No. 2 and Jeff Zucker, to the extent in Defendant's possession, custody, or control, and will produce responsive, non-privileged documents, if any, relied on in drafting and/or editing of the Alleged Defamatory Publications, from which the answer to this Interrogatory may be derived in accordance with applicable Rules and after the entry of an appropriate Protective Order.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| These written and oral communications are relevant and must extend beyond CNN's chosen 10 and Zucker. This seeks only post tort communications specifically | This request should be denied for several reasons. First, as discussed above, CNN has already produced communications and documents relied on in drafting or editing | |

about plaintiff and the response to Senator Cruz's question. Plaintiff already conceded he seeks no communications in which he is discussed unrelated to that. These communications have the potential to reveal admissions of a party opponent. Defendant cannot claim burden to avoid having to produce perhaps the most probative evidence in the entire case. An email to all who worked on the productions that day asking if they have any communications, email or text or otherwise relating to this will yield the results. CNN also has access to all work emails with @turner.com and @cnn.com. Plaintiff should not have to depose everyone for this information as that would only enhance the burden. If Vigilante has no communications that are not legal related, simply state so under oath. See Doc 51, pp. 4-5, See also Doc 60 pp. 7-8

the Challenged Statements. Plaintiff does not need descriptions of the communications because CNN produced the communications themselves, which is expressly allowed under Rule 33(d).

Second, as discussed on pages 20-23, the request is overbroad as to both people and subject matter.

Third, as to David Vigilante (CNN's General Counsel), any sought information would implicate privilege, and Plaintiff offers no support for the notion that his documents are relevant or non-privileged.

Finally, the time period for this Interrogatory is overbroad. Plaintiff chose 6:00 a.m. on January 29, 2020 as the starting point, but Dershowitz did not deliver his response to Senator Cruz's question—the subject of the Challenged Statements—until 2 p.m. Emails related to what happened at 6 a.m., therefore, cannot possibly be relevant. Similarly, any documents dated after the publication of the Challenged Statements are not relevant, as they have no bearing on CNN's state of mind at the time of publication. Plaintiff's speculation about "potential" communications does not render this overbroad request relevant or proportional.

Interrogatory No. 5: For each televised broadcast or cnn.com publication on January 29, 2020, January 30, 2020 and January 31, 2020, in which video of any portion of Alan Dershowitz's response to Ted Cruz's question was included, state the name and job description of each person who participated in the decision (and specially noting which person made the ultimate final decision) to include the video portion and the name of each person who actually incorporated the video portion into the broadcast or publications.

Response: Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Interrogatory to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Interrogatory to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the product doctrine. Defendant further objects to this Interrogatory to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant further objects to this Interrogatory to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant reserves the right to supplement these responses after continued investigation.

Subject to and without waiving the foregoing objections, Defendant responds that the following individuals were primarily responsible for making substantive decisions in connection with the Alleged Defamatory Publications:

1. Joe Lockhart
CNN Contributor
c/o Davis Wright Tremaine LLP

2. Susie Xu
Executive Producer, Erin Burnett OutFront
c/o Davis Wright Tremaine LLP

3. Rebecca Samuels
Senior Producer, NY Show, Erin Burnett OutFront
c/o Davis Wright Tremaine LLP

4. Katie Carver
Producer I, NY Show, Erin Burnett OutFront

c/o Davis Wright Tremaine LLP

5. John Berman
Anchor/Correspondent, New Day
c/o Davis Wright Tremaine LLP

6. Aaron Silverman
Senior Broadcast Producer, New Day
c/o Davis Wright Tremaine LLP

7. Izzy Povich
Former VP, Morning Programming, New Day
c/o Davis Wright Tremaine LLP

8. Paul Begala
CNN Contributor
c/o Davis Wright Tremaine LLP

9. Pat Wiedenkeller
Former Senior Section Editor
c/o Davis Wright Tremaine LLP

10. Brett Harman
Producer I, Video Programming
c/o Davis Wright Tremaine LLP

<u>Result of Meet-and-Confer</u>: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Here CNN just reposts its Chosen 10 (now 13). We need the names of the new 3 and need the name of the person who made the final decision. CNN has refused. See Doc 51, pp 5-6; See also Doc 60, pp 7-8 | CNN identified the ten individuals who were primarily responsible for making substantive decisions in connection with the Challenged Statements, including decisions as to associated video clips. In addition, CNN will identify three video | |

| | | |
|---|---|---|
| | editors who assisted with such clips and had a lower level of responsibility. CNN also produced documents that confirm that these individuals are the persons involved in the video clips. CNN has responded in full to this Interrogatory. | |

