UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.
_____/

**PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS
AND COMPEL BETTER RESPONSES TO PLAINTIFF'S
SECOND REQUEST TO PRODUCE**

Plaintiff, by and through undersigned counsel, files this Motion to Overrule Objections and Compel Better Responses to Plaintiff's Second Request to Produce, and states as follows:

Plaintiff served Defendant CNN with a Second Request to Produce on January 20, 2022. CNN's initial response, served on February 22, 2022[1], were full objections to all requests. (See Exhibit A). Plaintiff's Second Request to Produce sought the following:

1. **Produce all versions, drafts (whether or not used in the final publication), notes and edits, including all video versions that were considered, in connection with the creation of the article that appeared at the following:**

   **https://www.cnn.com/2020/01/29/politics/dershowitz-quid-pro-quo/index.html**

2. **Produce all communications between Nikki Carvajal, Paul LeBlanc and Marshall Cohen, amongst themselves or between any of them and other CNN employees, commentators or independent contractors on January 29, 30 or 31, 2020 that related**

---

[1] This motion is timely as CNN agreed to a seven-day extension in writing.

**to the creation of the online publication in request #1 above <u>or</u> that related to Alan Dershowitz's response to Senator Cruz's question.**

Following a meet and confer, CNN agreed to provide some responses, which were the published versions of the web article that was the subject of the production request. CNN is still refusing to provide plaintiff with all video versions that were considered during the process of creating this article, any of the notes for the edits, and is also still refusing to provide the communications to and from any of the authors and other CNN employees as it relates to the web article. CNN is using its standard "news gathering privilege" excuse (as told to the undersigned in the Zoom meet and confer), which it has used in prior instances of withholding production and answering interrogatories, even though such an excuse is unavailable under these circumstances.

As was previously noted in Plaintiff's prior motions to compel (which are still under consideration by this Court), there is no privilege available because with the high burden of having to prove malice that CNN knew it was making false statements, the journalist privilege CNN cites is inapplicable. The evidence sought in this production request is highly probative because it shows what CNN subjectively knew when it made the defamatory statements. The law supporting this, <u>CNN v. Black</u>, 303 So.3d 997 (Fla. 4th DCA 2020), which was cited in Plaintiff's previous motions, governs this issue. Where the plaintiff is a public figure suing for defamation and carries the high burden of proving malice, there is no privilege. In <u>Black</u>, as in this case, the defamation plaintiff sought communications to learn what the defendant knew. The trial court in <u>Black</u> ordered CNN to produce the communications and CNN appealed. The Fourth District agreed with the trial court, and stated:

> The trial court did not depart from the essential requirements of law. In fact,
> it followed clearly established law in its analysis. It provided findings on all

the elements of section 90.5015, and applied relevant law. Because this is a defamation action, upholding the privilege may make proof of fault impossible because "establishing what the publisher knew or did not know at the time of publication depends on the kind and quality of the information and identity of the sources at hand when the publication was made." *News-Journal Corp. v. Carson*, 741 So. 2d 572, 576 (Fla. 5th DCA 1999). Thus, "[w]hen weighed against the possibility that [the plaintiff] stands to lose his day in court and be denied access to the courts to redress his alleged libel if the privilege is upheld, ... the privilege must give way." *Id. See also Price v. Time, Inc.*, 416 F.3d 1327, 1346 (11th Cir. 2005) (" 'To the extent that the disclosure [of even a confidential source] might illuminate the defendant's state of mind, it goes to the heart of the plaintiff's case, and it is evidence that is not likely to be available elsewhere.' " (*quoting* Marc A. Franklin et al., *Mass Media Law* 659 (6th ed. 2000)) [other citations omitted]. . . . [8]"[A] plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989). This includes an accumulation of contemporaneous documents and communications reflecting the defendant's knowledge or state of mind. *Herbert v. Lando*, 441 U.S. 153, 164 n.12, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979); *see also Don King Prods., Inc. v. Walt Disney Co.*, 40 So. 3d 40, 44 (Fla. 4th DCA 2010); *Stern v. O'Quinn*, 253 F.R.D. 663, 671 (S.D. Fla. 2008). The documents Respondent seeks are precisely those contemporaneous documents and communications.

The Plaintiff is seeking videos, documents and communications that show what CNN knew, and what CNN was considering but ultimately decided to leave out. Short of the defamers confessing, this is the only way to prove that CNN knew the truth but chose to peddle something false. The reason this is so crucial is that this web article was disseminated to CNN employees and Paul Begala <u>prior</u> to their broadcasts of the alleged defamatory statements, and was an initial basis or contributing basis to the subjective knowledge of each before the defamatory statements were made.

Plaintiff needs to see if these authors had considered including language that Dershowitz said "except illegal acts" or "except crimes", but then chose to consciously leave it out. Plaintiff needs to see if they had discussed putting in the part of the clip where Professor Dershowitz said, *"the only thing that would make a quid pro quo unlawful is if the quo were somehow illegal"* but

3

then chose to omit it. That is the very essence of proving that CNN knew the truth and chose not to tell it. That is the very essence of proving that CNN went to work to defame Professor Dershowitz as pled in paragraph 8 of the Amended Complaint.

Finally, CNN's reliance on this "news gathering" claim of privilege is totally misplaced because the production Plaintiff seeks has nothing at all to do with CNN's methods of news gathering. News gathering is the process in which a news organization implements to obtain its information. This is in fact sometimes proprietary in that it involves secrets as to the methodology of obtaining the story. So perhaps emails that reveal that CNN got the story by hanging around a particular restaurant where the subject was dining or reveal that the doorman of a building gave them the scoop could be privileged in certain types of litigation. None of that applies here. There is no secret of how CNN learned of Dershowitz's argument on the senate floor. It was broadcast everywhere, including live on their network. What Plaintiff is seeking is not news gathering information, but instead what they discussed <u>after they had already gathered the news</u>. Plaintiff's requests seek to discover what spin CNN put on the news **they already gathered**. CNN instead objects by simply throwing a blanket excuse of privilege over Plaintiff's requests (and even throwing a frivolous attorney/client privilege objection on top of that for good measure) because CNN hopes that Plaintiff and this Court cannot understand the differences. We understand the differences and believe that this court will as well.

## CONCLUSION

Plaintiff respectfully requests that this honorable Court grant this Motion to Compel and tax attorney fees and costs against CNN pursuant to Rule 37 as there is simply no possibility that CNN actually believed that the items sought were news gathering or privileged in a public figure defamation case when there is clear, recent controlling case law in this jurisdiction to the contrary.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Portal this 31st day of March, 2022 to George LeMieux, Esq., glemieux@gunster.com and Eric Edison, eedison@gunster.com, Gunster, Yoakley & Stewart, P.A. and Katherine M. Bolger, Esq., katebolger@dwt.com, Davis Wright Tremaine LLP.

                                      RODIER & RODIER, P.A.
                                      Attorneys at Law
                                      400 North Federal Highway
                                      Hallandale, FL 33009
                                      Tel: (954) 455-9300
                                      Fax: (954) 457-0499

                                      By: _____/s/ *Brian M. Rodier*_____

                                      BRIAN M. RODIER, ESQ.
                                      Fla Bar #: 42250