UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61872-AHS

EXHIBIT A

---

ALAN DERSHOWITZ,

          Plaintiff,

- against -

CABLE NEWS NETWORK, INC.,

          Defendant.

---

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Cable News Network, Inc. ("CNN" or "Defendant"), by and through its undersigned attorneys, responds and objects to Plaintiff's Second Request for Production (the "Requests"), without waiving any rights or objections to the Requests:

### SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**

Produce all versions, drafts (whether or not used in the final publication), notes and edits, including all video versions that were considered, in connection with the creation of the article that appeared at the following:
https://www.cnn.com/2020/01/29/politics/dershowitz-quid-pro-quo/index.html

**RESPONSE TO REQUEST NO. 1**

Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to Joe Lockhart's statement identified in the Complaint as occurring at 7:11 p.m. on

January 29, 2020, John Berman's statement identified in the Complaint as occurring at 6:17 a.m. on January 30, 2020, Paul Begala's statement on CNN.com identified in the Complaint as occurring at 9:11 p.m. on January 29, 2020, and the statements identified in the First Amended Complaint as occurring on "Full Circle" (the "Alleged Defamatory Publications"). Defendant further objects to this Request because it seeks information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources, and is not one of the Alleged Defamatory Publications at issue in this litigation. Defendant further objects to this Request to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant.

**REQUEST NO. 2**

Produce all communications between Nikki Carvajal, Paul LeBlanc and Marshall Cohen, amongst themselves or between any of them and other CNN employees, commentators or independent contractors on January 29, 30 or 31, 2020 that related to the creation of the online publication in request #1 above or that related to Alan Dershowitz's response to Senator Cruz's question.

**RESPONSE TO REQUEST NO. 2**

Defendant objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals

regardless of their role with the Alleged Defamatory Publications. Defendant further objects to this Request because it seeks information that is protected by Fla. Stat. § 90.5015, N.Y. Civ. Rights Law § 79-h, the Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources, and is not one of the Alleged Defamatory Publications at issue in this litigation. Defendant further objects to this Request to the extent it purports to require information that is privileged or confidential pursuant to attorney-client privilege or the work product doctrine. Defendant further objects to this Request to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant. Defendant further objects to this Request to the extent it purports to require information dated after January 30, 2020, which is the date of publication of the last of the Alleged Defamatory Publications, because such information is not relevant to whether Defendant defamed Plaintiff.

Dated: New York, New York
February 22, 2022

Respectfully submitted,

*/s/ Katherine M. Bolger*
Katherine M. Bolger (admitted *pro hac vice*)
Amanda B. Levine (admitted *pro hac vice*)
Abigail B. Everdell (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
katebolger@dwt.com
amandalevine@dwt.com
abigaileverdell@dwt.com

– and –

George S. LeMieux
(Florida Bar. No. 16403)
Eric C. Edison
(Florida Bar No. 010379)
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com

*Attorneys for Defendant Cable News Network, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February 2022 a true and correct copy hereof has been served via email on Brian M. Rodier, Esq., bmrodier@rodierlegal.com.

*/s/ Katherine M. Bolger*
Katherine M. Bolger

4857-3964-2126v.4 0026517-000208