UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

**DEFENDANT'S *REPLY* IN RESPONSE TO MOTION TO AMEND FEBRUARY 14, 2022 ORDER SCHEDULING A TELEPHONIC HEARING ON PENDING DISCOVERY**

    Defendant CABLE NEWS NETWORK, INC.'s ("CNN" or "Defendant"), by and through its undersigned counsel, pursuant to Local Rule 7.1(b), hereby submits this reply memorandum requesting that counsel for the parties appear before the Court in-person for the conference scheduled for April 21, 2022.

    In the Response to Defendant CNN's Motion to Amend (the "Response") [D.E. 87], Plaintiff's counsel argues – for the first time – that the reason he cannot appear before the Court in person on April 21, 2022 is that he lives in California. CNN is aware, of course, that Mr. Rodier resides, at least in part of the time, in California. But every filing Plaintiff has made in this action – up to and including the very Response in which he claims travelling to Florida is a hardship [D.E. 87] – includes a signature block that lists his law firm, Rodier & Rodier PA, Attorneys at Law, at a Hallandale, Florida address. Notably, Plaintiff's counsel <u>never once</u> told Defendant's counsel that the reason he opposed having the conference in person was because he did not want to travel to Florida from California. In fact, Mr. Rodier even agreed that he was not concerned about COVID. See **Exhibit "A"** to Defendant's Motion [D.E. 86]. The only reason Mr. Rodier gave for opposing the motion was that he preferred to do it by phone. *Id.*

In any event, Plaintiff chose to file this action in the Southern District of Florida; is a member of this bar and the Florida Bar; and purports to have an office in this district. It cannot be a hardship for Plaintiff or his counsel to proceed in his chosen forum. *See Dershowitz v. Netflix, Inc., et al.*, No 21-21961-CV-Altonaga/Torres [D.E. 90], attached hereto as **Exhibit "B"**.

WHEREFORE, Defendant Cable News Network, Inc. hereby requests that this Court amend its February 14, 2022 Order and schedule an in-person hearing or, alternatively, a hearing via video-conference, on the pending discovery motions, and grant any further relief as is just, equitable, and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 5th day of April, 2022 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com; Rodier & Rodier, P.A., *Counsel for Plaintiff*, 400 N. Federal Highway, Hallandale, Florida 33009.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-489-8230

*Counsel for Defendant Cable News Network, Inc.*

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21961-CIV-ALTONAGA/Torres

**ALAN DERSHOWITZ**,

    Plaintiff,

v.

**NETFLIX, INC.**; *et al.*,

    Defendants.

_____/

### ORDER

**THIS CAUSE** came before the Court on Plaintiff, Alan Dershowitz's Expedited Motion for Leave to Attend Mediation Remotely [ECF No. 87], filed on March 10, 2022. Defendants filed a Response [ECF No. 89] the following day, objecting to the relief Plaintiff seeks.

Plaintiff states he has suffered "multiple serious health emergencies[,]" which have required an invasive surgery and subsequent period of hospitalization. (Mot. 1 (alteration added)). His doctors recommend that he avoid traveling long distances to ensure that he does not compromise his recovery. (*See id.*). Plaintiff has diligently followed this recommendation, missing several important family milestones and other scheduled obligations in the process. (*See id.* 1–2).

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)). Plaintiff chose this venue, but now it appears his health prevents him from traveling here to participate in mediation. (*See* Mot. 1). With an August trial date looming, the Court is concerned that Plaintiff's health might result in further

CASE NO. 21-21961-CIV-ALTONAGA/Torres

delays. Rather than risk further complications, the Court concludes a stay is warranted until Plaintiff is cleared to travel. The Court will not deprive Plaintiff of the benefits of his chosen venue, including significant and required pre-trial events such as the in-person mediation, and thereafter, trial.

Accordingly, it is

**ORDERED** that the Clerk of the Court is **DIRECTED** to mark this case **CLOSED** for statistical purposes only. All motions are denied as moot. The Court nonetheless retains jurisdiction, and the case shall be restored to the active docket upon court order following motion of a party, which motion must include a revised joint scheduling report to govern the remainder of the case. Either party may move to reopen the case once Plaintiff advises his health has improved and offers firm dates for an in-person mediation.

The parties shall continue to engage in discovery during this time; they are cautioned not to move to reopen the case until they are ready to proceed with in-person mediation and trial. This Order shall not prejudice the rights of the parties to this litigation.

**DONE AND ORDERED** in Miami, Florida, this 11th day of March, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record