UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

**CNN'S OBJECTION TO PORTION OF MAGISTRATE JUDGE'S ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 53)**

Defendant Cable News Network, Inc. ("CNN") respectfully submits this Objection to the portion of the order (ECF No. 101) ("Order") of Magistrate Judge Alicia O. Valle partially granting the motion of Plaintiff Alan Dershowitz ("Plaintiff") to compel the production of employment or engagement agreements between CNN and certain of its employees/contributors (ECF No. 53) ("Pl. Mot.").[1] Because these documents contain highly confidential, commercially sensitive, and personally private information, and are not relevant to the issues in the case, the Order requiring production of these documents in full should be modified to require production of only the one thing Plaintiff ask for: language in the agreements, if any exists, about "incentives [that] were offered to commentators depending on viewership or click volume generated by their work or how many other news organizations picked up the CNN content." Pl. Mot. at 4.

**I. Background**

In this action, Plaintiff sues CNN for libel for allegedly mischaracterizing the arguments

---

[1] Judge Valle's specific rulings are set forth in the transcript of the hearing held April 21, 2022. *See* ECF No. 105 ("April 21 Tr.") at 163-168.

1

he made during the first impeachment trial of President Trump in response to a question from Senator Ted Cruz. ECF No. 66 (First Amended Complaint) ("FAC") ¶¶ 11, 13. As an admitted public figure suing for libel based on reporting on statements made on the floor of the U.S. Senate in a high profile political proceeding, Plaintiff must establish by clear and convincing evidence that CNN published a false and defamatory statement about him with actual knowledge the statement was false or while "entertain[ing] serious doubts" as to truth—that is, constitutional "actual malice." *See Levan v. Capital Cities/ABC, Inc.*, 190 F.3d 1230, 1239 (11th Cir. 1999).

Because of the critical First Amendment interests at stake in public figure libel cases, courts have carefully policed what types of evidence could satisfy this burden. Thus, courts have long held that "[i]ll-will, improper motive or personal animosity plays no role in determining whether a defendant acted with 'actual malice.'" *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1198 n.17 (11th Cir. 1999). And likewise, the Supreme Court has repeatedly reaffirmed that "the fact that the defendant published the defamatory material in order to increase its profits" cannot "suffice to prove actual malice," because it is irrelevant to knowledge of falsity or doubts as to the truth of the publication. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989). Evidence of a financial interest in a publication's success is thus not relevant to actual malice where there is no evidence of a motivation to lie. *See Tavoulareas v. Piro*, 817 F.2d 762, 796–97 (D.C. Cir. 1987) (motivation to publish sensational or negative stories was insufficient to show actual malice, where there was no evidence of a specific motivation to lie or disregard the truth).

Notwithstanding this well-established principle, Plaintiff demanded in Request for Production ("RFP") No. 8 that CNN produce "all written employment or engagement agreements between CNN and each commentator that appeared on air for any broadcast in which Alan Dershowitz's response to Ted Cruz's question was discussed." *See* ECF No. 64 ("JSR") at 42.

2

CNN objected on the grounds that these documents contain information "personal, confidential, proprietary, commercially sensitive, or competitively significant," and that, moreover, the RFP was overbroad in that it demanded the agreements of dozens of individuals beyond the commentators who made the allegedly defamatory statements. *Id.*

Plaintiff justified the request by speculating that the agreements might contain "incentives." Pl. Mot. at 4. At the hearing on Plaintiff's motion to compel, Plaintiff reiterated: "I don't keep secret what I'm looking for. I'm looking to find out if there is incentives.… That's all I'm interested there. Like, for example if [Paul] Begala [the author of one of the challenged statements] has an incentive that X million clicks …." April 21 Tr. at 46:6-16. Judge Valle partially granted the motion to compel, requiring CNN to produce the employment agreements but only for "the commentators who made the allegedly defamatory statements." *Id.* at 167:24-168:1.[2]

With the request at least narrowed to a manageable number of agreements, CNN reviewed the relevant documents to determine whether any of them contained any type of "incentives" clause. CNN contacted Plaintiff to propose a compromise under which it would produce a sworn statement that there were no contracts with "incentives" and/or identifying any contract containing such a provision and setting forth the language of those provisions in full, thereby fully satisfying the reason Plaintiff provided for seeking the documents. *See* Declaration of Katherine M. Bolger ¶ 15.[3] When Plaintiff expressed unwillingness to accept this compromise, CNN requested a hearing

