UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

**CNN'S OBJECTIONS TO CERTAIN RULINGS IN MAGISTRATE JUDGE'S PARTIAL DENIAL OF CNN'S MOTIONS TO COMPEL (ECF NOS. 52 & 72)**

Defendant Cable News Network, Inc. ("CNN") respectfully submits these Objections to three discrete portions of the order (ECF No. 101) ("Order") of Magistrate Judge Alicia O. Valle, partially denying CNN's motions to compel the production of certain documents from Plaintiff Alan Dershowitz ("Plaintiff") (ECF Nos. 52 and 72) (collectively, the "Motions to Compel").[1]

In this action, Plaintiff seeks recovery of reputational and emotional damages suffered as a result of CNN's allegedly misleading characterization of his arguments delivered on the floor of the U.S. Senate during the first impeachment trial of former President Trump. ECF No. 66 (First Amended Complaint) ("FAC") ¶¶ 11, 13. Although he is seeking compensatory damages of $50 million, plus $250 million in punitive damages, Plaintiff has steadfastly resisted producing whole swathes of evidence directly relevant to his alleged damages – including evidence probative of the state of his reputation before the publication of the statements at issue that he produced in the numerous other libel lawsuits he has filed in recent years.

---

[1] Judge Valle's specific rulings are set forth in the transcript of the hearing held April 21, 2022. *See* ECF No. 105 ("April 21 Tr.") at 159-63; 168-69.

1

Plaintiff's theory seems to be that he can pick and choose which narrow aspects of his reputation matter in each libel case he brings, and thus completely avoid discovery into anything outside that self-defined scope. That is not the law. To the contrary, courts have consistently recognized the "corollary" to bringing a claim arising out of alleged harm to reputation: "that the defamation plaintiff thereby places his *entire* character at issue," and will therefore "have to confront searching discovery into his … past and his reputation more generally." *Posey v. Swissvale Borough*, 2013 WL 2896870, at *4 n.5 (W.D. Pa. June 13, 2013) (emphasis added).

In ruling on CNN's Motions to Compel, Judge Valle rejected Plaintiff's effort to parse his reputation into narrow slices in order to evade basic discovery into his alleged damages. Instead, Judge Valle correctly ordered Plaintiff to produce evidence related to his broader reputation from before CNN's publication of the statements at issue (the "Challenged Statements"). At the same time, Judge Valle's Order erroneously denied portions of CNN's Motions to Compel production of evidence that goes directly to those same damages issues. Accordingly, CNN respectfully requests that this Court reverse the Order denying CNN's Motion to Compel Plaintiff to produce:

(a) evidence that Plaintiff himself produced related to reputation and damages in three other recent libel lawsuits (pursuant to CNN's First Requests for Production ("First RFP") No. 35);[2]

(b) evidence of Plaintiff's profits and *increased* income directly connected to the publication of the Challenged Statements (pursuant to First RFP No. 24); and

(c) communications between Plaintiff and his children concerning any media appearances at which he discussed the impeachment proceedings against President Trump, as discussed in the *Esquire* magazine article entitled "21 Hours With Alan Dershowitz," which stated that "Once a day, lately, his son calls to plead with him not to go back on CNN," after Plaintiff's television

---

[2] *See* ECF No. 52-2 (Bolger Decl. in Support of Motion to Compel), Ex. A.

news interviews defending President Trump repeatedly generated controversy and blowback to his reputation (pursuant to CNN's Second Requests For Production ("Second RFP") No. 3).[3]

Each of these categories of documents bears on Plaintiff's actual damages. *See infra* Section III. And producing these documents would not impose a significant burden on Plaintiff. Yet, even if producing evidence concerning his reputation did impose such a burden, it was Plaintiff that "opened that door" by filing a libel lawsuit that puts his reputation in issue and seeks $50 million as compensation for harm to that reputation; the Court should not "allow plaintiff to walk through [the door he opened] freely while holding defendant in check at the gate" by depriving it of necessary evidence. *Condit v. Dunne*, 225 F.R.D. 100, 111 (S.D.N.Y. 2004).

