UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ

       Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

       Defendant.

_____/

## MOTION TO ADD "ATTORNEY EYES ONLY" DESIGNATION

## TO UMBRELLA PROTECTIVE ORDER

Plaintiff, by and through undersigned counsel moves this court for an order adding "Attorney Eyes Only" designation to the current umbrella protective order (ECF 48), and states as follows:

This court recently ordered plaintiff to produce his tax returns for years 2017 to present. Despite there being no claim for loss of income, past or present, and despite plaintiff disagreeing with the court's order to produce, plaintiff chose not to appeal the order and comply given that the burden of production was too minimal to warrant the judicial expenditure of time. Plaintiff is in possession of these returns and is prepared to produce the returns to defendant. However, tax returns are some of the most sensitive and confidential materials that a person possesses. In fact, IRS agents working in the same office as the agents assigned to process a person's return are subject to criminal prosecution for viewing

returns not assigned to them. There really can be no disputing that these returns are ultra-confidential and warrant protection. Furthermore, given that there is no lost income claim to rebut, there is no reason for the defendant to share these returns, absent a further showing, with anyone that is not an attorney on the case.

The current protective order only has "highly confidential" as the highest level of protection, but the parameters of that designation do not actually provide the protection that the designation would lead one to believe. Besides allowing the documents to be shared with numerous staff members, clerks and assistants, that designation allows the party with the documents to share it with just about any witness as long as that witness signs a confidentiality agreement. However, all witnesses are not the same and that offers little protection or comfort to maintain the confidentiality, risk of release, or even that not all eyes should be able to learn this information even if the person promised to keep it confidential. No person wants their tax returns seen by anyone unless it is absolutely vital.

Paragraph 23 of the current protective order has a built-in provision allowing plaintiff to move this court for this added protection. Plaintiff has tried to come to an agreement with CNN, but CNN has refused. Paragraph 23 states:

> 23. *Nothing contained herein shall prevent disclosure beyond the terms of this Confidentiality and Protective Order if the producing party consents in writing to such disclosure, or limit or prejudice the right of any party, after reasonable attempts to resolve the dispute informally and thereafter on reasonable prior written notice, to seek a Court order broadening or restricting the rights of access to or use of*

> *Confidential or Highly Confidential Information, or for other modifications of this Confidentiality and Protective Order. Nothing contained herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Protective Order or from applying to the Court for further or additional protective orders.*

(A copy of the umbrella protective order is attached as an exhibit for the court's convenience).

In this case, CNN has a team of lawyers who can view the returns and even CNN's representative (the client) is a lawyer, which enables CNN counsel to share this with their client given that the client holds a law license. Lawyers are regulated by the bar and have licenses that could be in jeopardy for violating a confidentiality disclosure. For this reason, at this time, plaintiff asks for the attorney eyes only designation to safeguard against any potential leak.

Plaintiff offered to tender the returns to CNN pending the outcome of this motion with just a simple promise that until this court rules, that only attorneys would lay eyes on the returns. That way, they could have the information they are seeking without delay. That offer was accepted, and the returns have been produced.

The "Attorney Eyes Only" designation is a common designation in umbrella protective orders. It should be included at this time. Previously it was not an issue because plaintiff did not contemplate tax returns needing to be produced as he planned on not proceeding with any lost income claim. But now that it is the subject of production, it should be designated as

such. There is no case law 100% on point in this district that deals with "attorney eyes only" and tax returns, however, the federal court case of <u>Johnson v. Soo Line Railroad</u>. 2019 WL 4037963 (U.S. District Court ND Illinois, Eastern Division), did deal with this exact issue and the court recognized that tax returns demand such a designation. The court ruled: *[t]he protective order that the parties are directed to negotiate (see D.E. 82) shall include a provision allowing any produced tax materials to be designated as "attorneys' eyes only" so they may be reviewed only by counsel for Defendant, and not Defendant's in-house attorneys or officers, executives, and other employees. If no such protective order is entered by September 26, 2019, the Court will enter its own order designating any produced tax returns as "attorneys' eyes only."* Id at 7.

## ATTESTATION

Plaintiff conferred with counsel for CNN pursuant to local rule 7.1(a)(3) but came to no resolution.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the email this 17th day of May, 2022 to George LeMieux, Esq., glemieux@gunster.com Gunster, Yoakley & Stewart, P.A. Eric Edison, Esq. EEdison@gunster.com and Katherine M. Bolger, Esq., katebolger@dwt.com Davis Wright Tremaine LLP.

        RODIER & RODIER, P.A.
        Attorneys at Law
        400 North Federal Highway
        Hallandale, FL 33009
        Tel: (954) 455-9300
        Fax: (954) 457-0499

        By: ____/s/ *Brian M. Rodier*_____

        BRIAN M. RODIER, ESQ.
        Fla Bar #: 42250