UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.

_____/

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT CNN'S OBJECTIONS TO</u>**

**<u>MAGISTRATE JUDGE VALLE'S ORDER</u>**

**<u>PERTAINING TO PRODUCING EMPLOYMENT CONTRACTS</u>**


Magistrate Judge Valle carefully considered approximately 385 pages of discovery motions with exhibits, appendixes and status reports, and listened to 5 hours of oral argument in person before rendering her rulings.  She considered a variety of discovery issues presented by both parties and carefully tailored her rulings, leaving neither side fully satisfied.


Among the issues that were decided adversely to plaintiff, were that plaintiff turn over his tax returns, that he search years of emails for all sorts of queries, a denial of his quest for call logs of the defamers and communications between some of the editors.  Plaintiff respectfully disagreed with the Magistrate Judge's rulings on those issues but chose to appeal none of them.  Mindful of the district court's time, and cognizant of the daunting "clearly erroneous" standard that applies to Magistrate Judge discovery orders, plaintiff chose to comply.  CNN has taken a very different

1

approach, appealing virtually every adverse ruling (this opposition pertains to one ruling but CNN filed a separate pleading with three more appeals - ECF 114).  But disagreeing with an adverse ruling by the judicial officer entrusted with managing discovery in this complex case is not a sufficient reason to appeal.

CNN now comes to this court for a third bite at the apple. After losing this issue at the April 21, 2022 hearing, CNN filed a "motion for clarification," ostensibly to clarify a ruling that needed no clarification given that the court's ruling was literally *"Request No. 8, on page 43, dealing with employment contracts. I am going to grant limited to the commentators who made the allegedly defamatory statements."* (April 21 Transcript at 167/24-25; 168/1). CNN instead, at a May 6 hearing, argued for reconsideration, something Judge Valle caught on to and labeled a second bite at the apple. This Court should summarily deny the request and consider imposing nominal sanctions to send a message that such abusive conduct is not welcomed or appreciated in this District.

It is clear that the law precludes a reversal of Judge Valle's order for two reasons:

1. Local Magistrate Rule 4(a)(1) allows reversal only if this court determines that her ruling was clearly erroneous or contrary to law. Based on the facts presented in the written motions and the oral arguments, CNN cannot demonstrate that Judge Valle made a ruling that is not supported by law.

2. Local Magistrate Rule 4(a)(1) unequivocally categorizes this review as an appeal, and CNN's failure to make arguments below which it raises now, post ruling, should not be considered or serve as any basis for reversal.

This court is sitting in an appellate capacity for purposes of this matter. CNN has argued in its appeal to this court that AFTER the five hour hearing on the competing motions to compel and AFTER the court ruled, it reviewed the contracts and determined from its own subjective reading and interpretation, that it knows what is best for plaintiff and will instead just provide a sworn statement that their reading of the contracts had no incentives or just identify incentive language if there is any.  CNN argues in this appeal that it should not have to turn over the contracts in full. However, the time to review the contracts to make this argument was between December 15, 2021 and the hearing date of April 21, 2022.  Instead, CNN chose to make a different and failed argument and having lost, would like to now argue this new reason on appeal to this court.  CNN waived that argument, and it should not be considered.  CNN's ploy to cure the waiver by raising it in a post ruling motion for reconsideration (that it disguised as a motion for clarification that did not fool Judge Valle) does not count.  The Eleventh Circuit Court of Appeals gives this court the absolute right and authority to refuse to consider arguments that were not made to the Magistrate Judge in its papers or at the hearing. See: Williams v McNeil, 557 F. 3d 1287 (11th Cir 2009).  And this makes sense because how can Judge Valle be deemed to have made a clearly erroneous decision on an argument that she never heard?

Remaining on the subject of post-ruling facts, CNN's counsel, Kate Bolger, filed an affidavit that discloses post-ruling settlement discussions (paragraphs 14 to 17) and that is not only completely irrelevant to the issues before the Court but violates FRE 408.  It is clearly designed to prejudice the court.  That part of the affidavit should be stricken.

Even though there should be no need to respond to this newly raised argument for the reason set forth above, had CNN raised it below, it would have failed and Judge Valle made that perfectly clear during the May 6, 2022 hearing where CNN tried to pass off a motion for

reconsideration as a motion to clarify.[1] Plaintiff need not trust CNN's analysis of the

employment contracts plaintiff seeks to discover; looking out for Plaintiff's interests is not

defense counsel's obligation and, indeed, their obligation is exactly contrary.  And although

CNN points out that plaintiff's focus at the hearing was on incentive language in the contracts

and not the other reasons advanced in plaintiff's motion to compel, such as learning if there were

rules of conduct, procedures or other obligations that one of the defamers could have violated,

the fact remains that Judge Valle didn't come to the hearing unprepared, and read all of that and

considered everything before making her ruling.  The justification for Judge Valle's decision is

not limited to the points plaintiff chose to make during the limited time allotted at the hearing.

