UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ

       Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

       Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT CNN'S OBJECTIONS TO MAGISTRATE JUDGE VALLE'S "CERTAIN RULINGS"

After having filed an appeal in EFC 113 seeking to overturn Judge Valle's order requiring CNN to produce the employment agreements of the defamers, CNN filed a second appeal pursuant to Local Magistrate Rule 4(a)(1) seeking to reverse the remaining rulings that deprived CNN of its mission to harass and overwhelm Professor Dershowitz with costly and disproportionate discovery burdens. Here once again we see CNN challenging rulings that are virtually immune from reversal given the "clearly erroneous" and "contrary to law" standard, but perhaps CNN is hoping that appealing enough things will land them a "split the baby" reversal of at least something. But this is a vain hope because, not only were Judge Valle's rulings not clearly erroneous, they were clearly correct. Not only were they not contrary to law, they followed the law to the letter.

CNN cites to a multitude of cases that reiterate the failed arguments it made below, as if this were a de novo review of its motion to compel. But conspicuously absent from its strings of

1

citations are the most important cases, which Judge Valle cited in open court before handing down her rulings.

The first case is <u>In Re Takada Airbag Product Litigation</u> (S.D. Fla. March 1, 2016), which the court discussed (April 21 Transcript at 151). The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure crystalizes the concept of reasonable limits on discovery through increased reliance on the <u>common-sense concept of proportionality</u>." Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary 6 (2015). (emphasis added). As the Chief Justice's comments highlight, <u>a party is not entitled to receive every piece of relevant information.</u> Id. at 4.

Judge Valle also provided the following:

> "My ruling today is also framed by Rule 26(b)(2)(C) which authorizes the court to limit discovery <u>if the discovery sought is unreasonably cumulative or duplicative</u> or can be obtained from some other source that is more convenient, less burdensome, or less expensive, <u>or the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case</u>, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. <u>JCW Software v. Embroidme.com</u> (S.D. Fla. May 31, 2011)." (April 21 Transcript at 153). (emphasis added).

So, what we see from this is that her rulings are founded on law and not contrary to it, and certainly not clearly erroneous when the facts are reviewed. Judge Valle, who read the briefs and listened to five hours of argument, was in the best position to evaluate the proportional needs and the persuasiveness of CNN counsel's arguments. Even if this court were inclined to accept

2

CNN's overblown argument in the first instance, that is still not grounds for reversing Judge Valle's ruling under the exceedingly deferential applicable standard. See: U.S. v. Yellow Cab Co. 338 U.S. 338 (1949).

The Income Discovery

      CNN tries to persuade this court that, because Judge Valle ordered the production of plaintiff's tax returns, it must mean the court found all aspects of income probative and relevant, and the failure to compel production of CNN's RFP 23 is clearly erroneous. But CNN makes the speculative leap of inferring that Judge Valle must have concluded that plaintiff's income is relevant. This is highly unlikely, as plaintiff has dropped all economic damages claims related to income, a fact Judge Valle specifically noted in discussing this RFP. Judge Valle commented that a less burdensome method existed for CNN to obtain this information than causing plaintiff to spend countless hours and incur massive accounting fees coming up with a response to #23 when income or lost work opportunities is not even an issue in the case. Producing the tax returns was far less burdensome and would, effectively, gave CNN what it wanted and more than it was entitled to. Judge Valle was mindful of the fact that Magistrate Judge Torres has ruled just one month earlier in Dershowitz v Netflix, 21-21961-Civ-Altanoga/Torres (ECF 95) that tax returns and other income-related documents were shielded from production due to the lack of an income claim. So it is clear that Judge Valle denied #23 for all these "other income related documents", but chose to satisfy CNN with the irrelevant tax returns because the burden of production was de minimis (which is 100% in line with her citation of In Re Takata at the very outset of her rulings). Producing the tax returns would cause no harm or burden because, 1) there is a protective order and 2) because "one click of a mouse" and its done. This is precisely

the kind of thoughtful balancing of interests entrusted to magistrate judges supervising discovery in complex cases. This is the exact opposite of clearly erroneous: It is clearly right.

