UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

**CNN'S OPPOSITION TO PLAINTIFF'S MOTION TO ADD
"ATTORNEY EYES ONLY" DESIGNATION TO UMBRELLA PROTECTIVE ORDER**

Defendant Cable News Network, Inc. ("CNN") respectfully submits its response to Plaintiff Alan Dershowitz's ("Plaintiff") Motion To Add "Attorney Eyes Only" Designation to the Umbrella Protective Order currently in place in this case (ECF No. 48 (the "Protective Order")). *See* ECF No. 118 (the "Motion") and states as follows:

**I.**    **Preliminary Statement**

The Protective Order in this Case – which was heavily negotiated between the parties – already contains a Highly Confidential designation, which provides that only counsel for the parties, including in-house counsel, can see the designated materials, and that counsel can show them to other people only when it is necessary to use those documents effectively in this litigation – including the attorneys' staff, any witnesses who would be shown the materials while testifying and after having signed a non-disclosure agreement, and any experts the parties might retain. Notwithstanding such protections, Plaintiff appears to be asking that his tax returns (and only his tax returns), be subject to their own special designation such that they can be seen *only* by attorneys and *cannot* be shown to anyone else, including, for example, a damages expert or a paralegal in

Defendants' office absent consent from Plaintiff. Plaintiff's effort to control CNN's use of Plaintiff's tax returns through a confidentiality designation is unprecedented and unwarranted. He has not shown good cause to amend the Protective Order in the manner he proposes, and his motion should be denied.

After Plaintiff filed his Motion, CNN proposed a compromise under which it would accept an amendment of the Protective Order to add a third designation, "Highly Confidential–Restricted," that would be similar to the current "Highly Confidential" designation, except that information within this third designation could not be shared with testifying witnesses absent consent of the producing party. *See* **Exhibit "A"** (*Redline* of Amended Protective Order with "Highly Confidential Restricted" language[1]). This compromise would address the concerns raised by Plaintiff without unduly impinging the parties' ability to use designated information in the litigation. Plaintiff rejected that offer, but, if the Court is inclined to amend the Protective Order at all, CNN respectfully requests that the Court enter CNN's proposed version.

## II. Factual Background

### A. The Current Protective Order

The Protective Order was the result of complex and lengthy negotiation between the parties. At the outset, both parties agreed that an order governing the handling of private, confidential or otherwise sensitive information was appropriate. *See* ECF No. 45 at 1; ECF No. 46 at 1. After CNN sent Plaintiff a proposed order, Plaintiff responded with a number of edits; CNN adopted nearly all of Plaintiff's requested changes to the proposed order. *See* ECF No. 45 at 2-3. Indeed, the parties agreed on all provisions of the proposed order, with the sole exception of the paragraph addressing potential sanctions for over-designating information, with Plaintiff

---

[1] A clean Microsoft Word version of the Amended Protected Order can be immediately provided upon request from the Court.

insisting on a greater range of sanctions for over-designation. *See id.* at 3-4. When the parties filed competing motions for entry of their respective proposed protective orders, the Court ended up largely adopting *Plaintiff's* proposal. *See* ECF No. 47 (minute order).

Under the current Protective Order, information designated "Confidential" can be disclosed only to the following persons:

> (a) counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, their partners and associate attorneys, and any litigation assistant, paralegal, stenographical, secretarial, or clerical personnel assisting counsel in this action;
>
> (b) a party, including in the case of corporate parties, their affiliates and each of their directors, officers, and employees designated to assist counsel in this action;
>
> (c) the Court, court personnel, and any court reporter or typist recording or transcribing testimony;
>
> (d) experts and litigation support vendors who are assisting counsel in this action, including their assistants and stenographical, secretarial, or clerical personnel;
>
> (e) witnesses and deponents in this action who are shown the Confidential Information while testifying;
>
> (f) the author, custodian, or any individual identified as a recipient of the Discovery Material, or the original source of the information;
>
> (g) any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and
>
> (h) any other person whom the parties agree, in advance and in writing, may receive such information.

Protective Order ¶ 9.

The Protective Order also contains a "Highly Confidential" designation, for "non-public and highly confidential business, strategic, proprietary, financial, or otherwise commercially sensitive business information or information subject to confidentiality restrictions, trade secrets, or other similar information that is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such producing party or its employees, customers, or clients if

disclosed." *Id.* ¶ 7. Information designated "Highly Confidential" may be disclosed to the same persons listed in sub-paragraphs 9(a) and 9(c)-(h) – in other words, everyone who is entitled to receive "Confidential" information, except the parties themselves. *See id.* ¶ 10(a)-(g). In this way, the "Highly Confidential" designation functions similarly to "Attorney Eyes Only" ("AEO") provisions that appear in protective orders entered in this Circuit. *See infra* Pages 6-7.

