UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.

_____/

### MOTION TO CLARIFY THE COURT'S RULING PERTAINING TO PLAINTIFF'S MOTION TO COMPEL REGARDING FIRST SET OF INTERROGATORIES, ITEM #4

Plaintiff moves this court for clarification, <u>not reconsideration</u>, of the ruling it rendered from the bench on April 21, 2022, after hearing five hours of arguments on a multitude of discovery issues. A perceived ambiguity in the court's language at the hearing has led to plaintiff believing that the court ruled one way, with the defendant thinking the opposite.

To be clear, plaintiff stresses that he does not seek a second bite at the apple with this filing. Plaintiff does not come to this court to change the court's ruling. Plaintiff comes only to have this court clarify for certain what it had intended to rule on April 21, 2022.

As this court recalls, all rulings were made from the bench after a brief recess from hours of argument. Plaintiff believes that this court granted his motion to compel regarding interrogatory #4, which was:

> 4. **From January 29, 2020 at 6:00 am EST through present day**, *did any person listed in response to question #2 above communicate in any manner whatsoever with any other person or persons listed in response to question #2 above, Jeff Zucker, David Vigilante or any other CNN executive regarding: (a) Alan Dershowitz; (b) Alan Dershowitz's*

1

> *January 29, 2020 response to Senator Ted Cruz's question; or (c) regarding any of the televised broadcasts or cnn.com publications that referenced Alan Dershowitz that aired or were published on January 29, 2020, January 30, 2020 and January 31, 2020? If yes, provide:*
>
> a) *The dates and times of each communication and the method of communication.*
>
> b) *The names of all people involved in the communication.*
>
> c) *The full specific details of each communication.*

(Emphasis added)

During oral arguments, plaintiff conceded that the start time would actually have been 2pm on January 29, 2020 (which was agreed to as well prior to the hearing in a meet and confer). Plaintiff also agreed that (a) was too broad because it would yield responses that have nothing to do with this litigation.

The court then ruled:

> Based on this time line and the specific alleged defamatory statements, I find that plaintiff's motion to compel disclosure of information for events occurring on January 31 is overbroad and irrelevant **except as to interrogatory No. 4**. Accordingly, **except as to interrogatory No. 4**, the court will limit production of documents that must be produced to January 29th and 30th.

(Emphasis added)

(See April 21, 2022 Transcript. Page 157)

At that time, with each party quickly writing down the rulings, the undersigned noted that all the other interrogatories were cutoff after January 30, 2022, **except #4, which was granted for all dates, just as plaintiff counsel had requested and argued for**. Exhibit A to this motion is a copy of the undersigned's handwritten notes made contemporaneously

2

with the court's ruling one after the other from the bench, along with a declaration under penalty of perjury that it is true and correct.

Based upon the Court's oral pronouncement, plaintiff expected that CNN's further production would include communications from January 29, 2020 commencing at 2pm through present, of any incriminating party admissions (all admissible). However, when plaintiff received CNN's responses and supplemental production 17 days after the ruling[1], not a single document after January 31, 2020 was included. Plaintiff then searched the hearing transcript and found that on page 165 the court stated:

> Interrogatory No. 4. This is the one that I allowed to continue through January 31st. In this instance, as to interrogatory 4, I am going to grant in part. Defendant is amend its answers to say what documents have been produced, already produced under Rule 33(d). The time has been agreed to be 2 p.m.

