UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

### CNN'S REPLY IN FURTHER SUPPORT OF ITS OBJECTION TO PORTION OF MAGISTRATE JUDGE'S ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 53)

Defendant Cable News Network, Inc. ("CNN") respectfully submits this reply in further support of its Objection to the portion of Magistrate Judge Alicia O. Valle's Order ("Order") (ECF No. 101) partially granting Plaintiff Alan Dershowitz's ("Plaintiff") Motion to Compel the production of employment or engagement agreements between CNN and certain of its employees/contributors (ECF No. 53) ("Pl. Mot.").[1] *See* ECF No. 113 ("Objection") and states as follows:

As set forth in its Objection, and as discussed with Judge Valle during the May 6th hearing, CNN offered to provide Plaintiff with exactly the information he stated he needs – *i.e.*, any provisions in which "incentives were offered to commentators depending on viewership or click volume generated by their work or how many other news organizations picked up the CNN

---

[1] Judge Valle's specific rulings are set forth in the transcript of the hearing held April 21, 2022. *See* ECF No. 105 ("April 21 Tr.") at 163-168.

content." ECF No. 53 at 4.[2] Rather than agree to this practical approach, Plaintiff demands that CNN produce the entirety of the employment agreements, which, Plaintiff acknowledges, contain highly sensitive information, and are irrelevant to any issue in this case. This Court should reject Plaintiff's argument and sustain CNN's objection.

In his response, Plaintiff first claims that there is something wrong with the procedure by which CNN has sought this Court's review of the Magistrate's Order, arguing that filing its objection pursuant to the Federal Rules is somehow an improper attempt by CNN to get a "third bite at the apple." Pl. Opp. at 2. But Plaintiff ignores that, in denying CNN's motion for clarification, Judge Valle made clear that the way to challenge her ruling on this issue was by filing objections under Fed. R. Civ. P. 72(a). Plaintiff also tries to preclude this Court from considering CNN's offer to provide the relevant incentive language, if any, because CNN made the offer "post ruling." Pl. Opp. at 2.[3] But "pre-ruling," Plaintiff was asking for the contract of every single person who appeared in any CNN program in which Plaintiff's impeachment argument was discussed (*see* JSR at 43). It was only after the ruling that CNN could even know which contracts to review. That is also why CNN first went back to Judge Valle to seek clarification whether the proposed compromise would satisfy her order before raising the issue with this Court. In denying that motion, Judge Valle expressly told CNN that this was the correct way to challenge her order. There is no procedural impropriety.

Next, Plaintiff mischaracterizes the application of the standard of review for CNN's

---

[2] CNN does not waive its argument that this information would have no bearing on the actual malice inquiry, but has proposed this compromise as a way to provide Plaintiff with the information he states he needs.

[3] Plaintiff bizarrely tries to characterize the parties' communications about this offer – which was openly discussed before the magistrate judge – as confidential "settlement discussions" subject to FRE 408. Pl. Opp. at 3. Plaintiff offers no basis for this contention, and there is none.

objection to the Order, suggesting that a magistrate judge's order on a non-dispositive matter can essentially never be set aside. But it is well settled that, though deferential, the "clear-error" standard is not a "rubber stamp." *Wright v. Sumter Cnty. Bd. of Elections & Registration*, 979 F.3d 1282, 1301–02 (11th Cir. 2020); *see also United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) ("Review for clear error 'does not mean no review.'") (citation omitted). District courts routinely reverse magistrate rulings where, as here, they order production of documents that "are not relevant to th[e] action." *Howard v. Hartford Life & Acc. Ins. Co.*, 2012 WL 3069384, *5 (M.D. Fla. July 26, 2012) (sustaining objection to order compelling production of defendant's "policies and procedures pertaining to SSD benefits," which "have no bearing on the amount of offset to which Hartford may be entitled if Howard succeeds in her claim"). *Cf. Runton by & through Adult Advoc. & Representation v. Brookdale Senior Living, Inc.*, 2018 WL 1083493, *6 (S.D. Fla. Feb. 27, 2018) ("When discovery does not relate to the actual issues in the case, then it does not meet the relevance and proportionality requirements.") (citation omitted).

Here, compelled production of the full employment contracts – as opposed to just the portions containing "incentive" clauses (if such portions exist) – does not meet the relevance and proportionality requirements. Plaintiff's counsel stated clearly during the April 21 Hearing: "I don't keep secret what I'm looking for. I'm looking to find out if there is incentives… **That's all I'm interested there**." *See* April 21 Tr. at 46:6-16 (emphasis added).[4] CNN has offered to give this exact information to the Plaintiff. Rather than accept CNN's compromise that would give him the information he seeks, Plaintiff wants the employment contracts in their entirety. Yet, Plaintiff has never even attempted to explain (to CNN or to the Court) why the full, highly commercially

---

[4] For this reason, CNN is not, as Plaintiff suggests, purporting to "know[] what is best for Plaintiff" to provide Plaintiff with the portions of the contract that it "subjective[ly]" thinks Plaintiff would want. Pl. Opp. at 3. Rather, CNN is providing Plaintiff with what he *objectively* asked for.

3

sensitive contracts are actually relevant. The most he does is try to revive an argument that he had all but abandoned – that the contracts may reveal whether there were "rules of conduct, procedures or other obligations" that one of the speakers could have "violated." Pl. Opp. at 4. But, as CNN pointed out in its briefing on the motion to compel, Plaintiff did not even request any actual "rules" or "procedures." He cannot seek to find out information he did not even ask for by poring through sensitive employment agreement. In the absence of any relevance of these highly sensitive documents, the Magistrate's Order as to the production of the contracts should be reversed.

WHEREFORE, for all the above reasons, the Court should sustain CNN's objections to the Order and reverse the Order, or alternatively, modify it as requested herein to provide that CNN is not required to produce the full employment agreements of the speakers of the allegedly defamatory statements at issue, but is instead only required to produce the language providing for incentives based on audience metrics from any contracts containing such a provision, and grant any additional relief, as is just, equitable and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 31st day of May, 2022 to Brian M. Rodier, Esq., bmrodier@rodierlegal.com; Rodier & Rodier, P.A., *Counsel for Plaintiff*, 400 N. Federal Highway, Hallandale, Florida 33009.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.

4

                                      Florida Bar No. 010379
                                      Email:  eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email:  katebolger@dwt.com
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-489-8230

*Counsel for Defendant Cable News Network, Inc.*