UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61872-CIV-SINGHAL/VALLE

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon two objections by CNN (DE [113] and [114]) to the Magistrate Judge's April 21, 2022, Order (DE [101]) on discovery motions. The first objection concerns the order compelling CNN to produce the employment or engagement agreements between CNN and the commentators whose statements are at issue in this case. The second objection concerns the order partially denying CNN's motion to compel Plaintiff to produce certain documents. For the reasons discussed below, the objections are **OVERRULED IN PART AND SUSTAINED IN PART.**

I.    LEGAL STANDARDS

"A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is 'clearly erroneous or contrary to law.'" *S.E.C. v. Merkin,* 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "In the absence of a legal error, a district court may reverse only if

there was an 'abuse of discretion' by the magistrate judge." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 401 (1990)).

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the general scope of discovery in civil cases: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins. Co.,* 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The Rules "strongly favor full discovery whenever possible…." *Id.* (quoting *Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1189 (11th Cir. 2013). Therefore, "information 'need not be admissible in evidence to be discoverable.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). "[A] civil litigant is generally entitled to 'any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Degen v. United States,* 517 U.S. 820, 825-26 (1996)).  Discovery should be "robust" but subject to "necessary boundaries" such as privilege, bad faith, or discovery conducted "in such a manner as to annoy, embarrass or oppress the person subject to the inquiry." *Id.*

II. DISCUSSION

    A. Employment Agreements (Plaintiff's Request for Production No. 8)

Plaintiff's Request for Production No. 8 requested "all written employment or engagement agreements between CNN and each commentator that appeared on air for any broadcast in which Alan Dershowitz's response to Ted Cruz's question was discussed." (DE [53]). CNN objected "as overly broad, burdensome, and not relevant to

any party's claim or defense or proportional to the needs of the case, as it seeks information that is unrelated to the Alleged Defamatory Publications and information concerning individuals regardless of their role with the Alleged Defamatory Publications…." CNN also objected "to this Request to the extent it purports to require information that is personal, confidential, proprietary, commercially sensitive, or competitively significant." *Id.*

Addressing relevancy, Plaintiff argued that the employment agreements could shed light on whether commentators were offered incentives depending on "viewership or click volume generated by their work or how many other news organizations picked up the CNN content." *Id.* Plaintiff also argued that the agreements "may lead to evidence regarding any rules, procedures or obligations which will in turn allow plaintiff to learn if violations occurred." *Id.*

The Magistrate Judge limited this request to the commentators who made the allegedly defamatory statements. (DE [105], pp. 167-68). But CNN argues that even this limitation is incorrect. CNN seeks to preserve the confidentiality of the employment agreements and offers to produce either a statement that a particular agreement contained no such information or an excerpt of those portions of the agreements that refer to incentives, rules, or procedures.  CNN argues that the employment agreements have no relevance to the claims or defenses in this litigation.  These arguments do not establish clear error by the Magistrate Judge.

First, the employment agreements have at least some relevance.  In an actual malice case, a "plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668

3

(1989) (citing *Herbert v. Lando,* 441 U.S. 153, 160 (1979)). "[I]t cannot be said that evidence concerning motive or care never bears any relation to the actual malice inquiry." *Id.* Given the Eleventh Circuit's instruction that discovery be "robust," *Akridge,* 1 F.4th at 1276, this Court cannot conclude that the Magistrate Judge's order to produce the commentators' employment agreements is clear error. Plaintiff has established at least some relevance to the claims at issue.

Next, CNN argues that the information contained in the employment agreements should be redacted as the agreements contain information that is irrelevant, private, and commercially sensitive. The Magistrate Judge found that the employment agreements are private but stated that the agreements would be subject to the standing Protective Order (DE [48]).[1] (DE [105], p. 90). This is a well-supported decision and not clearly erroneous. For these reasons, CNN's objections to the order to produce the employment agreements is overruled.

    B.    <u>Evidence of Reputational and Emotional Damages (Request Nos. 24 and 35, and Second Request No. 3).</u>

CNN objects to the Magistrate Judge's order denying CNN's Motions to Compel (DE [52] and [72]) responses to CNN's First Request to Produce Numbers 24 and 35, and the Second Request to Produce Number 3. CNN argues these requests are relevant to Plaintiff's damages and should be produced. Plaintiff argues that the documents sought should not be produced because (1) they are not relevant because he has dropped his

---

[1] The Magistrate Judge recently granted Plaintiff's Motion to Add Attorney's Eyes Only Designation to the Protective Order. *See* (DE [142]). The parties have been instructed to submit a proposed AEO designation by June 17, 2022.

claim for lost income damages and (2) if they are relevant, they are not proportional to the needs of the case.

