UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

**CNN'S MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH APRIL 21, 2022 DISCOVERY ORDER, AND INCORPORATED MEMORANDUM OF LAW[1]**

Defendant Cable News Network, Inc. ("CNN") respectfully moves under Fed. R. Civ. P. 37(a), and in accordance with Local Rule 26.1(g)(2), to compel Plaintiff Alan Dershowitz ("Plaintiff") to comply with this Court's discovery order of April 21, 2022 ("Order"), and to award CNN its attorneys' fees and costs in bringing this motion pursuant to Fed. R. Civ. P. 37(a)(5).

On April 21, 2022, this Court granted in part CNN's motion to compel Plaintiff to produce additional documents.[2] Now, more than two months after the Court's order, Plaintiff's production remains incomplete and his counsel has confirmed he is only just beginning to collect and review potentially responsive documents from his own files. Most recently, his newly substituted counsel took the position that Plaintiff need not search his Harvard University emails that have been "archived" by the school under the theory that those documents are not in his "possession." This position is untenable, not only because the Federal Rules of Civil Procedure obligate a party to produce documents in his "possession*, custody, or control*," Fed. R. Civ. P. 34(a)(1) (emphasis

---

[1] Permission to file this motion was granted by chambers on June 29, 2022.
[2] The Court's specific rulings are set forth in the transcript of the hearing held April 21, 2022 (the "April 21 Hearing"). *See* ECF No. 105 ("April 21 Tr."), at 150–170.

1

added), but because Plaintiff had previously agreed to search those documents, and has been required to produce responsive documents from that exact account in multiple other litigations. *See infra* p.5. There is no justification, at this late date, for Plaintiff to flout his discovery obligations in a case *he* brought, seeking $300 million in damages. This Court should order him to comply with the Order or face more serious sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A). At a minimum, Plaintiff should be required to pay CNN's costs incurred in bringing a motion that simply asks him to comply with this Court's direct orders. *See* Fed. R. Civ. P. 37(b)(2)(C).

## Factual Background

At a hearing on April 21, 2022, Magistrate Judge Valle ordered Plaintiff to produce additional documents responsive to certain of CNN's Requests by May 9, 2022. But, as to Request Nos. 17, 19, 22, 26, 28, and 29, Plaintiff has failed to comply. *See* ECF No. 64 ("JSR") at 4-5, 8; ECF No. 94 ("Supp. JSR") at 5; April 21 Tr. at 159:19–23, 160:13–15, 169:2–4, 170:6–171:11.

CNN has been seeking the ordered discovery since May 9th, when Plaintiff served revised versions of his written discovery responses and acknowledged that he would produce additional documents "under separate cover," within the day. Bolger Decl. ¶ 6; Ex. 1 (May 9 Email); Ex. 2.[3] It was not until May 27, 2022, however, that Plaintiff first produced any documents pursuant to the Court's Order. Bolger Decl. ¶ 6. Plaintiff also informed CNN that there was a "practical" issue with his ability to produce "archive[d]" emails from his Harvard University email account and requested that CNN provide search terms to facilitate the retrieval of responsive documents. Ex. 3. CNN did so, expecting Plaintiff to then search the emails. Ex. 4.

Over the following weeks, CNN repeatedly asked Plaintiff about the status of his Harvard emails and when he anticipated completing his document production. Plaintiff never provided any

---

[3] In compliance with the Court's Order, on May 9, 2022, CNN provided Plaintiff with supplemented responses to his Requests for Production and Interrogatories, and made a supplemental document production. *See* Bolger Decl. ¶ 4.

2

clear answers. Bolger Decl. ¶ 11. Plaintiff's counsel reaffirmed that Plaintiff was not "unwilling" to request that Harvard perform keyword searches of the account, but that his counsel still "ha[d] to gain a better understanding on how that would work." Ex. 5.

On June 10, 2022, Plaintiff filed a motion to substitute new counsel. ECF No. 144. On the morning of June 13th, CNN emailed Plaintiff's new counsel to inform him of these discovery issues. Exs. 6-7. CNN conferred with Plaintiff's new counsel four times by video conference and phone between June 15 and June 28. Bolger Decl. ¶¶ 18-19. At the first meeting, Plaintiff's counsel explained that he was still in the process of obtaining the full case file, but that Plaintiff intended to comply with his discovery obligations. *Id.* ¶ 18. At the second meeting on June 20, Plaintiff's counsel stated that Plaintiff was in the process of reviewing his files for additional responsive documents but did not indicate when that review would be complete. He also stated that Plaintiff did not believe he was obligated to review and produce emails that had been archived by Harvard, because they were not in his "possession" – a position that he had not previously asserted in this litigation. *Id.* ¶¶ 9, 13, 19. During phone calls on June 27 and 28, Plaintiff's counsel was still unable to provide a date certain when a "rolling production" of documents in Plaintiff's immediate possession would even begin, let alone be complete. *Id.* ¶¶ 25-26. He also still declined to agree that Plaintiff would search his archived Harvard emails. *Id.* ¶ 26.

## Argument

It is axiomatic that parties are required to obey direct orders from the court. *See, e.g., Charlemagne v. Alibayof*, 2022 WL 1642384, at *4 (S.D. Fla. Apr. 19, 2022) ("[F]ailure to comply with court orders is an 'abuse of the judicial process'").

First, this Court should compel Plaintiff to search his own files for responsive documents and complete that production by a date certain. Plaintiff's supplemental production contains only

4871-4293-0724v.9 0026517-000208

documents that he previously collected and/or produced in connection with other litigations. *See* Ex. 5 at 1. While that is a good start, Plaintiff has conceded the Court's Order required him to search for and produce documents specifically responsive to the Requests in *this* case. *See* Bolger Decl. ¶¶ 18-19. He is only just beginning to do that, and will not commit to any concrete timing, even months after the Court issued the Order, and with weeks remaining in the discovery period.

Second, Plaintiff should be compelled to produce responsive emails from his Harvard email account, including any that have been "archived." Until last week, there was no disagreement on this – the issue was merely Plaintiff's delay. Now, however, Plaintiff's new counsel is asserting that Plaintiff is not obligated to search for those documents because they are not in his "possession." *Id.* This misguided position seemingly is based on the Court's Court order that Plaintiff "produce documents in his possession." April 21 Tr. at 160:16-18; *see also id.* at 159:11-13, 160:13-15, 168:16-20. There was no indication the Court was purporting to excuse Plaintiff from complying with the clear obligations imposed on all litigants by the Federal Rules of Civil Procedure: production of documents "in the responding party's possession*, custody or control.*" Fed. R. Civ. P. 34(a)(1) (emphasis added). Indeed, Plaintiff never objected to producing emails from his Harvard account. *See* JSR; Supp. JSR.

On the contrary, he agreed to it; Plaintiff's prior counsel solicited search terms from CNN to facilitate the search of the "archived" Harvard emails and stated explicitly that he was not "unwilling" to search these emails. Ex. 5. Plaintiff seems to have used the substitution of counsel to justify an apparent change of heart. But, Plaintiff may not switch counsel and then, weeks after the deadline to file any objection to the Court's Order, announce that he will be applying a brand

4

new interpretation of that Order.[4] Plaintiff is required to produce responsive documents within his possession, custody and control, just as all litigants are required to do in federal court.

The emails in Plaintiff's Harvard account – even those that have been archived– are unquestionably within his "control." The Eleventh Circuit has made clear in the discovery context that "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). "[D]ocuments have been considered to be under a party's control (for discovery purposes) when that party has the right, authority, or practical ability to obtain the materials sought on demand." *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470–71 (S.D. Fla. 2011). And courts repeatedly have ordered Plaintiff to obtain and produce documents from his Harvard account, even when doing so required retrieving emails from the university's data archives. In his ongoing libel suit against Virginia Giuffre in the Southern District of New York, for example, after a two-year battle, the court granted Giuffre's motion to compel Plaintiff to produce responsive emails from his Harvard account. *See Giuffre v. Dershowitz*, 2022 WL 827825, *2-3 (S.D.N.Y. Feb. 14, 2022).[5] Here, as in Plaintiff's other cases, Plaintiff should be directed to immediately retrieve all responsive emails from his Harvard account, on penalty of further sanctions.

For these reasons, the Court should grant CNN's motion to compel, and, pursuant to Fed. R. Civ. P. 37(b)(2)(C), award CNN its costs and attorneys' fees incurred in making this motion.

---

[4] *Cf. MHG Hotels, LLC v. Studio 78, LLC*, 2021 WL 8894454, at *1 (S.D. Fla. May 25, 2021) (Singhal, J.) ("Although the Court recognizes the complications that come with retaining new counsel in the middle of litigation, new counsel is still required to comply with Court orders[.]").

[5] In another case in this Court – a libel action Plaintiff brought against Netflix – there was no question that responsive documents were located in Plaintiff's Harvard account, and, as here, Plaintiff had not originally objected to producing documents from that account. As here, he failed to produce those documents, but ultimately agreed on the record in court that he would press Harvard to retrieve them. *See* Ex. 10 (transcript of December 16, 2021 hearing in *Dershowitz v. Netflix, Inc.*, No. 21-cv-21961-CMA (S.D. Fla.)), at 4:20-6:17, 13:7-18.

## CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3), the undersigned hereby certifies that counsel for CNN has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion. Specifically, counsel for CNN conferred with Plaintiff's counsel by Zoom on June 15 and June 20, 2022, and by telephone on June 27, 2022 and June 28, 2022. Despite these efforts, counsel were unable to reach agreement on the issues raised in this motion.

On June 29, 2022, counsel for CNN spoke by telephone with the Court's law clerk, Mr. Hugh Hooper, and set forth the disputed issues discussed above and the fact that the parties were not able to resolve them through negotiation. Mr. Hooper informed CNN that it had the Court's permission to file the foregoing motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 29th day of June, 2022 to Mark Schweickert, Esq., mark@schweikertlaw.com, Schweickert Law, *Counsel for Plaintiff*, 1111 Brickell Avenue, Suite 1550, Miami, Florida 33131.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)

Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-489-8230

*Counsel for Defendant Cable News Network, Inc.*