UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

**DECLARATION OF KATHERINE M. BOLGER IN SUPPORT OF
CNN'S MOTION TO COMPEL COMPLIANCE WITH
<u>APRIL 21, 2022 DISCOVERY ORDER</u>**

I, KATHERINE M. BOLGER, declare:

    1.    I am a partner at Davis Wright Tremaine LLP, counsel to Defendant Cable News Network, Inc. ("CNN") in this action. I submit this declaration in support of CNN'S Motion to Compel Plaintiff's Compliance With April 21, 2022 Discovery Order ("Motion").

    2.    On April 21, 2022, Hon. Alicia O. Valle, who was then the Magistrate Judge assigned to this case, held a hearing to address all of the pending motions to compel (the "April 21 Hearing"). At the conclusion of the hearing, Judge Valle issued rulings on each of the pending motions and, later that day, issued a Paperless Order on Discovery Motions that granted in part and denied in part CNN's Motions to Compel (ECF Nos. 52, 72), granted in part and denied in part Plaintiff's first Motions to Compel (ECF Nos. 51, 53), and denying Plaintiff's March 31, 2022 Motion to Compel (ECF No. 85). *See* ECF No. 101.

    3.    At the conclusion of the April 21 Hearing, Judge Valle directed the parties to serve supplemental written responses to the other parties' discovery requests based on the Court's

resolution of the motions to compel, and to produce any additional documents pursuant to the Court's orders by May 9, 2022.

4. On May 9, 2022, CNN served supplemental written responses to Plaintiff's Request for Production and Interrogatories and made a supplemental production of all of the additional documents ordered by the Court at the April 21 Hearing.

5. On May 9, 2022, CNN received Plaintiff's supplemental responses to CNN's First Request for Production, Second Request for Production and Interrogatories as attachments to an email from Plaintiff's then-counsel, Brian Rodier. A true and correct copy of that email is attached hereto as **Exhibit 1**. Plaintiff's supplemental responses to CNN's First Request for Production is attached hereto as **Exhibit 2**.

6. In the email from Mr. Rodier, he stated "Documents will be sent under separate cover." Plaintiff did not, however, produce any documents on that date.

7. Plaintiff did not make his first supplemental document production until a week later, on May 16, 2022, at which time Plaintiff produced forty pages of emails and articles, all of which bore a bates stamp from a different case, in addition to the bates stamp for this case. Plaintiff also produced a voicemail audio recording.

8. In the email from Mr. Rodier attaching that initial supplemental production, he stated that the supplemental production was "not complete and there will be more coming, likely tomorrow." He also addressed the logistics of Plaintiff obtaining and producing responsive emails from his Harvard University account:

> [P]laintiff is no longer in possession of any Harvard emails before 2020. Apparently, Harvard automatically archives all emails of a certain age. This is where the criticism emails[1] exist as strangers do not have his personal email. I have learned from other counsels that Harvard IT will conduct a search of emails

---

[1] As discussed below, among the requests for production to which Plaintiff was ordered to respond was one for communications "in which a third party has criticized You or Your legal abilities."

2

   based on search terms.  We cannot give them a search term "criticism".  As such, you know what you are looking for and we are willing to comply as best possible, so please come up with a list of search terms.

A true and correct copy of this email is attached hereto as **Exhibit 3**.

  9. At no time, either in the email attached as Exhibit 3 or in any discussions with me, did Mr. Rodier state that Plaintiff believed he was not obligated to produce documents from his Harvard University account on the grounds that such documents were not in his possession.

  10. On May 19, 2022, via an email sent by my colleague, Eric Feder, CNN provided a list of search terms for Plaintiff to request that Harvard run on Plaintiff's archived emails.  A true and correct copy of this email is attached hereto as **Exhibit 4**.

  11. Over the next two weeks, CNN repeatedly requested that Plaintiff provide a date certain by which he will complete his production, including archived emails from his Harvard University email account, but Plaintiff never provided that information.

  12. On May 25, 2022, in response to an email in which we inquired when Plaintiff's second supplemental production would be made, and regarding the status of running the search terms on Plaintiff's Harvard account, Mr. Rodier initially responded that "[n]othing else is in Plaintiff's custody or possession," that he "did try to go above and beyond and try to access Harvard emails if I can figure a way," but that he "ha[d] not dropped everything to do this though." He followed up that email two minutes later to state, "Correction. I do believe I am getting another packet from his other lawyers."

  13. The next day, after we asked Mr. Rodier to clarify whether Plaintiff was taking the position that he was "not willing to request th[e] search [his] Harvard emails," Mr. Rodier responded:  "I did not say I am unwilling.  I have to gain a better understanding on how that would work.  What I said was those emails are not in my client's possession."  A true and correct copy

of the email thread containing the emails discussed in the previous paragraph and this paragraph is attached hereto as **Exhibit 5**.

14. On May 27, 2022, Plaintiff made an additional supplemental production of 100 pages, again comprising documents that had been collected in connection with a different litigation.

15. On June 3, 2022, via an email from my colleague, Mr. Feder, we reached out to Plaintiff's counsel to reiterate the deficiencies in his discovery responses and again inquire when those deficiencies would be cured. A true and correct copy of that email is attached hereto as **Exhibit 6.**

16. On Friday, June 10, 2022, Plaintiff filed a stipulated motion to substitute Mark Schweickert as new counsel in place of Brian Rodier. *See* ECF No. 144. The Court granted that motion on June 14, 2022. *See* ECF No. 149.

17. On Monday, June 13, 2022, I sent an email to Plaintiff's new counsel, Mr. Schweickert, to raise a number of outstanding issues, including the deficiencies in Plaintiff's discovery responses. I attached a copy of the June 3 email attached as Exhibit 6 to my June 13 email to Mr. Schweickert. A true and correct copy of that email is attached hereto as **Exhibit 7**.

18. On June 15, 2022, my colleague, Mr. Feder, and I met and conferred via the Zoom videoconferencing platform with Mr. Schweickert. At that conference, we discussed the discovery deficiencies outlined in the June 3 email. Mr. Schweickert explained that he was still in the process of obtaining and reviewing the full case file, but that Plaintiff intended to comply with his discovery obligations. We agreed to reconvene on the following Monday, by which point Mr. Schweickert would have had the opportunity to investigate the status of the discovery issues with his client and predecessor counsel.

19. On June 20, 2022, Mr. Feder and I again met with Mr. Schweickert via Zoom. During this meeting, Mr. Schweickert stated that Plaintiff was in the process of using search terms to query files that were in his possession to find additional responsive documents but did not provide a date certain when that review would be complete. Mr. Schweickert also stated that Plaintiff did not believe he was obligated to search for his emails that had been archived by Harvard because those documents were not in his "possession," and he interpreted the Court's orders at the April 21 Hearing as requiring Plaintiff to produce only documents in his "possession."

20. Mr. Rodier had never asserted this position regarding Plaintiff's Harvard emails and had never suggested that Plaintiff interpreted the Court's April 21 Order to supplement his production as applying only to documents in his "possession," and not documents that are otherwise in his "custody or control."

21. At the meeting with Mr. Schweickert, I informed him that other courts in recent cases involving Plaintiff had ordered him to retrieve emails from his Harvard account in order to produce responsive documents during discovery, including in the Southern District of New York. I offered to provide him with copies of this precedent. Mr. Schweickert stated that orders from the New York court would not have bearing in this case, and Plaintiff intended to comply with the Court's order, as he interpreted it – that is, as requiring that he produce documents in his "possession" only.

22. Attached hereto as **Exhibit 8** is a true and correct copy of a pre-motion letter filed on February 26, 2021, by Virginia Giuffre in the Southern District of New York in an action against the Plaintiff, docketed as ECF No. 242 in a case captioned *Giuffre v. Dershowitz*, No. 19-cv-3377-LAP (S.D.N.Y.) (the "*Giuffre* Case").

4866-0298-2182v.2 0026517-000208

23. Attached hereto as **Exhibit 9** is a true and correct copy of the transcript of a court hearing held in the *Giuffre* Case on March 25, 2021 (which was docketed as ECF No. 408-1 in the *Giuffre* Case).

24. Attached hereto as **Exhibit 10** is a true and correct copy of the transcript of a discovery hearing held on December 16, 2021 before Magistrate Judge Torres in an action filed in the Southern District of Florida captioned *Dershowitz v. Netflix, Inc.* No. 21-cv-21961-CMA.

25. On June 27, 2022, my colleague, Mr. Feder, spoke with Mr. Schweickert by phone to review the outstanding deficiencies and confirm whether any resolution was possible. I am advised that, on that call, Mr. Schweickert requested additional time to further investigate the issues, but that he would be in a position to report back with more information by 5:00 p.m. the following day.

26. On June 28, 2022, Mr. Feder and Mr. Schweickert spoke by phone again, and again reviewed the outstanding issues. I am advised that, on that call, Mr. Schweickert stated that his office was in the process of reviewing additional potentially responsive documents, and that he intended to produce documents on a "rolling" basis, but that he was not able to provide a date certain by which that rolling production would begin, let alone be completed. I am also advised that Mr. Schweickert would agree only to review documents in Plaintiff's immediate possession, and would not agree to request that Harvard retrieve archived emails from Plaintiff's university email account.

I declare under the penalties of perjury that the foregoing is true and correct.

Dated: June 29, 2022

*Katherine M. Bolger* (signature)

Katherine M. Bolger