UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-SINGHAL/HUNT

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER**[1]

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff Alan Dershowitz files this motion to compel and for a protective order against Defendant Cable News Network, Inc.

**I.   CNN cannot unilaterally set Plaintiff's deposition and preclude Plaintiff from taking depositions during the last week of July, as discovery ends August 5th.**

CNN claims there is "no alternative [other] than to insist on taking Mr. Dershowitz's depositon [in person] in New York or Ft Lauderdale on July 22." Ex. A at 3. This is despite being repeatedly advised that Plaintiff (who is 83 years old and recently had heart surgery) is *not* available in those locations on that date but is available in Martha's Vineyard or remotely. *See* Ex. A at 2, 5, 9, & 18; Ex. B at 2-3. To be sure, Plaintiff has not stopped trying to accommodate CNN's lead counsel's personal and professional schedules by proposing numerous alternative dates and locations, including weekends if necessary. *See* Ex. A at 2, 6, 9, 15, & 18; Ex. B at 2-3.

To date, however, CNN has refused to allow any depositions to be set during the last week of July, because its lead counsel will be on vacation. *See* Ex. A at 9-11; Ex. B at 2-4. At present,

---

[1] Permission to file this motion was granted by chambers on June 29, 2022.

1

the parties have tentatively scheduled numerous depositions between now and July 22nd, which is the last workday before CNN's lead counsel's vacation. *See* Ex. A at 4-5. To assist with scheduling issues, Plaintiff has proposed deposing witnesses during the last week of July or even on weekends. *See* Ex. A at 2, 7 & 9-10; Ex. B at 2. But CNN has refused to allow *any depositions* while its counsel is on vacation and rejected Plaintiff's alternative offer of weekend depositions.

While the undersigned can appreciate why CNN's counsel would like to personally take Plaintiff's deposition, there is no reason why Plaintiff should be precluded from taking any depositions during the last week of July or on weekends, if necessary—especially considering CNN has *seven* other counsel of record who could appear and *defend* such depositions. *See* Ex. A at 9; Ex. B at 2-3; *see also Docket* (listing CNN's lawyers). Nor is there any reasonable basis for CNN to threaten to unilaterally set Plaintiff's deposition for a location where he is not available. Therefore, Plaintiff requests that this Court prohibit CNN from unilaterally noticing his deposition and permit Plaintiff to take depositions during the last week of July or on weekends, if necessary.

**II.     CNN's supplemental answer to ROG #7—which directs Plaintiff to review approximately 200 documents—does not comply with the spirit or letter of Rule 33(d).**

> **[Interrogatory No. 7:]** For each televised broadcast or cnn.com publication, between January 29, 2020 and January 31, 2020, in which Alan Dershowitz's response to Ted Cruz's question was referenced or discussed, please provide specific details of what steps were taken in preparation for each broadcast or publication. This includes, but is not limited to, meetings held (names of participants and summary of meeting), all documents that were prepared and all written communications related to same.
>
> **[CNN's Supplemental Answer:[2]]** Defendant responds that it will conduct a reasonable search of the documents of the Designated Custodians, to the extent in Defendant's possession, custody, or control, and will produce responsive, non-privileged documents, if any, relied on in drafting and/or editing of the Alleged Defamatory

---

[2] CNN's original and supplemental answers are virtually identical, except that its supplemental answer omits its prior objections.

2

>  Publications, from which the answer to this Interrogatory may be derived in accordance with applicable Rules and the Protective Order.

(Ex. C, CNN's Supp. Resp. to Interrog. at No. 7).

Plaintiff previously moved to compel an answer to this interrogatory. (*See* ECF No. 51 at 6-7). As clarified at the April 21st hearing, Plaintiff "just want[ed] to know if there was a meeting" where decisions were made about how the relevant broadcasts would proceed before they went on air. (Hrg. Tr., ECF No. 105 at 33:16-17). For example, were there any meetings where CNN's employees and commentators were "like, OK, Joe, . . . he'll go first, I am going to point to him, then you'll go, and stuff like that[?]" *Id.* at 33:20-21. As prior counsel explained, he could not "decipher in any way possible if there was a meeting, who was in the meeting, if there is an outline of what is going to be discussed or if there was a discussion before." *Id.* at 34:25-35:4. In response, CNN represented that it had produced documents from which the answer could be derived under Rule 33(d). *Id.* at 85:15-86:3. Based upon this representation, the Court denied Plaintiff's motion. *Id.* at 166:11-14.

On June 27th, undersigned counsel spoke with CNN's counsel about the failure to identify which *specific* documents purportedly contained the requested information.[3] (*See* Ex. D, Emails at 6-7). CNN's counsel subsequently sent a list of approximately 200 documents from which Plaintiff could allegedly ascertain the requested information with "substantially the same" burden as CNN under Rule 33(d). *See id.* at 3-4. That is nonsense. Plaintiff simply wants to know if there were any pre-publication meetings where decisions were made related to the defamatory statements and, if so, who participated in those meetings. All CNN's counsel needs to do is ask

---

[3] During that call and subsequent emails, CNN claimed that Plaintiff's challenge was untimely under Local Rule 26.1(g)(1). Plaintiff respectfully submits that good cause exists for any delay as the clock allegedly expired around the same time that he was in the process of changing counsel.

its client.  Plaintiff respectfully requests that CNN be compelled to provide this information in writing in a straightforward manner.

**III.    Defendant's supplemental answer to ROG #8 tiptoes around the Court's Order.**

> [**Interrogatory No. 8:**] Did any person referenced in interrogatories 3 and 4, or listed in your answers to interrogatories 3 and 4, delete or discard any written communications that referenced Alan Dershowitz or any of the documents referenced in interrogatory 7? If so, please provide detailed information regarding what type of communication or document was deleted, the person that deleted it, the date it was deleted and all parties that were part of the communication or privy to the document and explain what steps CNN took to preserve all said communications and documents.
>
> [**CNN's Original Response:**] . . . Subject to and without waiving the foregoing objections, Defendant responds that it has taken reasonable steps to preserve relevant information in compliance with its preservation obligations under the Federal Rules of Civil Procedure in this action.

(Jt. Status Report, ECF No. 64 at 33).  Because CNN sidestepped this interrogatory by reciting its general duty to preserve evidence once it anticipates litigation, Plaintiff moved to compel.  (*See* ECF No. 51 at 7).

CNN subsequently represented in the Joint Status Report "that of the individuals whom counsel has interviewed, none recalled ever purposefully deleting relevant materials once on notice of this litigation."  (Jt. Status Report, ECF No. 64 at 33-34).  Still, the Court granted in part Plaintiff's motion to compel as follows:

> [**Court's Ruling:**] Request No. 8[4] dealing with deletion of emails, I am going to deny that. I believe that defendant's answer is sufficient.  There are no allegations here that anyone has spoliated evidence, so I am not going to grant that at this point, *with one exception*. So I guess it is denied in part, *granted in part*.
>
> *Since I added new individuals here, the writers and the other two groups, fact checkers and editors, I am going to ask the defendant*

---

[4] There is no dispute that this reference to "Request No. 8" was to Interrogatory No. 8."

>             *to inquire from those individuals,* as they did of the other custodians,
>             regarding possible spoliation. <u>Not spoliation</u> but <u>deletion</u>.

(Hrg. Tr., ECF No. 105 at 166:8-25) (emphasis added).

On May 9th, after the hearing, CNN supplemented its answer to add, "pursuant to the Court's Order, that *of the <u>Designated Custodians</u> <u>whom counsel has interviewed</u>, none recalled ever <u>purposefully</u> deleting <u>relevant</u> materials once on notice of this litigation*. (Ex. C, CNN's Supp. Resp. to Interrog. at No. 8) (emphasis added). While this answer addresses *purposeful deletion* (a form of spoliation), it does not address lesser forms of deletion, such as through inadvertence or a personal, department, or company-wide custom or practice.

Indeed, it also only raises more questions than answers. For example, did CNN in fact interview all *twenty-nine* of its Designated Custodians? *See id.* at No. 1 (listing 29 custodians). If so, why did CNN qualify its answer to ambiguously state "*of the Designated Custodians* whom counsel has interviewed"? This implies that there are custodians whom counsel has *not* interviewed. Similarly, why does CNN only address any *purposeful deletion* (i.e., spoliation), as opposed to addressing any inadvertent or other forms of deletion? Were any responsive documents or communications inadvertently deleted or discarded due to a personal, department, or company-wide recordkeeping custom or practice? CNN apparently does not want to say. Lastly, why is the scope of CNN's answer limited to what it unilaterally deems to be "relevant materials," as opposed to the actual materials that are the subject of the interrogatory? CNN's supplemental response carefully—and dubiously—tiptoes around the answers to these questions.

Counsel for the parties have debated the merits of CNN's answer. During their last call, CNN reiterated its position that it had fully complied with the Court's order. Plaintiff disagrees. Therefore, Plaintiff respectfully requests that CNN be compelled to answer this interrogatory with respect to "[n]ot spoliation, but deletion[,]" as ordered. (Hrg. Tr., ECF No. 105 at 166:25).

**Local Rule 7.1(a)(3) Certification**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred with CNN's counsel in an effort to resolve the issues raised herein but has been unable to do so to date.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) prohibit CNN from unilaterally setting Plaintiff's deposition; (2) permit Plaintiff to take depositions during the last week of July or on weekends, if necessary; and (4) award Plaintiff his attorney's fees and costs incurred in seeking this relief pursuant to Rule 37.

Respectfully submitted,

By: */s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)
mark@schweikertlaw.com
help@schweikertlaw.com (secondary email for service)
**SCHWEIKERT LAW PLLC**
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Office: (305) 999-1906
Mobile: (305) 926-9452

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 1, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

*/s/ Mark A. Schweikert*