UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-SINGHAL/HUNT

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL (ECF NO. 154)**

This Court should deny CNN's motion[1] to compel Plaintiff to comply with a so-called "direct order" that does not exist. To be clear, there is no alleged order requiring Plaintiff to produce responsive emails that have been archived by Harvard, because CNN did not request this unduly burdensome relief until now—despite notice and opportunity to do so—and therefore the parties did not previously brief or orally argue this issue in connection with the Court's five-hour[2] omnibus discovery hearing on April 21, 2022. Consequently, and contrary to CNN's motion, the Court did not consider—let alone adjudicate—whether Plaintiff has "control" over any emails archived by Harvard, a non-party, in accordance with applicable law.

CNN is essentially asking this Court to ignore its predecessor's prior rulings requiring Plaintiff to produce documents responsive to Request Numbers 17, 19, 22, 26, 28 and 29 that are solely within his "*possession*"—and instead baselessly expand the limited scope of its prior rulings

---

[1] CNN's 5-page motion includes a 6-page declaration as an end run on the Court's page limit for discovery motions. (*See* General Order on Discovery, ECF No. 152 at 4).
[2] (ECF No. 100) (total time in court was 4 hours and 50 minutes).

1

to encompass documents that are also allegedly within his "control"—even though CNN never requested and thus this Court never even considered granting such unduly burdensome relief. Instead, the Court specifically limited the scope of its rulings only to responsive documents within Plaintiff's "possession," as evident by the hearing transcript. (*See, e.g.*, April 21st Hrg. Tr., ECF No. 105 at 159:11-20 ("Plaintiff is to produce all communications regarding lawsuits and defamatory statements *in his possession* . . . . Request No. 22, 26 and 27 . . . I am going to grant these in part limited to 2017, as I stated previously.") (emphasis added); *id.* at 160:13-15 ("As to No. 28, I am going to grant in part limited to, again, 2017 forward, and of course documents that are *in the possession of the plaintiff.*") (emphasis added); *id.* at 169:2-4 ("As to 17, 19 and 29, . . . Plaintiff is to amend its answer, provide documents *if he has any*, and if not to clearly state so.") (emphasis added); *See also id.* at 160:16-17 ("As to second request No. 4, . . . [t]he plaintiff is to produce documents *in his possession*.") (emphasis added); *id.* at 168:13-20 (limiting production to those "that are *in his possession*") (emphasis added).

Nevertheless, CNN claims "[t]here was no indication the Court was purporting to excuse Plaintiff from complying with the clear obligations imposed on all litigants" to produce documents in their "'possession, custody or control[,]'" (ECF No. 154 at 4) (citing Fed. R. Civ. P. 34(a)(1)), even though this routinely imposes such limitations when appropriate.[3] CNN simply overlooks the fact that the Court prefaced all its rulings as "framed by the basic discovery principles and the

---

[3] This Court routinely distinguishes between documents in a party's possession versus those within its control. *Cf., e.g.*, *Charlemagne v. Alibayof*, 20-CV-62043-SMITH/VALLE, 2021 WL 8534230, at *2 (S.D. Fla. Nov. 16, 2021) (ordering production of "other photographs in [defendant's] *possession*") (emphasis added) *with Bad Moms, LLC v. STX Fin., LLC*, 17-CV-62510-BLOOM/VALLE, 2018 WL 4184535, at *4 (S.D. Fla. Aug. 31, 2018) (ordering production of documents that "are in Plaintiff's possession, custody, or control.")); *see also Benzion v. Vivint, Inc.*, 12-61826-CIV-ZLOCH/HUNT, 2013 WL 12304563, at *3 (S.D. Fla. Sept. 20, 2013) ("Defendant's response shall be limited to those documents in its possession that are responsive to this request and it shall not be required to produce materials outside of its possession.").

2

Federal Rules of Civil Procedure." (April 21st Hrg. Tr., ECF No. 105 at 151:3-4). This specifically included "the increased reliance on the common sense concept of *proportionality*," *id.* at 151:19-20 (citing *In Re Takada Airbag Prod. Liab. Litig.*, 14-24009-CV, 2016 WL 1460143, at *1 (S.D. Fla. Mar. 1, 2016) (emphasis added)), as well as the Court's authority:

> to *limit discovery* if the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.* at 156:10-19 (emphasis added) (citing *JCW Software v. Embroidme.com, Inc.*, 10-80472-CIV, 2011 WL 2149062, at *1 (S.D. Fla. May 31, 2011) (citing Fed. R. Civ. P. 26(b)(2)(C))). It was "against this legal backdrop," *id.* at 153:20, that the Court then ruled upon the parties' discovery issues, including CNN's two motions to compel.

CNN's prior motions attacked the sufficiency of Plaintiff's original responses to the document requests that are once again the subject of its current motion. (*See* 12/03/21 Mt. to Compel Prod. of Docs. & Interrog. Resp., ECF No. 52 (challenging responses to Request Numbers 22, 26, and 28); *see also* 01/27/22 Mt. to Compel Prod. of Pre-Jan. 29, 2020 Docs., ECF No. 72 (challenging responses to Request Numbers 17, 19, and 29)). CNN took issue with Plaintiff's objections to certain responses. *See* Ex. A, Pl.'s Resp. to CNN's First Req. for Prod. at ## 22, 26, & 28. CNN also challenged Plaintiff's compliance with his agreement to produce certain responsive documents "in his possession." *Id.* at #17 ("Plaintiff will produce what he currently has *in his possession* . . . .") (emphasis added); *id.* at #19 (same); *id.* at #29 (same).

However, nowhere in CNN's motions—let alone during the April 21st hearing—did it argue (like it does now) that Plaintiff should be compelled to produce responsive documents not

3

only with his "possession," but also within his "control," which is a very different legal animal. For example, CNN now cites for the first time *Costa v. Kerzner Intern. Resorts, Inc.*, 277 F.R.D. 468 (S.D. Fla. 2011) and *Searock v. Stripling*, 736 F.2d 650 (11th Cir. 1984) to support its contention that the Court's prior rulings allegedly required Plaintiff to also produce responsive documents within his "control." (ECF No. 154 at 5). This is despite the complete absence of any argument about, much less reference to, whether Plaintiff purportedly had "control" over any emails archived by Harvard, a non-party, anywhere in CNN's extensive briefing, in the parties' Joint Status Report (ECF No. 64), or in their oral arguments at the hearing. In fact, CNN does not even begin to explain how this Court supposedly weighed the specific factors that *Costa* says courts "must look to" in determining whether a party has "control" over documents in a non-party's possession. 277 F.R.D. at 471. CNN's silence speaks volumes.

In equally dubious fashion, CNN next suggests that it does not matter whether the Court ordered Plaintiff to produce responsive documents from Harvard's email archives, because Plaintiff's prior counsel allegedly "agreed to it[.]" (ECF No. 154 at 4). But that absurd notion is also belied by the records CNN relies upon. For instance, on May 16th, Plaintiff's prior counsel advised CNN that Plaintiff was "no longer in possession of any Harvard emails before 2020." (ECF No. 154-7 at 6). On May 25th, Plaintiff's prior counsel again stated that "[n]othing else is in Plaintiff's custody or possession." *Id.* at 5. On May 26th, Plaintiff's prior counsel further reiterated that "those emails are not in [his] client's possession." *Id.* at 3. While Plaintiff's prior counsel did try to reasonably accommodate CNN's endless barrage of demands, there is no evidence of any alleged agreement between the parties to disregard the Court's prior rulings limiting the scope of Plaintiff's document productions to only those within his "possession."

But that has not stopped CNN from asking this Court to disregard its own prior rulings and instead rely upon a discovery order and hearing transcripts from proceedings in other cases, in other courts, involving different issues, claims, and circumstances. While parties may sometimes wish that other discovery orders by other district or magistrate judges in other cases governed the discovery disputes arising out of the issues in their particular case, that is not how the law works. It is undisputed that this Court invested nearly five hours hearing the parties' respective arguments and considering their respective positions in accordance with the law, before it ultimately rendered its rulings on the issues presented. Plaintiff has (and will continue) to comply with those rulings.

Finally, contrary to CNN's claim that Plaintiff is "*only just beginning* to collect and review potentially responsive documents from his own files[,]" (ECF No. 154 at 1) (emphasis added)—Plaintiff previously produced thousands of pages of responsive documents in December 2021. After the Court rendered its rulings on April 21st, Plaintiff produced several hundreds pages of additional responsive documents as ordered. (*See* ECF No. 154-7 at 3 & 6) (referencing Plaintiff's post-hearing productions on May 16th and 27th). Even still, and at the behest of CNN, Plaintiff has continued to reasonably search for responsive documents in his possession. Those documents will be produced on a rolling basis and Plaintiff intends to complete his additional reasonable searches well before the date of his deposition, which has yet to be cooperatively scheduled.[4]

WHEREFORE, Plaintiff respectfully requests that the Court deny CNN's motion and award Plaintiff his attorney's fees and cost incurred in responding thereto pursuant to Rule 37.

Respectfully submitted,

By: */s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)

---

[4] CNN has unilaterally noticed Plaintiff's deposition for July 22nd in Fort Lauderdale, despite being advised that he is only available in Martha's Vineyard or remotely on that date. Plaintiff has thus moved for a protective order. (*See* ECF No. 155).

>mark@schweikertlaw.com
>help@schweikertlaw.com (secondary email for service)
>**SCHWEIKERT LAW PLLC**
>1111 Brickell Avenue, Suite 1550
>Miami, Florida 33131
>Office: (305) 999-1906
>Mobile: (305) 926-9452

## CERTIFICATE OF SERVICE

I hereby certify that, on July 6, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

>/s/ Mark A. Schweikert_____