UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-SINGHAL/HUNT

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.

_____/

**PLAINTIFF'S RESPONSE TO NON-PARTY ANNE MILGRAM'S
MOTION FOR PROTECTIVE ORDER (ECF No. 165)**

This case concerns CNN's defamatory publications about Plaintiff after he presented legal arguments about the constitutionality of the impeachment proceeding against President Trump in January 2020. At issue was whether Trump could be impeached for allegedly offering a "quid pro quo" to Ukrainian president Volodymyr Zelenskyy by conditioning the release of foreign aid upon an investigation into the Biden family by Ukraine. During the proceeding on January 29, 2020, Senator Ted Cruz posed the following questions: "As a matter of law, does it matter if there was a quid pro quo? Is it true that quid pro quos are often used in foreign policy?" (1/29/20 Cong. Record at S650). Plaintiff unequivocally responded in part that: "The only thing that would make a quid pro quo unlawful is *if the quo were in some way <u>illegal</u>*." *Id.* (emphasis added).

Nevertheless, CNN and its commentators falsely characterized Plaintiff as having argued that a President could do *anything* he wanted—including commit *crimes*—and so long as he believed doing so would help him get re-elected, he could not be impeached by Congress. For example, on January 29, 2020, Ms. Milgram appeared as a paid CNN Commentator on Anderson

1

Cooper's program, Full Circle. After CNN showed an abridged video of Plaintiff's presentation to Congress—which this Court has already found "is not accurate, to the extent that it omitted a crucial qualification: that an illegal motive for a quid pro quo would be corrupt[,]" (Order, ECF No. 28 at p.13)—Ms. Milgram made the following defamatory statements:[1]

> *This view of the executive, the executive power that <u>Dershowitz basically announced today</u> <u>would make the President a king</u>, it <u>would put the President beyond the rule of law</u> . . . . and you and I are talking about a quid pro quo here of exchanging, withholding military aid but we could think of a lot of other things that there's no version you know, could you kill your opponent? Could you, you know, leak dirt on someone? . . .[T]here's <u>no limit</u> to basically <u>how badly behaved people could be</u> and <u>they can actually commit crimes</u> which we know, you know, <u>Dershowitz is essentially saying it doesn't matter what the quid pro quo is</u> as long as you think you should be elected.*

(First Am. Compl., ECF No. 66 at ¶13).[2] Plaintiff thus seeks to depose this crucial witness.

**I.     No good cause exists to limit the temporal or subject matter scope of the deposition of a crucial witness who exploited CNN's global platform to defame Plaintiff.**

This Court should reject Ms. Milgram's request to preemptively limit the temporal and subject matter scope of her deposition without for no good reason. If there's nothing there, there's nothing there, and the examination will move on. There is no need to waste everyone's time and resources arguing over issues that do not exist.[3]

To be sure, Ms. Milgram contends that the scope of her deposition should be limited to an approximately 24-hour period spanning January 29, 2020—the day she made the defamatory

---

[1] This is not a complete quote all the defamatory statements made by Ms. Milgram during her appearance on Full Circle on January 29, 2020.

[2] This publication is available here: https://www.cnn.com/videos/politics/2020/01/29/anne-milgram-trump-impeachment-trial-senate-questions-acfc-full-episode-vpx.cnn (last visited July 20, 2022).

[3] *"The [witness] doth protest too much, methinks."* Hamlet by Shakespeare.

2

statements about Plaintiff—as well as topics reasonably[4] related to her credibility. As grounds, Ms. Milgram cites CNN's response to an earlier motion describing the Court's prior rulings limiting the scope of interrogatory answers (for example, asking for the identity of potential witnesses) to January 29-30, 2020. Therefore, according to Ms. Milgram the Court must have similarly imposed a temporal limitation on the scope of depositions. That is incorrect, as the Court made clear: "My rulings have nothing to do with depositions."[5] (Apr. 21, 2022 Hrg. Tr., ECF No 105 at 164:16-19).

Next, Ms. Milgram contends that anything that may have occurred after Ms. Milgram made her defamatory statements is *ipso facto* "not probative of CNN's state of mind at the time Ms. Milgram made her on-air statements." (ECF No. 165 at 5). That too is incorrect (although one does not need to review the hearing transcript to understand why). As a former federal prosecutor, Ms. Milgram should be aware that subsequent events may be probative of a person's state of mind at a prior time. Consider the classic example of a "jailhouse confession," where an accused murder later confesses to his cellmate that he did, in fact, intend to kill his victim and that it was no accident. Although that confession occurred long after the killing, it may still be probative of the accused's state of mind at the time thereof.

The same rationale applies here. Although the parties may dispute at trial whether certain information is relevant and admissible to prove CNN's state of mind at the time of the defamatory publications, Plaintiff is nevertheless entitled to discover any information during the deposition

---

[4] Plaintiff's counsel has no interest in wasting time during the deposition arguing over whether a particular topic is *reasonably related* to Ms. Milgram's credibility. More than enough time has already been wasted due to needless arguments at prior depositions arising out of CNN's counsel's repeated argumentative and suggestive speaking depositions, as well as highly unusual (and improper) instructions not answer certain questions as allegedly off-limits or "irrelevant."

[5] The transcript was sealed due to the disclosure of some confidential information during the hearing. This particular sentence does not contain any such confidential information.

that is reasonably calculated to lead to the discovery of admissible evidence. (*See* Order, ECF No. 150 at citing *Akridge v. Alfa Mut. Ins. Co.,* 1 F.4th 1271, 1276 (11th Cir. 2021)). This would include, for example, events that preceded or succeeded January 29, 2020. Plaintiff respectfully requests that the Court deny Ms. Milgram's request to impose artificial limits on the scope of the deposition, which would only unnecessarily prolong the deposition by creating grounds for repeated interruptions and argument by Ms. Milgram's counsel.

**II.     No good cause exists to impose an *absolute* 2 or 3 hour time limit on the deposition.**

While the undersigned greatly respects and appreciates Ms. Milgram's public service, the fact that she is *busy* working "over 12 hours a day, 7 days per week, leading the nation's efforts against drug trafficking," (ECF No. 165 at 2), is irrelevant where, as here, a high-ranking government official has "'*some* personal knowledge about the matter and the party seeking the deposition makes a showing that the information cannot be obtained elsewhere.'" *Zimmerman v. Al Jazeera Am., LLC*, 329 F.R.D. 1, 6 (D.D.C. 2018) (quoting *Sourgoutsis v. United States Capitol Police,* 323 F.R.D. 100, 114 (D.D.C. 2017) (emphasis added)). As the court concluded in *Zimmerman*, "'[w]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition.'" 329 F.R.D. at 7 (citation omitted).

That is the case here. The only person who can testify about Ms. Milgram's personal knowledge is Ms. Milgram. Plaintiff has previously offered to endeavor to limit the deposition to three hours, although it could be longer or shorter depending on how it unfolds. Plaintiff continues to believe this is a reasonable compromise, especially given Rule 30 allows for depositions of up to seven hours. However, Plaintiff's counsel cannot agree to an *absolute* strict time limit of two or three hours, because he does not know Ms. Milgram, he does not know what she knows, and he does not know where her answers to questions may ultimately lead. Depositions are impossible

to predict with any certainty. Plaintiff respectfully requests that the Court refrain from imposing any limitations that will unfairly impinge upon his right to discover evidence relevant to the claims he has the burden to prove. Ms. Milgram's motion should be denied in its entirety.

WHEREFORE, Plaintiff respectfully requests that the Court deny Ms. Milgram's motion and award his fees and costs incurred in responding to her motion pursuant to Rule 37.

Respectfully submitted,

By: */s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)
mark@schweikertlaw.com
help@schweikertlaw.com (secondary email for service)
**SCHWEIKERT LAW PLLC**
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Office: (305) 999-1906
Mobile: (305) 926-9452

## CERTIFICATE OF SERVICE

I hereby certify that, on July 21, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

*/s/ Mark A. Schweikert*