UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-SINGHAL/HUNT

ALAN DERSHOWITZ

    Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO CNN'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO ITS FOURTH REQUEST FOR PRODUCTION**[1]

**I. CNN's motion should be denied as untimely.**

Local Rule 26.1 requires discovery motions to be filed within thirty days from the: "(a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; . . . ; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials." Here, Plaintiff's prior counsel served his client's responses to CNN's Fourth RFP on June 9, 2022, shortly before he was substituted out of this case.[2] Yet CNN did not file its motion

---

[1] Plaintiff's counsel respectfully requests the Court and parties' forgiveness for filing this response on the morning of July 21, 2022, instead of by midnight on July 20th. Plaintiff's counsel flew to New York City on late Tuesday night to depose Susie Xu (the Executive Producer of Erin Burnett's show) and Anderson Cooper (a CNN anchor) on Wednesday, which lasted from approximately 9am until 6pm. Counsel then skedaddled to the airport to fly back to Miami and did not arrive home until approximately midnight. After preparing and filing his response to Ms. Milgram's motion (filed at approximately 230am), Plaintiff's counsel felt borderline delusion due to exhaustion and decided to sleep several hours before waking up to draft this response.

[2] The Court granted a substitution of Plaintiff's counsel of record on June 11, 2022. (ECF No. 149).

1

until forty days later on July 19, 2022, and Plaintiff is unaware of any written stipulation between the parties extending the filing "once for up to seven (7) additional days" as permitted by Local Rule 26.1(g).  CNN's untimely effort to seek duplicative and cumulative discovery to impose an overwhelming and undue discovery burden upon Plaintiff should be denied as untimely.[3]

**II.     CNN's motion should also be denied on its merits, especially considering virtually all the requests are unreasonably cumulative and duplicative under Rule 26(b)(2)(C).**

*Request Number 1*

**Request Number 1:**  All Communications from January 1, 2017 to present between You, on the one hand, and Christopher Cuomo, on the other hand, including, but not limited to, e-mail exchanges between You and Mr. Cuomo at his email addresses christophercuomo@gmail.com, mocuomo@turner.com , and chris.cuomo@warnermedia.com.

**Response:**  Objection. This interrogatory has no scope and is disproportionate to the probative needs relating to the issues in this case and also is contrary to prior rulings of this court dealing with similar such requests.

**Argument:**  This request seeks all communications between Plaintiff and Chris Cuomo, a former employee of CNN, from January 2017 through the present *without any regard for the subject matter of the emails*.  Plaintiff asked CNN to propose any potential subject matter limitation on the scope of this request, but CNN declined to do say claiming it wanted all the emails regardless of their subject matter.  CNN also claimed that it wanted any emails Plaintiff exchanged with Mr. Cuomo via his *CNN email addresses*, even though counsel pointed out that CNN—a behemoth media company with virtually unlimited resources—should already have those emails.  Plaintiff's objections therefore are well-founded and CNN's motion should be denied.

*Request Numbers 3-4 and 9 – The "Epstein" Requests*

**Request Number 3:**  All Communications from January 1, 2017 to present between You, on the one hand, and any one or more of Your Family/Friends/Associates, on the other hand,

---

[3] The discovery deadline is August 5, 2022.  Plaintiff, who is 83 years old and recently underwent heart surgery in late June, has no interest in extending any deadlines that would result in a continuance of the December 2022 trial period.

regarding the effect on Your reputation or public image of the allegations made against You by Virginia Giuffre.

**Request Number 4:**  All Communications from January 1, 2017 to present between You, on the one hand, and any one or more of Your Family/Friends/Associates, on the other hand, regarding the effect on Your reputation or public image of Your public responses to the allegations made against You by Virginia Giuffre, including the effect on Your reputation or public image of any public Statements by You regarding those allegations; any interviews by journalists of You regarding those allegations, or any articles, books, speeches, or podcasts by You regarding those allegations.

**Request Number 9:**  All Communications from January 1, 2017 to the present between You, on the one hand, and any one or more of Your Family/Friends/Associates, on the other hand, regarding the effect and/or potential effect on Your reputation of the publication of Your book, *Guilt by Accusation*, including but not limited to, reactions from any of Your Family/Friends/Associates to drafts of the book.  [*Plaintiff's note – this request is subsumed within of the Virginia Giuffre requests because Plaintiff's book concerned in part the allegations against him by Virginia Giuffre*].

**Plaintiff's Responses to Requests 3-4:** Objection. Prior rulings of the court support this request being overly burdensome and disproportionate. Plaintiff has already tendered hundreds of hate mail emails that already provide defendant.

**Plaintiff's Response to Request 9:** Objection, no part of this request has any probative value to the issues in this case and would cause a disproportionate burden and expense.

CNN seeks a second bite at the apple given there is a new sheriff in town.  To be sure, these requests are unreasonably duplicative and cumulative of prior requests upon which the Court has already ruled (during a five-hour hearing) regarding Plaintiff's production of communications regarding the effect on Plaintiff's reputation of the allegations made by Virginia Giuffre.  It also seeks duplicative and cumulative discovery given Plaintiff has already produced hundreds of heinous emails due to those allegations.

This request is nothing more than an attempt to unduly burden Plaintiff with producing undoubtedly cumulative and unduly prejudicial evidence that will *not* be admitted at trial or—if it is admitted—in a limited fashion consistent with Federal Rule of Evidence 403, especially given Plaintiff does not dispute that his reputation was damaged as a result of Virginia Giuffre's

3

allegations against him and that he received numerous emails attacking him for same. The issue for the jury to determine, if it finds CNN liable for defamation, is the extent to which the *pre-existing status* of his reputation at the time of the defamatory statements was damaged as a result of the defamation. Lastly, and as Plaintiff's counsel advised, his law clerk has been in the process of compiling additional potentially responsive heinous emails he has received, consistent with the Court's prior rulings on the *Epstein* issues CNN seeks to inject into this case. Plaintiff will produce those additional documents as soon as counsel has conducted a second-level review as soon as possible, but certainly not later than the week before his deposition on August 11, 2022.

### *Request Numbers 5-8 – The "Trump" Requests*

**Request Number 5:** All Communications from January 1, 2017 to present between You, on the one hand, and any one or more of Your Family/Friends/Associates, on the other hand, regarding the effect on Your reputation or public image of Your association with and/or public defense of President Trump, including but not limited to the effect of any public Statements by You regarding President Trump, and the effect of Your role in the Impeachment Trial.

**Request Number 6:** All Communications from January 1, 2017 to present between You, on the one hand, and any one or more of Your Family/Friends/Associates, on the other hand, regarding your reputation and public image as a result of Your public statements, media appearances, and posts on social media, including Twitter. [*Plaintiff's note – this request has no subject matter limitation, which means that CNN is essentially seeking all communications about everything Plaintiff has ever said in public forums, on media appearances, or on Twitter. This is obviously nothing more than calculated attempt to impose incredibly onerous and unduly burdensome discovery upon Plaintiff mere weeks before the discovery deadline.*]

**Request Number 7:** All Communications from January 1, 2017 to the present between You, on the one hand, and any one or more of Your Family/Friends/Associates, on the other hand, regarding the effect and/or potential effect on Your reputation of the publication of Your book, *Trumped Up: How Criminalization of Political Differences Endangers Democracy*, including but not limited to, reactions from any of Your Family/Friends/Associates to drafts of that book.

**Request Number 8:** All Communications from January 1, 2017 to the present between You, on the one hand, and any one or more of Your Family/Friends/Associates, on the other hand, regarding the effect and/or potential effect on Your reputation of the publication of Your book, *The Case Against Impeaching Trump*, including but not limited to, reactions from any of Your Family/Friends/Associates to drafts of that book.

**Response to Number 5:** Objection, prior rulings of this court establish that this request is not relevant and disproportionate in scope. However, plaintiff has already given defendant emails since the impeachment trial.

**Response to Numbers 6-8:** Objection, no part of this request has any probative value to the issues in this case and would cause a disproportionate burden and expense.

Once again, seeks to exploit the change in magistrate judges to obtain a "second bite at the apple." These requests are unreasonably duplicative and cumulative of prior requests upon which the Court has already ruled regarding Plaintiff's production of communications regarding his damages in this case resulting from the defamation. This would necessarily include communications regarding President Trump given he was the subject of the impeachment proceeding and the subsequent CNN broadcasts in which it defamed Plaintiff.

This request is nothing more than an attempt to unduly burden Plaintiff with producing undoubtedly cumulative evidence that will *not* be admitted at trial or—if it is admitted—in a limited fashion consistent with Federal Rule of Evidence 403. Again, the issue for the jury to determine, if it finds CNN liable for defamation, is the extent to which the *pre-existing status* of his reputation at the time of the defamatory statements was damaged as a result of the defamation. Lastly, and as Plaintiff's counsel advised, his law clerk has been in the process of compiling communications regarding Plaintiff's appearance during President Trump's impeachment trial, consistent with the Court's prior ruling on the "Trump" issues. Plaintiff will produce those additional documents as soon as counsel has conducted a second-level review as soon as possible, but certainly not later than the week before his deposition on August 11, 2022.

*Request Number 10*

**Request Number 10:** All Documents concerning "the relationship" between You and Carolyn Cohen, which You assert in your response to CNN's Interrogatory No. 2 was "damaged" by CNN "from its defamatory publications," including but not limited to all Communications from January 1, 2017 to the present between You, on the one hand, and any one or more of Your

Family/Friends/Associates, on the other hand, regarding the state of Your relationship with Carolyn Cohen, and/or any "damage" thereto. (The underlined part of this Request is designated as confidential under the Protective Order, in light of the fact that the quoted language from the Interrogatory response is designed as confidential.)

**Response to Number 10:**  None prior to January 29, 2020.

CNN claims that Plaintiff's response is allegedly "not particularly credible, but even if true, Plaintiff is required to engage in a good faith search for responsive documents . . . which he plainly has not done." (ECF No. 167 at 5).  This is nothing more than rank speculation.  Plaintiff has stated that there are no such responsive communications prior to January 29, 2020.  His wife, Carolyn Cohen, also testified (to the best of counsel's recollection) that there are no such communications whatsoever.  CNN may inquire about Plaintiff's knowledge of the existence of such communications during his upcoming deposition.  CNN's motion is baseless and contrary to the testimony it has already obtained on this issue.

WHEREFORE, Plaintiff respectfully requests that the Court deny CNN's motion and award Plaintiff his attorney's fees and cost incurred in responding thereto pursuant to Rule 37.

        Respectfully submitted,

        By: */s/ Mark A. Schweikert*
        Mark A. Schweikert (FBN 70555)
        mark@schweikertlaw.com
        help@schweikertlaw.com (secondary email for service)
        **SCHWEIKERT LAW PLLC**
        1111 Brickell Avenue, Suite 1550
        Miami, Florida 33131
        Office: (305) 999-1906
        Mobile: (305) 926-9452

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 21, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

*/s/ Mark A. Schweikert*
