UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

**CNN'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LIMITED DISCOVERY BASED UPON NEW EVIDENCE AND FOR
<u>IN CAMERA</u> REVIEW OF ALLEGEDLY PRIVILEGED DOCUMENT**

Defendant Cable News Network, Inc. ("CNN") respectfully submits this Memorandum in Opposition to Alan Dershowitz's ("Plaintiff") Motion for Limited Discovery Based on New Evidence and for *In Camera* Review of Allegedly Privileged Document (ECF 169) ("Motion"). Plaintiff's Motion is without legal or factual merit and should be denied.

**I.    Plaintiff Provides No Basis to Relitigate this Court's Discovery Decisions**

The Court should reject Plaintiff's claim that "new evidence" requires new discovery from CNN because **neither the evidence nor the arguments are new**. On the contrary, it is Plaintiff's <u>third</u> bite at the same apple. This Court has now ruled multiple times that CNN's discovery obligations are limited to producing information and documents from 2:00 p.m. on January 29, 2020 (the time at which Plaintiff made the statements on the floor of the Senate that he claims were misinterpreted by CNN) through January 31, 2020. Specifically, at the hearing on Plaintiff's motion to compel before Judge Valle on April 21, 2022 (the "April 21 Hearing"), the Court issued a "global ruling" "impos[ing] … a temporal limitation" on the responses CNN had to provide. *Id.* at 156:12-13. The Court explained that the "action involves events that occurred in January of

2020 when plaintiff represented President Donald Trump in an impeachment trial before the United States Senate," and arises out of statements by "CNN commentators" on January 29 and January 30. *Id.* at 156:13-25. The Court then held:

> ***Based on this time line*** and the specific alleged defamatory statements, I find that plaintiff's motion to compel disclosure of information for ***events occurring on January 31 is overbroad and irrelevant*** except as to interrogatory No. 4. Accordingly, except as to interrogatory No. 4, ***the court will limit production of documents that must be produced to January 29th and 30th***.

*Id.* at 157:1-7 (emphasis added). The Court went on to state that as to Interrogatory No. 4 only, the Court would allow discovery from January 29 at 2 p.m. through January 31. *Id.* at 165:23-166:3.

Plaintiff did not seek reconsideration of this ruling, nor did he timely file any objections under Fed. R. Civ. P. 72. Weeks after the hearing, however, Plaintiff devised a new, baseless theory that the ruling contained an "ambiguity" as to whether the Court had somehow ordered CNN to provide information in response to Interrogatory No. 4 up through the present day. Plaintiff filed a motion seeking "clarification" of the Court's ruling. ECF 123. The Court rejected Plaintiff's arguments, pointing out that the transcript of the hearing "reflects the Court's ruling to permit discovery for Interrogatory 4 'through January 31,'" and "clarifying" that "[t]he phrase 'through January 31' does not extend to the present." ECF 143 at 1.[1]

Plaintiff now seeks to avoid, once again, the Court's April 21st and June 10th ruling by claiming he has "newly discovered evidence." But, this argument is unsupportable and without any factual merit. Two of the four documents Plaintiff cites were part of CNN's initial productions to the Plaintiff in November 2021 and the other two were timely produced on May 9, 2022, over two months ago. As such, none of this evidence is the slightest bit "new." Still more remarkable, Plaintiff referenced the very same "new" documents he cites in his motion at the April 21 Hearing[2]

---

[1] The Court also denied Plaintiff's alternative request to extend the deadline to object to the order.
[2] *See, e.g.*, April 21 Tr. at 17:23-19:11, 24:7-25:8, 27:25-28:3.

and when he sought "clarification" of the Court's ruling. *See* ECF 123 at 4. Plaintiff's third bite at the apple is no more persuasive and should be similarly rejected.

Finally, Judge Valle's decisions limiting the time frame of CNN's production were and continue to be correct. The Court held that discovery beyond that related to writing and editing of the alleged defamatory statements (*i.e.*, the same discovery he seeks here) was "overbroad and irrelevant." April 21 Tr. at 151:19-22, 157:1-7. That is consistent with the decision of the U.S. Supreme Court in *New York Times v. Sullivan*, which requires any finding of actual malice to be "brought home" to the speakers of the allegedly defamatory statements, not just the publication in general. 376 U.S. 254, 287 (1964); *see also* ECF 55 at 6. And the Court focused on the time between when Plaintiff made his statements on the floor of the Senate and when CNN reported on them, because *post*-publication materials are generally not relevant in a defamation case, since the actual malice inquiry "focuses on the defendant's state of mind *at the time of publication*." *Klayman v. City Pages,* 2014 WL 5426515, *3 (M.D. Fla. Oct. 22, 2014) (citation omitted) (emphasis added). *See also* ECF 56 at 7-8; ECF 137 at 7. That is particularly true where, as here, any internal publications that post-date the publication of the allegedly defamatory statements would necessarily include unpublished newsgathering and editorial material for totally separate stories, which is protected from disclosure by applicable state shield laws and common law and constitutional journalist's privileges.[3] The Court's holding that CNN's production be limited to January 29 at 2 p.m. to January 31 was clearly correct.[4]

The allegedly "new" evidence does not change this in the slightest. Plaintiff cites to emails

---

[3] *See* Fla. Stat. § 90.5015; N.Y. Civ. Rights Law § 79-h; D.C. Code § 16-4702; *see also* ECF 55 at 3-4; ECF 56 at 7-8; ECF 137 at 10-11.

[4] Plaintiff notes that he was required to produce documents dating back to January 2017 (*see* Motion at 1 n.2), but ignores that *he* initiated this lawsuit, and that CNN has searched for and produced documents from 29 different custodians, while he needs only produce his own documents (though he has failed to do even that, *see* ECF 154).

3

in which CNN employees harshly criticize the arguments he made on the floor of the U.S. Senate and question the legitimacy of his complaints that his arguments had been misinterpreted. But, as this Court has held in this very case, "[a]ctual malice 'should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will.' Rather, actual malice refers to 'publication of a statement with knowledge of falsity or reckless disregard as to truth or falsity.'" *Dershowitz v. CNN*, 541 F. Supp. 3d 1354, 1362 (S.D. Fla. 2021) (citation omitted). Likewise, "political opposition" or "strong" language should not be "confuse[d] … with malice"; "such language reflects not actionable malice but, rather, the timbre of argument characteristic of a robust political press addressing public figures like plaintiff[]." *Thomas v. News World Commc'ns*, 681 F. Supp. 55, 65 (D.D.C. 1988) (holding that editorial's use of terms like "garbage," "bums," and "lunatics" was not indicative of actual malice). In fact, these emails actually demonstrate a distinct *absence* of actual malice, as they show that the CNN employees were sincerely disturbed by Dershowitz's arguments and sincerely believed their interpretation of what they heard – both when the allegedly defamatory statements were made, and even after Plaintiff publicly tried to clarify his arguments. In any case, these emails certainly do not justify revisiting the Court's twice-decided ruling on the scope of discovery.

## II. The Redacted Material Is Privileged and Irrelevant to this Case

This Court should reject Plaintiff's request for *in camera* review of a text message exchange between John Berman and a producer on his show because – although Plaintiff does not mention it in his Motion – CNN already provided information to Plaintiff about the content of the redacted messages. On July 13, 2022, in response to Plaintiff stating he questioned the redactions, CNN sent an email to Plaintiff's counsel stating that the redacted text messages do not relate to the CNN report at issue, do not relate to Mr. Dershowitz at all, and are from outside the time period from which Judge Valle ordered CNN to produce documents. *See* **Ex. A**. In other words, the

redacted messages do not provide "context" for the messages that were produced, because they were from completely different days – and, because they relate to totally separate broadcasts, are protected by the journalist's privilege. *See supra* at 3. In clarifying that information, CNN was specifically trying to avoid unnecessary motion practice, following a conference among the parties and the Court's law clerk on that issue. Plaintiff did not respond to that email and, instead, filed this motion without even attempting to confer further with CNN or notifying the Court as to the message's existence.

### III.     Court Should Consider Sanctions Against Plaintiff

Local Rule 7.1(a)(3) provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *See, e.g.*, *Scott v. Publix Supermarkets*, 2008 WL 2156347, at *1 (S.D. Fla. May 22, 2008). Plaintiff's Motion perfectly illustrates the necessity of this mechanism, as Plaintiff is seeking to relitigate repeatedly decided questions and is asking the Court to address an issue that the parties already *had* resolved.

Plaintiff's Motion was also filed with the Court while he has been ignoring his own discovery obligations. *See* ECF 154, 167 (CNN's pending Motions to Compel).[5] The Court should not countenance this conduct. Plaintiff's Motion should be summarily denied, and Plaintiff should be required to reimburse CNN's attorneys' fees incurred in responding to the Motion under both Fed. R. Civ. P. 37(a)(5) and Local Rule 7.1(a)(3).

---

[5] Since stating that he would be imminently commencing a "rolling" production of documents in order to (belatedly) comply with the Court's order on CNN's original motion to compel and in response to CNN's Fourth Requests for Production, ***Plaintiff has not yet produced a single document***.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 21st day of July, 2022 to Mark Schweickert, Esq., mark@schweikertlaw.com, Schweickert Law, *Counsel for Plaintiff*, 1111 Brickell Avenue, Suite 1550, Miami, Florida 33131.

          **GUNSTER, YOAKLEY & STEWART, P.A.**
          450 East Las Olas Boulevard, Suite 1400
          Fort Lauderdale, Florida 33301
          Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
   George S. LeMieux, Esq.
   Florida Bar No. 16403
   Email: glemieux@gunster.com
   Eric C. Edison, Esq.
   Florida Bar No. 010379
   Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-489-8230

*Counsel for Defendant Cable News Network, Inc.*