UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-61872-CIV-SINGHAL/HUNT

ALAN DERSHOWITZ,

        Plaintiff,
v.

CABLE NEWS NETWORK, INC.,

        Defendant.
_____/

## ORDER

THIS CAUSE is before this Court on Defendant's Motions to Compel, ECF Nos. 154, 167; Plaintiff's Motion to Compel and for a Protective Order, ECF No. 155; Plaintiff's Motion for Limited Discovery, ECF No. 169; and a Third-Party Motion for Protective Order, ECF No. 165. The Honorable Anuraag H. Singhal, United States District Judge, referred discovery to the undersigned for disposition. ECF No. 34; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned, having carefully reviewed the pleadings, the record in this case, the argument of Counsel at a July 22, 2022 hearing, and applicable law, and being otherwise fully advised in the premises, ORDERS the Motions be GRANTED IN PART and DENIED IN PART as outlined below.

1) **Defendant's Motion to Compel Compliance (ECF No. 154)**

Cable News Network ("Defendant") first asks this Court to compel production of allegedly already-ordered documents to be turned over by a date certain. Defendant also asks that Alan Dershowitz ("Plaintiff") be compelled to turn over responsive emails from his Harvard email address ("Harvard emails"), in line with the prior order that he turn over documents in his "possession."

Although Plaintiff maintained that a prior discovery order required that he only produce documents in his "possession," which implicitly excluded those in his custody or control, the undersigned finds that a reasonable reading of the prior discovery ruling includes all documents in Plaintiff's possession, custody, or control.  During the hearing on this issue, Plaintiff, in light of the Court's finding, agreed to produce all responsive documents, save the Harvard emails, by Friday, July 29, 2022.  As for the Harvard emails, the Parties have notified the Court that a universe of potentially responsive documents already produced in a similar case is currently being reviewed.  The Parties shall notify the Court by Monday, August 1, 2022, as to whether this issue has been resolved.

2) **Plaintiff's Motion to Compel and for Protective Order (ECF No. 155)**

Plaintiff here sought a protective order preventing Defendant from unilaterally setting Plaintiff's deposition at a time and place of Defendant's choice.  Prior to the hearing, the Parties agreed the deposition would take place on August 11, 2022.  Since the hearing, the Parties have held discussions regarding the deposition location and have agreed in principle to the terms of the deposition, though some financial issues remain to be resolved.  The Parties shall continue to negotiate and notify the Court on or before August 1, 2022, as to whether further Court intervention is needed.

Plaintiff also sought to compel Defendant to be more specific in its answer to an interrogatory but has since notified the Court that this issue is moot.  Finally, Plaintiff seeks to compel Defendant to tell him whether relevant documents were deleted (purposefully or inadvertently), as Defendant has heretofore only notified Plaintiff that no one "purposefully deleted" relevant documents. Regarding the "deleted" language, which

is the only issue remaining to be decided at this time, Defendant contends it answered the interrogatory using language previously approved of by the Court.

At the hearing, Defendant indicated that its Counsel did, in fact, ask the identified individuals whether the documents had been deleted, with negative responses. Further, having examined the transcript of the hearing at which the language in question came up, this Court agrees with Defendant that the language regarding "purposeful deletion" was approved in a prior ruling, and the Court sees no reason to disturb that ruling. Plaintiff's Motion on this point is denied.

### 3) Third-Party Motion for Protective Order (165)

Third-Party Anne Milgram here seeks to limit her deposition. Milgram wants her deposition to be limited, pursuant to the law governing discovery in defamation cases, to the time period surrounding Plaintiff's statements at issue in this case and Milgram's appearance on Defendant's news channel later that evening, as well as topics reasonably related to Milgram's credibility. Milgram also seeks to limit her deposition to one hour.

Plaintiff counters that Milgram is a key witness who made remarks at the heart of this case. Plaintiff argues that statements made outside the limited time frame proposed may be probative as to her state of mind at the time she made the remarks. Plaintiff also argues that he should be allowed the full scope of Fed. R. Civ. P. Rule 30, and should not be artificially restricted from pursuing the questioning wherever it may lead.

The Parties have agreed to some limitations on the deposition, such as prohibiting inquiries into Milgram's current position as the head of the Drug Enforcement Agency, and the Court approves such limitations. The undersigned agrees further that the time for Milgram's deposition should be limited, though Plaintiff will be allowed two hours to

depose the witness. Plaintiff will be allowed to inquire about statements outside of the suggested time period, but only insomuch as the statements relate to things said during the period in which the statement at issue in this case was made. This would include any subsequent statements she made about her appearance on Defendant's news program. Finally, with respect to credibility, the Court notes that Milgram suggested the following limitations:

> (1) her contract with CNN; (2) background questions on her work with CNN in general; (3) payments she received from CNN pursuant to the contract; (4) any previous statements she has made about Mr. Dershowitz; (5) her thoughts and opinions on the January 2020 Impeachment Trial; and (6) any reasons she may have had to lie on television or during the deposition.

ECF No. 165 at 5-6.

Although the Court will not impose advance restrictions on Plaintiff in his credibility inquiries, it does find these to be good guidelines should the Parties need help limiting the scope of the deposition.

**4) Defendant's Motion to Compel Documents (ECF No. 167)**

Defendant here seeks (a) communications with former CNN employee Chris Cuomo (Requests for Production ("RFP") 1-2); (b) communications between Plaintiff and others regarding the effect on his reputation of various events and actions he took during the years preceding the allegedly defamatory publications (RFP 3-9); and (c) documents concerning a specific alleged basis of Plaintiff's damages (RFP 10).

Plaintiff argues that the requests are untimely and duplicative. As to Cuomo, Plaintiff asks that the subject matter be limited to relevant topics, and argues that Defendant already has access to emails between Plaintiff and email addresses that belong to its news organization. As to RFP 3-9, Plaintiff argues that the Court has already

ruled on these and that Defendant now seeks a second bite at the apple. As to RFP 10, Plaintiff states that no relevant documents have so far been found.

The undersigned finds that Plaintiff's suggested limitation on the Cuomo inquiry to topics relevant to Plaintiff's defamation claim is reasonable. However, Plaintiff is responsible for producing emails to any email address that he has in his possession, custody or control, regardless of their origin.

As to RFP 3-9, the Court first observes that Defendants have voluntarily withdrawn RFP 6 during the hearing, which the Court agrees was problematically overbroad. As to RFP 3, 4, 5, 7, 8, and 9, the undersigned finds them relevant, and that responsive documents must be produced, but limits the inquiry only to those individuals specifically identified by Defendant. As for RFP 10, Plaintiff should turn over responsive documents should any be found.

5) **Plaintiff's Motion to Compel (ECF No. 169)**

Plaintiff argues that newly discovered evidence justifies a different temporal scope of discovery than that ordered earlier in this case. Plaintiff also requests that the Court conduct an in-camera review of one curiously redacted text message.

The undersigned has reviewed the evidence provided by Plaintiff and found nothing that would justify changing the already-set temporal scope of discovery. As to the text message, however, the Court agrees to conduct an in-camera review.

Accordingly, it is hereby ORDERED AND ADJUDGED:

As ordered at the June 22, 2022 hearing, Plaintiff shall turn over all responsive documents, save Plaintiff's Harvard emails, on or before Friday, July 29, 2022. The Parties shall continue to discuss the Harvard emails and notify this Court of the outcome

of those discussions on or before August 1, 2022. In any case, the Harvard emails shall be turned over on or before August 4, 2022.

Plaintiff shall have no more than two hours to depose Anne Milgram but will be allowed to inquire about statements made beyond her January 29, 2022 appearance on Defendant's newscast. Plaintiff shall, however, limit his inquiry to statements that relate to Milgram's statement on the newscast, as well as any subsequent statements she made about her appearance on Defendant's news program. Plaintiff may also make reasonable inquiries into topics relating to Milgram's credibility but should be led by the guidance outlined above.

Plaintiff shall also turn over by July 29, 2022, all documents responsive to RFP 3-5 and 7-10 from Defendant's Fourth Request for Production that are in Plaintiff's possession, custody or control, regardless of their origin, though Plaintiff's documents as to Christopher Cuomo shall be limited to topics relevant to Plaintiff's defamation claim.

Defendant shall turn over for in-camera review an unredacted copy of the text message at issue in ECF No. 169. The unredacted text message shall be sent to Chambers at hunt@flsd.uscourts.gov on or before July 29, 2022.

The Motions are otherwise DENIED.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 28th day of July 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Anuraag H. Singhal

All counsel of record