UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-61872-CIV-SINGHAL/HUNT

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

## ORDER

THIS CAUSE is before this Court following an August 1, 2022 discovery hearing. The Honorable Anuraag H. Singhal, United States District Judge, referred discovery to the undersigned for disposition. ECF No. 34; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned, having carefully reviewed the argument of Counsel and applicable law, and being otherwise fully advised in the premises, ORDERS as follows:

Plaintiff seeks to take five additional depositions from Defendant, in excess of the allowed number of depositions and in spite of the close of discovery on August 5, 2022. Defendant opposes that request in part, agreeing to only two of the five depositions. As to the specifics of those requests, Plaintiff first seeks to depose a corporate representative, per Fed. R. Civ. P. Rule 30(b)(6), seeking information on Defendant's news standards and practices policy guide, business records, document retention and "roll off" policy, and net worth. Plaintiff at the hearing indicated that the business records and net worth issues were mooted by responses from Defendant. Defendant also promised to look into providing Plaintiff with information about its news standards and roll off policies, possibly obviating the need for the 30(b)(6) deposition altogether.

As for the other four depositions, Plaintiff seeks to depose four individuals in the news division who produce and book the television programs at issue in this case. Defendant has agreed to provide only two of the requested individuals, Izzy Povich and Chuck Haddad, for deposition. The undersigned finds Defendant's suggestion a fair and adequate compromise given the needs of the case.  However, the Parties may substitute deponents should they agree to do so.

The Court also at the hearing addressed two outstanding issues, Plaintiff's deposition and a partially-redacted text message.  Regarding the first issue, the Parties notified the Court that they had come to an amicable resolution of all issues regarding Plaintiff's deposition. The undersigned notes that this resolution may necessitate an amendment of the Court's scheduling order, which relief can only be granted by the District Court. The undersigned makes no ruling on the appropriateness of the Parties' resolution.   As for the text messages, the Court reviewed the unredacted text message *in camera* and finds the redactions appropriate.  To the extent that Plaintiff has sought to expand discovery based on the content of emails and text messages submitted for this Court's review, that request is denied.

Accordingly, it is hereby ORDERED AND ADJUDGED:

Plaintiff shall be allowed to depose Izzy Povich and Chuck Haddad.  The Parties shall confer as to the time and place of said depositions.

Defendant's text messages submitted for *in camera* review shall remain redacted, and Plaintiff's request to expand discovery based on submitted materials is denied.

The Parties shall work together on the remaining issues and report the results to the undersigned as outlined in the Order Modifying Discovery Proceedings, ECF No. 177.

DONE and ORDERED at Fort Lauderdale, Florida, this 2nd day of August 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Anuraag H. Singhal
All counsel of record