UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-61872-CIV-SINGHAL/HUNT

ALAN DERSHOWITZ,

        Plaintiff,
v.

CABLE NEWS NETWORK, INC.,

        Defendant.
_____/

**ORDER**

THIS CAUSE is before this Court following an August 5, 2022 discovery hearing. The Honorable Anuraag H. Singhal, United States District Judge, referred discovery to the undersigned for disposition. ECF No. 34; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned, having carefully reviewed the argument of Counsel and applicable law, and being otherwise fully advised in the premises, ORDERS as follows:

At issue is Plaintiff's attempt to obtain the compensation information of certain employees of Defendant. Plaintiff seeks this information because, he argues, it is relevant to the employees' credibility and bias as witnesses, as people generally "don't bite the hand that feeds them." Defendant contends that this question has already been found to be outside the scope of discovery, citing a previous discovery ruling limiting a prior request for employment agreements to only those commentators who made the statements at issue.

The reasoning behind that discovery ruling turned on the "actual malice" standard under which this case operates. The Court there determined the employment agreements "had at least some relevance," and could lead to evidence concerning the

speakers' state of mind.  ECF No. 150 at 3-4.  As only the speakers' state of mind would bear on the actual malice inquiry, it stood to reason that only the speakers' employment agreements are relevant.

Here the inquiry is slightly different.  Plaintiff at the hearing conceded that he now seeks only the salaries of the individuals he deposed – some of whom have already had their employment agreements disclosed -- on the theory that compensation may affect the impartiality and credibility of Defendant's employees who testify at trial.  The undersigned finds that the Court's prior ruling as to the employment agreements does not extend to Plaintiff's current request.

As to whether the salaries are therefore discoverable, this Court agrees that "this type of evidence is admissible for purposes of establishing witness bias." *In re 3M Combat Arms Earplug Prod. Liab. Litig*., No. 3:19MD2885, 2021 WL 1088433, at *3 (N.D. Fla. Mar. 22, 2021).  It is therefore discoverable for this purpose, although this Court notes that the scope of discovery is greater than the scope of admissibility.  Plaintiff represented that this should apply to, at most, five individuals, as Plaintiff already has some the information sought through previously-disclosed employment agreements. As with those employment agreements, concerns over the sensitive nature of the information are alleviated by the fact that the information would be subject to the standing Protective Order.

Accordingly, it is hereby ORDERED and ADJUDGED that:

Defendants shall on or before August 12, 2022, turn over the compensation information for current employees deposed by Plaintiff. Defendant need not turn over this information for those whose employment agreements have already been disclosed.

DONE and ORDERED at Fort Lauderdale, Florida, this 9th day of August 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Anuraag H. Singhal
All counsel of record