UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61872-CIV-SINGHAL/HUNT

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Expedited Motion to Extend the Remaining Pretrial Deadlines, and to Briefly Postpone the Trial Due to Plaintiff's New Lead Counsel's Scheduling Conflict (the "Motion"). (DE [190]). Defendant opposes the Motion. (DE [192]). For the reasons discussed below, the Motion is denied.

The Motion was filed after the parties and the Court carefully modified the pre-trial deadlines to accommodate outstanding discovery issues. *See* Order Rescheduling Trial, dated August 3, 2022. (DE [185]). More than one month later, Plaintiff seeks to undo the agreed upon schedule because he has retained, once again, a new lead trial counsel. Although the case is nearly two years old, Plaintiff has not been deposed and Plaintiff again seeks to delay his deposition (which was scheduled by agreement of counsel for September 13, 2022) because the new lead trial counsel is out of the country. Prior lead counsel remains an attorney of record.

The Court is unable to grant Plaintiff the relief he requests. To do so would prejudice the Defendant and would undo the careful work of the parties and the Court to bring this case to trial in a reasonable time. The Court is unwilling to modify the agreed upon scheduling order.

The scheduling order "control[s] the course of the action unless the court modifies it." *United States v. Marder*, 318 F.R.D. 186, 189–90 (S.D. Fla. 2016) (citing Fed. R. Civ. P. 16(d)). "As scheduling orders set the expectations of the parties and the Court during the pretrial process, such orders 'should not be ignored blithely nor trifled with, without some peril or consequence.'" *Id.* (quoting *Hudson v. I.R.S.*, 2007 WL 2295048, at *10 (N.D.N.Y. Mar. 27, 2007)).

"Veritably, 'a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1.'" *Id.* at 190 (quoting *Executive Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 2010 WL 4117050, at *1 (S.D.W. Va. Oct. 19, 2010) (internal citation and quotation omitted). The scheduling order may only be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension…. 'If [a] party was not diligent, the [good cause] inquiry should end.'" *Esys Latin America, Inc. v. Intel Corp.*, 290 F.R.D. 563 (S.D. Fla. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

Selection of a new lawyer (especially as the close of the pretrial deadlines looms) cannot be used to establish good cause for modifying an agreed upon scheduling order. *FTC v. Roca Labs, Inc.,* 2017 WL 11002078, at *2 (M.D. Fla. May 2, 2017) (retention of new counsel and adoption of new litigation strategy not sufficient to establish good cause). Plaintiff has not established good cause to embark on new trial strategies this late in the litigation.

Plaintiff's second lawyer remains counsel of record, has participated in numerous discovery issues and court hearings, and is more than capable of preparing for and defending Plaintiff's deposition. Plaintiff's new lawyer, although out of the country, can attend the deposition via video conference, if he chooses. There is no reason for postponing Plaintiff's September 13, 2022, deposition. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Expedited Motion to Extend the Remaining Pretrial Deadlines, and to Briefly Postpone the Trial Due to Plaintiff's New Lead Counsel's Scheduling Conflict (DE [190]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of September 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF