UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

**CNN'S MOTION TO COMPEL SUPPLEMENTAL RESPONSE
TO INTERROGATORY NO. 7[1]**

Defendant Cable News Network, Inc. ("CNN") respectfully moves under Federal Rule of Civil Procedure 37(a), and in accordance with Local Rule 26.1(g)(2), to compel Plaintiff Alan Dershowitz ("Plaintiff") to supplement his response to CNN's Interrogatory No. 7 and states as follows:

**I.    BACKGROUND**

On September 27, 2021, CNN served its First Set of Interrogatories. **Ex. A**. Interrogatory No. 7 asked Plaintiff to "[i]dentify any non-party Person or entity that has provided or is providing financial support for this Action." *Id.* at p.5. The Interrogatories defined "Person" as "all individuals and entities." *Id.* at p.2. Plaintiff did not object to Interrogatory No. 7 or that definition. Plaintiff responded: "None." **Ex. B**, at p.4.

*One year later*, Plaintiff changed his tune, testifying at his deposition on September 13, 2022, that people contributed to the "Alan Dershowitz Legal Defense Trust" (the "Trust") to fund his litigation against Virginia Giuffre, and "some small amounts of money were paid for some of

---

[1] Permission to file this motion was granted by chambers on October 21, 2022.

1

the expenses in this case as well." ECF No. 211, **Ex. C**, at 560:3, 563:10–18.[2] Plaintiff professed to not remember who contributed to the Trust. *Id.* at 563:19–24. When CNN's counsel explained that she was entitled to this information, Plaintiff did not object and said that the trustee may have the information. *Id.* at 564:6–21.

In light of this development, on September 17, CNN asked Plaintiff to supplement his response to Interrogatory No. 7 to identify the funders of the Trust. Ex. D, at 6; *see* Fed. R. Civ. P. 26(e)(1)(A) (requiring supplemental responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"). On September 22, Plaintiff's counsel advised that he "should be able to get you everything shortly." Ex. D, at 5. On September 27, after CNN followed up, Plaintiff's counsel agreed that he "will amend the interrogatory" response with "the identities of people who have contributed to the Alan Dershowitz Legal Defense Trust" as soon as he received that information from the trustee. *Id.* at 4.

On October 5, after CNN followed up once again, Plaintiff reversed his position. Without explanation, Plaintiff's counsel stated that he is "in compliance with Rule 26(e)(1)(A) and do[es] not intend on amending the interrogatory." *Id.* at 2. In an attempt to begin conferring on this issue, CNN asked Plaintiff to explain his contention and reiterated that he must supplement his response as he previously agreed. *Id.* at 1–2. Plaintiff then took the position that he need not supplement because the "corrective information" had already been made known to CNN. *Id.* at 1. He also attached a "supplemental answer" repeating the fact that the Trust has provided financial support for this action but declining to identify any persons who contributed to the fund. Ex. E.

---

[2] The deposition transcript was filed under seal in support of CNN's Daubert Motion. CNN informed Plaintiff of the portions of the transcript that it intended to cite herein, and Plaintiff did not object to publicly filing those portions. Other than this transcript which is under seal at Exhibit C to ECF No. 211 (and also was emailed to chambers), all other cited exhibits are attached hereto.

## II.     ARGUMENT

There can be no serious dispute that Plaintiff's response to Interrogatory No. 7 is "incomplete or incorrect" and requires supplementation under Rule 26(e)(1)(A).  Plaintiff has refused to provide a fully responsive supplemental answer as required by Rule 26(e)(1)(A) and his own agreement.  And who contributed to the Trust—which is supporting this action—is clearly relevant to this case.  This Court should, therefore, compel Plaintiff to supplement the response.

As a preliminary matter, Plaintiff did not object to Interrogatory No. 7 when it was served upon him one year ago, and any new objection is untimely.  *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  Plaintiff cannot show good cause for his failure to object because he has had multiple opportunities to do so, including (a) when he first responded to the Interrogatory, (b) when he began paying for expenses in this action with funds from the Trust, (c) when he was deposed about the Trust, and (d) when CNN's counsel asked him to supplement his response with the funders of the Trust.  Indeed, Plaintiff initially *agreed* to identify those funders and did not object. Ex. D, at 4–5.  Plaintiff's sudden, unexplained reversal of his position cannot constitute good cause.  Therefore, any objection by Plaintiff is waived.

Furthermore, the requested information is highly relevant for three reasons.  First, it goes to Plaintiff's credibility.  *See Houston v. Publix Supermarkets, Inc.*, 2015 WL 4581541, at *2 (N.D. Ga. July 29, 2015) (finding that litigation funding is "highly relevant and probative" when used "to attack . . . credibility"), *aff'd sub nom. ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293 (11th Cir. 2018); *Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, 2013 WL 11311345, at *3 (S.D. Fla. Nov. 4, 2013) (compelling discovery into litigation funding so that defendant can "test [plaintiff's] averments").  Here, Plaintiff has given inconsistent statements and shifting explanations on the topic.  Plaintiff has said, for example, (a) that there were no funders, Ex. B, at

4, (b) that there were funders, ECF No. 211, Ex. C, at 563:10–18, (c) that he will identify the funders, Ex. D, at 4–5, (d) that he will not identify the funders, *id.* at 2, and (e) that he already identified the funders, *id.* at 1. Plaintiff's shifting position has placed his credibility at issue, and CNN is entitled to the requested information so that it can cross-examine Plaintiff as to his inconsistent statements.[3]

Second, the funders of this action are relevant because "[t]hey concern Plaintiff's financial resources and could be used to refute any David vs. Goliath narrative at trial." *Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018–19 (D. Ariz. 2020) ("[T]he Court has little difficulty concluding that [litigation funders' identities] are relevant."); *accord Nunes v. Lizza*, 2021 WL 7186264, at *6 (N.D. Iowa Oct. 26, 2021) (compelling discovery into litigation funding in defamation case). CNN is "entitled to conduct discovery that may refute potential trial themes." *Cont'l Cirs.*, 435 F. Supp. 3d at 1019. Here, Plaintiff has previewed a David vs. Goliath trial narrative. *See* ECF No. 173, at 2 (calling CNN "a behemoth media company with virtually unlimited resources"); ECF No. 66, ¶ 15 (alleging "the overwhelming vastness of [CNN's] broadcasts"). Given Plaintiff's anticipated trial theme, CNN is entitled to discover the funders to rebut that theme.

Finally, there is a firm factual foundation that who is funding this litigation is relevant to this matter. In fact, one court recently held that discovery into litigation funding was appropriate

---

[3] At the meet and confer, Plaintiff's counsel suggested that discovery of the funders is barred by the "collateral source" rule. Plaintiff is wrong for three reasons. First, where, as here, a witness has given inconsistent statements, "collateral source evidence may be admissible for impeachment purposes." *Houston*, 2015 WL 4581541, at *1. Second, the collateral source rule applies to evidence of a third party's payments toward offsetting damages (such as medical bills). *Id.* It does not apply to the situation here, where the funders have paid for this litigation, not expenses to mitigate damages. Finally, even if the evidence were inadmissible at trial, it "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

in similar, if less compelling, circumstances than those at issue here.  In *Nunes v. Lizza*, 2021 WL 7186264, defendants in a libel lawsuit sought discovery into whether the plaintiffs, relatives of former Congressman Devin Nunes, had a litigation funder.  In compelling the plaintiffs to produce the information, the court found relevant that the plaintiffs "have not denied that the litigation is being funded by others" and that the plaintiff had "no idea" who is paying his lawyers.  *Id.* at *4.  The court held that these circumstances "lift the basis for Defendants' inquiry above the level of mere speculation and raise legitimate subjects for inquiry not present in a more run-of-the-mill personal injury case or commercial dispute."  *Id.*  Here, the facts are even more compelling: Plaintiff here admits there is a litigation fund, admits he does not know who contributes to it, told CNN he would identify those people, and now has changed his mind.  Here, as in *Nunes*, there should be compelled disclosure.  In addition, this case, like *Nunes*, is a high-profile defamation case in which Plaintiff seeks millions of dollars in damages for what he claims is a personal injury.  But if Plaintiff has funders who are involved in the litigation, either by directing his legal strategy or supporting the litigation as a way to silence CNN,[4] this cast doubt on the notion Plaintiff brought this case in order to remedy an actual personal harm.  Indeed, CNN recently moved for summary judgment on the grounds that Plaintiff has not been damaged at all, among other grounds.  ECF No. 213, at 28–30.  CNN should have access to information about the litigation funders so that it can argue to a jury that Plaintiff did not bring this case to remedy any damage, of which there is zero evidence.

For the foregoing reasons, the Court should compel Plaintiff to fully and completely supplement his response to Interrogatory No. 7, including by identifying all individuals and entities

---

[4] For example, Plaintiff previously received payments from the Republican National Committee (RNC) in connection with the 2020 impeachment trial. ECF No. 211, Ex. C, at 358:18–23. CNN is entitled to know if the RNC is also supporting this lawsuit.

who contributed to the Trust.

## CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3), the undersigned hereby certifies that counsel for CNN has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion. Specifically, counsel conferred by email as shown in Exhibit D and then conferred again by Zoom on October 24, 2022. Counsel were unable to reach agreement.

On October 21, 2022, the Court's law clerk, Heath Hooper, informed CNN that it had the Court's permission to file the foregoing motion, provided that the parties confer in person or by phone prior to any filing, which the parties have since done.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 24th day of October 2022 to Mark Schweickert, Esq., mark@schweikertlaw.com, Schweickert Law, 1111 Brickell Avenue, Suite 1550, Miami, Florida 33131, and John B. Williams, Esq., jbwilliams@williamslopatto.com, Williams Lopatto PLLC, 1629 K Street, NW, Suite 300, Washington, DC 20006, *Counsel for Plaintiff*.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)

6

Email:  katebolger@dwt.com
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-489-8230

*Counsel for Defendant Cable News Network, Inc.*

4856-8160-2875v.5 0026517-000208