# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 0-20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.

    Defendant.

_____

### DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Cable News Network, Inc. ("CNN") hereby requests that plaintiff Alan Dershowitz ("Plaintiff") serve upon its counsel answers, in writing and under oath, to the following interrogatories within thirty (30) days of service hereof.

These interrogatories shall be deemed continuing so as to require supplemental answers if new or different information is obtained by Plaintiff between the time the initial answers to these interrogatories are made and the time final judgment is entered in this action.

### DEFINITIONS

1.     **Any/All.**  The terms "any" or "all" shall be construed as "any and all."

2.     **And/Or.**  The terms "and" and "or" also have the meaning "and/or."

3.     **Communication.**  The term "Communication" includes any type of correspondence (*e.g.*, letters, electronic mail, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral

conversation, interview, discussion, negotiation, agreement, understanding, meeting or telephone conversation, as well as every kind of written or graphic communication.

4. **Complaint.** The term "Complaint" means the Complaint filed by Plaintiff to commence this action.

5. **Document.** The term "Document" means any and every kind of printed, typed, recorded, written, graphic or photographic matter (including audiotape and/or videotape recordings), however printed, produced, reproduced, coded, or stored (including in electronic or digitized form), of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, and drafts, regardless of their author or origin, however denominated.  A draft or non-identical copy is a separate document for purposes of these requests.

6. **Person.** The term "Person" means all individuals and entities.

7. **This Action.** The phrase "this Action" means the action captioned on the first page of these interrogatories.

8. **You/Your.** The terms "You" and "Your" mean Plaintiff and any agents, attorneys, representatives, or other persons or entities acting for, on behalf of, or in concert with Plaintiff.

9. **CNN.** The term "CNN" means Cable News Network, Inc., defendant in this action, including any agents, attorneys, representatives, or other persons or entities acting for, on behalf of, or in concert with CNN.

10. **Challenged Statements**.   The phrase "Challenged Statements" means Joe Lockhart's statement identified in Paragraph 13 of the Complaint as occurring at 7:11 p.m. on January 29, 2020, John Berman's statement identified in Paragraph 13 of the Complaint as occurring at 6:17 a.m. on January 30, 2020, Paul Begala's statement on CNN.com identified in Paragraph 13 of the Complaint as occurring at 9:11 p.m. on January 29, 2020, and the preceding

video clips of Plaintiff's response to Senator Ted Cruz's question as alleged in Paragraph 13 of the Complaint.

## INSTRUCTIONS

1. "Describe" or "identify," when used with reference to an individual, means to state the individual's name and present or, if that is not known, last known address, telephone number, email address, and occupation and employer.

2. "Describe" or "identify," when used with reference to a document, means to state the name or title of the document, the type of document (*e.g.*, letter, memorandum, chart, email message, etc.), its date, the person(s) who authored it, the person(s) who signed it, the person(s) to whom it was addressed, the person(s) to whom it was sent, its present location and its present custodian. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and explain the circumstances surrounding such disposition, and state the date or approximate date thereof.

3. "Describe" or "identify," when used with reference to any non-written communication, means to identify the person(s) making and receiving the communication and to state the date, manner, and place of communication and the substance of the communication.

4. Throughout these requests, the singular shall include the plural and the plural shall include the singular.

5. The following terms should be read as if they were synonymous, and each should be taken to include the meaning of all of the others: relating to, relating in any manner to, concerning, referring to, alluding to, responding to, in connection with, connected with, with respect to, commenting on, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing, establishing, supporting, refuting, or constituting.

3

6. If you contend that it would be unreasonably burdensome to obtain and provide all the information called for in response to any interrogatory, you should:

    (a) set forth all information that is available without unreasonable burden; and

    (b) describe with particularity the efforts made to secure any information the provision of which you claim would be an unreasonable burden.

7. If, in answering these interrogatories or any other discovery request, you encounter any vagueness or ambiguity in construing either the interrogatory or a definition or instruction relevant to the inquiry contained within the interrogatory, set forth the matter deemed vague or ambiguous and set forth the construction chosen or used in answering the interrogatory.

8. With respect to your responses to the following interrogatories, if any answer to an interrogatory is withheld because of a claim of privilege, please state the basis for your claim of privilege with respect to such information and the specific ground(s) on which the claim of privilege rests.

## **INTERROGATORIES**

1. For each element of damage that You claim in this Action, including but not limited to the injuries claimed at paragraphs 4, 13, 15, and 19 of the Complaint, describe with particularity all evidence you have to demonstrate or prove those damages, identify all documents describing or otherwise relating to those damages, and provide the names, addresses, and telephone numbers of any persons with knowledge of those damages.

2. For each element of damage that You claim in this Action, including but not limited to the injuries claimed at paragraphs 4, 13, 15, and 19 of the Complaint, identify separately and with specificity the complete nature of such injury, the amount of damage, and the method used to compute that amount.

4

3. State each action that you have taken in order to mitigate any damage you allege in this Action and, for each such action, the amount of money expended.

4. Identify all medical and/or mental health appointments, treatments or consultations you have received during the relevant time period for any injury that you allege you have suffered as the result of conduct by the CNN alleged in this Action, and identify all documents relating thereto.

5. List the names and business addresses of all physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were treated and identify all medications proscribed to you in connection with such examination or treatment, the dosages and the frequency with which you took or take such medication.

6. Identify all Persons or entities that have provided You with public relations or communications services, including but not limited to publicists, bookers, agents, managers, or representatives, from 2014 to the present.

7. Identify any non-party Person or entity that has provided or is providing financial support for this Action (including but not limited to payment of attorneys' fees and costs) and/or that has a financial interest in the outcome of this Action.

8. Identify each and every instance of the alleged "ripple effect" of the Challenged Statements "throughout the entire media industry" as alleged in Paragraph 12 of the Complaint.

9. Identify every non-privileged communication relating to any of the Challenged Statements between you and any other person.

5

10. Identify every person who you know – directly or indirectly – to have viewed or read any of the Challenged Statements.

11. Identify all lawsuits, investigations or other proceedings, whether criminal, civil, administrative, or otherwise, that you have participated as a party, non-party, intervenor, witness or any other role in the last ten years, and include the case number and court in which the case was brought or name of entity conducting the investigation.

12. Identify, specifying the relevant proceeding, every amount of damages you have claimed as a plaintiff in a legal proceeding.

13. Identify, specifying the relevant proceeding and the nature of its resolution, every amount of damages you have been awarded in judgment, and/or the amount of every monetary settlement you have received, in any legal proceeding.

14. Identify all "friends" you have "lost" or who have otherwise "shunned" you as a result of your defense of former President Trump (as you stated in the article "Larry David 'screamed' at Alan Dershowitz at grocery store over Trump ties," published by *The New York Post* on August 18, 2021).

15. List each book, article, or other publication authored by You for which you have eared income from 2014 to the present, specifying the total amount of income you earned from each such book, article, or other publication.

16. List each appearance You have been invited to make, including but not limited to appearances in person, on Zoom or other video communication platforms, on television shows, radio shows, or podcasts from 2014 to the present, specifying the total amount you were paid for each appearance.

6

17. List each award or honorary degree you have been awarded or offered from 2014 to the present.

18. To the extent not identified in response to the preceding interrogatories, please list the names and addresses of all persons who are believed or known by you to have any knowledge concerning any issues in this Action; and specify the subject matter about which the witness has knowledge.

Dated: New York, New York
September 27, 2021

Respectfully Submitted,

*/s/ Katherine M. Bolger*
Katherine M. Bolger (admitted *pro hac vice*)
Amanda Levine (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
amandalevine@dwt.com

– and –

George S. LeMieux
(Florida Bar. No. 16403)
Eric C. Edison
(Florida Bar No. 010379)
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
glemiuex@gunster.com
eedison@gunster.com

*Attorneys for Defendant Cable News Network, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2021 a true and correct copy of the foregoing was served via email on all counsel of record.

/s/ *Katherine M. Bolger*
Katherine M. Bolger