**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:20-CV-61872-SINGHAL/HUNT**

ALAN DERSHOWITZ

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

        Defendant.

_____/

**PLAINTIFF'S RESPONSE TO CNN'S MOTION TO COMPEL ANOTHER
SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

CNN's motion should be denied because Plaintiff has fully answer Interrogatory Number 7, which asked: "Identify any non-party Person or entity that has provided or is providing financial support for this Action (including but not limited to payment of attorneys' fees and costs) and/or that has a financial interest in the outcome of this Action."  In his supplemental answer, and consistent with his deposition testimony, Professor Dershowitz verified that "[t]he Alan Dershowitz Legal Defense Trust has provided financial support for this action."  Contrary to CNN's motion, Professor Dershowitz has fully answered CNN's interrogatory and provided all the information to which it is entitled.  Nowhere in CNN's interrogatory did it ask for the identities of any *donors* to any entity that may have provided some funds to support the litigation.

Nevertheless, CNN contends its interrogatory requires Professor Dershowitz to identify the *specific people* that donated to the Alan Dershowitz Legal Defense Trust.  A plain reading of CNN's interrogatory shows this contention is incorrect.  Furthermore, to the extent undersigned counsel may said such information would be provided, that was counsel's mistake based upon

1

defense counsel's representation that it was entitled to such information, in a good faith effort to avoid needless discovery disputes. However, after further considering the issue and the relevant sources, counsel ultimately concluded that Professor Dershowitz has fully complied with his discovery obligations, because he answered the related questions truthfully at his deposition and has since supplemented his interrogatory answer to provide the *exact information requested* in the interrogatory.

Next, CNN's argument that it is entitled to such information because it is allegedly relevant is also misplaced. The closest CNN comes to citing an analogous case is *Nunes v. Lizza*, 2021 WL 7186264 (N.D. Iowa Oct. 26, 2021). But that too is a swing and a miss. Aside from the fact that *Nunes* is a non-binding case by a district court outside the Eleventh Circuit, the case is completely inapposite. In *Nunes*, "[t]he individual Plaintiffs [were] close family members of prominent United States Congressman Devin Nunes[,]" *id.* at *1, which was "an important factor in permitting the discovery." *Id.* at *4. Accordingly, the significant concern was that the Congressman's family members, the titular plaintiffs, were merely fronts for the defamation claim that the Nunes' family was defamed by the defendants' "article accus[ing] them of knowingly employing undocumented workers[,]" *id.* at *1, because the real party in interest—Congressman Nunes—was a "public figure" within the meaning of the law and, therefore, would have to prove "actual malice," whereas his family members had a lower burden of proof because they were *not* public figures. *Id.* (internal citation omitted).

Assessing these contentions, the district court explained that "[a]s a general rule, courts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case[:]"

> Nonetheless, there is no bright-line prohibition on such discovery. Discovery into litigation funding is appropriate when there is a

2

> sufficient factual showing of "something untoward" occurring in the case; "[f]or example, discovery will be [o]rdered where there is a sufficient showing that a non-party is making ultimate litigation or settlement decisions, the interests of plaintiffs or the class are sacrificed or not being protected, or conflicts of interest exist." Mere speculation by the party seeking this discovery will not suffice. Courts will compel discovery into funding sources only upon the presentation of "some objective evidence" that the discovering party's "theories of relevance are more than just theories."

2021 WL 7186264 at *4 (quoting *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 311, 311-12 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.,* 2020 WL 1042515 (D. Nev. Mar. 3, 2020)).

Unlike in *Nunes*, CNN's argument that any third-party funding by the Alan Dershowitz Legal Defense Trust is allegedly relevant is nothing more than mere speculation. CNN has not shown "something untoward" occurring in this case with respect to the Alan Dershowitz Legal Defense Trust. *Cf. Nunes*, 2021 WL 7186264 at *4 (noting that the plaintiffs had "only incurred $500 in charges during this protracted litigation[,]" and had "'no idea' who [was] paying the lawyers representing [them]"). Professor Dershowitz has testified that he is being represented by counsel on an "almost purely contingency fee[,] so it's not costing [him], at the moment, a lot of money[,]" but that he is "paying" for the litigation with a little support from the Alan Dershowitz Legal Defense Trust. (Dershowitz Dep. at 562:17-563:4).

Specifically, Professor Dershowitz explained that he does not have a "litigation funder" in the traditional sense—i.e., an investor with a financial interest in the outcome of the case—but rather a fund of voluntary donations set up by a former student and friends to help Dershowitz defray some of the costs arising out of Virginia Giuffre's scandalous allegations against him. (Dershowitz Dep. at 557:25-558:16). As he explained, some of the funding has been used to cover expenses in this case, but there is "very little" money left in the Alan Dershowitz Legal Defense Trust. *Id.* at 561:7-15; *see also id.* at 563:10-18 ("[S]ome of the people who contributed to the

Giuffre fund -- We asked them whether they would allow us to defray some of the expenses of this. . . .[A]nd the answer was, yes. So some small amounts of money were paid for some of the expenses in this case as well."); *id.* at 566:2-10 (testifying there's a "few thousand dollars" left in the fund).

Moreover, there has been no showing by CNN that any non-party has any financial interest in the outcome of this case or is making litigation or settlement decisions—because there is none. Nor has CNN shown any alleged "conflicts of interest." *See Nunes*, 2021 WL 7186264 at *4 (citation omitted). Unlike in *Nunes*, there is no suggestion that Professor Dershowitz does not know, who is paying his lawyers. As noted above, Professor Dershowitz has been paying expenses in this case, his lawyers are on an "almost purely contingency fee," and some funds from the Alan Dershowitz Legal Defense Trust have been used to cover expenses in this case. In sum, because CNN has failed to meet its burden of showing "some objective evidence" that its "theories of relevance are more than just theories," this Court should deny CNN's request to compel Professor Dershowitz to produce information that *was never formally requested* during discovery.

In addition to *Nunes*, CNN also cites other inapposite cases involving traditional "litigation funders," who provide loans to litigants in exchange for a financial interest in the outcome of the litigation. *See, e.g., Houston v. Publix Supermarkets, Inc.*, 2015 WL 4581541 (N.D. Ga. July 29, 2015); *Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, 2013 WL 11311345 (S.D. Fla. Nov. 4, 2013); *Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014 (D. Ariz. 2020). In those inapposite cases, there was a concern that the collateral source doctrine applied, which is clearly not an issue here.

Lastly, CNN's unfounded belief that this lawsuit is being funded by the Republican National Committee is not only false but, even if true, undoubtedly irrelevant, given this Court's prior ruling that any alleged "political malevolence" between the parties is irrelevant to this case.

(Order Denying Mt. to Dismiss, ECF No. 28 at 21) (striking allegations of political malevolence from pleading).

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion and award his fees and costs incurred in responding to the motion pursuant to Rule 37.

>Respectfully submitted,
>
>By: */s/ Mark A. Schweikert*
>Mark A. Schweikert (FBN 70555)
>mark@schweikertlaw.com
>help@schweikertlaw.com (secondary email for service)
>**SCHWEIKERT LAW PLLC**
>1111 Brickell Avenue, Suite 1550
>Miami, Florida 33131
>Office: (305) 999-1906
>Mobile: (305) 926-9452

### CERTIFICATE OF SERVICE

I hereby certify that, on October 25, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

>*/s/ Mark A. Schweikert*_____