UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

**CNN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

    Defendant, CABLE NEWS NETWORK, INC. ("CNN"), respectfully submits this reply memorandum in support of its motion to compel Plaintiff, ALAN DERSHOWITZ ("Plaintiff"), to supplement his response to CNN's Interrogatory No. 7, and states as follows:

    As an initial matter, Plaintiff's opposition is notable for the arguments it does not address and therefore concedes. *See Rojas v. OC Elec. LLC*, 2019 WL 1470247, at *2 (S.D. Fla. Apr. 3, 2019) ("[I]n their response [to] the Motion, the Plaintiffs do not address, and therefore waive any opposition to, the Defendants arguments . . . ."). Plaintiff does not dispute, for example, that he has waived any objection to Interrogatory No. 7. *See* ECF No. 223 ("Mot.") at 3; ECF No. 226 ("Opp'n"). And, he does not dispute that because of Plaintiff's inconsistent statements about whether he has received and/or will disclose litigation funding, the requested information goes to Plaintiff's credibility, and CNN is entitled to use that information to cross-examine Plaintiff. *See* Mot. at 3–4; Opp'n. Nor does Plaintiff dispute CNN's argument that the funders are relevant to

rebutting Plaintiff's David vs. Goliath trial narrative. *See* Mot. at 4; Opp'n.[1] Each of these concessions provides an independent basis to compel the requested disclosure here. *See Houston v. Publix Supermarkets, Inc.*, 2015 WL 4581541, at *2 (N.D. Ga. July 29, 2015) (finding litigation funding "highly relevant and probative" for impeachment), *aff'd sub nom. ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293 (11th Cir. 2018); *Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, 2013 WL 11311345, at *3 (S.D. Fla. Nov. 4, 2013) (compelling discovery of litigation funding for cross-examination); *Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1019 (D. Ariz. 2020) (compelling discovery of litigation funding to rebut David vs. Goliath narrative); *Nunes v. Lizza*, 2021 WL 7186264, at *6 (N.D. Iowa Oct. 26, 2021) (same). This Court need look no further to grant CNN's motion.

Instead of grappling with CNN's arguments, Plaintiff makes three unsuccessful claims. But, to borrow a line from Plaintiff, each is "a swing and a miss." Opp'n at 2. *First*, Plaintiff invents a new, artificially cabined interpretation of Interrogatory No. 7, contending that he need only disclose the Trust and not the funders of the Trust, even though no party ever understood the Interrogatory that way, and Plaintiff actually *agreed* to disclose those funders, until Plaintiff changed his mind. *See* Mot. Ex. D. But, Plaintiff cannot evade his discovery obligations through "hyper-technical word games" or "evasive or incomplete answers." *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 688 (S.D. Fla. 2007). And in any event, the Interrogatory expressly requires the disclosure of "any non-party Person or entity," with "Person" defined as "all individuals and entities." Mot. Ex. A, at pp. 2, 5. Plaintiff's new interpretation is transparently—and unpersuasively—a post-hoc rationalization for his desired outcome.

---

[1]   Plaintiff also concedes that the collateral-source doctrine clearly does not apply here. Opp'n at 4.

*Next*, Plaintiff attempts to distinguish *Nunes*, but those efforts fail. As Plaintiff recognizes, "there is no bright-line prohibition" on discovery into litigation funding, and such discovery "is appropriate when there is a sufficient factual showing of 'something untoward.'" Opp'n at 2–3 (quoting *Nunes*, 2021 WL 7186264, at *4). And, while Plaintiff, like the plaintiffs in *Nunes*, disclaims there is anything untoward going on here, the facts are even more worthy of exploration here than they were in *Nunes*. There, the plaintiffs "have not denied that the litigation is being funded by others," but had "no idea" who those funders might be. *Nunes*, 2021 WL 7186264, at *4. Here, Plaintiff testified that he knows the litigation is being funded by others, but he doesn't "think" he knows who they are. ECF No. 211, Ex. C, at 563:16–18 ("[S]ome small amounts of money [from the Trust] were paid for some of the expenses in this case as well."); *id.* at 563:19–22 ("Q. And who are the people who have contributed to that fund? A. I don't remember. I don't know. I don't think I know."). Plaintiff's counsel then offered to identify those people, but after consulting "relevant sources"[2] he changed his mind and said he made a "mistake." Opp'n at 1–2. These circumstances—which mirror *Nunes* plus have the additional factor of Plaintiff's sudden reversal—even if they "may not ultimately turn out to be 'untoward,'" are "certainly unusual" and "legitimate subjects for inquiry." *Nunes*, 2021 WL 7186264, at *4.

*Finally*, Plaintiff claims that it would be irrelevant if CNN were to learn that the RNC (which paid Plaintiff to defend former President Trump) or some other political person or group was funding this litigation because "political malevolence" is irrelevant to this case. Opp'n at 4. But, that claim misapprehends CNN's argument, which has nothing to do with political bias. Defamation lawsuits are designed to recompense a personal reputational harm. *See Time, Inc. v. Hill*, 385 U.S. 374, 386 n.9 (1967) ("[T]he primary harm being compensated [in libel cases] is

---

[2] Curiously, Plaintiff does not specify whether he means "legal sources" or "sources of funds."

damage to reputation."). If Plaintiff has funders supporting this lawsuit to advance an agenda (whether for political, competitive, or other reasons), that information dramatically undercuts Plaintiff's claim that he is seeking damages for injury to his reputation. CNN should be entitled to learn whether that is the case.

For the foregoing reasons, the Court should compel Plaintiff to fully and completely supplement his response to Interrogatory No. 7, including by identifying all individuals and entities who contributed to the Trust.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 25th day of October 2022 to Mark Schweickert, Esq., mark@schweikertlaw.com, Schweickert Law, 1111 Brickell Avenue, Suite 1550, Miami, Florida 33131, and John B. Williams, Esq., jbwilliams@williamslopatto.com, Williams Lopatto PLLC, 1629 K Street, NW, Suite 300, Washington, DC 20006, *Counsel for Plaintiff*.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas

4

New York, NY  10020
Telephone:  212-489-8230

*Counsel for Defendant Cable News Network, Inc.*

4858-5871-8523v.3 0026517-000208