UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-AHS

**Judge Raag Singhal**

ALAN DERSHOWITZ,

        Plaintiff,

vs.

CABLE NEWS NETWORK,

        Defendant
_____/

**Unopposed Motion to Stay Trial Date and Deadlines, Pending Ruling on Defendant's Motion for Summary Judgment**

**Introduction and Summary**

Plaintiff Alan Dershowitz respectfully requests that the Court stay the trial date and the pre-trial deadlines set forth in the Court's scheduling order of October 28, 2022 (ECF No. 240) pending the Court's resolution of Defendant Cable News Network's ("CNN") motion for summary judgment. Plaintiff makes this request based upon the unavailability of plaintiff's counsel for the January 2022 trial date and the parties' agreement that a stay is appropriate. The parties also agree not to seek to reopen discovery. In requesting this relief, the parties do not seek any change in the briefing and argument schedule on the motion for summary judgment, *Daubert* motions, or motions in limine that have presently been scheduled. Rather, Plaintiff seeks only to stay the other pre-trial deadlines and the trial date, and to reset those deadlines and dates once the Court rules on CNN's pending motion for summary judgment if such motion is denied. CNN does not oppose this motion.

The purpose of this request is straight-forward. It will permit plaintiff's trial counsel, John B. Williams, to participate in the trial. (*See* Ex. A, Declaration of John B. Williams, Esq.). Williams is conflicted by a three-week defamation trial previously scheduled to begin in the District of Columbia on January 30, 2023. Grant of this motion will prevent the manifest injustice of impinging on Dershowitz' constitutional right to be guided at trial by the counsel of his choice. Grant of this motion will also relieve the parties of the need to engage in pre-trial preparation if summary judgment is entered.[1]

In an earlier motion, Dershowitz had noted his counsel's conflict and asked for changes in the schedule, including the trial date and the scheduled deposition of Dershowitz. CNN opposed that motion, but its opposition focused primarily on the requested change in the deposition date and extension of discovery. (ECF Dkt. No. 192). The Court similarly focused on the requested deposition change in denying the motion, stating: "Plaintiff's new lawyer, although out of the country, can attend the deposition via video conference, if he chooses. There is no reason for postponing Plaintiff's September 13, 2022, deposition." While the Court denied the motion in full, it did not appear to address the trial date issue.

Discovery is now complete and summary judgment briefing is proceeding. The parties have discussed the schedule and CNN does not oppose a stay of the trial date and pre-trial deadlines to permit Williams to attend the trial and to allow the Court to resolve the pending summary judgment motion before rescheduling such dates and deadlines.

A.  **Relevant Procedural Background**

1. On June 22, 2021, the Court initially scheduled the commencement of the trial in this case for September 12, 2022 (ECF Dkt. No. 34). On March 3, 2022, the Court re-set the

---

[1] CNN does not consent to move the trial date unless all pre-trial deadlines are stayed.

commencement of the trial for December 5, 2022 (ECF Dkt. No. 81). The parties jointly filed a motion on August 2, 2022, to postpone the commencement of the trial to January 16, 2023 (ECF Dkt. No. 184). The Court granted the joint motion on August 3, 2022, but it scheduled the commencement of the trial for January 30, 2023 (ECF Dkt. No. 185).

2. On August 11, 2022, Dershowitz filed a motion for the admission *pro hac vice* of Williams to be his lead trial counsel (ECF Dkt. No. 188). The Court granted the motion the following day (ECF Dkt. No. 189). Williams immediately became familiar with the pre-trial and trial schedule set by the Court. He realized that Dershowitz was scheduled to be deposed in early September and he would be out of the country at that time. Williams also realized that it would be impossible for him to perform his primary role of serving as Dershowitz' lead trial counsel if the trial commenced on January 30, 2023, because he was committed to be lead trial counsel in a defamation case in the Superior Court of the District of Columbia, *Michael Mann v. National Review, Inc.*, Case No. 2012 008263B, which is scheduled to commence on January 30, 2023.

3. Accordingly, Dershowitz filed an expedited motion on September 7, 2022, to modify the pre-trial and trial schedules (ECF Dkt. No. 190). Dershowitz turned first to a request to postpone his deposition and related pre-trial deadlines (*Id*. at 5-6). Next, he turned to the need to postpone the trial date because Williams was conflicted (*Id*. at 7). In that regard, Dershowitz cited *SEC v. Levin*, 849 F.3d 995, 1005 (11th Cir. 2017), and the five factors the Eleventh Circuit said were relevant in considering requests for a continuance of a trial. Dershowitz stated that his request satisfied all five factors: (i) he had been diligent to ready the case for trial; (ii) the date proposed for the continuance could be met if the continuance were granted; (iii) CNN would not be inconvenienced by the grant of a continuance; (iv) if the continuance were denied, he would be severely prejudiced because Williams would be conflicted from acting as lead trial counsel; and

(v) the prior continuances were granted before Williams was hired (*Id*. at 7).

CNN filed an opposition to Dershowitz' motion on September 9, 2022 (ECF Dkt. No. 192).

4. The Court denied Dershowitz' motion on September 9, 2022 (ECF Dkt. No. 193). Like CNN, the Court focused on Dershowitz' request to postpone his deposition and modify several related pre-trial deadlines (*Id*. at 1). The Court declined to grant that request saying: "To do so would prejudice the Defendant and would undo the careful work of the parties and the Court to bring this case to trial in a reasonable time" (*Id*.). The Court also noted that Dershowitz' other counsel could prepare Dershowitz and defend him at his deposition (*Id*. at 2).

The Court did not address any of the *Levin* factors applicable to a request for continuance of a trial or comment directly on Williams' conflict. Instead, citing *FTC v. Roca Labs, Inc.*, Case No. 8:15-cv.2231-T-35TBM, 2017 WL 11002078 (M.D. Fla. May 2, 2017), it said: "Selection of a new lawyer (especially as the close of the pretrial deadlines looms) cannot be used to establish good cause for modifying an agreed upon scheduling order," and "Plaintiff has not established good cause to embark on new trial strategies this late in the litigation" (ECF Dkt. No. 193).

**B. Argument**

Although the Court previously denied Dershowitz' request to extend the trial date, it is respectfully suggested that the present motion to stay the trial date and pre-trial deadlines is warranted based on changed circumstances. Previously, CNN opposed Plaintiff's efforts to reschedule and extend deposition and discovery matters. The parties now agree that discovery is closed and will not be reopened. In light of these new circumstances, the parties agree that a stay is appropriate both to allow Plaintiff's chosen counsel to attend trial and to obviate the need for pre-trial preparations if summary judgment is entered.

The Fifth Circuit held in *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1117 (5th Cir.

1980) that, "[t]he right to retain counsel in civil litigation is implicit in the concept of fifth amendment due process."[2] Although a civil litigant's Fifth Amendment right to retained counsel is not as broad as a criminal litigant's right to counsel under the Sixth Amendment, "[i]n both cases the litigant … requires the guiding hand of counsel at every step in the proceedings" (*Id*. at 1118). "In each instance, the right to counsel is one of constitutional dimensions and should be thus freely exercised without impingement" (*Id*.)

The issue in *Potashnick* was a rule by the district court prohibiting retained counsel in a civil case from conferring with his client during breaks and recesses at trial. The Fifth Circuit held that "the judge's rule pertaining to attorney-client communications impinged on Port City's due process right to retain counsel" and reversed the district court's judgment (*Id*. at 1119).

The impingement on Dershowitz' constitutional right to retain counsel that would be caused if the Court did not continue the trial would be far more serious than the impingement the Fifth Circuit in *Potashnick* found serious enough to vacate the judgment in that case or even the Court's prior ruling that Dershowitz could be represented by other counsel at his deposition. Were the Court to insist that the trial commence on January 30, 2023, the same day that Williams is previously committed to begin a three-week defamation trial in the District of Columbia, the Court not only would be depriving Dershowitz of his right to "communicat[e]" with his retained counsel, as in *Potashnick*, but would also be depriving Dershowitz of his Fifth Amendment right to have an attorney of his choosing represent him at all at trial.

This case is not comparable to *Roca Labs*, upon which the Court relied in its Order of September 9, 2022. In *Roca Labs*, defendant sought to amend its pleadings and add seven new

---

[2] The Fifth Circuit's decision in *Potashnick*, issued in 1980, is binding on this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*). *See United States v. Zheng*, 306 F.3d 1080, 1085 n. 4 (11th Cir. 2002); *United States v. Real Property*, Case No. 19-24249-Civ-WILLIAMS/TORRES*,* 2021 WL 6197936, at *2 n. 2 (S.D. Fla. May 25, 2021).

affirmative defenses long after the deadline for such an amendment because it added new counsel. 2017 WL 11002078, at *2. The court denied the motion, holding that merely because "Defendants have obtained new counsel and have embarked on new litigation strategies are not sufficient to establish good cause." *Id*.

Here, Dershowitz is not seeking a continuance merely because he has retained Williams as his new lead trial counsel, nor is Williams seeking to embark on new litigation strategies. Dershowitz is seeking a stay because, unless it is granted, Williams is conflicted from serving as Dershowitz' lead trial counsel, although that is precisely why he was hired.

In addition, the parties seek a stay during the pendency of CNN's motion for summary judgment, which, if granted, would obviate the need for pre-trial preparations. *See Simpson v. Cardoso*, No. 1:19-cv-21959-AHS, ECF No. 112 (Jan. 13, 2021) (Singhal, J.) (granting unopposed motion to stay trial deadlines pending the resolution of dispositive motions). "The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Chevaldina v. Katz*, 2017 WL 6372620, at *2 (S.D. Fla. Aug. 28, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 683 (1997)). Good cause to enter a stay exists where "resolution of a . . . motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.) (citation omitted), *aff'd*, 87 F. App'x 713 (11th Cir. 2003). Further, a stay is appropriate so long as the stay "does not cause Plaintiff 'any significant harm.'" *George & Co. LLC v. Cardinal Indus., Inc.*, 2019 WL 1468514, at *1 (M.D. Fla. Feb. 19, 2019) (quoting *Ave Maria Univ. v. Sebelius*, 2012 WL 13059434, at *2 (M.D. Fla. Nov. 28, 2012)). Here, CNN's motion for summary judgment, if granted, would dispose of the entire action, and the parties agree that Plaintiff and CNN will not be harmed by a stay. For that reason, CNN does not oppose a stay of the trial and pre-trial proceedings.

6

**Request for a Hearing**

Pursuant to Local Rule 7.1(b), and to the extent the Court may be inclined to deny this request for relief, Plaintiff respectfully requests a brief 10-minute remote hearing. Plaintiff submits that a brief hearing and dialogue between the parties and the Court would be helpful to further expound upon the good-faith nature of this request and to directly respond to any concerns or issues raised by the Court.

**Local Rule 7.1(a)(3) Certification**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that Plaintiff' lead counsel, John Williams, has conferred with CNN's counsel by telephone and email about this motion. CNN does not oppose the Court rescheduling the trial date so long as all pre-trial deadlines are stayed.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order granting this motion and for any other relief that justice requires.

Dated: November 9, 2022      Respectfully submitted,

/s/ Mark A. Schweikert
Mark A. Schweiker (FNN 70555)
SCHWEIKERT LAW PLLC
1111 Brickell Avenue, Suite 1550
Miami, FL 33131
Tel. (305) 999-1906
mark@schweikertlaw.com


/s/ John B. Williams
John B. Williams (*pro hac vice*)
WILLIAMS LOPATTO PLLC
1629 K Street, N.W., Suite 300
Washington D.C. 20006
Tel: (202) 296-1665
jbwilliams@williamslopatto.com
fnkitton@williamslopatto.com

*Counsel for Plaintiff Alan Dershowitz*

## CERTIFICATE OF SERVICE

  I hereby certify that, on November 9, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

<em>/s/ Mark A. Schweikert</em>