UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-61872-CIV-SINGHAL/HUNT

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

**ORDER**

THIS CAUSE is before this Court on Defendant's Motion to Compel. ECF No. 223. The Honorable Anuraag H. Singhal, United States District Judge, referred discovery to the undersigned for disposition. ECF No. 34; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned, having carefully reviewed the Motion, the Response, and Reply thereto, argument of Counsel at an October 26, 2022 hearing, and applicable law, and being otherwise fully advised in the premises, ORDERS that Defendant's Motion be GRANTED for the reasons outlined below.

This case concerns a defamation claim by Plaintiff regarding certain statements about Plaintiff made on Defendant's news channel. Defendant is here seeking to have Plaintiff supplement his answers as to the individuals funding this litigation. Plaintiff, despite having initially told Defendant there were no outside funders of this lawsuit, noted at his deposition that the "Alan Dershowitz Legal Defense Fund" was helping pay litigations costs. Plaintiff initially agreed to notify Defendant as to who had contributed to the fund, but eventually changed his mind after his attorney further investigated the legal issues involved.

Defendant argues first that Plaintiff waived any objection by not initially asserting an objection.  Second, Defendant contends that the information is relevant to Plaintiff's credibility due to his inconsistent statements on funding.  Defendant also argues that the funding is relevant to rebut an expected narrative that Plaintiff is the proverbial David facing a Goliath media defendant.  Finally, Defendant argues that the information is relevant as it goes to Plaintiff's actual motive in bringing the lawsuit

Plaintiff responds that Defendant simply is not entitled to the information.  Plaintiff, citing *Nunes v. Lizza*, No. 20-cv-4003-CJW, 2021 WL 7186264, at *4 (N.D. Iowa Oct. 26, 2021), argues that courts require objective evidence that a party's theory of relevance is grounded in reality before allowing such discovery.  Plaintiff argues that Defendant has nothing but theories to justify the inquiry, and therefore it is not entitled to the discovery.  Plaintiff states that the fund at issue was created by friends in response to a different case and was simply applied to this case.  In any event, Plaintiff avers that there is very little money left in the fund.

Both Parties suggest this Court look to the *Nunes* case for guidance.  In that case, the family of former United States Congressman Devin Nunes was, as here, suing for allegedly defamatory content.  In that case defendants also sought to find out what outside parties may have been funding the litigation.  *Id.* at *1. Plaintiffs in *Nunes* argued that defendants were engaging in mere speculation as to even the existence of third-party funding.  *Id.* at *1–*2.

The *Nunes* court, adopting the approach of another court faced with the issue, found the following framework helpful:

> [T]here is no bright-line prohibition on such discovery. Discovery into litigation funding is appropriate when there is a sufficient factual showing of "something untoward" occurring in the case; "[f]or example, discovery will be [o]rdered where there is a sufficient showing that a non-party is making ultimate litigation or settlement decisions, the interests of plaintiffs or the class are sacrificed or not being protected, or conflicts of interest exist." Mere speculation by the party seeking this discovery will not suffice. Courts will compel discovery into funding sources only upon the presentation of "some objective evidence" that the discovering party's "theories of relevance are more than just theories."

*Nunes*, 2021 WL 7186264, at *4 (quoting *V5 Techs. v. Switch*, Ltd., 334 F.R.D. 306, 312 (D. Nev. 2019)). This Court likewise finds the framework applicable to the situation now before it.

Plaintiff argues that Defendant has made no showing that the funders' identities are relevant. Defendant urges the undersigned to consider the fact that Plaintiff initially denied that the litigation was funded by others before correcting himself months after the fact. Likewise, Defendant contends that the funding could give insight into Plaintiff's motive as to bringing the lawsuit.

The undersigned notes that at the hearing the idea of an in-camera review of the list of funders was proposed. The undersigned ordered the Parties to confer as to whether such an idea was feasible, and, if so, what the parameters of the review should be. Defendant reached out to Plaintiff as requested, but rather than confer, Plaintiff simply submitted a proposal to this Court, to which Defendant responded with a counterproposal. The Court finds that, given the lack of agreement by the Parties, in-camera review is not a feasible path forward.

As such, the Court finds that Plaintiff must turn over to Defendant the list of those who have contributed to the fund. Plaintiff's initial denial of its existence, coupled with the ultimate admission of its existence, equivocations regarding its disclosure, and

3

subsequent actions "lift the basis for Defendant['s] inquiry above the level of mere speculation and raise legitimate subjects for inquiry not present in a more run-of-the-mill personal injury case or commercial dispute." *Nunes,* 2021 WL 7186264, at *4. Further, the undersigned finds the information relevant as it may illuminate possible bias as to potential witnesses as well as Plaintiff's own motivation[1] in pursuing the litigation. *See id.* Although there are certainly privacy concerns regarding the identities of those who have contributed to Plaintiff's litigation fund, the undersigned finds those concerns adequately covered under the terms of the Parties' confidentiality order. ECF No. 48.

---

[1] Plaintiff contends that political motivation has been removed as an issue from this case, citing this Court's order on Defendant's Motion to Dismiss. The undersigned observes that the Court's prior ruling states only that Defendant's alleged political animus was not a proper consideration in the defamation analysis and is inapplicable to the issue now before the Court. *See* ECF No. 28 at 21.

Accordingly, it is hereby ORDERED and ADJUDGED that:

Defendant's Motion to Compel, ECF No. 223, is GRANTED.  Plaintiff shall turn over the following information:

1. The names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who otherwise has provided or is providing financial support for this action.

2. A description of each person or entity.

3. The amount of any donation.

4. The total amount expended from the Trust to pay expenses in this case.

5. The total amount remaining in the Trust to pay expenses in this case.

The information shall be turned over on or before November 18, 2022.

DONE and ORDERED at Fort Lauderdale, Florida, this 10th day of November 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Anuraag H. Singhal
All counsel of record