# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

### CNN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION TO PRECLUDE EXPERT TESTIMONY OF FRANK O. BOWMAN, III

GUNSTER, YOAKLEY & STEWART, P.A.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

DAVIS WRIGHT TREMAINE LLP
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 489-8230

*Counsel for Defendant Cable News Network, Inc.*

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. BACKGROUND .................................................................................................................... 2

III. ARGUMENT .......................................................................................................................... 2

    A. Plaintiff Concedes that Some of Professor Bowman's Testimony Is Admissible ................................................................................................................. 3

    B. Professor Bowman's Testimony Is Admissible Under *Daubert* ............................. 3

        1. Professor Bowman Is Qualified and Employs Reliable Methodology, Which Plaintiff Does Not Dispute ....................................... 3

        2. Professor Bowman Will Help the Factfinder Assess CNN's Defenses .................................................................................................... 4

            a. Professor Bowman Will Not Testify to CNN's State of Mind ................................................................................................ 4

            b. Professor Bowman's Actual Proffered Testimony Is Helpful .............................................................................................. 5

                i. Professor Bowman Is Helpful to Establish Context ........... 5

                ii. Professor Bowman Shows that the Response Was Ambiguous ....................................................................... 7

                iii. Professor Bowman Shows that the Challenged Statements Were Supportable and Rational ........................ 8

                iv. Professor Bowman Shows that Plaintiff's Own Views on Impeachment, not CNN, Damaged His Reputation ........................................................................ 9

IV. CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Burton v. Am. Cyanamid*,
  2018 WL 3954858 (E.D. Wis. Aug. 16, 2018) ................................................................................8

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ................................................................................................................1, 3, 4

*Doe v. Rollins Coll.*,
  2020 WL 8408417 (M.D. Fla. Jan. 7, 2020) ..................................................................................6

*Drs. Licensure Grp., Inc. v. Cont'l Cas. Co.*,
  2011 WL 13182969 (N.D. Fla. Sept. 26, 2011) .............................................................................4

*Grayson v. No Labels, Inc.*,
  2022 WL 1266218 (M.D. Fla. Apr. 25, 2022) ...............................................................................8

*Langbord v. U.S. Dep't of Treasury*,
  832 F.3d 170 (3d Cir. 2016) ...........................................................................................................6

*Lewis v. Carnival Corp.*,
  570 F. Supp. 3d 1189 (S.D. Fla. 2021) ..........................................................................................5

*Lowe v. Atlas Logistics Grp. Retail Servs. (Atlanta), LLC*,
  2015 WL 11202251 (N.D. Ga. June 16, 2015) ..........................................................................6, 7

*Maiz v. Virani*,
  253 F.3d 641 (11th Cir. 2001) .......................................................................................................3

*Moldea v. N.Y. Times Co.*,
  22 F.3d 310 (D.C. Cir. 1994) .........................................................................................................9

*Patrick v. Cleveland Scene Pub., LLC*,
  2008 WL 7182471 (N.D. Ohio June 27, 2008) ..............................................................................8

*Time, Inc. v. Pape*,
  401 U.S. 279 (1971) .............................................................................................................5, 6, 7, 9

*United States ex rel. Raven v. Ga. Cancer Specialists I, P.C.*,
  2018 WL 11220441 (N.D. Ga. July 3, 2018) .................................................................................4

*World Boxing Council v. Cosell*,
  715 F. Supp. 1259 (S.D.N.Y. 1989) ...............................................................................................8

Defendant Cable News Network, Inc. ("CNN") respectfully submits this memorandum in opposition to Plaintiff's *Daubert* motion to preclude the expert testimony of Professor Frank O. Bowman, III, ECF No. 212 ("Motion" or "Mot.").

## I.   PRELIMINARY STATEMENT

Professor Bowman, whose credentials as an impeachment scholar are unquestioned by Plaintiff, will give relevant and helpful testimony by providing context and analysis on the impeachment process, including Plaintiff's changing views on impeachment and his statements in the impeachment trial. This testimony goes directly to CNN's defenses. Nonetheless, in his Motion, Plaintiff—who did not depose Professor Bowman and does not dispute his qualifications or reliability—seeks to strike his testimony because Plaintiff claims he purports to testify as a "mind reader" of CNN commentators and producers. Mot. at 2.But this argument is simply a straw man. Professor Bowman will not testify to CNN's state of mind, and his expert report offers no opinions on that point. Instead, he will provide testimony about the context of the impeachment proceedings, explain the ambiguity of Plaintiff's statements on the floor of the Senate, and discuss the scholarly reaction to Plaintiff's arguments.

Professor Bowman's testimony is not just helpful; it is critical to the jury fairly understanding the issues in this case. Through his Motion, Plaintiff is attempting to muzzle testimony that could credibly challenge his own views on impeachment. Plaintiff, who only recently withdrew himself as an expert in this case (ECF No. 241), is attempting to do through this Motion and his factual testimony what he now concedes he cannot do as an expert: to anoint himself as the only scholar of impeachment in this case—a role for which he is particularly ill suited given his status as Plaintiff here, as advocate during the impeachment trial, and as an extreme outlier among impeachment lawyers. Fundamental fairness requires that Professor Bowman be allowed to counter Plaintiff's self-serving narrative. His testimony should be admitted.

1

## II. BACKGROUND

This case pertains to certain statements made by CNN commentators (the "Challenged Statements") regarding remarks made by Plaintiff in response to a question posed by Senator Ted Cruz (the "Response") during President Trump's first impeachment trial in January 2020. Plaintiff contends that CNN misinterpreted the Response and thereby defamed him. In particular, Plaintiff alleges that when CNN aired a clip of the Response, it omitted a sentence (the "Illegal Quo Line") that "unambiguously" contradicted CNN's characterization. ECF No. 66 ("FAC") ¶¶ 8–9.

Heeding the Court's direction at the motion-to-dismiss stage for "a more fully developed record," ECF No. 28 ("MTD Op.") at 16, CNN retained Professor Bowman to provide context surrounding the Response. In his report, Professor Bowman opined on several key issues. ECF No. 212-1 ("Rep."). First, Professor Bowman explained the background of the Trump impeachment and placed the Response in the historical context of the debate over the scope of impeachable conduct. Rep. at 2–3. Second, Professor Bowman reported that Plaintiff's position on the criteria for impeachment has changed significantly over the years, shifting from not requiring a crime, to requiring a crime, to requiring a crime or "crime-like" conduct. *Id.* at 3–6. Third, Professor Bowman analyzed the Illegal Quo Line and concluded that it was unclear and did not clarify the meaning of the Response. For example, Professor Bowman explained that the Illegal Quo Line ("the only thing that would make a quid pro quo unlawful is if the quo were somehow illegal") was a tautology because "unlawful" and "illegal" are synonyms. *Id.* at 7–9. Finally, Professor Bowman studied the entire Response and concluded that it was unclear and interpreted in a variety of ways by commentators, including many who shared CNN's interpretation. *Id.* at 11–15. For example, over 200 legal scholars submitted a letter to the Senate stating that Plaintiff's Response would "give the president carte blanche to corrupt American democracy." *Id.* at 12–13.

## III. ARGUMENT

2

This Court should deny Plaintiff's Motion to preclude Professor Bowman because his testimony is helpful and can provide the very context that this Court requested and, as such, is admissible under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Further, Plaintiff does not challenge many areas of Professor Bowman's testimony and concedes that he meets most of the requirements for expert testimony under *Daubert*.

A.  **Plaintiff Concedes that Some of Professor Bowman's Testimony Is Admissible**

Initially, Plaintiff does not challenge a key area of Professor Bowman's testimony[1]: Plaintiff's changing and contradictory public positions on the criteria for impeachment. Professor Bowman will testify that in 1998 Plaintiff stated that impeachment does not require a crime, in 2018 Plaintiff reversed his position and stated that an actual crime is required, and in 2020 Plaintiff shifted his position once again and stated that a crime or "crime-like" conduct is required.[2] Rep. at 3–6. Because Plaintiff does not challenge this portion of the testimony, it should be admitted.

B.  **Professor Bowman's Testimony Is Admissible Under *Daubert***

The rest of Professor Bowman's testimony is also admissible. *Daubert* requires that "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001). Professor Bowman meets each of these requirements.

1.  <u>Professor Bowman Is Qualified and Employs Reliable Methodology, Which Plaintiff Does Not Dispute</u>

---

[1] Plaintiff's only challenge to Professor Bowman's testimony on Plaintiff's impeachment views is confined to approximately "four pages" of his report at pages 11–15. Mot. at 4–6 & n.8. Plaintiff does *not* challenge Professor Bowman's testimony on the changes in Plaintiff's views, which can be found at pages 3–6 of his report.

[2] As explained *infra* pp. 5–7, this context is highly relevant to CNN's defenses.

3

First, Plaintiff does not challenge Professor Bowman's qualifications or the reliability of his testimony. Nor could he. Professor Bowman is a distinguished professor of law, with a special focus on the history of impeachment. His credentials and expertise are detailed in his 26-page CV. ECF No. 211, Ex. B. And his report is thoroughly supported by copious citations.

### 2. Professor Bowman Will Help the Factfinder Assess CNN's Defenses

The only element in dispute, then, is the helpfulness of Professor Bowman's testimony to the factfinder. This element "goes primarily to relevance." *Daubert*, 509 U.S. at 591. In his Motion, Plaintiff argues that three purported aspects of Professor Bowman's testimony should be excluded as unhelpful and irrelevant: his opinions on (1) the "state of mind" of CNN commentators, (2) the "state of mind" of CNN producers, and (3) the substance of and reaction to Plaintiff's Response. Mot. at 6. But the first two arguments fail because Professor Bowman does not and will not opine on CNN's state of mind. The third opinion is helpful and relevant to CNN's defenses.

#### a. Professor Bowman Will Not Testify to CNN's State of Mind

The primary argument advanced in Plaintiff's Motion is that Professor Bowman cannot, as a matter of law, testify to the state of mind of any CNN commentators or producers. In particular, Plaintiff quibbles with Professor Bowman's opinion on "how informed listeners who had followed the Trump impeachment controversy carefully—including members of the press and professional broadcast commentators—could have understood" the Response. Rep. at 1; *see* Mot. at 7.

But this argument is a smokescreen. CNN agrees that expert testimony on the subjective state of mind of CNN is inadmissible, and will stipulate that Professor Bowman will not offer such testimony.[3] On the contrary, even when Professor Bowman opines on how hypothetical listeners

---

[3] *See United States ex rel. Raven v. Ga. Cancer Specialists I, P.C.*, 2018 WL 11220441, at *4 n.5 (N.D. Ga. July 3, 2018) (admitting expert testimony where proponent agreed he would not testify to state of mind); *Drs. Licensure Grp., Inc. v. Cont'l Cas. Co.*, 2011 WL 13182969, at *4 n.5 (N.D. Fla. Sept. 26, 2011) (same).

"could" have interpreted the Response, he never opines and will not opine that CNN actually held such interpretations. Plaintiff's primary argument to strike Professor Bowman, therefore, is moot. In any case, Professor Bowman's opinion on hypothetical listeners' interpretations is proper as "external evidence" of the "number of possible rational interpretations" of the ambiguous Response, as explained *infra* pp. 8–9. *Time, Inc. v. Pape*, 401 U.S. 279, 290 (1971).

          b.      <u>Professor Bowman's Actual Proffered Testimony Is Helpful</u>

Instead, Professor Bowman will provide testimony that is helpful because it (i) establishes the context of the Challenged Statements, (ii) shows that the Response was ambiguous, (iii) shows how the Response could be rationally interpreted, and (iv) demonstrates that Plaintiff's reputation as a scholar was damaged before and apart from the Challenged Statements.

Expert testimony is helpful "if it concerns matters that are beyond the understanding of the average lay person. The touchstone of this inquiry is the concept of relevance." *Lewis v. Carnival Corp.*, 570 F. Supp. 3d 1189, 1193–94 (S.D. Fla. 2021) (citations omitted). Professor Bowman's testimony is beyond the knowledge of laypersons and is directly relevant to CNN's defenses.

          *i.*      *Professor Bowman Is Helpful to Establish Context*

*First*, Professor Bowman will testify to the highly relevant context of the Trump impeachment, specifically, the allegations in the articles of impeachment, the process of impeachment, the scope of impeachable conduct, and Plaintiff's views on impeachment. At the motion-to-dismiss stage, the Court held that CNN's opinion defense "requires a more fully developed record" on the factors that bear on whether a statement is nonactionable opinion, including "the context in which the statement was published" and "all of the circumstances surrounding the publication." MTD Op. at 16 (quoting *Rasmussen v. Collier Cnty. Pub. Co.*, 946 So. 2d 567, 571 (Fla. DCA 2d 2006)). The Court also noted that in determining whether CNN had actual malice, the Court must consider the "context" of the words in the Response and "the external

5

evidence of [its] overall meaning." *Id.* at 20 (quoting *Time, Inc. v. Pape*, 401 U.S. 279, 290 (1971)).

Professor Bowman will provide this important context. He will testify to Plaintiff's changing positions on the criteria for impeachment, as Plaintiff veered from not requiring a crime, to requiring a crime, to requiring a crime or "crime-like" act. Rep. at 3–6. Notably, as explained *supra* p. 3, Plaintiff does not challenge this area of testimony. Further, Professor Bowman will testify that Plaintiff's latter two positions are "contrary to the near-universal consensus of modern constitutional scholars" and viewed as "extreme." Rep. at 5. While Plaintiff argues in a conclusory manner that this testimony is "irrelevant,"[4] this context is in fact very relevant because, for example, CNN commentators held the opinion that Plaintiff's Response espoused yet *another* new and unusual argument on impeachment. Given Plaintiff's history of changing his views—often to diametrically opposed and extreme positions—this context allowed CNN commentators to draw the conclusion that the Response was a new and expansive argument uncabined by his previous (and contradictory) positions. Thus, this context helps explain the CNN commentators' opinion.

This context is appropriate expert testimony because "jury members are highly unlikely to be familiar with" the constitutional process and threshold for impeachment. *Lowe v. Atlas Logistics Grp. Retail Servs. (Atlanta), LLC*, 2015 WL 11202251, at *1 (N.D. Ga. June 16, 2015) (admitting expert on Genetic Information Nondiscrimination Act); *see also Doe v. Rollins Coll.*, 2020 WL 8408417, at *4 (M.D. Fla. Jan. 7, 2020) (admitting expert on Title IX). Professor Bowman will "provide[] context and explain[]" impeachment, in particular, how Plaintiff's views have diverged from the scholarship and precedents on impeachment and his own prior positions. *Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 195 (3d Cir. 2016). In other words, Professor Bowman will

---

[4] Plaintiff falsely suggests that Professor Bowman somehow conceded that this testimony is irrelevant. Mot. at 10. To the contrary, although Professor Bowman recognized that his testimony "does not rest on which position is constitutionally correct," that is only because the jury need not decide which view is in fact correct in order to understand that mainstream academia rejected Plaintiff's view. Rep. at 1.

6

"help the jury understand what all the fuss is about." *Lowe*, 2015 WL 11202251, at *1.

        ii.  *Professor Bowman Shows that the Response Was Ambiguous*

*Second*, Professor Bowman will testify that the Response was imbued with "ambiguities." *Pape*, 401 U.S. at 290. As explained in its motion for summary judgment, ECF No. 234-1 ("MSJ"), at 18–23, CNN cannot be held liable if it adopted "one of a number of possible rational interpretations" of an ambiguous statement.[5] *Pape*, 401 U.S. at 290. As noted in the Court's motion-to-dismiss opinion, this defense calls for, among other things, "external evidence of the [Response's] overall meaning."[6] MTD Op. at 20 (quoting *Pape*, 401 U.S. at 290).

Professor Bowman will provide that evidence and help the factfinder determine that the Response is ambiguous. In a detailed analysis, Professor Bowman concluded that the entire Response "is not clear," and its pronouncement on unimpeachable conduct "does not by its actual terms exclude any crime," contrary to Plaintiff's theory of the case. Rep. at 11–12. Indeed, Plaintiff's theory is that the Illegal Quo Line "unambiguously" excludes crimes and other illegal acts. FAC ¶ 9. But Professor Bowman concluded that this "sentence is at best opaque, either standing alone, or even in the context of [the] entire response." Rep. at 7. Professor Bowman's methodical analysis (which Plaintiff derides as "microscopic") is precisely the kind of detail that will help the factfinder; it is not "merely telling the jury what result to reach." Mot. at 4, 9.

In his Motion, Plaintiff argues that interpreting the Illegal Quo Line is a "common sense"

---

[5] Plaintiff falsely characterizes CNN's ambiguity defense as "late arriving." Mot. at 9. But when they made the Challenged Statements, CNN commentators stated that they "don't understand that argument at all" and "it's almost impossible to understand" the ambiguous Response. ECF No. 218, Ex. 53, at 3. And CNN has consistently asserted this defense. ECF No. 17, at 13, 20. Plaintiff also insinuates that Professor Bowman copied CNN because they both have used forms of the word "pellucid." Mot at 9–10. The common use of one word is, of course, evidence of nothing.

[6] Plaintiff incorrectly states that CNN's ambiguity defense is somehow precluded by the Court's ruling on the motion to dismiss. Mot. at 10. To the contrary, the Court expressly held that CNN's argument that the Response "was ambiguous" "is an argument that CNN may present to a jury." MTD Op. at 13. In considering ambiguity under *Pape*, the Court deferred judgment and held that "[w]hether the evidence adduced will ultimately satisfy Dershowitz' burden of proving actual malice by clear and convincing evidence remains to be seen." *Id.* at 20.

7

task for which expert testimony is not needed. *Id.* at 9. But here, Plaintiff has complicated that task, confirming the need for expert testimony. Impeachment is, itself, complicated, and Plaintiff has made it more confusing by disputing the common definition of legal terms and subscribing to his own uncommon definitions. For example, at his deposition, Plaintiff asserted that "unlawful" and "illegal" mean different things—contrary to the ordinary and common usage of those words. ECF No. 211, Ex. C, at 406:10–14. He also asserted that "[s]omething could be unconstitutional but not illegal"—again contrary to common usage. *Id.* at 406:14–19. Plaintiff's peculiar definitions of these words render interpretation of the Illegal Quo Line beyond a simple matter of common sense. If Plaintiff foists his idiosyncratic definitions on the jury, fundamental fairness requires that Professor Bowman be allowed to rebut his contentions by providing the mainstream (and correct) definitions. *See* Rep. at 7–8. Expert testimony is thus appropriate because "[e]ven when the words on the face of an historical document are comprehensible to the lay juror, a trained historian can contribute tremendously to the accuracy and completeness of the juror's understanding by situating the document in its historical context," including its "linguistic" dimensions. *Burton v. Am. Cyanamid*, 2018 WL 3954858, at *4 (E.D. Wis. Aug. 16, 2018). That is true here, where Professor Bowman, as a legal historian, will give helpful testimony to rebut Plaintiff's odd definitions.[7]

### iii. Professor Bowman Shows that the Challenged Statements Were Supportable and Rational

***Third***, Professor Bowman's testimony is helpful because it shows that CNN's Challenged Statements are supportable and rational. As CNN argued in its motion for summary judgment, MSJ at 26–27, when a defendant offers commentary that is tied to a work being commented on,

---

[7] The cases that Plaintiff cites are distinguishable because those cases concerned statements that laypersons can easily understand, whereas here Plaintiff ascribes meaning to legal terms contrary to their common definition. And those cases also concerned an expert's analysis of the allegedly defamatory statements themselves, whereas Professor Bowman analyzes the Response, not the Challenged Statements. *See Grayson v. No Labels, Inc.*, 2022 WL 1266218, at *4 (M.D. Fla. Apr. 25, 2022); *Patrick v. Cleveland Scene Pub., LLC*, 2008 WL 7182471, at *2 (N.D. Ohio June 27, 2008); *World Boxing Council v. Cosell*, 715 F. Supp. 1259, 1264–65 (S.D.N.Y. 1989).

and that is a "supportable interpretation" of the author's work, that interpretation does not present a verifiable issue of fact that can be actionable. *Moldea v. N.Y. Times Co.*, 22 F.3d 310, 313 (D.C. Cir. 1994). Likewise, when a defendant adopts a "rational interpretation[]" of an ambiguous statement, it cannot have actual malice. *Pape*, 401 U.S. at 290. Because CNN's interpretations were supportable and rational, they are not actionable as opinion and for lack of malice.

Notably, while Plaintiff argues that Professor Bowman's testimony is not helpful to assessing actual malice (and does so unpersuasively as explained *supra* pp. 7–8), Plaintiff ignores that this same testimony is helpful to assessing CNN's opinion defense. Because Plaintiff does not challenge that this testimony is helpful to assessing opinion, it should be admitted.

Indeed, Professor Bowman will help the factfinder determine that the Challenged Statements were supportable and rational. Professor Bowman surveyed the reaction to the Response and found that many eminent constitutional scholars shared CNN's interpretation. For example, over 200 legal scholars submitted to the Senate a letter, principally written by Professor Bowman, warning that the language in Response that is at issue would "give the president carte blanche to corrupt American democracy." Rep. at 12–14 & nn.19–22. If over 200 learned scholars shared CNN's interpretation, then it clearly must be, at a minimum, rational and supportable.

In addition, Professor Bowman's analysis will prove that "multiple significantly different interpretations [of the Response] are entirely supportable." *Id.* at 10. For example, Professor Bowman will explain the various meanings of the Illegal Quo Line and the purported varying definitions of "unlawful" and "illegal." *Id.* at 7–10. This analysis goes directly to whether there are "a number of possible rational interpretations" of the Response. *Pape*, 401 U.S. at 290.

> iv. *Professor Bowman Shows that Plaintiff's Own Views on Impeachment, not CNN, Damaged His Reputation*

*Finally*, Professor Bowman's testimony is helpful in demonstrating a lack of damages to

9

Plaintiff's reputation. While Plaintiff alleges that he "was one of the most revered and celebrated legal minds of the past half century" and CNN damaged his "reputation relating to his expertise in . . . constitutional matters," FAC ¶¶ 14–15, Professor Bowman will testify that mainstream academia thoroughly rejected Plaintiff's views on impeachment, long before and entirely apart from the Challenged Statements. For example, Professor Bowman will testify that the positions Plaintiff took in his 2018 book on impeachment were "contrary to the near-universal consensus of modern constitutional scholars" and viewed as "extreme." Rep. at 5. Professor Bowman will similarly testify that criticism continued in the run-up to Plaintiff's arguments before the Senate in January 2020. "[E]ven Professor Jonathan Turley, the only witness called by Republicans during the Judiciary Committee hearing on the scope of impeachable conduct, wrote both before and after Professor Dershowitz's arguments to repudiate his views." *Id.* at 14.

Moreover, with regard to Professor Bowman's letter signed by over 200 legal scholars repudiating Plaintiff's Response, Professor Bowman will testify that "this collective opinion was not influenced by CNN or by any alleged selective editing of Professor Dershowitz's statements. Rather, it resulted from careful consideration by multiple constitutional law luminaries of what he said on the Senate floor." *Id.* at 13. In sum, Professor Bowman will testify that "the national community of constitutional and presidential scholars and legal commentators who heard or read Professor Dershowitz's argument interpreted it to be an extreme position, inconsistent with the consensus of opinion on the meaning of the Constitution's impeachment clauses." *Id.* at 14. Professor Bowman will show that this widespread rejection of Plaintiff's views was based on their lack of merit, not CNN's Challenged Statements.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to preclude the expert testimony of Professor Bowman should be denied.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 11th day of November 2022 to Mark Schweickert, Esq., mark@schweikertlaw.com, Schweickert Law, 1111 Brickell Avenue, Suite 1550, Miami, Florida 33131, and John B. Williams, Esq., jbwilliams@williamslopatto.com, Williams Lopatto PLLC, 1629 K Street, NW, Suite 300, Washington, DC 20006, *Counsel for Plaintiff*.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ George S. LeMieux, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 489-8230

*Counsel for Defendant Cable News Network, Inc.*