UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0-20-CV-61872-AHS

ALAN DERSHOWITZ,

                Plaintiff,

vs.

CABLE NEWS NETWORK,

                Defendant
_____/

**PLAINTIFF'S REPLY TO CNN'S OPPOSITION TO PLAINTIFF'S
MOTION TO PRECLUDE EXPERT TESTIMONY OF FRANK O. BOWMAN, III**

**Introduction and Summary**

Although CNN concedes that "expert testimony on the subjective state of mind of CNN is inadmissible" and is willing to "stipulate that Professor Bowman will not offer such testimony,"[1] that stipulation is meaningless. According to CNN, Professor Bowman will instead give the jury his opinion on "hypothetical listeners' interpretations" of Professor Dershowitz's remarks.[2] But who are these "hypothetical listeners" whose "interpretations" the jury needs to assess? In his expert report, Professor Bowman identified them as "members of the press and professional broadcast commentators,"[3] who—by definition—include CNN's professional broadcast commentators. However now presented, CNN wants Professor Bowman to give his opinion on how Professor Dershowitz's statements should be interpreted, and that is inadmissible state of mind testimony.

---

[1] CNN's Memorandum of Law in Opposition to Plaintiff's *Daubert* Motion to Preclude Expert Testimony of Frank O. Bowman, III (ECF No. 251, "CNN Opp.") at 4.

[2] *Id*. at 5.

[3] Expert Witness Report of Frank O. Bowman, III ("Bowman Rep.") at 1.

1

CNN's intent in this regard is made even clearer when it argues in a later portion of its brief that Professor Bowman's testimony on the "context" of the Dershowitz response "allowed CNN commentators to draw the conclusion that the response was a new and expansive argument" and that this context "helps explain the CNN commentators' opinion."[4]  There is no question that Professor Bowman intends to provide state of mind testimony.

CNN also says that, as a matter of "[f]undamental fairness," Professor Bowman should be allowed to lift a "muzzle" on his testimony "that could credibly challenge [Professor Dershowitz'] own views on impeachment."[5]  But this case is not about who is right or wrong on the Constitution. Professor Dershowitz is not going to argue the correctness of his legal position on impeachment, and the jury will not be asked to decide how the Constitution should be interpreted.  This is a defamation case, and the jury will only be asked to decide whether CNN's factual statements about Professor Dershowitz were false, defamatory, and made with actual malice.  Academic views on impeachment standards are irrelevant.

CNN's alternative argument that Professor Bowman's testimony will provide "the highly relevant context" needed to evaluate "CNN's opinion defense," is also meritless.[6]  Whether a statement constitutes protected opinion is a question of law for the Court to resolve in the "context" of the objective facts.  It is not a question for the jury or dependent on the subjective views of an expert.

Furthermore, Professor Bowman's testimony would not be the kind of "extrinsic evidence" the Supreme Court said in *Time, Inc. v. Pape*, 401 U.S. 279, 290 (1971) could be helpful when

---

[4] CNN Opp. at 6.

[5] *Id.* at 1.

[6] *Id.*

dealing with a report that "bristles with ambiguities," as CNN argues.[7] The "extrinsic evidence" the Supreme Court addressed in *Pape* was testimony from the author of the article in question and his researcher about the meaning of a report the author wrote about, not testimony from some outside "expert." Beyond that, none of CNN's commentators said in their broadcasts or writing that Professor Dershowitz's remarks were ambiguous. To the contrary, one CNN commentator stated that Professor Dershowitz's remarks were not ambiguous.

Finally, Professor Bowman cannot testify about whether CNN's statements meet the unique "supportable" and "rational" interpretation test of *Moldea v. New York Times, Co.*, 22 F.3d 310, 313 (D.C. Cir. 1994), which applies only to literary reviews, or about Professor Dershowitz's damage claim. Both those subjects are beyond the scope of his expert report.

## ARGUMENT

### I. Professor Dershowitz's Motion Is Not "Moot"

CNN claims Professor Dershowitz's "[p]rimary argument" is that Professor Bowman cannot testify as to "the state of mind of any CNN commentators or producers," and that this argument is "moot" because CNN "will stipulate that Professor Bowman will not offer such testimony."[8] However, CNN clings to its plan to have Professor Bowman give the jury his "opinion on hypothetical listeners' interpretations" of Professor Dershowitz's remarks to the U.S. Senate.[9] The "hypothetical listeners" to whom CNN refers are identified in the Bowman report as the press and professional broadcast commentators. The purpose of Professor Bowman's testimony would be to show that CNN's professional broadcast commentators interpreted

---

[7] *Id*. at 5.

[8] *Id.* at 4.

[9] *Id*. at 5.

3

Professor Dershowitz's remarks the same way he does. That is precisely the kind of state of mind testimony that the case law forbids. Thus, CNN's stipulation is hollow, and it does not "moot" Professor Dershowitz's motion.

Moreover, Professor Bowman is not a journalist or a political commentator. Consequently, his personal interpretations of Professor Dershowitz's remarks are both irrelevant to the case and unhelpful to the jury.

## II. Professor Bowman's Testimony Would Not Provide Helpful "Context"

Contrary to CNN's contention, Professor Bowman's testimony would not provide helpful "context" in this case.[10] Professor Bowman's views on "the articles of impeachment, the process of impeachment, the scope of impeachable conduct, and Plaintiff's views on impeachment" are irrelevant to this case.[11] This lawsuit is not about impeachable standards or the competing views of constitutional scholars on the scope of impeachable conduct. It is about whether CNN defamed Professor Dershowitz in connection with its truncated publication of his remarks to the U.S. Senate. The members of the jury do not need a lecture from Professor Bowman about the in's and out's of impeachment to understand the context in which to adjudicate CNN's conduct.

Nor are Professor Bowman's views on impeachment the "context" CNN claims the Court invited in its Order denying CNN's motion to dismiss as helpful in considering "CNN's opinion defense."[12] In the part of that Order addressing CNN's claim that its statements were protected opinion, the Court, citing *Rasmussen v. Collier County Publ. Co.*, 946 So. 2d 567, 571 (Fla. 2nd DCA 2006), noted that it would be helpful to have before the Court "a more fully developed

---

[10] *Id*. at 5-7.

[11] *Id*. at 5.

[12] CNN Opp. at 5.

record" that included "factors relating to the context of the broadcasts and its audience."[13] But the "context" that *Rasmussen* was talking about was "accord[ing] weight to cautionary terms used by the person publishing the statement" and "tak[ing] into account all of the circumstances surrounding the publication, including the medium by which it was disseminated and the audience to which it was published." *Rasmussen*, 946 So. 2d at 571. Because "[w]hether a statement is one of fact or one of opinion is a question of law," that "context" is **not** "[c]ommentary or opinion based on facts that are set forth in the article" which "are not the stuff of libel." *Id*. Professor Bowman's views on impeachment do not provide any helpful context in which to determine whether CNN's statements are protected opinion

Similarly, Professor Bowman's proposed testimony about Professor Dershowitz's "changing positions on the criteria for impeachment" will not help the jury.[14] For purposes of determining whether CNN defamed Professor Dershowitz, it makes no difference whether the impeachment views that he expressed to the U.S. Senate in 2020 are the same or have evolved from those he had 22 years ago.[15] And even if, as CNN supposes, Professor Dershowitz's evolving views "allowed CNN commentators to draw the conclusion that the Response was a new and expansive argument uncabined by his previous (and contradictory) positions," Professor Bowman cannot "help explain the CNN commentators' opinion."[16] That is exactly the kind of state of mind testimony that CNN concedes, as it must, is inadmissible.

---

[13] Order of May 25, 2021 (ECF No. 28) at 16.

[14] CNN Opp. at 6.

[15] *See* Bowman Rep. at 3-4.

[16] CNN Opp. at 6.

### III. Professor Bowman's Testimony Is Not Helpful Regarding Any Alleged Ambiguity

Professor Bowman's proposed testimony regarding any alleged ambiguity in the qualifying statement by Professor Dershowitz that CNN deleted is not the type of helpful "extrinsic evidence" the Supreme Court discussed in *Pape*.[17] In *Pape*, the Supreme Court held that a news magazine did not act with actual malice by failing to clarify in its story about a government report on police brutality that "bristled with ambiguities" was based on allegations and not governmental findings. The Supreme Court's holding was aided by testimony from the author of the story and his research assistant that they thought the report was true. *Pape*, 401 U.S. at 283. The Supreme Court characterized this factual testimony—and not any expert opinion—as the useful "extrinsic evidence" on the issue of actual malice. *Id*. at 290.

Here, in contrast, none of CNN's commentators claimed in their broadcasts or writing that the deleted qualifying statement by Professor Dershowitz was ambiguous, much less that it "bristled with ambiguities" like the government report in *Pape*. The harshest thing Professor Bowman says about that statement is that it "is at best opaque."[18]

More importantly, unlike the author and researcher who provided "external evidence" in *Pape* about the reason for the absence of the word "alleged" there, Professor Bowman is not one of the CNN producers, broadcasters, or political commentators who theoretically could testify about whether they thought the deleted qualifying statement was ambiguous. Professor Bowman is not even a trained linguist. The jury does not need assistance from Professor Bowman or anyone else to understand whether the 18 words of common English comprising that qualifying statement are ambiguous. That question is within the jury's province.

---

[17] *Id*. at 7-8.

[18] CNN Opp. at 7; Bowman Rep. at 7.

6

But even though the words used by Dershowitz are comprehensible to the jury, CNN nevertheless argues that Professor Bowman's qualifications as a "legal historian" should permit him to testify on the meaning of the Dershowitz statement. [19] Quoting from *Burton v. Am. Cyanamid*, 2018 WL 3954858, at *4 (E.D. Wis. Aug. 16, 2018), CNN asserts: "Expert testimony is thus appropriate because '[e]ven when the words on the face of an historical document are comprehensible to the lay juror, a trained historian can contribute tremendously to the accuracy and completeness of the juror's understanding by situating the document in its historical context,' including its 'linguistic' dimensions." But the *Burton* case is entirely inapposite—and the historians in *Burton* were not brought in to testify about the meaning of a particular statement.

*Burton* was a failure to warn case against a number of companies which had manufactured lead-based paint from 1900 until 1972. In *Burton,* the court permitted the historians to testify: (1) that from 1900 to 1972 the defendants had promoted and manufactured lead-based paint without warning of the dangers; (2) that the defendants downplayed the hazards of lead paint during that period; (3) that the defendants should have known that lead paint was dangerous based on the medical and scientific literature available in those years; and (4) that the defendants never communicated any of the known dangers to the public. Testimony of this nature regarding historic events is a proper role for an expert historian and is commonplace in failure to warn cases, particularly when the conduct of the defendant spans many decades. That is hardly the situation here, where CNN wants Professor Bowman to give his opinion on the meaning of the Dershowitz statement—and not on historic events. Further, even if Professor Bowman were qualified as a "legal historian," that does not enable him to testify about the meaning or supposed ambiguity of remarks made just two years ago, and not in some distant past. No historians are needed here.

---

[19] CNN Opp. at 8.

**IV. Professor Bowman Cannot Testify About the Rationality of CNN's Statements**

CNN argues that Professor Bowman's testimony is helpful "because it shows that CNN's Challenged Statements are supportable and rational."[20] Citing *Moldea v. New York Times Co.*, 22 F.3d 310, 313 (D.C. Cir. 1994), CNN contends that, if its commentators' interpretations of ambiguities in Professor Dershowitz's deleted qualifying statement are "supportable" and "rational," those interpretation are "not actionable as opinion and for lack of malice."[21] However, this argument has no merit for several independent reasons.

First, Professor Bowman is barred from offering this testimony because it is beyond the scope of his expert report. Consistent with Fed. R. Civ. P. 26(a)(2)(B), the scope of testimony that a retained expert may offer at trial is limited to the statements and opinions set forth in the expert's written report. *See Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998); *Acosta v. Electrolux North America*, 2008 WL 5246160, at *4-5 (S.D. Fla. Dec. 16, 2008). Professor Bowman's expert report deals only with Professor Dershowitz's statements and the views of "political and legal commentators not affiliated with CNN."[22] Nowhere in Professor Bowman's expert report does he offer an opinion about whether CNN's commentators' interpretations of any ambiguities in the deleted qualifying statement by Professor Dershowitz satisfy the "supportable" or "rational" standards of *Moldea*. Accordingly, Professor Bowman is barred from testifying about that at trial.

Second, the *Moldea* standards have nothing to do with this case. *Moldea* dealt with a "pure question of law," namely, whether challenged statements in a book review were sufficiently

---

[20] *Id.*

[21] *Id.* at 9.

[22] Bowman Rep. at 13.

"verifiable" on their face to state a claim for defamation. *Moldea*, 22 F.3d at 316. There was no expert testimony in *Moldea*, and whether a statement is an opinion is a question of law, which is decided by the court with no need for expert testimony. The D.C. Circuit held in *Moldea* that the challenged statements did not state a claim for defamation because they were "supportable" and "rational" interpretations of the book. That standard has no application to the present case, which does not involve a literary review. Therefore, Professor Bowman's view on whether CNN's commentators' interpretations of Professor Dershowitz's remarks satisfied the *Moldea* standard are irrelevant to this case.

<u>Third</u>, Professor Bowman is not qualified to offer an opinion about whether the statements by CNN's commentators constitute a "supportable" or "rational" interpretation of any ambiguities in Professor Dershowitz's deleted qualifying statement. As already noted, Professor Bowman is not a trained linguist or political commentator. He is no more of an expert on the interpretation of ambiguities than the average juror.

**V. Professor Bowman Cannot Testify About Damage to Professor Dershowitz's Reputation**

Finally, Professor Bowman cannot testify about Professor Dershowitz's claims of damage to this reputation. <u>First</u>, such testimony by Professor Bowman is barred because it is beyond the scope of his expert report. Nowhere in is expert report does Professor Bowman address, much less offer any opinion, about Professor Dershowitz's damage claims.

<u>Second</u>, although Professor Bowman claims in his expert report that Professor Dershowitz's views on impeachable conduct are inconsistent with the views of most constitutional scholars, he does not claim that this inconsistency is what has caused damage to Professor Dershowitz's reputation rather than CNN's defamatory conduct. Professor Dershowitz has been damaged by the reputational and emotional costs he has borne as a result of CNN's defamatory

conduct. Professor Bowman has nothing to offer to the jury on that subject.

## CONCLUSION

For these reasons and the reasons in Professor Dershowitz's motion, the Court should preclude Professor Bowman from offering expert testimony in this case.

Dated: December 2, 2022

Respectfully submitted,

By: */s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)
mark@schweikertlaw.com
**SCHWEIKERT LAW PLLC**
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Office (305) 999-1906  Cell (305) 926-9452

and

John B. Williams (*pro hac vice*)
jbwilliams@williamslopatto.com
**WILLIAMS LOPATTO PLLC**
1629 K Street, N.W., Suite 300
Washington D.C. 20006
Tel: (202) 277-8435

*Counsel for Plaintiff Alan Dershowitz*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 2, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

*/s/ Mark A. Schweikert*