# EXHIBIT H

9/2/22, 12:08 AM                                   Opinion | Don't Be Confused by Trump's Defense. What He Is Accused of Are Crimes. - The New York Times

Case 0:20-cv-61872-AHS | Document 270-8 Entered on FLSD Docket 12/12/2022 Page 2 of 3

**The New York Times**     https://www.nytimes.com/2020/01/27/opinion/impeachment-defense-trump.html

# Don't Be Confused by Trump's Defense. What He Is Accused of Are Crimes.

Abuse of power and obstruction of Congress have long been considered criminal and merit impeachment.

Jan. 27, 2020

By Nikolas Bowie
Mr. Bowie is an assistant professor at Harvard Law School.

Watching CNN last week, I learned that I'm partly responsible for President Trump's legal defense.

On the screen was one of the president's lawyers, Alan Dershowitz, explaining his new position that impeachment requires "criminal-like behavior." When the legal analyst Jeffrey Toobin interjected that "every single law professor" disagreed with him, Mr. Dershowitz rejoined that one professor — me! — was "completely" on his side.

Mr. Dershowitz encouraged Mr. Toobin to read a law review article I wrote on the impeachment of President Andrew Johnson, in which a former Supreme Court justice, Benjamin Curtis, successfully argued that no one should ever be punished for doing something that wasn't a crime. Mr. Dershowitz apparently thought my article supported his view that even if Mr. Trump did everything the House has accused him of doing, the president shouldn't be convicted because he hasn't been accused of criminal behavior.

As an academic, my first reaction was to be grateful that someone had actually read one of my articles.

But as a legal academic, my second reaction was confusion. Even if you think impeachment requires a crime, as I do, that belief hardly supports the president's defense or Mr. Dershowitz's position. President Trump *has* been accused of a crime. Two in fact: "abuse of power" and "obstruction of Congress."

The phrase "abuse of power" appears nowhere in the federal criminal code, which lists thousands of criminal laws passed by Congress over the years. But many crimes aren't written down in codes. Crimes derived from the "common law" — the body of law developed from judicial opinions and legal treatises rather than statutes — have been a staple of American law for centuries. Today in many states, district attorneys routinely charge people with things like "assault," "forgery" and "indecent exposure" even where no statute makes those things a crime.

Common-law crimes are no harder to define with precision than crimes written down in a statute. Ask any first-year law students for the common law's definition of burglary and they'll (hopefully) be able to tell you: "the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony." If someone is accused of burglary in a state where the crime isn't defined by statute, no defense lawyer would respond by announcing that burglary is vague or made up. Burglary is an established crime, even where its definition exists only in legal treatises and judicial opinions.

President Trump's defense falls apart for precisely the same reason. As with burglary, American legal treatises and judicial opinions have long recognized the criminal offense of "abuse of power," sometimes called "misconduct in office." In 1846, the first edition of the pre-eminent treatise on American criminal law defined this common-law offense as when "a public officer, entrusted with definite powers to be exercised for the benefit of the community, wickedly abuses or fraudulently exceeds them." The treatise noted that such an officer "is punishable by indictment, though no injurious effects result to any individual from his misconduct."

9/2/22, 12:05 AM  Opinion | Don't Be Confused by Trump's Defense. What He's Accused of Are Crimes. - The New York Times

Case 0:20-cv-61872-AHS | Document 270-8 Entered on FLSD Docket 12/12/2022 Page 3 of 3

Courts from Michigan to Maryland have recently upheld convictions of government officials for committing this common-law crime — despite objections that the crime has never been codified by statute. And the House, in its first article of impeachment, has accused Mr. Trump of exactly what the law prohibits: He "abused the powers of the presidency" for "corrupt purposes in pursuit of a personal political benefit."

As for "obstruction of Congress," that's not only a common-law crime. Versions of the crime have also been listed in the federal criminal code since the 19th century.

Common-law crimes aren't as common as they once were because they generally have been replaced by statutes, especially at the federal level. The Supreme Court long ago observed that Congress has never passed a law giving all federal district courts jurisdiction to hear common-law crimes. But in making this observation, the Supreme Court cast no doubt on Congress's power to punish someone for a common-law crime. Since that decision, Congress itself has repeatedly arrested and punished people for violating the unwritten crimes of contempt and bribery in contexts where the federal contempt of Congress statute doesn't apply.

As a law professor who occasionally represents indigent criminal defendants, I am deeply troubled by prosecutions under vague, open-ended laws. The principle of legality — that no one should be punished for doing something that wasn't clearly against the established law — sits at the foundation of any just society. We should all be skeptical of arguments that allow the government to tailor an offense retroactively to suit an obnoxious target.

But that's not what's happening to President Trump. And when Mr. Dershowitz defends the president by invoking my own law review article about Justice Benjamin Curtis, he seems to forget that when Curtis made a legality argument to contest President Johnson's impeachment, Curtis declared, "There can be no crime, there can be no misdemeanor without a law, written or unwritten, express or implied."

Abuse of power may be "unwritten" in any code, and obstruction of Congress may be "implied" by statutes, but these crimes are now as well established, well defined and destructive of the public trust as bribery or treason. If the president did what the House accuses him of doing, he can and should be punished.

Nikolas Bowie (@nikobowie) is a historian and assistant professor at Harvard Law School.

*The Times is committed to publishing a diversity of letters to the editor. We'd like to hear what you think about this or any of our articles. Here are some tips. And here's our email: letters@nytimes.com.*

*Follow The New York Times Opinion section on Facebook, Twitter (@NYTopinion) and Instagram.*