UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0-20-CV-61872-AHS

Judge Raag Singhal

ALAN DERSHOWITZ,

               Plaintiff,

vs.

CABLE NEWS NETWORK, INC.,

               Defendant.

_____/

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
"CLARIFYING" PRIOR ORDER ON DEFENDANT'S MOTION TO COMPEL**

**Introduction and Summary**

Plaintiff Alan Dershowitz objects to the Order of November 28, 2022 (ECF Dkt. No. 261), issued by Magistrate Judge Patrick M. Hunt, "clarifying" the Magistrate Judge's Order of November 10, 2022 (ECF Dkt. No. 248).  The Order of November 10, 2022, granted a motion to compel filed by defendant Cable News Network ("CNN") and required Professor Dershowitz to disclose to CNN "[t]he names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who otherwise provided or is providing financial support for this action," and additional information about those donors and their donations.  *Id.* at 5.  The Order of November 28, 2022, states that the Order of November 10, 2022 "should be read as requiring that Plaintiff turn over the requested information as to any entity or individual that has provided funding for this action ***as well as any entity or individual that has donated to the Alan Dershowitz Legal Defense Trust***."  (ECF Dkt. No. 261) (emphasis added).

The Court should overrule the Magistrate Judge's "clarifying" Order because it is clearly erroneous, contrary to law, and an abuse of discretion. *See* Fed. R. Civ. P. 72(a) and S.D. Fla. L. Mag. R. 4(a)(1); *Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, Case No. 20-cv-25318-BLOOM/Otazo-Reyes, 2022 WL 9762385, at *1 (S.D. Fla. Oct. 17, 2022); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). There are three independent reasons for this.

<u>First</u>, funding information about donations to the Alan Dershowitz Defense Trust that was not used in any way to fund the present action is irrelevant to the present action, and there is no authority or case law precedent for the Magistrate Judge's Order compelling Professor Dershowitz to provide such funding information.  <u>Second</u>, CNN limited its request in Interrogatory No. 7 and its motion to compel to funding information related to this action. Therefore, the Magistrate Judge erred as a matter of law in granting CNN discovery that it did not request.  <u>Third</u>, the compelled disclosure of financial information about the Alan Dershowitz Defense Trust that has no connection and is irrelevant to the present action will inflict irreparable harm on Professor Dershowitz by causing a cut-off in much-needed contributions to that Trust, will infringe upon Professor Dershowitz' privacy rights as a resident of Florida under Article I, Section 23 of the Florida Constitution, and will interfere with contributors' protected associational rights under the First Amendment of the U.S. Constitution.

## **Procedural History**

On September 27, 2021, CNN served its first set of interrogatories.  Interrogatory No. 7 asked Professor Dershowitz to "[i]dentify any non-party Person or entity that has provided or is providing financial support for this Action (including but not limited to payment of attorneys' fees and costs) and/or that has a financial interest in the outcome of this Action."  Friends and

colleagues of Professor Dershowitz had established the Alan Dershowitz Defense Trust at the end of 2014 in connection with litigation that arose when he was falsely accused of immoral conduct by Virginia Guiffre.[1]  Most of the contributions were made years ago and, to Professor Dershowitz' knowledge, none was made by anyone who held an animus against CNN.[2]  Given the scurrilous nature of Guiffre's accusations—which have now been withdrawn—Professor Dershowitz promised the contributors to this fund that their identity and contributions would not be disclosed.[3]  When the present litigation against CNN was commenced, Professor Dershowitz asked three donors to this Guiffre fund if their contributions could be used to help defray expenses in the present action.[4]  They agreed and their contributions were used for this purpose.[5]  Professor Dershowitz did not identify these three contributors in response to CNN's Interrogatory No. 7, but subsequently at his deposition he testified that a small amount of money from the Guiffre fund had been used to cover expenses in the present action.

Accordingly, CNN filed a motion on October 24, 2022, to compel Professor Dershowitz to supplement his response to Interrogatory No. 7 (ECF Dkt. No. 223).  CNN argued, among other things, that the identity of "the funders of this action" was relevant "'to refute any David vs. Goliath narrative at trial'" and to "cast doubt on the notion that Plaintiff brought this case in order to remedy an actual personal harm."[6]

---

[1] Ex. A, Declaration of Alan Dershowitz, dated December 12, 2022 ("Dershowitz Dec.") ¶ 2.

[2] *Id*. ¶ 3.

[3] *Id*.  ¶¶ 4-5.

[4] *Id.* ¶ 6.

[5] *Id*.

[6] CNN Motion to Compel Supplemental Response to Interrogatory No. 7 ("CNN Mot.") at 4, 5.

In its motion to compel, CNN spoke only to its need for information relating to funding for this litigation.  CNN stated repeatedly (six times in fact) that its purpose was to obtain information about the funding for "this litigation:"

> 1. there is a firm factual foundation that who is **funding this litigation** is relevant to this matter;[7]
>
> 2. [the collateral source doctrine] does not apply to the situation here, where the **funders have paid for this litigation**…[8]
>
> 3. but if Plaintiff has funders **who are involved in the litigation**, either by directing his legal strategy or supporting the litigation as a way **to silence CNN**,[4] this cast doubt on the notion Plaintiff brought this case in order to remedy an actual personal harm.[9]
>
> 4. CNN should have access to information about **the litigation funders so that it can argue to a jury that Plaintiff did not bring this case** to remedy any damage, of which there is zero evidence.[10]
>
> 5. Given Plaintiff's **anticipated trial theme, CNN is entitled to discover the funders to rebut that theme.**[11]
>
> 6.  **CNN is entitled to know if the RNC [the Republican National Committee] is also supporting this lawsuit.**[12]
>
> [Emphasis added.]

CNN made no claim in its motion to compel that it was seeking or entitled to any information about donors to the Guiffre fund whose funds were not used to support the present action.

---

[7] CNN Mot. at 4.

[8] *Id*.

[9] *Id*. at 5.

[10] *Id*.

[11] *Id*. at 4.

[12] *Id*. at 5.

On November 10, 2022, the Magistrate Judge issued an Order granting CNN's motion to compel (ECF Dkt. No. 248).  The Magistrate Judge noted that CNN was "seeking to have Plaintiff supplement his answers ***as to the individuals funding this litigation***" (emphasis added).[13]  The Magistrate Judge concluded that this information was "relevant" to CNN's claims and defenses "as it may illuminate possible bias as to potential witnesses as well as Plaintiff's own motivation in pursuing the litigation."[14]  The Magistrate Judge ordered Professor Dershowitz to disclose "[t]he names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who otherwise has provided or is providing financial support for this action," along with information about the donors and their donations and the amount expenses from the Trust "to pay expenses in this case"

Professor Dershowitz complied with the Magistrate Judge's Order as he understood it. He identified the three individuals whose donations to the Alan Dershowitz Defense Trust were used for funding the present action, along with a description of those donors, the amounts of their donations to fund this action, and the amounts remaining in the Trust.

However, in an e-mail exchange by the parties with the Magistrate Judge's law clerk, CNN contended that Professor Dershowitz misinterpreted the Magistrate Judge's Order.[15]  CNN claimed that, under the Order, it was entitled to the identity and donation amounts of ***all*** donors to the Alan Dershowitz Defense Trust, regardless of whether their donations were used in any way to fund the present action.  CNN did not cite any authority or case law precedent for this remarkable and unjustified overreach.

---

[13] Order of November 10, 2022, at 1.

[14] *Id.* at 4.

[15] Ex. B.

Nevertheless, on November 28, 2022, the Magistrate Judge issued a "Paperless Order" (ECF Dkt. No. 261) purportedly "clarifying" his Order of November 10, 2022.  The "clarifying" Order provides that the Order of November 10, 2022, "should be read as requiring that Plaintiff turn over the requested information as to any entity or individual that has provided funding for this action *as well as any entity or individual that has donated to the Alan Dershowitz Legal Defense Trust*."  *Id.* (emphasis added).

<u>Argument</u>

**THE MAGISTRATE JUDGE'S ORDER OF NOVEMBER 28, 2022, IS CLEARLY ERRONEOUS, UNAUTHORIZED BY LAW, AND AN ABUSE OF DISCRETION**

**A.  There Is No Legal Authority Or Precedent For The Order**

The Magistrate Judge's Order of November 28, 2022, is clearly erroneous because there is no authority or legal precedent for his order compelling Professor Dershowitz to disclose funding information about the Alan Dershowitz Legal Defense Trust that is totally irrelevant to the present action.  As a threshold matter, "'courts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case.'"  *V5 Technologies v. Switch, Ltd*., 334 F.R.D. 306, 311-312 (D. Nev. 2019) (quoting *Fulton v. Foley*, Case No. 17-CV-8696, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019) (collecting the cases)).  Only in exceptional cases have the courts determined that funding information about a case at bar is relevant and ordered its disclosure.

For example, in *Nunes v. Lizza*, No. 20-cv-4003-CJW, 2021 WL 7186264, at *4 (N.D. Iowa Oct. 26, 2021), the court ordered plaintiff to disclose the identity of the funder of his defamation suit because it was critical to a determination of whether the actual malice standard applied to plaintiff.  The Magistrate Judge relied upon *Nunes* for his Order of November 10, 2022.  However, *Nunes* does not apply to a case where the requested funding information does

not involve, and is not relevant to, the case at bar.  Neither CNN nor the Magistrate Judge has cited *Nunes* or any other case as precedent for an order compelling a party to disclose funding information about a lawsuit that has nothing to do with and is irrelevant to the case at bar.  Such information is not discoverable under Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").

Moreover, CNN has given no reason why information about donors to the Alan Dershowitz Defense Trust whose funds were not used in any way for the present case is relevant to this case.  CNN was focused in Interrogatory No. 7 on funding for "this litigation," hypothesizing that it was the Republican National Committee.  CNN now knows the identity of the donors to the Trust who supported "this litigation"—and it is not the Republican National Committee.  Rather, those donors are three friends of Professor Dershowitz, whose connection is their common interest in Jewish and Israeli causes.  CNN's rank speculation that this litigation is being funded by some type of dark money from organizations or individuals who have a motive to silence CNN cannot render relevant CNN's quest for irrelevant funding information.

**B.  The Order Impermissibly Granted CNN Discovery It Did Not Request**

The Magistrate Judge's Order of November 28, 2022, is not in accordance with the law because it grants CNN discovery that CNN did not request in Interrogatory No. 7 or its motion to compel.  As shown above, in Interrogatory No. 7 and its motion to compel CNN requested only the identify of donors to the Alan Dershowitz Defense Trust whose donations were used to fund the present litigation.  This Court has held that it may not grant a motion to compel discovery that was not formally requested in accordance with the federal discovery rules.  *Hugo ex rel. BankAtlantic Bancorp., Inc*., Case No. 08-cv-61018, 2009 WL 1758708, at *1 (S.D. Fla. June 19, 2009); *James v. Wash Depot Holding, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006).  Courts

nationwide have followed that holding.  *See, e.g., Bakambia v. Schnell*, No. 20-cv-1434 (NEB/KMM), 2021 WL 4622250, at *9 (D. Minn. Oct. 7, 2021); *Leal v. Wal-Mart Stores, Inc.*, No. CV 15-5768, 2017 WL 68528, at *3 (E.D. La. Jan. 6, 2017); *Howard v. Hartford Life & Acc. Ins. Co.*, No. 3:10-CV-192-J-34TEM, 2012 WL 3069384, at *5, 7 (M.D. Fla. July 26, 2012); *Alberts v. Wheeling Jesuit Univ.*, No. CIV.A 5:09-CV-109, 2010 WL 2253518, at *5 (N.D. W.Va. June 1, 2010); *Gardias v. San Jose State Univ.*, Nos. C04-04086, etc., 2007 WL 2288325, at *3 (N.D. Cal. Aug. 9, 2007).

CNN's request for the identify of ***all*** donors to the Trust, regardless of whether their donations funded the present case, was made only in CNN's e-mail exchange with the Magistrate Judge's law clerk.  Courts have denied motions to compel discovery based on such informal requests.  For example, in *Hartford Life*, plaintiff moved to compel production of documents about the organizational structure of defendant's claims department that it had formally requested.  2012 WL 3069384, at *5.  The magistrate judge granted the motion and ordered defendant to produce documents pertaining to the compensation of claims department employees.  *Id*.  Defendant objected to the magistrate judge's order on the ground that plaintiff never requested compensation information.  *Id.*  Plaintiff responded that, during the hearing on its motion to compel, it explained that it needed compensation information to understand how the claims department worked.  *Id*. at *6.  However, the district court held it was "clear error" for the magistrate judge to interpret plaintiff's request as he did and that his order "erroneously directed [defendant] to produce information not sought by [plaintiff] in RFP No. 5."  *Id*. at *7.

This Court in *James* explained the rationale for these holdings.  Quoting with approval from *Sithorn Maritime Co. v. Mansion*, No. Civ. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. April 10, 1998) it recited:

> The Federal Rules of Civil Procedure provide necessary
> boundaries and requirements for formal discovery.  Parties
> must comply with such requirements in order to resort to the
> provisions of Fed. R. Civ. P. 37, governing motions to compel.
> Informal requests for production lie outside the boundaries of
> the discovery rules.

*James*, 240 F.R.D. at 695; *see also* Local Rule S.D. Fla. Discovery Practices Handbook, App. A

("informal requests may not support a motion to compel").

### C.  The Order Will Cause Irreparable Harm And Infringe On Constitutional Rights

The Magistrate Judge's Order of November 28, 2022, compelling Professor Dershowitz

to provide funding information about the Alan Dershowitz Defense Trust that has no relevance to

this case is clearly erroneous, contrary to law, and an abuse of discretion because it will inflict

irreparable harm upon Professor Dershowitz, infringe on his privacy rights under the Florida

Constitution, and interfere with contributors' protected rights of association under the U.S.

Constitution.  <u>First</u>, as established in Professor Dershowitz' annexed Declaration, the compelled

disclosure of the identities of the contributions to the Trust will inflict irreparable harm on

Professor Dershowitz because it will likely reduce any further support to defray costs.[16]

Moreover, the disclosure also could reduce the support Professor Dershowitz receives in

representing unpopular clients.[17]

<u>Second</u>, the Magistrate Judge's Order will infringe upon Professor Dershowitz' protected

rights of privacy, as a resident of Florida, under Article I, Section 23 of the Florida Constitution,

which confers a right of privacy to financial information.[18]  *Winfield v. Div. of Pari-Mutual*

---

[16] Ex. A, Dershowitz Dec. ¶ 9.

[17] *Id.*

[18] *Id.* ¶ 10.

*Wagering, Dep't of Bus. Regulation*, 477 So.2d 544, 548 (Fla. 1985).  Florida courts consistently have held that where, as here, financial information is sought in discovery without a showing of relevance, the state's constitutional right of privacy protects it from disclosure.  *See, e.g., McFall v. Welsh*, 301 So.3d 320, 321-322 (Fla. 5th DCA 2019) (quashing discovery order for financial information because Article I, Section 23 of the Florida Constitution "protects the disclosure of financial information of private persons if there is no relevant or compelling reason to require disclosure"); *Ryan v. Landsource Holding Co., LLC*, 127 So.3d 764, 767 (Fla. 2d DCA 2013) (quashing discovery order for financial information because it was not relevant to the case); *Mogul v. Mogul*, 730 So.2d 1287, 1290 (Fla. 5th DCA 1999) (quashing discovery order for financial information because it was not relevant to the case and its disclosure could cause irreparable harm to party required to disclose).

Third, the compelled disclosure of the identities of contributors to the Alan Dershowitz Defense Trust whose contributions were used to fund the Guiffre litigation but have no connection to the present case would result in subjecting those contributors to harassment, threats of harm, and perhaps investigation and reporting by CNN.[19]  Indeed, after Professor Dershowitz disclosed—under a protective order—the identify of his contributors and the amounts of contributions that were used to fund this litigation, CNN proceeded to disclose some of this information in its recently filed reply brief—alleging that one of the individuals who contributed to this case "has a public dispute with CNN."[20]  CNN Reply Brief at n. 31.  Although the identity of the individual was not disclosed, this reference shows that CNN has begun an investigation of that individual.  Needless to say, few individuals will be likely to support Professor Dershowitz

---

[19] Ex. A, Dershowitz Dec. ¶¶ 7-8.

[20] *Id.* at ¶ 8.

if they have reason to believe they will be the subject of an investigation by a powerful news network.

The compelled disclosure of contributors would amount to a violation of the First Amendment associational rights of those contributors. The Supreme Court has held that, when the disclosure of associational membership is demanded, "[t]here must be 'a substantial relation between the disclosure requirement and a sufficiently important governmental interest.'" *Doe v. Reed,* 561 U.S. 186, 196 (2010). *Accord, e.g., Florida State Conference of Branches and Youth Units of NAACP v. Lee*, 568 F.Supp.3d 1301, 1307 (S.D. Fla. 2021). Here, there is no need whatsoever—let alone a "sufficiently important" one.

## Conclusion

For the foregoing reasons, the Court should vacate the Magistrate Judge's Order of November 28, 2022, and rule that Professor Dershowitz has fully complied with the Magistrate Judge's Order of November 10, 2022.

Respectfully submitted,

*/s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)
SCHWEIKERT LAW PLLC
1111 Brickell Avenue, Suite 1550
Miami, FL 33131
Tel: (305) 999-1906
mark@schweikertlaw.com

John B. Williams (*pro hac vice*)
WILLIAMS LOPATTO PLLC
1629 K Street, N.W., Suite 300
Washington D.C. 20006
Tel: (202) 296-1665
jbwilliams@williamslopatto.com
fnkitton@williamslopatto.com

Neil H. Koslowe (*pro hac vice*)
POTOMAC LAW GROUP, PLLC

1300 Pennsylvania Avenue, N.W., Suite 700
Washington D.C. 20004
Tel: (202) 320-8907
nkoslowe@potomaclaw.com

*Counsel for Plaintiff Alan Dershowitz*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 12, 2022, I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was

served on all counsel of record via transmission of the Notice of Electronic Filing generated by

the Court's CM/ECF system.

*/s/ Mark A. Schweikert*