# EXHIBIT B

| | |
|---|---|
| **Subject:** | Dershowitz v CNN - No. 20-61872 - motion for clarification |
| **Date:** | Monday, November 21, 2022 at 3:29:13 PM Eastern Standard Time |
| **From:** | Mark Schweikert <mark@schweikertlaw.com> |
| **To:** | heath_hooper@flsd.uscourts.gov <Heath_Hooper@flsd.uscourts.gov> |
| **CC:** | Bolger, Kate <KateBolger@dwt.com>, John B. Williams <jbwilliams@williamslopatto.com>, Feder, Eric <EricFeder@dwt.com>, Holoszyc-Pimentel, Raphael <rhp@dwt.com>, Oran, Hilary <HilaryOran@dwt.com>, Edison, Eric <EEdison@gunster.com>, LeMieux, George <GLeMieux@gunster.com> |
| **Attachments:** | 248 - Order Granting Motion to Compel re Funders.pdf, 2022.11.18 P's Second Supplement to ROG 7.pdf, Re: Second Supplemental Answer to ROG #7 per Court's order.eml |

Dear Mr. Hooper:

CNN requests permission to move for a clarification of this Court's Order of November 10, 2022 (ECF No. 248, attached as the "Order"). The Court ordered Plaintiff to disclose the "names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust." Order at 5. Plaintiff limited his disclosure to persons or entities "who have donated to the Alan Dershowitz Legal Defense Trust **for this case**." *See* attached response (emphasis added).

CNN's Position

CNN believes that Plaintiff has misconstrued this Court's Order. In particular, by unilaterally limiting his disclosure to the individuals who purportedly donated for this case, Plaintiff has improperly attempted to revive a limitation that was extensively discussed by the parties and was expressly rejected by the Court. On October 28, when proposing parameters for in camera review, Plaintiff proposed limiting his disclosure to persons or entities who, in his unilateral judgment, "donated to the Alan Dershowitz Defense Trust *to support this case*." *See* email below (emphasis added). CNN objected to Plaintiff's proposal for multiple reasons. As CNN wrote: "First, because the fund as a whole supported this case, all the funders are responsive to CNN's interrogatory. Second, Plaintiff testified that certain people donated to support his Giuffre litigation, and then subsequently, Plaintiff sought and received permission to expend those preexisting funds on this case. Pl.'s Dep. Tr. at 563:10–18. Thus, Plaintiff's limitation may not capture these funders even though they are clearly relevant." *See* email below. CNN proposed the following language to ensure that the donors of the whole fund were captured: "The names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who otherwise has provided or is providing financial support for this action." *See id.*

The Court adopted CNN's proposed language in its Order. By its unambiguous terms, the Order requires two categories of disclosure: any person or entity "[1] who donated to the Alan Dershowitz Legal Defense Trust **or** [2] who otherwise has provided or is providing financial support for this action." Order at 5 (emphasis added). These are two separate categories phrased disjunctively to capture both.

Nonetheless, Plaintiff now contends that the word "otherwise" in the second category somehow limits the scope of the first category. *See* attached email. To the contrary, the word "otherwise" merely reflects the Court's expectation that anyone in the first category will also be in the second category. It is *not* a limitation on the first category. (If the Court wanted to limit it, the Court would have used the word "and" instead of the disjunctive "or.")

Plaintiff's interpretation is contrary to the Order's plain language as well as uniform case law. The then-binding Fifth Circuit, interpreting an analogous statutory provision, wrote: "21 U.S.C. § 342(a)(3) provides that a food is deemed adulterated 'if it consists in whole or in part of any filthy, putrid or decomposed substance,

or if it is *otherwise* unfit for food.' . . . This court, along with others, has long held that *the two clauses are independent and complementary*, so that a food substance may be condemned as decomposed, filthy, or putrid even though it is not unfit for food, or condemned as unfit for food even though not decomposed, filthy or putrid." *United States v. 484 Bags, More or Less*, 423 F.2d 839, 840 (5th Cir. 1970) (emphases added) (citations omitted). Plaintiff's argument, "in effect that the alternative provision of the section must be read into the prior provision, will not do. It is contrary to the plain language and meaning of the statute and . . . to its uniform construction by the courts." *Bruce's Juices, Inc. v. United States*, 194 F.2d 935, 936 (5th Cir. 1952). Likewise here, the Order requires the disclosure of any funders of the Trust, even if Plaintiff purports to unilaterally deem certain funders as not supporting this action.

CNN, therefore, respectfully requests that this Court, consistent with its earlier Order, compel Plaintiff to disclose the "names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust," regardless of the purpose of the donation, by a date certain or face contempt.

Plaintiff's Position:

In its request for clarification, CNN asserts that it is entitled to obtain the identity of all contributors and contributions to a fund that was established to defend Alan Dershowitz when he was falsely accused of immoral conduct by Virginia Guiffre, an accusation that led to a number of lawsuits unrelated to this litigation. In connection with this Guiffre litigation, Dershowitz's friends and colleagues established a defense fund on his behalf. Given the scurrilous nature of those accusations—which have now been recanted—the contributors to this fund were promised that their identity and contributions would not be disclosed. When the present litigation against CNN was commenced, Mr. Dershowitz asked three donors to this Guiffre fund if their contributions could be used to help defray expenses in the present litigation. They agreed and a total of $116,183.52 was used for this purpose.

On November 10, 2022, this Court directed Dershowitz to produce to the defendants: "The names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who otherwise has provided or is providing financial support for this action." The order read in the disjunctive: Dershowitz could produce either the names of the persons or entities who had contributed to the Defense Trust for the Guiffre litigation, or who otherwise have provided or are providing financial support for this action. Dershowitz then duly identified the three individuals whose contributions were used for funding in this CNN case, along with the amounts provided for this litigation, a description of those individuals, and the amounts remaining in the litigation fund. Dershowitz interpreted this Court's order correctly and there is no need for clarification.

Not content to receive the information on funding for this CNN litigation, CNN says that it wants to know the identity and contribution amounts of *all contributors to the Guiffre litigation*. This is a remarkable and unjustified overreach and raises significant constitutional issues. It serves no purpose other than to harass and should be rejected for the following reasons.

*First,* CNN has given no reason why it is entitled to the information about the Guiffre contributors. To the contrary, its motion to compel spoke only to its need for information relating to funding for this litigation. CNN stated repeatedly (six times in fact) that its purpose was to obtain information about the funding for "this litigation;"

1. "there is a firm factual foundation that who is **funding this litigation** is relevant to this matter;" (CNN Motion to Compel, ECF No. 223 at 4);
2. "[the collateral source doctrine] does not apply to the situation here, where the **funders have paid for this litigation**...." *Id.*
3. "but if Plaintiff has funders **who are involved in the litigation**, either by directing his legal strategy or supporting the litigation as a way **to silence CNN**, this cast doubt on the notion Plaintiff brought

   this case in order to remedy an actual personal harm." *Id.* at 5.
4. "CNN should have access to information about **the litigation funders so that it can argue to a jury that Plaintiff did not bring this case** to remedy any damage, of which there is zero evidence." *Id.* at 5.
5. "Given Plaintiff's **anticipated trial theme, CNN is entitled to discover the funders to rebut that theme.**" *Id.* at 4.
6. "**CNN is entitled to know if the RNC [the Republican National Committee] is also supporting this lawsuit.**" *Id.* at 5.

In its motion to compel, CNN provided no reason why it was entitled to any information about the contributors who gave only for the purposes of the Guiffre litigation—and there is none. CNN was focused solely on the contributions for "this litigation," and suggested it was the Republican National Committee. But CNN now knows the identity of the individuals or entities who supported "this litigation"—and it is not the Republican National Committee. To the contrary, the supporters were three friends and acquaintances of Alan Dershowitz, whose connection was their common interest in Jewish and Israeli causes. CNN can make of that what it will, but its suggestions that this litigation was being funded by some type of dark money from organizations and individuals who had a motive to "silence CNN" are completely unsupported.

*Second,* CNN's motion to compel sought to require Dershowitz "to supplement his response to CNN's Interrogatory No. 7." *Id.* at 1. Interrogatory 7 reads as follows:

> INTERROGATORY NO. 7: Identify any non-party Person or entity that has provided or is providing financial support **for this Action** (including but not limited to payment of attorneys' fees and costs) and/or that has a financial interest in the outcome of this Action.

As such, the interrogatory called only for the individuals or entities who provided financial support "for this Action." It did not request information relating to financial support for any other litigation and CNN cannot now broaden that interrogatory to now demand that information—or expect the Court to rewrite that interrogatory.

*Third,* CNN is not entitled to this information and has cited no authority for its novel proposition that an adversary is required to provide disclosure of financial information in its other cases. Indeed, as a general matter, a litigant is not entitled to learn of the litigation funding arrangements in the subject case. While the decision in *Nunes v. Lizza*, 2021 WL 7186264, at *6 (N.D. Iowa Oct. 26, 2021), did permit such disclosure, the circumstances there were extraordinary—there was significant reason to suspect that the real party in interest in that defamation case was a U.S. Congressman, and thus a public figure, and that the titular plaintiffs had been named only to avoid the congressman's need to demonstrate "actual malice." But whatever the applicability of that reasoning is to this case, there is absolutely no support for CNN's position that it is entitled to financial disclosures in a different case. CNN has failed to provide any support for the proposition that it is entitled to this information and has failed to provide any reason why it would be relevant in this case.

*Fourth,* the compelled disclosure of the contributions used to fund the Guiffre litigation would result in an unconstitutional violation of the privacy rights and freedom of association rights of those contributors. Since the Supreme Court's decision in *NAACP v. Alabama,* 357 U.S. 449 (1958), the federal courts have held that the compelled disclosure of a citizen's identity that would potentially diminish their ability to associate and advocate in support of their common beliefs can be justified only in the event of an overriding and compelling need for that disclosure. Here, there is no need whatsoever—let alone a compelling need.

Meet and Confer

As a meet and confer, CNN has emailed Plaintiff's counsel to attempt to resolve this matter, and the parties could not agree on a resolution (a copy of such correspondence is attached).  We jointly request the Court's clarification on the scope of the compelled disclosure.

Respectfully submitted.