Interrogatory No. 6: State the methods of communication CNN uses for communication amongst CNN employees and/or paid commentators, and what software, computer programs and servers are used to deliver communications, and whether the communications are stored locally at CNN or through outside providers, along with the names of the people and entities that are in charge of maintaining them.

Response: Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Interrogatory to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Interrogatory to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Interrogatory to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant further objects to this Interrogatory to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant reserves the right to supplement these responses after continued investigation.

Subject to and without waiving the foregoing objections, CNN employees use various methods to communicate and there is no one standard procedure. For the CNN employees listed in response to Interrogatory No. 2, they may have communicated in person, via telephone, via iNews, their CNN Email, Slack, and/or text message. CNN makes no representations about how non-employees communicate, but will produce responsive, non-privileged documents, if any, relied on in drafting and/or editing of the Alleged Defamatory Publications, from which the answer to this Interrogatory may be derived in accordance with applicable Rules and after the entry of an appropriate Protective Order, from the employee custodians listed in response to Interrogatory No. 2.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| CNN's answer is incomplete. Plaintiff is entitled to this information in order to determine if documents from all sources was furnished and also to know who or what entities may need to be the subject of a subpoena should the need arise, as opposed to having to wait 30 days to get a | In its response, CNN identified numerous methods of communication, including software such as iNews and Slack. And CNN has produced hundreds of pages of documents revealing the method and format of its communications. Yet Plaintiff demands that CNN identify its | |

| | | |
|---|---|---|
| response should the needs arise. Doc 60 p. 9. This interrogatory creates no burden whatsoever. CNN knows that plaintiff is serviced by gmail and Harvard.edu. Must be reciprocal. Just because CNN's is more complex does not mean it can keep it secret. | specific email programs and the location and ownership of its servers. There is no reason to impose on CNN the burden of providing the technical details of its IT infrastructure, as this information is simply not relevant.<br><br>In addition, as Plaintiff implicitly concedes, this request is premature since he only speculates that a need for this information might arise. If and when such a need arises, CNN will reevaluate. But this information is not necessary now. | |

Interrogatory No. 7: For each televised broadcast or cnn.com publication, between January 29, 2020 and January 31, 2020, in which Alan Dershowitz's response to Ted Cruz's question was referenced or discussed, please provide specific details of what steps were taken in preparation for each broadcast or publication. This includes, but is not limited to, meetings held (names of participants and summary of meeting), all documents that were prepared and all written communications related to same.

Response: Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Interrogatory to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Interrogatory to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Interrogatory to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant further objects to this Interrogatory to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant reserves the right to supplement these responses after continued investigation.

Subject to and without waiving the foregoing objections, Defendant responds that it will conduct a reasonable search of the documents of the key custodians listed in response to Interrogatory No. 2, to the extent in Defendant's possession, custody, or control, and will produce responsive, non-privileged documents, if any, relied on in drafting and/or editing of the Alleged Defamatory Publications, from which the answer to this Interrogatory may be derived in accordance with applicable Rules and after the entry of an appropriate Protective Order.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| CNN claims it is going to comply with this but still fails to or refuses to provide an actual answer to the question with a narrative of the steps, process taken and who was involved with each step and meeting. This is needed because it is the only way for plaintiff to learn through depositions if the process was followed. | This request is overbroad as explained on pages 20-23. Consistent with Rule 33(d), CNN has produced and will continue to produce documents relied on in drafting or editing the Challenged Statements. Despite Plaintiff's desire for a narrative answer, Rule 33(d) expressly allows a party to produce records in lieu of an | |

| | | |
|---|---|---|
| Instead, CNN wants to provide a document dump and tell us to figure it out. Additionally, the claim of privilege cannot apply given plaintiff's burden to prove malice and CNN has been given an umbrella protective order. See Doc 51, pp 6-7; See also Doc 60 p.9. | answer "if the burden of deriving or ascertaining the answer [from the business records] will be substantially the same for either party." Fed. R. Civ. P. 33(d). To move to compel, the moving party must make a prima facie showing that a Rule 33(d) response is an inadequate means to answering the interrogatories, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons. Plaintiff made no such showing.<br><br>Additionally, Plaintiff misapprehends CNN's assertion of the journalist privilege, as explained on page 23. | |

Interrogatory No. 8: Did any person referenced in interrogatories 3 and 4, or listed in your answers to interrogatories 3 and 4, delete or discard any written communications that referenced Alan Dershowitz or any of the documents referenced in interrogatory 7? If so, please provide detailed information regarding what type of communication or document was deleted, the person that deleted it, the date it was deleted and all parties that were part of the communication or privy to the document and explain what steps CNN took to preserve all said communications and documents.

Response: Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Interrogatory to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Interrogatory to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Interrogatory to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant further objects to this Interrogatory to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant reserves the right to supplement these responses after continued investigation.

Subject to and without waiving the foregoing objections, Defendant responds that it has taken reasonable steps to preserve relevant information in compliance with its preservation obligations under the Federal Rules of Civil Procedure in this action.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Plaintiff is entitled to know if evidence got deleted. CNN only tells us that it is aware of its obligations to preserve evidence. While we hoped CNN knew of that obligation, that was not the question. CNN only disclosed, after plaintiff filing his motion, that its counsel spoke to some people and that they do not recall deleting. The question does not ask if the people CNN's lawyers spoke to deleted anything. | It is plainly overly broad and burdensome to make the requested inquiry of all the people referenced—comprising hundreds of employees—for the reasons stated on pages 20-23. And Plaintiff's claim that CNN has an obligation to investigate whether anyone deleted emails is baseless. Rule 37(e) only requires that CNN take reasonable steps to preserve electronically stored information once on notice of the | |

| It asks if the any and all the people from interrogatory 2 or 4 deleted emails. See Doc 51, p.7; See also Doc 60, pp. 9-10. | litigation, and the Rule is inapplicable when loss of information occurs despite the party's reasonable steps to preserve. Here, CNN has represented that it has taken reasonable steps to preserve relevant information in compliance with the Federal Rules of Civil Procedure, and CNN further represents that of the individuals whom counsel has interviewed, none recalled ever purposefully deleting relevant materials once on notice of this litigation. That is more than sufficient to answer this Interrogatory. | |

Request No. 1:
Produce all transcripts for all CNN television broadcasts in which Alan Dershowitz's response to Ted Cruz's question was discussed.

Response to Request No. 1:
 Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to Joe Lockhart's statement identified in the Complaint as occurring at 7:11 p.m. on January 29, 2020, John Berman's statement identified in the Complaint as occurring at 6:17 a.m. on January 30, 2020, and Paul Begala's statement on CNN.com identified in the Complaint as occurring at 9:11 p.m. on January 29, 2020 (the "Alleged Defamatory Publications"). Defendant further objects to this Request to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant further objects to this Request on the ground that it calls for information readily available through public sources or information equally available to Plaintiff.
Subject to and without waiving the foregoing objections, Defendant produced transcripts of the Alleged Defamatory Publications as exhibits to the motion to dismiss in this action.

Request No. 2:
Produce videos for all CNN television broadcasts in which Alan Dershowitz's response to Ted Cruz's question was discussed.

Response to  Request No. 2:
Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications. Defendant further objects to this Request to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant further objects to this Request on the ground that it calls for information readily available through public sources or information equally available to Plaintiff.
Subject to and without waiving the foregoing objections, Defendant produced copies of the Alleged Defamatory Publications as exhibits to the motion to dismiss in this action.

Request No.3:
Produced all copies and links to all CNN internet publications in which Alan Dershowitz's response to Ted Cruz's question was discussed.

Response to Request No. 3:
Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications. Defendant

further objects to this Request to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant further objects to this Request on the ground that it calls for information readily available through public sources or information equally available to Plaintiff.

Subject to and without waiving the foregoing objections, Defendant produced copies of the Alleged Defamatory Publications as exhibits to the motion to dismiss in this action.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Plaintiff is entitled to know how broad and extensive the plan was to defame him. Malice is the burden in a public figure defamation case. Plaintiff's complaint alleges that CNN went to work to falsely portray him.   CNN cannot hide this or claim it is up to plaintiff to find it on his own online or get it through CNN archives dept (even though counsel cannot contact their client directly) CNN has their own broadcasts and publications for the 2 day period and this is the proper way to obtain them. See Doc 53 pp. 1-2; See also Doc 61 pp 1-2. | CNN already produced transcripts, videos, and copies of the Challenged Statements as exhibits to the motion to dismiss in this action.  Thus, Plaintiff is already in possession of the responsive documents.

Further, as explained on page 21, to the extent Plaintiff seeks transcripts and videos of CNN publications *other than* the Challenged Statements, these Requests are improper. While the Complaint squarely identifies three Challenged Statements, the Requests seek information concerning other unalleged and unidentified statements by CNN. This is a classic fishing expedition, going beyond the pleadings' allegations to attempt to find additional violations or claims.

Moreover, Plaintiff's Requests are inappropriate because the information he seeks is publicly available and he may access that information on his own. Transcripts for CNN broadcasts are available online and readily accessible to | |

|  | Plaintiff via CNN's website (as well as services frequently retained by law firms, such as LexisNexis). Accordingly, Plaintiff already has access to these materials. |  |
|---|---|---|

Request No. 4: Produce any and all videos in your possession from any other news source/television station in which Alan Dershowitz's response to Ted Cruz's question was discussed.

Response: Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications. Defendant further objects to this Request to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff. Defendant further objects to this Request to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Request to the extent it calls for information readily available through public sources or information equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendant responds that it will conduct a reasonable search of the files of the following individuals who were primarily responsible for making substantive decisions in connection with the Alleged Defamatory Publications:

1. Joe Lockhart
CNN Contributor
c/o Davis Wright Tremaine LLP

2. Susie Xu
Executive Producer, Erin Burnett OutFront
c/o Davis Wright Tremaine LLP

3. Rebecca Samuels
Senior Producer, NY Show, Erin Burnett OutFront
c/o Davis Wright Tremaine LLP

4. Katie Carver
Producer I, NY Show, Erin Burnett OutFront
c/o Davis Wright Tremaine LLP

5. John Berman
Anchor/Correspondent, New Day
c/o Davis Wright Tremaine LLP

6. Aaron Silverman
Senior Broadcast Producer, New Day
c/o Davis Wright Tremaine LLP

7. Izzy Povich
Former VP, Morning Programming, New Day
c/o Davis Wright Tremaine LLP

8. Paul Begala
CNN Contributor
c/o Davis Wright Tremaine LLP

9. Pat Wiedenkeller
Former Senior Section Editor
c/o Davis Wright Tremaine LLP

10. Brett Harman
Producer I, Video Programming
c/o Davis Wright Tremaine LLP

(collectively, the "Key Custodians"), and Jeff Zucker, to the extent in Defendant's possession, custody, or control, and will produce responsive, non-privileged documents, if any, relied on in drafting and/or editing of the Alleged Defamatory Publications, from these files in accordance with applicable Rules and after the entry of an appropriate Protective Order.

<u>Result of Meet-and-Confer</u>: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Plaintiff is entitled to this information as it pertains to all, not just the Chosen 10. Absent from this list is Zucker and other executives. Even Erin Burnett is not on the list and it was on her show that Lockhart likened Dershowitz to Hitler. So this is proof that CNN's response is deficient. See Doc 53 pp. 2-3; See also Doc 61 p.2 | CNN has already agreed to search the files of the Key Custodians who had primary responsibility for substantive decisions in connection with the Challenged Statements, as well as Jeff Zucker (CNN's President), and to produce documents relied on in drafting or editing the Challenged Statements. CNN will also search the files of the three lower-level | |

| | | |
|---|---|---|
| | video editors. The documents requested in Request No. 4, if there are any, would be included in the ongoing production.<br><br>For the avoidance of doubt, CNN is not withholding the above-described materials responsive to this or any other request on the basis of its journalist privilege, as explained on page 23. | |

Request No. 5: Produce copies of all communications referenced in your response to Interrogatory 3 that was served upon CNN on July 19, 2021.

Response to Request No. 5: Defendant objects to this Request for the reasons stated in its Response to Interrogatory No. 3. Subject to and without waiving the foregoing objections, Defendant responds that it will conduct a reasonable search of the files of the Key Custodians and Jeff Zucker, to the extent in Defendant's possession, custody, or control, and will produce responsive, non-privileged documents, if any, relied on in drafting and/or editing of the Alleged Defamatory Publications, from these files in accordance with applicable Rules and after the entry of an appropriate Protective Order.

Request No. 6:
Produce copies of all communications referenced in your response to Interrogatory 4 that was served upon CNN on July 19, 2021.

Response to Request No. 6: Defendant objects to this Request for the reasons stated in its Response to Interrogatory No. 4. Subject to and without waiving the foregoing objections, Defendant responds that it will conduct a reasonable search of the files of the Key Custodians and Jeff Zucker, to the extent in Defendant's possession, custody, or control, and will produce responsive, non-privileged documents, if any, relied on in drafting and/or editing of the Alleged Defamatory Publications, from these files in accordance with applicable Rules and after the entry of an appropriate Protective Order.

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| These communications are critical in determining whether malice occurred. These are limited to only two days only, the days of the commission of the torts. CNN limiting this to communications their chosen 10 and Zucker only is unacceptable and also does not account for oral communications. Plaintiff respects communications with Vigilante that are legal advice, but non legal advice ones are not protected nor are ones with legal advice in which a third party is involved. See Doc 51 pp 3-4; See also Doc 60 p.7. These written and oral communications | As stated regarding Interrogatory Nos. 3-4, CNN agreed to search the files of the ten Key Custodians, as well as Jeff Zucker (CNN's President), and produce responsive documents relied on in drafting or editing the Challenged Statements. CNN will also search the files of the three lower-level video editors. This is more than adequate to respond to these requests.<br><br>Under the case law, CNN may, in the first instance, identify its own relevant custodians. A party seeking to compel a search of additional custodians bears the | |

are relevant and must extend beyond CNN's chosen 10 and Zucker. This seeks only post tort communications specifically about plaintiff and the response to Senator Cruz's question. Plaintiff already conceded he seeks no communications in which he is discussed unrelated to that. These communications have the potential to reveal admissions of a party opponent. Defendant cannot claim burden to avoid having to produce perhaps the most probative evidence in the entire case. An email to all who worked on the productions that day asking if they have any communications, email or text or otherwise relating to this will yield the results. CNN also has access to all work emails with @turner.com and @cnn.com. Plaintiff should not have to depose everyone for this information as that would only enhance the burden. If Vigilante has no communications that are not legal related, simply state so under oath. See Doc 51, pp. 4-5; See also Doc 53, 3-4; Doc 60 pp. 7-8

burden of establishing the relevance of the documents it seeks from those custodians. Here, Plaintiff has not established the relevance of any additional custodians' documents, nor has he even identified the additional custodians that he seeks.

As to David Vigilante (CNN's General Counsel), the attorney-client privilege is implicated. While Plaintiff hypothesizes circumstances where the privilege might not attach, he offers no support for the notion that any of those circumstances are present here, nor has he established that Vigilante's documents are even relevant.

In addition, Plaintiff misapprehends CNN's assertion of the journalist privilege, as explained on page 23.

Finally, the time period for Request No. 6 is overbroad. Plaintiff chose 6 a.m. on January 29, 2020 as the starting point, but Dershowitz did not deliver his response to Senator Cruz's question—the subject of the Challenged Statements—until 2 p.m. Emails related to what happened at 6 a.m. cannot be relevant. Similarly, documents after the publication of the Challenged Statements are not relevant, as they have no bearing on CNN's state of mind at the time of publication. Plaintiff's speculation about "potential" communications does not render this overbroad request relevant or proportional.

**Request No. 8**: Produce all written employment or engagement agreements between CNN and each commentator that appeared on air for any broadcast in which Alan Dershowitz's response to Ted Cruz's question was discussed.

**Response**: Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Request to the extent it purports to require information that is outside the relevant time period. Defendant further objects to this Request to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant.

**Result of Meet-and-Confer**: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| CNN has an umbrella protective order so its confidentiality objection is moot. The information in these contracts could reveal if there are incentives for how viral a comment goes or what level of viewership it yields. It also may contain evidence of rules and procedures which might have been broken. This can lead to circumstantial evidence related to the subjective intent pertaining to malice, which the law allows to be proven with circumstantial evidence. See Doc 53 p.4; See also Doc 61 pp 2-3. | Plaintiff speculates, without any factual basis, that the requested agreements might contain incentives based on viewership or click volume. As an initial matter, this Request is overbroad as it includes commentators beyond those who made the Challenged Statements. More than that, it makes little sense. Plaintiff's argument that the requested contracts are relevant presupposes both that the contracts had incentives that related to the Challenged Statements and that those incentives somehow caused CNN to defame Plaintiff. This logic, wholly unsupported by any facts, is simply too attenuated to lead to relevant discovery. That is especially so here, where Plaintiff is a public figure, who must demonstrate by clear and convincing evidence that CNN acted with actual malice in publishing the Challenged Statements. Evidence of a financial interest in a publication is not | |

|  | relevant to actual malice where there is no evidence of a motivation *to lie*. Accordingly, these agreements have no relevance because they do not, and could not possibly, evidence any motive by CNN to defame Plaintiff. In addition, while Plaintiff speculates about rules and procedures, he could have directly requested rules and policies, but he did not do so. |  |
|---|---|---|

**Request No. 9**: Produce a cell phone call ledger for each CNN employee each commentator that appeared on air for any broadcast in which Alan Dershowitz's response to Ted Cruz's question was discussed, only for dates January 29, 2020 and January 30, 2020.

**Response to Request No. 9**: Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Request to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Request to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant further objects to this Request on the ground that "each CNN employee each commentator" is vague and ambiguous.

**Request No. 10**: Produce a cell phone call ledger for each CNN host, producer, director and show runner for any broadcast in which Alan Dershowitz's response to Ted Cruz's question was discussed, only for dates January 29, 2020 and January 30, 2020.

**Response to  Request No. 10**: Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Request to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Request to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant.

**Request No.11**: Produce a cell phone call ledger for Jeff Zucker for dates January 29, 2020 and January 30, 2020.

**Response to Request No. 11**: Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant

further objects to this Request to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Request to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant.

<u>Result of Meet-and-Confer</u>: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Cell phone records are the only way to refresh memories of those who are to be deposed and refresh the memories of those charged to provide answers. This is limited to the days of the commission of the tortious acts and only for the people who were actually on air, wrote the articles, key production people (not everyone  that was on set) and Zucker because discovery has already proven that he was in the loop. CNN's cited case, read in detail, provides no support for its objection. See Doc 53 pp 4-5; See also Doc 61 pp 3-4. | The scale of these Requests is staggering. Plaintiff cites no authority for the proposition that he is entitled to a log of every call for the requested period, including calls that have nothing to do with this case.<br><br>The Requests are overbroad in several ways. First, there is no allegation in the Complaint that links the alleged defamation to the fact that phone calls took place. Plaintiff is impermissibly speculating that those calls exist. That is not a reasonable basis for discovery.<br><br>Second, the Requests seek call logs from too many people on too many topics, as explained on pages 20-23. The burden on CNN far outweighs any potential benefit.<br><br>Third, even if targeted to the custodians identified by CNN, these Requests impinge on protected information under the journalist privilege while adducing no | |

relevant evidence in any material sense. CNN journalists' call logs contain privileged newsgathering materials unrelated to the Challenged Statements and/or can reveal the identity of sources, including sources for stories having nothing to do with this case, which is squarely privileged under Fla. Stat. § 90.5015(2). As to irrelevant stories, Plaintiff cannot and does not attempt to overcome the privilege.

Even if log entries relating to irrelevant sources and reports could be filtered out (which would likely be an extraordinarily burdensome process requiring, among other things, identification of anonymous phone numbers), all the call logs would likely show is that CNN employees communicated amongst each other—as would be expected of employees in any organization—but the logs would not show what they communicated about. Critically, the logs would not show whether they were discussing Dershowitz or one of the dozens of other stories of the day. Thus, the call logs have little potential to provide any relevant evidence, and the burden of collecting and filtering them would far outweigh any negligible value.

Request No. 12: Produce a cell phone call ledger David Vigilante for dates January 29, 2020 and January 30, 2020.

Response: Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Request to the extent it purports to require information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources. Defendant further objects to this Request to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant

Result of Meet-and-Confer: Unresolved

| Movant's Position: | Opponent's Position: | |
|---|---|---|
| Same position as to 9, 10 & 11 above, with the proviso that it excludes attorney/client legal advice calls. | This Request is improper for the same reasons as above regarding Request Nos. 9, 10, and 11, and the additional reason that, as Plaintiff acknowledges, a call log for David Vigilante (CNN's General Counsel) would implicate the attorney-client privilege and generally would not be discoverable. And while Plaintiff speculates that Vigilante may have made calls in a non-legal role, he has provided no evidence that Vigilante was in any way involved in the Challenged Statements in any capacity. Plaintiff plainly has not met his burden of establishing the relevance of the documents he seeks from Vigilante. Moreover, it would be impossible to determine which of Vigilante's calls were legal or non-legal because a log would not | |

|  | display the content of the call. Thus, collecting and reviewing Vigilante's calls for privilege would be a futile exercise, and CNN would be unable to identify non-privileged log entries to produce. |  |
|---|---|---|

Filed on this 29th day of December 2021.

Respectfully submitted,

RODIER & RODIER, P.A.
Attorney for Plaintiff
400 North Federal Highway
Hallandale, FL  33009

*/s/ Brian M. Rodier*
BRIAN M. RODIER, ESQ.
Florida Bar No.: 42250

DAVIS WRIGHT TREMAINE LLP
Attorney for Defendant
1251 Avenue of the Americas, 21st Floor
New York, NY 10020

*/s/ Katherine M. Bolger*
KATHERINE M. BOLGER, ESQ.
(admitted pro hac vice)

GUNSTER,  YOAKLEY  &  STEWART,
P.A.
Attorney for Defendant
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301

*/s/ George S. LeMieux*
GEORGE S. LEMIEUX, ESQ.
Florida Bar No.: 16403

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 29th day of December 2021 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com, Rodier & Rodier, P.A., *Counsel for Plaintiff*, 400 N. Federal Highway, Hallandale, Florida 33009.

DAVIS WRIGHT TREMAINE LLP

By: */s/ Katherine M. Bolger*
    Katherine M. Bolger
    *(pro hac vice admitted)*
    Amanda B. Levine
    *(pro hac vice admitted)*
    Abigail B. Everdell
    *(pro hac vice admitted)*
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
katebolger@dwt.com
amandalevine@dwt.com
abigaileverdell@dwt.com

GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
George S. LeMieux
Florida Bar No. 16403
glemieux@gunster.com
Eric C. Edison
Florida Bar No. 010379
eedison@gunster.com

*Attorneys for Defendant Cable News Network, Inc.*