---

[2] Plaintiff had also argued that employment contracts "may also lead to evidence regarding any rules, procedures or obligations which will in turn allow plaintiff to learn if violations occurred." Pl. Mot. at 4. In response, CNN pointed out that Plaintiff had not even requested any actual rules or policies, so he could not justify a request for sensitive employment agreements in order to *possibly* obtain information he could ask for directly. *See* JSR at 43-44. By the time of the hearing, Plaintiff appeared to have backed off of that justification, and instead grounded his request solely in the need to "find out if there is incentives." April 21 Tr. at 46:6-16.

[3] Because this is a public filing, CNN cannot disclose the results of its investigation into the

before Judge Valle to seek clarification whether CNN's proposed compromise would satisfy that portion of the Order. *See* ECF No. 109. Judge Valle denied the motion as an improper motion for reconsideration and instructed CNN to file any objections with this Court. *See* ECF No. 112.

## II. Standard Of Review

A non-dispositive order by a magistrate judge may be reversed by the district court where, as here, the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). An order is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definitive and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350–52 (11th Cir. 2005) (citation omitted). "A magistrate judge's order 'is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Howard v. Hartford Life & Acc. Ins. Co.*, 2012 WL 3069384, at *2, *5 (M.D. Fla. July 26, 2012) (citation omitted) (sustaining objection to magistrate order to produce information that was "not relevant to [the defendant's] defense").

## III. CNN Should Not Be Required to Produce Confidential Documents That Are Irrelevant

There can be no dispute that the employment and engagement agreements with CNN's on-air talent and contributors are extremely competitively sensitive and highly confidential. Courts have long recognized the clear confidentiality interests in this type of information. *See, e.g.*, *Perez v. Ju-pada Enters., Inc.*, 2011 WL 501601, at *1 (S.D.N.Y. Feb. 14, 2011) ("legitimate privacy concerns exist with regard to personnel files," so parties "clearly have a strong and legitimate interest in maintaining strict control over access to this information"). One court in this Circuit acknowledged the "intrusiveness" of requests for "confidential information about particular employees' agreements with their employer," which "undermines the confidentiality of both

---

contents of the relevant agreements. CNN will provide that information to the Court *in camera* should the Court request it.

4

employer and employee," and therefore declined to "order its wholesale production." *Wilson Insulation of Augusta, Inc. v. Masco Corp.*, 2005 WL 8154323, at *6 (N.D. Ga. Jan. 20, 2005). Indeed, not only would the revelation of this information significantly impair the employer's ability to negotiate compensation and other terms with potential employees, it would also reveal highly personal information about the employees' personal finances.

Where only certain provisions of employment agreements are potentially relevant to the claims in the case, courts order the production of only those provisions and not the rest of the documents. *Id.* at *7 (limiting required disclosure to "geographical component and term limit of the noncompete and nonsolicitation clauses" in antitrust case). *See also Eres v. Progressive Am. Ins. Co.*, 2018 WL 11344832, at *3 (M.D. Fla. Sept. 21, 2018) (acknowledging that "salary and bonus information" is "highly sensitive" and "personal," and therefore refusing to order the "wholesale production" of such information, and instead limiting production to documents specifically relating compensation to "the adjustment of claims and settlements"). This approach is driven by the reality that "the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant." *Rousso v. Hannon*, 146 So. 3d 66, 70 (Fla. 3d DCA 2014) (citation and internal quotation marks omitted).

Plaintiff has argued that any confidentiality concerns are addressed by the protective order entered in the case. *See, e.g.*, ECF No. 61 at 3 ("CNN should put that [protective] order to good use by producing these documents with a confidentiality designation, and that would solve the problem."). But that puts the cart before the horse.[4] Where this type of highly sensitive information is not even relevant to the case, CNN should not be required to produce it, regardless of whether

---

[4] This argument also overstates the efficacy of a Protective Order. Even though they are irrelevant, Plaintiff could still try to use the documents with experts and/or disclose them at trial.

5

there is a confidentiality order in place. *See, e.g.*, *Orloski v. Vincent House*, 2017 WL 5187771, at *2 (M.D. Fla. Nov. 9, 2017) (denying motion to compel response to interrogatory regarding the defendant organization's "staff's salary information" because it was "not relevant or proportional to the needs of this case," notwithstanding plaintiff's argument that the defendant's staff was "motivated to 'bully' by 'executive salaries and overcompensation'").

And here, the information in CNN's employee and contributor agreements is not relevant to any issue in this case. Plaintiff's sole justification for seeking these documents was to determine if there were any provisions offering "incentives" based on "viewership or click volume" generated by the contributors' work. Pl. Mot. at 4. Even that would not help meet his burden of showing actual malice. *See Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 596 (D.C. Cir. 2016) (quoting *Tavoulareas*, 817 F.2d at 795–97) ("Absent evidence that the publisher's alleged motive shows … a 'willingness to publish *unsupported allegations*,' or a desire to publish '*with little or no regard for* [the report's] *accuracy*,' the plaintiff has not produced motive-based evidence probative of actual malice.").[5] As courts have explained, "the mere presence of some ulterior motive," such as a "profit motive," does not show actual malice. *Id.*; *see also Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 716 (4th Cir. 1991) ("The cases from *New York Times v. Sullivan* onward teach that evidence of a defendant printing material to increase its profits does not suffice to prove actual malice."); *Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1161 (S.D. Fla. 2018) (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 266 (1964)) (publisher's "desire to sell books" is "immaterial" to the actual malice inquiry), *aff'd*, 973 F.3d 1304 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2424

---

[5] *See also Stern v. Cosby*, 645 F. Supp. 2d 258, 286 (S.D.N.Y. 2009) ("There is nothing improper or even remarkable about the fact that … a for-profit publisher, was interested in producing a best-selling book, and the law is clear that absent evidence of 'pressure to produce sensationalistic or high-impact stories *with little or no regard for their accuracy*,' pressure to publish sensational stories 'cannot, as a matter of law, constitute evidence of actual malice.'") (citation omitted).

(2021). In fact, as the Fifth Circuit has held, the fact "[t]hat a defendant publishes statements anticipating financial gain … fails to prove actual malice: a profit motive does not strip communications of constitutional protections. As long as a defendant does not act knowing his statement is false or with reckless disregard of its truth, actual malice will not be present." *Peter Scalamandre & Sons, Inc. v. Kaufman*, 113 F.3d 556, 560–61 (5th Cir. 1997) (citation omitted).

Nevertheless, in response to the Order, CNN is prepared to provide the relevant language from any agreement that contains that type of "incentive" provision, notwithstanding that even that information is not relevant to the actual malice inquiry. Once Plaintiff has that information, he will have received 100% of what he was "looking for" from this RFP. April 21 Tr. at 46:9-11. Indeed, Plaintiff has not even attempted to articulate a justification for obtaining any other provisions of any employment agreements – nor could he

Given the total irrelevance of these employment agreements, the serious privacy and confidentiality interests at stake (for both CNN and the individual employees), and the fact that Plaintiff has not even tried to argue he needs the information, it is clearly erroneous to require CNN to produce these documents in full.

WHEREFORE, for all the above reasons, the Court should sustain CNN's objections to the Order, and modify it to provide that CNN is not required to produce the full employment agreements of the speakers of the allegedly defamatory statements at issue, and instead that CNN is required only to produce the language providing for incentives based on audience metrics from any contracts containing such a provision.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 9th day of May, 2022 to Brian M. Rodier, Esq.,

bmrodier@rodierlegal.com; Rodier & Rodier, P.A., *Counsel for Plaintiff*, 400 N. Federal Highway, Hallandale, Florida 33009.

                                      **GUNSTER, YOAKLEY & STEWART, P.A.**
                                      450 East Las Olas Boulevard, Suite 1400
                                      Fort Lauderdale, Florida 33301
                                      Telephone: (954) 462-2000

                                      By:  /s/ Eric C. Edison, Esq.
                                             George S. LeMieux, Esq.
                                             Florida Bar No. 16403
                                             Email:  glemieux@gunster.com
                                             Eric C. Edison, Esq.
                                             Florida Bar No. 010379
                                             Email:  eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email:  katebolger@dwt.com
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-489-8230

*Counsel for Defendant Cable News Network, Inc.*