## I. Factual Background And Procedural History

This lawsuit, commenced on September 15, 2020, arises from CNN's coverage of Trump's first impeachment trial (the "Impeachment Trial"), at which Plaintiff argued against impeachment. Specifically, Plaintiff asserted that CNN's anchors and contributors intentionally mischaracterized his arguments in three instances, thereby damaging his reputation as "one of the most revered and celebrated legal minds of the past half century" and making the public think he had "lost his mind." ECF No. 1 ¶¶ 11, 13-14. He alleged his reputation was "irreparably harm[ed]," and that he lost earnings. *Id*. ¶ 15. On December 31, 2021, Plaintiff filed the FAC. In the FAC, Plaintiff added a fourth allegedly defamatory statement, *see* FAC ¶ 13,[4] and withdrew his claim for "loss of earnings" and replaced it with a claim for "bills for professional services."[5]

Plaintiff filed the FAC nearly six months into discovery in the case. CNN had served its \

---

[3] *See* ECF No. 52-2, Ex. E.

[4] These four instances are referred to collectively as the "Challenged Statements."

[5] *Compare* ECF No. 1 ¶ 19, *with* FAC ¶ 19.

First RFPs on September 3, 2021, and Second RFPs on November 9. *See* ECF No. 52-2 ¶¶ 2, 4. Plaintiff served objections (*id.*), and the parties met and conferred extensively, but were not able to resolve their disputes. *Id.* ¶¶ 5-11. On December 3, 2021, CNN filed its first Motion to Compel, at which point Plaintiff had still not produced a single responsive document. *See id.* ¶ 12.[6]

Plaintiff began to produce documents during the month of December 2021. In reviewing Plaintiff's production, CNN noticed that Plaintiff had not produced any documents from before January 29, 2020, the date the first of the Challenged Statements was published. *See* ECF No. 72 at 2-4. When the parties met and conferred on that issue, Plaintiff's counsel admitted that he had not searched for or reviewed any emails from before January 29, 2020, based on his contention that such documents were not relevant. *Id.* at 3. Thereafter, CNN filed its second Motion to Compel on January 27, 2022, seeking an order requiring Plaintiff to produce evidence that pre-dated the Challenged Statements. *See* ECF No. 72; *see also* ECF No. 94 (Supplemental JSR).

On April 21, 2022, Judge Valle held a hearing on the pending motions to compel. At the conclusion of the hearing, Judge Valle issued an order granting in part and denying in part CNN's Motions to Compel. CNN objects only to the Order as it applies to categories of evidence responsive to three of CNN's RFPs: First RFP Nos. 24 and 35, and Second RFP No. 3.

II.   **Standard Of Review**

A magistrate judge's non-dispositive may be reversed by the district court where, as here, the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). An order is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definitive and firm conviction that a mistake has been committed." *Holton v. City of Thomasville*

---

[6] Pursuant to Judge Valle's Discovery Procedures, the parties assembled a Joint Status Report laying out the discovery requests in dispute, along with the parties' respective arguments on each issue. *See* ECF No. 64 ("First JSR").

*Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Monica Stone v. Hendry*, 2018 WL 1357184, at *1 (S.D. Fla. Mar. 16, 2018) (citation omitted).

### III. The Requested Evidence Bears On Plaintiffs Claim For Damages

Judge Valle's rulings on CNN's Motions to Compel implicitly acknowledge the relevance of evidence of Plaintiff's reputation before and after publication of the Challenged Statements, and rejected Plaintiff's efforts to circumscribe inquiry into his damages theories. But in drawing the lines between what Plaintiff would and would not have to produce, Judge Valle erroneously excluded necessary discovery. The Court should reverse the Order as to those categories.

In Florida, actual damages are a required element of any defamation claim against a media entity. *See, e.g.*, *Edelstein v. WFTV, Inc.*, 798 So. 2d 797, 798 (Fla. 4th DCA 2001); *Barry Coll. v. Hull*, 353 So. 2d 575, 578 (Fla. 3d DCA 1977). CNN is thus entitled to broad discovery of *all* evidence of damages, including evidence related to calculation and mitigation of such damages. This includes evidence of Plaintiff's reputation, professional standing, emotional health, and any other asserted category of damage both ***before and after*** CNN's Challenged Statements – materials necessary to establish what, if any, damages were suffered. *See Cendan v. Sch. Bd. of Broward Cty.*, 2021 WL 2652697, at *2 (S.D. Fla. May 7, 2021) (ordering disclosure of plaintiff's employment records since they were "relevant and proportional to Plaintiff's claims that allege she has suffered emotional damages" and professional harm). It also includes evidence of any ***unrelated matter*** that may have impacted his reputation, professional standing, or emotional health, because such evidence goes to mitigation of damages. *See, e.g.*, *O'Boyle v. Sweetapple*, 2016 WL 9559954, at *2 (S.D. Fla. July 8, 2016) (ordering disclosure of documents relating to plaintiff's legal proceedings, since "[i]f Plaintiff suffered reputational damage due to those other

5

public record requests and related litigation, it would limit his damages in this case").[7]

In this case, Plaintiff alleged that he has suffered a range of reputational harms "[a]s a direct and proximate result of CNN's defamatory actions." FAC ¶ 19. Evidence of the "state of [Plaintiff's] reputation prior to the publication of [the Challenged Statements]" bears directly on the validity of these claims. *Faigin v. Kelly*, 184 F.3d 67, 83 (1st Cir. 1999) (citing *Bularz v. Prudential Ins. Co.*, 93 F.3d 372, 378–79 (7th Cir. 1996) (finding evidence of complaints by other customers relevant to the plaintiff's reputation before publication)). As one court recognized, where – as here – a plaintiff's libel claim "implies that [his] reputation was pristine prior to [an allegedly defamatory] statement," the defendant "is entitled to discover whether [his] reputation and experience are as unsullied as he contends they are. *Luck v. Univ. of San Diego*, 2014 WL 7111950, at *3 (S.D. Cal. Oct. 3, 2014) (ordering disclosure of libel plaintiff's personnel records).

Plaintiff tried to avoid this discovery in two principal ways: First, he objected to producing evidence of his reputation before the publication of the Challenged Statements, including any damages-related evidence he produced in his other defamation lawsuits. He argued this case "has nothing to do with [Plaintiff's] reputation as a human being, only his reputation as a constitutional legal scholar and harm to his academic legacy" from the Challenged Statements, and therefore only individuals "whose opinion of Professor Dershowitz was changed or degraded solely because of CNN's defamatory statements" would be relevant. ECF No. 57 ("Pl. Opp.") at 5, 9. Plaintiff

---

[7] *See also Marcone v. Penthouse Int'l Mag. for Men*, 754 F.2d 1072, 1079 (3d Cir. 1985) ("Evidence of a tarnished reputation is admissible and should be considered as a factor to mitigate the level of compensatory damages."); *Vincent v. City of Cal. City*, 2019 WL 1585202, at *4–5 (E.D. Cal. Apr. 12, 2019) ("[E]vidence of misconduct by [plaintiff], discipline imposed on him by other employers, performance appraisals or evidence of his reputation—good or bad—contained in his personnel files, clearly would bear on his reputational claims."); *Condit*, 225 F.R.D. at 110-11 (allowing discovery on plaintiff's other "sexual relationships" as relevant to mitigation of damages in claim that plaintiff was defamed by being implicated in a woman's disappearance).

argued a hypothetical email from 2018 calling him "*the stupidest lawyer in the planet*" would be irrelevant, *id.* at 8 – in a lawsuit claiming $50 million in damage from statements that allegedly "paint [him] as a constitutional scholar and intellectual who had lost his mind." FAC ¶ 8.[8]

Second, in response to CNN's Motions to Compel, Plaintiff took the position that, because he was dropping his claim for lost earnings, all evidence of a "[r]eduction in past work or past income has no bearing" on his claim for damages. First JSR at 4. He therefore objected to producing any documents about his income or lost professional opportunities.

Judge Valle's rulings on CNN's Motions to Compel correctly reject both of Plaintiff's contentions. First, Judge Valle rejected Plaintiff's effort to limit his alleged reputational harm to encompass only people who directly reacted to the publication of the Challenged Statements. Instead, she ordered Plaintiff to produce broader reputation evidence from 2017 onward, including documents "in which a third party has criticized [Plaintiff] or [his] legal abilities" (in response to First RFP No. 28); "[a]ny and all 'hate mail' received by [him] related to [his] appearances on CNN" prior to the Challenged Statements (in response to Second RFP No. 4); and evidence related to Plaintiff's statements he had been "shunned" by his peers as a result of his defending former President Trump (in response to First RFP No. 29). *See* April 21 Tr. at 160:11-18, 168:21-169:4.

---

[8] To support his proposed approach, Plaintiff tried to rely on the Florida Court of Appeal's decision in *Boyles v. Mid-Florida Television Corp.*, 431 So. 2d 627 (Fla. 5th DCA 1983), that a private figure plaintiff alleging that the defendant defamed him by accusing him of raping mentally ill children at his job would not be required to answer questions about his sexual orientation because that issue did not relate to "the fault or trait of character involved in the imputation charged." *Id.* at 640. Needless to say, that case took place during a time when public attitudes towards homosexuality were dramatically different than today, when the fact of an individual's homosexuality would, in that court's view, be prejudicially "inflammatory." *Id.* at 641. The court rejected the defendant's effort to use Plaintiff's sexuality to "prejudice the plaintiff rather than to obtain legitimate discovery." *Id.* But the case does not stand for a broad proposition that a libel plaintiff can propose a cramped definition of the harm to his reputation and therefore limit discovery to some narrow sliver of evidence – a notion that has been roundly rejected by courts, especially in cases involving public figure plaintiffs. *See supra* at 5-6.

Second, although Judge Valle ruled that production of detailed evidence of Plaintiff's income would not be necessary in light of his waiver of any claim for lost income, she accepted that the state of Plaintiff's finances before and after the Challenged Statements is probative of Plaintiff's reputation. She therefore ordered Plaintiff to produce his tax returns going back to 2017. She also ordered him to produce documents related to his public appearances; rejections of professional submissions or proposals, and loss of professional or lecturing positions (in response to First RFP Nos. 22, 26, 27). *See* April 21 Tr. at 159:19-23. The logic underlying these rulings would also compel producing the following additional categories of evidence, and this Court should reverse the denial of CNN's Motion to Compel as to these categories:

*First*, in First RFP No. 35, CNN sought "[a]ll Documents and Communications produced by You in the litigations *Edwards v. Dershowitz*, No. CACE-15-000072 (Fla. Broward Cty. Ct. 2015); *Giuffre v. Dershowitz*, No. 19-cv-03377 (S.D.N.Y. 2019), and *Boies v. Dershowitz*, No. 160874/2019 (N.Y. Sup. Ct. 2019)." In each of these cases, Plaintiff brought defamation claims arising out of statements concerning the damage to his reputation caused by his relationship to notorious sex offender Jeffrey Epstein.[9] Plaintiff argued that CNN was seeking this evidence in an "effort to make every potential juror ignore this case and to stigmatize plaintiff with unproven lies," First JSR at 10, by "tainting the case with the Jeffrey Epstein" crimes. Pl. Opp. at 1. During the course of the meet and confer process, and at argument on the Motions to Compel, CNN made clear this was untrue, and limited this RFP to evidence Plaintiff produced in those cases *related to*

---

[9] More recently, Plaintiff filed a fourth defamation action against Netflix, arising out of a documentary it distributed concerning Jeffrey Epstein. *See Dershowitz v. Netflix, Inc. et al.*, No. 21-cv-21961 (S.D. Fla. 2021). CNN served a Third RFP for documents he produced in that action. On April 4, 2022, Plaintiff served his objections to that request, relying on the same arguments as his objections to the requests as to the *Giuffre*, *Edwards*, and *Boies* cases. That response was not the subject of the Motions to Compel before Judge Valle, but the same reasoning mandates that Plaintiff produce documents in response to that RFP.

8

*damages and his reputation*, including communications with his family and others about his reputation and how the statements of the defendants in those cases (and Plaintiff's public statements in response) were affecting Plaintiff's reputation. *See* April 21 Tr. at 115:25-117:18.

Plaintiff argued further that, in the *Edwards*, *Boies* and *Giuffre* cases, Plaintiff was "claiming damage to his reputation as a moral human being," while this case concerns only his "reputation as a constitutional legal scholar and harm to his academic legacy." *Id.* at 5. That is belied by the claims he actually made in those cases: In *Giuffre*, he alleged that Virginia Giuffre's accusations against him "have caused tremendous damage to his personal *and professional reputation*, his business, his health and caused him emotional and physical pain and suffering."[10] In *Edwards*, he alleged that the statements at issue there "were defamatory because they tended to expose Dershowitz to hatred, ridicule and contempt; tended to *injure Dershowitz in his business and occupation as a lawyer and law professor*; and tended to injure his sterling personal and professional reputations," and caused "monetary losses in the form of lost clients and lost speaking engagements, as well as *long-term injury to his professional reputation among his peers, potential clients and the general public*."[11] And in *Boies*, he alleged that the allegedly defamatory statements "caused tremendous damage to his personal *and professional* reputation, his business, his health and caused him emotional and physical pain and suffering."[12]

---

[10] Amended Counterclaims, *Giuffre v. Dershowitz*, No. 1:19-cv-3377, ECF No. 127 (S.D.N.Y. June 3, 2020) at ¶ 8 (emphasis added), attached for the Court's convenience as Exhibit 1 to the Declaration of Katherine M. Bolger ("Bolger Decl.")..

[11] First Am. Counterclaim, *Edwards v. Dershowitz*, No. CACE-15-000072, No. 30764726 (Fla. Broward Cty. Ct. Aug. 12, 2015) at ¶¶ 25, 28 (emphasis added), attached as Bolger Decl. Ex. 2.

[12] Verified Answer with Affirmative Defenses and Counterclaims, *Boies v. Dershowitz*, No. 160874/2019, NYSCEF Doc. No. 2 (Sup. Ct. N.Y. Cty. Jan. 27, 2020) at ¶ 38 (emphasis added), attached as Bolger Decl. Ex. 3. Likewise, in the *Netflix* case, Plaintiff alleged that the defendants' statements damaged his "standing as a law professor and scholar, effecting personal and professional reputational harm, lost business opportunities, emotional harm, embarrassment,

In sum, the notion that the reputational damage Plaintiff was claiming in those cases could somehow be completely disaggregated from the reputational damage he is claiming now is utterly specious. Accordingly, evidence related to Plaintiff's reputation that he produced in those cases would bear directly on his damages in this case. *See, e.g.*, *O'Boyle*, 2016 WL 9559954, at *2.

Implicitly recognizing that reality, Judge Valle partially granted CNN's motion to compel as to this RFP, ordering Plaintiff to produce any "deposition testimony or trial testimony in which he testified regarding his damages," as well as any expert reports or rebuttal expert reports regarding damages that may have been produced in those cases." April 21 Tr. at 160:21-161:15. Judge Valle, however, improperly denied CNN's Motion to Compel as to other *evidence* Plaintiff produced in those actions related to alleged damage to his reputation. *Id.*

The problem with Judge Valle's Order is none of those cases reached trial, and it is unclear whether Plaintiff was deposed, or if any expert reports were prepared in those cases. Conversely, based on the public record, it is clear that Plaintiff made substantial document productions in those cases, which necessarily would have included evidence related to his reputation. For example, Plaintiff may have produced "hate mail" from strangers, or emails with friends and family about the effect the statements in those cases were having on his professional reputation.

That evidence is clearly relevant to the damages inquiry in this case, and there is no sound reason to allow Plaintiff to withhold it, given that he has already, located, reviewed and produced that material in litigation. Notably, in objecting to CNN's RFP for other categories of "hate mail" he had received, Plaintiff insisted "it would be impossible to comply with this request in full as senders do not use the term 'hate mail' in their emails, making any search impracticable or

---

humiliation and pain and suffering." Amended Complaint, *Dershowitz v. Netflix, Inc. et al.*, No. 21-cv-21961, ECF No. 8 (S.D. Fla. June 1, 2021), at ¶ 117, attached as Bolger Decl. Ex. 4.

impossible." First JSR at 8. But even accepting the dubious contention that coming up with reasonable search terms to locate responsive documents would be uniquely impossible in this case, there is no such impediment to producing the documents responsive to this RFP. Simply gathering the documents that Plaintiff *already produced* in another recent action poses no practical difficulties or any meaningful burden. Because of the high degree of relevance of this evidence and the lack of burden for Plaintiff to produce the material, it was clearly erroneous for Judge Valle to deny CNN's Motion to Compel as to this portion of CNN's First RFP No. 35.

*Second*, CNN's First RFP No. 24 sought:

> Documents sufficient to show all profits earned from the publication of Your book, Defending the Constitution, Your article on TheHill.com, titled "I never said president could anything to get reelected," and the September 16, 2020 episode of your podcast, "The Dershow," titled "I'm suing CNN. Find out why," or any other book, article, or podcast in which you discuss the arguments You made during the Impeachment Trial.

Having ordered Plaintiff to produce his tax returns, Judge Valle denied CNN's motion to compel as to three other discovery requests related to Plaintiff's income, including First RFP No. 24, on the grounds that CNN is "going to get the information that [it] need[s] in the response to first request no. 23 [for Plaintiff's tax returns]." April 21 Tr. at 160:5-10.

As an initial matter, Judge Valle denied this request in part because she ordered that Plaintiff produce his tax returns. But the production of the tax returns is not a justification for denying this request. This RFP seeks a distinct, narrowly drawn category of information that would not be revealed in his tax returns: evidence showing that Plaintiff's income *increased* specifically in connection with the Challenged Statements. Plaintiff went on an extensive "press tour" in connection with his involvement with the Impeachment Trial, including to address the substance of the Challenged Statements (which were echoed by commentators across the media, not only on CNN). To the extent he actually generated *more* income from these efforts, that would plainly be

relevant to a calculation of his actual damages in this case. And that information would not be reflected in his tax returns. Because this RFP seeks a narrow category of information that bears directly on that question and could be easily compiled by Plaintiff, it was clear error for Judge Valle not to have ordered Plaintiff to produce any documents in response to First RFP No. 24.

**Third**, CNN's Second RFP No. 3 sought documents related to the preparation of his argument during the Impeachment Trial as described in the January 29, 2020 *Esquire* article "21 Hours With Alan Dershowitz," in which a reporter shadowed Plaintiff while he prepared his arguments, as well as "all correspondence … with any of your children concerning any media appearances at which you discussed the impeachment proceedings against President Trump, including but not limited to appearances on CNN," which were also referenced in the article.

Plaintiff objected to producing any evidence in response to this RFP, principally on attorney-client privileged grounds, even though he had publicly stated that he was not in an attorney-client relationship with President Trump and openly shared his work product with a reporter. He also argued that evidence of what he intended his arguments to convey was irrelevant to the substantial truth of the Challenged Statements, even though he repeatedly alleges in the FAC that the CNN falsely characterized what he "*believed*" about presidential impeachments and what he "*meant*" by his statements on the Senate floor. FAC ¶ 8 (emphasis added).

Based on Plaintiff's insistence that he was not claiming defamation for characterization of his "beliefs" (notwithstanding the allegations in the FAC, *see* FAC ¶ 8), Judge Valle declined to compel production of evidence related to the preparation of Plaintiff's arguments at the Impeachment Trial, holding that the allegations of the FAC about what Plaintiff "believes" is "really a question of semantics." *See* April 21 Tr. at 162:8-25. In this application, CNN seeks only evidence in category 4 in the above-referenced RFP, which seeks correspondence with Plaintiff's

12

children concerning media appearances he made in which he defended former President Trump prior to his arguments in the Senate (or the publication of the Challenged Statements).

Based on a battery of public reporting, including statements from Plaintiff himself, his professional reputation began to suffer greatly from his public defenses of President Trump, including in his decision to argue for the defense in the Impeachment Trial. As far back as 2018, Plaintiff complained of being "shunned" by his friends for "defending Trump."[13] In the *Esquire* article, Plaintiff is depicted sitting for multiple cable news interviews and repeatedly being lambasted by prominent legal analysts. *See* ECF No. 52-2, Ex. N. In this context, the author notes that, before the Challenged Statements, "Once a day, lately, his son calls to plead with him not to go back on CNN." *Id.* at 10. CNN is therefore seeking any communications with his children regarding his media appearances about President Trump's impeachment proceedings.

Denying CNN's Motion to Compel as to this request because it was part of an RFP that separately sought information related to Plaintiff's impeachment argument was clearly erroneous. In fact, it is directly inconsistent with Judge Valle's granting of CNN's motion to compel as to Second RFP No. 4, which requested that Plaintiff produce the "'hate mail'" he discussed receiving in the *Esquire* article. *See* April 21 Tr. at 160:16-18. The communications within this aspect of Second RFP No. 3 would directly reflect the perception of Plaintiff and his closest associates on the effect of Plaintiff's defense of President Trump on his reputation. If Plaintiff's own children believed that Plaintiff was torching his reputation by going on television to defend President Trump – and, even more so, if Plaintiff acknowledged that fact in communicating with them – that would bear on Plaintiff's effort to attribute his damages to the Challenged Statements.

---

[13] *See* ECF No. 52-2, Ex. A, First RFP No. 29; Kristine Phillips, *Alan Dershowitz says 'friends on Martha's Vineyard' are shunning him for defending Trump*, Wash. Post (July 3, 2018), https://wapo.st/3KWMlEv.

WHEREFORE, for all the above reasons, the Court should sustain CNN's objections to the Order, and require Plaintiff to produce the requested documents.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 9th day of May, 2022 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com; Rodier & Rodier, P.A., *Counsel for Plaintiff*, 400 N. Federal Highway, Hallandale, Florida 33009.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-489-8230

*Counsel for Defendant Cable News Network, Inc.*