That does not make Judge Valle's ruling clearly erroneous or contrary to law.  The only thing

that is clearly erroneous is CNN's belief that it does.


        To support its next angle, CNN cites several cases for the proposition that it is improper

and intrusive to have this information disclosed, but not a single case CNN cites is remotely

related to the issue in this case.  The first case CNN cites, Perez v. Ju-pada Enters., Inc., 2011

WL 501601, at *1 (S.D.N.Y. Feb. 14, 2011), is a class action case for lost wages.  The next one,

Wilson Insulation of Augusta, Inc. v. Masco Corp., 2005 WL 8154323, at *6 (N.D. Ga. Jan. 20,

2005) is a price fixing case, and then Rousso v. Hannon, 146 So. 3d 66, 70 (Fla. 3d DCA 2014)

is a breach of contract case over a land deal and a confidentiality agreement that tried to have

"wholly unrelated non-parties" produce their personal finances.  Plaintiff does not disagree that

certain types of contract cases do not require the disclosure of information sought in this cause of

---

[1] The transcript of that hearing is sealed but accessible to this court and also sheds light on CNN's claims regarding the contracts.

action but grabbing a quote from one case and pasting it in an appeal out of context is not a trick that wins the day.  This case is a tort action where plaintiff must meet the incredibly high standard of malice and tortious intent.  Motivators in the contracts come in all forms and Judge Valle recognized that this production and disclosure in a case of this type was probative. No case CNN cites can lead to a conclusion that her decision was clearly erroneous in this regard.

CNN then lists a laundry list of cases that state that a profit or incentive motive cannot be the thing alone to prove malice.  We agree.  And if that is the only proof plaintiff has come the time of trial, plaintiff will have a problem.  But CNN ignores the fact that malice can be proven by circumstantial evidence or indirect evidence. Herbert v. Lando, 441 U.S. 153, 160 (1979).  And this evidence, together with other circumstantial evidence of malice, can be sufficient to meet plaintiff's high burden of proof. CNN simply wants to deny plaintiff the tools to prove his case.  Of course, trying to do so is their job, which is why they cannot be trusted to parse the contracts with a zealous interest in finding material that's helpful to plaintiff's case.

CNN then argues that the protective order in place does not offer any protection.  Besides the fact that it does, it makes this matter not ripe for an appeal or reversal.  In its memorandum, CNN accuses plaintiff of putting the cart before the horse, but here, in this appeal, CNN is doing just that.  There is simply no issue or harm at the moment and CNN has the right to move this court in limine to preclude the contracts from being introduced at trial if it believes it can make a meritorious argument.  The remaining arguments CNN makes pertaining to this are based on its arrogant belief that Anderson Cooper's contract is as important and sensitive as our nation's nuclear codes, so that our eyes are unworthy of glancing upon its pages.  We do not share CNN's

idolatry.  Federal courts enter protective orders for a reason:  To protect private information while allowing the lawyers to do their work.  CNN—and even the anointed Anderson Cooper—are not above the law.

Finally, even though plaintiff dropped his lost income claim for past and future, CNN argued in favor of this court compelling Alan Dershowitz to turn over his tax returns, something much more sensitive and legally protected than these private contracts (which was done under a protective order) but suddenly CNN's faith in the protective order, something it advocated for, has dissolved into dust.  It truly is astonishing that CNN ignored document sensitivity when it was wielding its sword to obtain Professor Dershowitz's tax returns but suddenly dropped its sword and picked up a shield when the subject turned to the defamers' employment contracts.

In conclusion, Judge Valle's decision is not clearly erroneous and is not contrary to law. This court cannot reverse the order merely if it concludes that had it been sitting in Judge Valle's capacity, that it would have ruled differently.  If there are two permissible outcomes, the trial judge's choice is not clear error, even if the reviewing court may have come to a different conclusion. See: U.S. v. Yellow Cab Co. 338 U.S. 338 (1949).

The Magistrate Judge's order should be affirmed.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the email this 23rd day of May, 2022 to George LeMieux, Esq., glemieux@gunster.com Gunster, Yoakley & Stewart, P.A. Eric Edison, Esq. <u>EEdison@gunster.com</u> and Katherine M. Bolger, Esq., katebolger@dwt.com Davis Wright Tremaine LLP.

RODIER & RODIER, P.A.
Attorneys at Law
400 North Federal Highway
Hallandale, FL 33009
Tel: (954) 455-9300
Fax: (954) 457-0499

By: _____ /s/ *Brian M. Rodier* _____

BRIAN M. RODIER, ESQ.
Fla Bar #: 42250