Other Reputation Discovery

CNN next challenges Judge Valle's ruling pertaining to RFP 35, in which CNN seeks a carbon copy of all reputation discovery from plaintiff's other three defamation cases.[1] First off, to put things in proper context, these are not a multitude of different reputational harm causes of action. They are all part of the same parcel – damage to plaintiff's *personal* reputation stemming from the false Epstein allegations. So, three cases yes, but only one issue. And this issue is totally unrelated to the harm sued upon in this case against CNN, which concerns only plaintiff's *professional* reputation as a scholar. Judge Valle read plaintiff's opposition to this and agreed. Rather than paste the entire argument presented in that pleading, plaintiff refers this court to ECF 57, pages 4 – 7.

The crux of the argument against this overwhelming discovery request is that the Epstein cases involve plaintiff's reputation as a moral human being. Doubtless, Professor Dershowitz's reputation was harmed by the accusations and he comes into this lawsuit with elements of his reputation already harmed in that regard. However, this litigation has nothing to do with his reputation as a human being, only his reputation as a constitutional legal scholar and harm to his

---

[1] CNN filed a declaration of its counsel Kate Bolger. This declaration contains copies the four other lawsuits involving the Epstein allegations and statements regarding facts that occurred after Judge Valle issued her rulings. None of these documents or facts are part of the record below and were not presented to Judge Valle. Paragraphs 14 to 24 of Ms. Bolger's affidavit should be stricken. Nothing in those complaints should be considered by this court because this court is sitting in an appellate capacity. The Eleventh Circuit Court of Appeals gives this court the absolute right and authority to refuse to consider arguments that were not made to the magistrate judge at the hearing or in the memorandums. See <u>Williams v McNeil</u>, 557 F. 3d 1287 (11th Cir 2009).

4

academic legacy. What CNN is trying to do is conflate the Epstein matter with its own wrongdoing so that it could taint the jurors in this case. CNN incorrectly believes that it gets to control what this case is about as opposed to understanding that the plaintiff has the unilateral right to claim only the damages he seeks. Unless the plaintiff chooses to deviate from that and open the door, that door remains shut to CNN. The lawsuit cannot turn into the circus CNN hopes to put on in the courtroom.

CNN tries to get ahead of the curve by trying to discredit Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla 5th DCA 1983), which plaintiff detailed in its opposition (ECF 57). But CNN's conclusory argument fails because Boyles is crystal clear: you cannot bootstrap one aspect of a person's character into defending your right to intentionally harm another part of his character. CNN offers nothing to explain how Judge Valle's decision to limit CNN's clear desire to cause plaintiff to be buried with voluminous and grossly disproportionate discovery is contrary to law. And when measured in terms of the clearly erroneous standard, the record establishes that the ruling is unassailable. Judge Valle did order that all deposition transcripts that exist be produced. CNN now has a 905 page deposition transcript of plaintiff in one of the Epstein cases. He has not been deposed in the others, but because all the others deal with the exact same issue and reputational damage, CNN has the information it seeks and within the bounds of proportionality. But CNN wants more – not to gain information, but to manufacture expense and burden. Judge Valle threw a monkey wrench into CNN's plan, so now they come kicking and screaming to this Court even though it is so apparent that her ruling was not anywhere near clearly erroneous. On top of all that, CNN concedes that the court allowed them to have all emails critical of plaintiff from 2017 to present. CNN is currently in possession of mountains of emails that deal with the reputational damage and harm that is the subject of the

5

Epstein cases, but now argues to this court that it needs every single paper irrespective of the proportionality and burden, despite the language of In Re Takata on which Judge Valle based her ruling: "*a party is not entitled to receive every piece of relevant information.*"

Further supporting Judge Valle's ruling is that the Epstein evidence will likely not even be admitted at trial. Admitting it would create enormous prejudice that would be substantially outweighed by any probative value given that plaintiff's claim against CNN is limited solely to proving to the jury that millions of people who watched the CNN defamatory broadcasts now believe that plaintiff has lost his intellectual mind and that because it is impossible to track them all down to explain that they were lied to, those people will continue to believe a lie, thus damaging a plaintiff's legacy in the minds of millions. The Epstein issues would turn a one-week trial into an eight-week trial because Plaintiff will have to prove his other cases first before having any chance whatsoever of prevailing against CNN, given the extreme salaciousness of the allegations in those cases.

Turning back toward the only issue that matters in this appeal, it is clear from the hearing transcript that the magistrate judge did indeed understand this and carefully considered these issues and made the correct decision. The court understood that allowing CNN's RFP 35 to go unchecked, would lead to endless litigation over the volumes of documents in the other cases and endless litigation over hundreds of privilege log entries, causing this court to become overrun with motions and hearings for no rational reason or proportional benefit to CNN. A review of the April 29, 2022 hearing transcript, page 129 commencing at line 9 through page 131 line 24, is helpful and solidifies that Judge Valle's ruling was solidly based on law and not clearly erroneous.

Emails From Plaintiff's Children Before CNN Defamed Him

CNN's last appeal pertains to its second RFP #3. Even though CNN complains about all of Judge Valle's rulings pertaining to that one, CNN only appeals the denial of emails from plaintiff's children dealing with anything relating to CNN from the time period BEFORE the defamation that is the subject of this cause of action. Judge Valle determined that it was both irrelevant and a fishing expedition. Judge Valle understood that even if his children didn't want him to go on CNN to discuss his intention to represent President Trump because they didn't trust CNN or just wanted their loved one to steer clear of CNN, it has zero bearing on the issue in this case. The only issue in this case is whether CNN and the defamers lied when they said that Professor Dershowitz told a chamber full of senators that a president could commit crimes as long as he thought it was in the national interest that he be reelected, whether they truncated the video to deceive their audience into believing he said it and whether his reputation as a competent lawyer and scholar was harmed by those who watched the CNN broadcasts. Emails between plaintiff and his children <u>before the defamation</u> have nothing to do with it and are nothing more than a Moby Dick sized fishing expedition, as Judge Valle concluded. CNN tries to tie this to the fact that Judge Valle allowed production of hate mail in another RFP to somehow show that her decision to bar this request is "clearly erroneous". But hate mail is something entirely different and has no relationship. CNN knows that it is impossible for them to convince the court that Judge Valle's decision was clearly erroneous and is grasping at straws.

CNN continues to ignore what this case is about and is on a mission to inject extraneous issues into what is otherwise a straightforward cause of action. They do this by trying to confuse this court into believing that being shunned by some for merely representing President Trump is the same harm as having people think you are not intellectually qualified to practice law. During

the 5-hour hearing, this distinction was made and understood. (See: page 131 from the April 21st hearing). Countless lawyers have represented high profile cases with controversial or even heinous clients in which segments of the population have taken offense to or criticized the lawyer for choosing to represent such a person. But the decision to represent the unpopular, or even the despised, is limited to just that, and is not criticism on the lawyer's understanding of the law.

In conclusion, Judge Valle's decisions are not clearly erroneous and are not contrary to law. It is clear that under this standard of review, this court cannot reverse the orders merely if it concludes that, had it been sitting in Judge Valle's capacity, it would have ruled differently. If there are two permissible outcomes, the trial judge's choice is not clear error, even if the reviewing court may have come to a different conclusion. See: U.S. v. Yellow Cab Co. 338 U.S. 338 (1949).

Magistrate Valle's orders should be affirmed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the email this 23rd day of May, 2022 to George LeMieux, Esq., glemieux@gunster.com Gunster, Yoakley & Stewart, P.A. Eric Edison, Esq. EEdison@gunster.com and Katherine M. Bolger, Esq., katebolger@dwt.com Davis Wright Tremaine LLP.

                                              RODIER & RODIER, P.A.
                                              Attorneys at Law
                                              400 North Federal Highway
                                              Hallandale, FL 33009
                                              Tel: (954) 455-9300
                                              Fax: (954) 457-0499

                                              By: ____/s/ *Brian M. Rodier*_____
                                              BRIAN M. RODIER, ESQ.
                                              Fla Bar #: 42250