As is also typical in standard protective orders, for both the "Confidential" and "Highly Confidential" designations, the persons falling under sub-paragraphs 9(d)-(h) or 10(c)-(g) must execute a notice (attached as Exhibit A to the Protective Order) acknowledging that they have reviewed the Protective Order and agreeing to be bound by it before they receive any designated information. *See id.* ¶ 11.

    **B.**    **Plaintiff's Motion**

Plaintiff's motion seeks to create a bespoke level of confidentially just for Dershowitz's tax returns. Specifically, having chosen to commence this litigation seeking $300 million dollars, Plaintiff now seeks an AEO provision that limits disclosure solely to the parties' lawyers, but not any support staff, experts, or even the Court itself, absent Plaintiff's advance permission.

**III.**    <u>Argument</u>

This Court should deny Plaintiff's requested relief. First, the Protective Order was heavily negotiated, and CNN relied on the terms of the Protective Order in producing documents in this litigation. "[I]n this District, there is a 'strong presumption against modification of a protective order,'" and courts consider "the reliance placed by the parties on the [protective order]." *In re Hornbeam Corp.*, 2020 WL 1302217, *3 (S.D. Fla. Mar. 17, 2020) (citation omitted). Plaintiff has demanded extremely sensitive and privileged newsgathering communications and financial information from CNN, and CNN has been producing that material subject to the Protective Order that the parties mutually negotiated. When the Court ordered Plaintiff to produce his tax returns,

4

it was pursuant to the Protective Order already in place.[2] Plaintiff should not be permitted to rewrite the Protective Order at the eleventh hour in a way that impinges CNN's ability to properly litigate this case. As courts have recognized, "allow[ing] parties to unilaterally not follow the terms of a stipulated protective order … would erode the confidence which parties place in the orders when the parties agree to adhere to them." *Id.* citing *State ex rel. Butterworth v. Jones Chemicals, Inc. (Fla.)*, 148 F.R.D. 282, 288 (M.D. Fla. 1993) ("Failure to protect Defendants' reliance on the Protective Order would not only prejudice the confidentiality interests of Defendants, it would undermine the effectiveness of protective orders in facilitating discovery.").

Plaintiff claims he did not "contemplate tax returns needing to be produced as he planned on not proceeding with any lost income claim." See Motion at 3. But, CNN requested the tax returns before the entry of the Protective Order. And, tax returns are routinely produced by plaintiffs seeking compensatory damages in a tort action. *See, e.g., Univ. Physician Serv., LLC v. Del Zotto*, 2017 WL 11016114 (M.D. Fla. Sept. 20, 2017) (citations omitted)). That Plaintiff gambled on defeating a motion to compel their production does not entitle him to a Protective Order that precludes the CNN from using information that they sought and won (not once, but twice).

Next, Plaintiff argues that "[t]he 'Attorney Eyes Only' designation is a common designation in umbrella protective orders." See Motion at 3. That is true – but not the type of "AEO" designation that Plaintiff is proposing. Plaintiff's proposal would limit disclosure *solely* to attorneys for the parties, under the theory that attorneys are "regulated by the bar and have licenses that could be in jeopardy for violating a confidentiality disclosure." See Motion at 3. But

---

[2] *See* ECF No. 101 (Order on motions to compel); ECF No. 105, Transcript of April 21, 2022 Hearing ("April 21 Tr.") at 159:19-160:10; ECF No. 117 (denying Plaintiff's oral motion to reconsider order compelling production of tax returns).

5

that restriction would require CNN to seek Plaintiff's advance permission before disclosing designated documents to non-attorney staff (like secretaries, paralegals, and office assistants) working directly with CNN's counsel on this case; to the litigation support vendor that manages the database of discovery documents in this case for CNN; to a retained expert; and even to the Court itself in connection with potential motion practice. That would unduly constrain CNN's ability to litigate this case, and, in any event, is inconsistent with the "common" "AEO" designation that Plaintiff seems to be referring to.

To the contrary, the "common" AEO provisions entered by courts are invariably equivalent to the "Highly Confidential" provision in this case; in fact, the orders in some cases combine the two terms and refer to the higher tier of protection as "Highly Confidential – Attorney Eyes Only." *See, e.g., Donoff v. Delta Air Lines, Inc.*, 2019 WL 9575231, \*2 (S.D. Fla. Nov. 22, 2019) ("Documents designated AEO may only be shared with the attorneys involved in this action, *the Court, persons assisting the Court, document vendors (for the purpose of uploading the documents to a secure review database), deposition witnesses who are either an author or recipient of the relevant document, and the parties' retained experts*. The documents may only be shown to vendors and experts who have signed the acknowledgment to be bound by the Court's existing protective order."); *SMS Audio, LLC v. Belson*, 2016 WL 8815079, \*2–3 (S.D. Fla. Sept. 20, 2016) (entering protective order with designation "Confidential—Outside Attorneys' Eyes Only," that allows disclosure to, *inter alia*, "the Court and its officers," attorneys and "office associates, paralegal, legal assistants, stenographic or clerical employees, and outside vendors hired in the ordinary course of representation," and retained experts); *Health & Sun Rsch., Inc. v. Designer Skin, LLC*, 2013 WL 12155011, \*1 (M.D. Fla. Mar. 27, 2013) (entering protective order providing that "Information that is designated as '*Highly Confidential–Attorneys' Eyes Only*' shall not be

6

disclosed to anyone other than outside counsel *and their staff, bonafide outside consultants, experts and their staff, the Court, other court officials, and the jury or trier of fact*.") (emphases added).

In fact, in the one case Plaintiff cites to support his request, *Johnson v. Soo Line Railroad*, 2019 WL 4037963, *3 (N.D. Ill. Aug. 27, 2019), the court ordered the parties to negotiate a protective order that included an "attorneys' eyes only" designation. A month later, the court entered the protective order, which provided that documents with the AEO designation could be "used only for the purpose of th[e] litigation" and could be disclosed only to:

(a) the Court and its staff;

(b) the attorneys of record and their associates (including such counsel's legal assistants, secretaries and paralegals); and

(c) independent experts, including their staff, retained by each party's legal counsel and having no employment or permanent or regular consulting relationship with that other party.

(d) outside independent persons (i.e. persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorney to provide assistance as mock jurors or focus group members; or the like provided, as set forth below that such person(s) executes a "Written Assurance" in the form attached at Exhibit A.

(e) outside photocopying services and data processing companies or individuals engaged by a party or its attorneys to assist in this litigation (provided that such entities or individuals may not retain any material marked "CONFIDENTIAL—ATTORNEYS EYES ONLY-SUBJECT TO PROTECTIVE ORDER" or copies thereof)

(h) any person who authored or properly received in the ordinary course of business the particular information sought to be disclosed (provided that such persons may not retain any Confidential-AEO Material or copies thereof); and

(g) insurers of any party and agents of said insurers.

See Confidentiality Order, *Johnson v. Soo Line R.R. Co.*, No. 1:17-cv-07828, ECF No. 91, ¶ 6(c) (N.D. Ill. Sept. 30, 2019).

In other words, even the model that Plaintiff urges the Court to follow did not create a

standard by which only one party could restrict AEO documents only to the actual attorneys in the case as Plaintiff proposes here.

After Plaintiff's motion alerted CNN to his preference for the type of protective order issued in *Johnson*, and in the interest of reaching compromise, CNN proposed to Plaintiff that the Protective Order be amended to add a third designation, "Highly Confidential–Restricted," which would be the same as the current "Highly Confidential" designation, except that designated information in this category could not be disclosed to "witnesses and deponents in this action who are shown the [designated information] while testifying." This would create a category identical to the "AEO" provision in the *Johnson* case, which Plaintiff had not cited or called to CNN's attention until he filed his Motion. See **Exhibit "A".** Plaintiff did not consent to this proposal.

WHEREFORE, Defendant, Cable News Network, respectfully request that the Court deny Plaintiff's Motion to add an "Attorney Eyes Only" designation to the Protective Order, or, if the Court is inclined to accept Plaintiff's request for an additional designation, CNN respectfully requests that the Court instead add a "Highly Confidential – Restricted" designation to the Protective Order in substantially the form exhibits in Exhibit "A," and grant any additional relief as is just, equitable and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 24th day of May, 2022 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com; Rodier & Rodier, P.A., *Counsel for Plaintiff*, 400 N. Federal Highway, Hallandale, Florida 33009.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By:  /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email:  glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email:  eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-489-8230

*Counsel for Defendant Cable News Network, Inc.*