It is apparent that CNN based its understanding on this part, which is at odds with page 157, and this is where the ambiguity lies and what plaintiff believes is likely error. The court's words here, *"This is the one that I allowed to continue through January 31st"*, never happened. Nowhere on page 157, or anywhere else, did the court rule that #4 was allowed only to January 31, 2020. Consequently, plaintiff understood the court's words at p.165 to mean that it was including communications related to the broadcasts on January 29, January

---

[1] Although CNN's responses were received on May 9, 2022, seventeen days after the rulings, plaintiff's counsel did not have an opportunity to review the responses and deficiencies and review the pertinent part of the transcript until May 18, 2022 and then wrote a meet and confer email to CNN's counsel on May 19, 2022, receiving a response today, May 25, 2022. The delay in catching it sooner is because the undersigned could not drop all other cases and scheduled tasks to review the entirety of CNN's updated production sooner. In addition to tasks related to other cases, the undersigned was also bogged down during this time with CNN's appeal of four (4) of this court's orders and the redaction of the transcript due to CNN counsel's disclosure of information that was designated as confidential. Unlike CNN, who has five (5) counsels of record and three (3) more behind the scenes, the undersigned is the sole counsel representing plaintiff.

30 <u>and January 31, 2020</u>, as opposed to the other interrogatories which were limited to just January 29 & 30, but clearly allowing communications of potential incriminating admissions up to present date.

If this court ruled the way CNN thinks it ruled, that would mean that if a hypothetical email existed from Joe Lockhart to Jeff Zucker that said, *"I feel terrible that I lied about Dershowitz, I didn't realize how bad the blowback would be"*, that this court really intended for it to remain hidden forever unless Mr. Lockhart sent it on January 31, 2020. Under CNN's interpretation, if Mr. Lockhart sent it on February 1, 2020 (or even June 2020), then he gets away with it and such a critical admission gets buried.

Plaintiff does not believe it is plausible that this was the court's ruling. The arguments pertaining to this interrogatory are in the briefs and argued at pages 22 to 28 by plaintiff, and Page 79 lines 9-13 and page 82 lines 12 to page 83, line 3.

Just from reading defendant's arguments, the entirety of their argument was based on potential privilege, not range of dates, as if a news gathering privilege would shield an incriminating admission to the likes of the hypothetical example written above. And to date, CNN's counsel did not produce a single post tort document:

> THE COURT: I just wanted to clarify that because we have another interrogatory that talks about post tort communications. So you have not produced post tort communications, just the tort communications, quote-unquote.
>
> MS. BOLGER: Yes.

(See Page 79, lines 9-13)

4

So, CNN is taking the position this court actually ruled to cut off incriminating admissions past January 31, 2020, when it never even argued or rebutted plaintiff's time range argument.

Circling back to where this motion started, plaintiff stresses once more that this motion is not to have the court reconsider its ruling but only to find out what the court actually did rule given the ambiguities and conflict between pages 157 and 165.  If this court actually did mean to deny plaintiff incriminating admissions occurring on February 1, 2020 or thereafter, and allow CNN to bury those forever, then so be it.  Plaintiff does not believe that was this court's ruling, but if it was, then it was.  But, if that turns out to be what the court ruled, plaintiff respectfully asks this court to grant plaintiff leave to file an appeal under Local Magistrate Rule 4(a)(1) by enlarging the time to do so past the 14 day cut-off, given the fact that a true misunderstanding existed and given the fact that plaintiff was only alerted to it 17 days after the ruling when it received CNN's updated responses.  The rule specifically allows this court to expand the time period and the interest of justice would so warrant this relief . . . *"Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof*, ***or within such other time as may be allowed by the Magistrate Judge or District Judge.*"*(emphasis added).  Further authority for this lies within FRCP 6(b)(1)(B).

## ATTESTATION

Plaintiff conferred with counsel for CNN pursuant to local rule 7.1(a)(3) but came to no resolution.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the email this 25th day of May, 2022 to George LeMieux, Esq., glemieux@gunster.com Gunster, Yoakley & Stewart, P.A. Eric Edison, Esq. EEdison@gunster.com and Katherine M. Bolger, Esq., katebolger@dwt.com Davis Wright Tremaine LLP.

                              RODIER & RODIER, P.A.
                              Attorneys at Law
                              400 North Federal Highway
                              Hallandale, FL 33009
                              Tel: (954) 455-9300
                              Fax: (954) 457-0499

                              By: _____/s/ *Brian M. Rodier*_____
                              BRIAN M. RODIER, ESQ.
                              Fla Bar #: 42250