Request No. 24 seeks production of documents showing profits earned by Plaintiff from books, articles, and podcasts in which he discussed the arguments made in the impeachment trial. The Magistrate Judge did order Plaintiff to produce his tax returns but denied the motion to compel evidence of income received by Plaintiff from these books, articles, and podcasts. The Magistrate Judge reasoned that these documents were (1) not relevant and (2) duplicative of the tax returns. (DE [105], p. 160). Plaintiff argues that the Magistrate Judge's ruling was correct because, without a pending claim for economic damages, CNN is not entitled to any economic discovery.  CNN argues this was clear error because these documents would tend to show that Plaintiff's income increased specifically in connection with the challenged statements.  CNN states that these documents are not directed at Plaintiff's income generally, "but would show specifically that Plaintiff gained income in connection with the Challenged statements themselves." (DE [126]).

Just as Plaintiff can use circumstantial evidence that would tend to prove actual malice, CNN can use circumstantial evidence that Plaintiff did not suffer reputational harm. Certainly, evidence of increased income from publications discussing the statements at issue in this case would be such circumstantial evidence.  These documents are, therefore, relevant to the claims and defenses in this case and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The Magistrate Judge committed clear error in not compelling a response to Request to Produce No. 24.

The next Request to Produce at issue is Request No. 35, which asked Plaintiff to produce documents pertaining to damages that he produced in three prior defamation

5

lawsuits.[2] The Magistrate Judge granted the motion in part and denied it in part; she ordered Plaintiff to turn over any deposition or trial testimony in which he testified regarding his damages as well as any expert damages reports that might have been prepared in those cases, but did not compel any additional production. (DE [105], p. 161).

The Magistrate Judge recognized the relevance of evidence pertaining to the state of Plaintiff's reputation before the CNN broadcasts. *Id.* But her order was "framed by Rule 26(b)(2)(C)" which authorizes the court to limit discovery disproportionate to the needs of the case. (DE [105], p. 153). Thus, the Magistrate Judge compelled only part of the materials requested by CNN. Following the ruling, Plaintiff produced a 905-page deposition transcript of his testimony in one of the Epstein cases and argues that CNN now has the information it seeks within the bounds of proportionality. (DE [120]). CNN does not respond to this argument but instead argues that the Magistrate Judge should have ordered Plaintiff to produce in this litigation the damages discovery he produced in the three Epstein cases. The Magistrate Judge's ruling on Request No. 35 complied with the dictates of Rule 26(b) by balancing relevancy and proportionality and, therefore, was not clearly erroneous.

The last ruling objected to by CNN relates to Second Request No. 3, in which CNN sought production of communications between Dershowitz and his children regarding any media appearances at which he discussed the impeachment proceedings against President Trump. The Magistrate Judge denied this request "as irrelevant and a bit of a

---

[2]The three prior lawsuits involve defamation counterclaims filed by Dershowitz against victims of the late Jeffery Epstein: *Giuffre v. Dershowitz,* Case No. 1:19-cv-3377 (S.D.N.Y); *Edwards v. Dershowitz,* No. CACE-15-000072 (Fla. Broward Cty. Ct.); and *Boise v. Dershowitz*, No. 160874/2019 (Sup. Ct. N.Y. Cty.).

fishing expedition." (DE [105], p. 162).  CNN argues that these documents "would bear on Plaintiff's effort to attribute his damages to the Challenged Statements" because Dershowitz had already been facing blowback and damage to his reputation by going on television to defend President Trump and his son had been pleading with him to not go back on CNN. The Court agrees with the Magistrate Judge that these documents are not relevant to the issues in the case.  CNN seems to conflate the effects of political disagreement with damage caused by defamatory statements. The two are not the same. The Magistrate Judge's order denying production of Second Request No. 3 is not clearly erroneous.

III. CONCLUSION

As discussed above, the Court finds that the Magistrate Judge's Order (DE [101]) was clearly erroneous in denying CNN's Motion to Compel a response to Request to Produce No. 35.  The remainder of the Orders is affirmed.  For these reasons, it is hereby

**ORDERED AND ADJUDGED** that CNN's Objection to the Magistrate's Order on Plaintiff's Motion to Compel (DE [113] is **OVERRULED.**  It is **FURTHER ORDERED** that CNN'S Objections to the Magistrate Judge's Order on CNN's Motion to Compel [114]) are **SUSTAINED IN PART AND OVERRULED IN PART.**  Plaintiff shall produce documents responsive to Request to Produce No. 35 within 14 days of the date of this Order.  CNN

shall produce the employment/engagement agreements within 14 days of the date of this Order or within 5 days of the entry of an AEO protective order, whichever is later.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of June 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF