## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

     Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

     Defendant.

_____/

### CNN'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
### MAGISTRATE JUDGE HUNT'S NOVEMBER 28 ORDER

GUNSTER, YOAKLEY & STEWART, P.A.
George S. LeMieux, Esq.
(Florida Bar No. 16403)
Email: glemieux@gunster.com
Eric C. Edison, Esq.
(Florida Bar No. 010379)
Email: eedison@gunster.com
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

DAVIS WRIGHT TREMAINE LLP
Katherine M. Bolger, Esq.
(*pro hac vice* admitted)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 489-8230

*Counsel for Defendant Cable News Network, Inc.*

## <u>TABLE OF CONTENTS</u>

**Page**

I.      PRELIMINARY STATEMENT .................................................................................. 1

II.     BACKGROUND ...................................................................................................... 2

        A.      Plaintiff's False and Shifting Statements ...................................................... 2

        B.      The November 10 Order ................................................................................ 5

        C.      Plaintiff's Deficient Disclosure in Violation of the November 10 Order .............. 5

        D.      The November 28 Order ................................................................................ 7

III.    ARGUMENT ............................................................................................................ 7

        A.      Plaintiff Did Not Timely Object to the November 10 Order ................................. 7

        B.      Only the November 28 Order Is at Issue ............................................................. 8

        C.      Judge Hunt's November 28 Order Correctly Interpreted His Earlier Order .......... 9

        D.      Even on the Merits, the November 10 Order Was Correct .................................. 10

                1.      All the Individual Funders Are Relevant and Were Expressly
                        Requested ...................................................................................... 10

                2.      Plaintiff Cannot Unilaterally Decide Which Funders Are Relevant ........ 12

                3.      The Protective Order Will Protect Plaintiff and His Funders .................. 14

                4.      Plaintiff's Constitutional Arguments Are Meritless ................................ 15

IV.     CONCLUSION.......................................................................................................... 16

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bennett v. Langford*,
  796 F. App'x 564 (11th Cir. 2019) ...................................................................7

*Blue Cross & Blue Shield of R.I. v. Korsen*,
  2011 WL 13365760 (D.R.I. June 23, 2011) ........................................................11

*Bruce's Juices, Inc. v. United States*,
  194 F.2d 935 (5th Cir. 1952) ..........................................................................10

*Buckley v. Valeo*,
  424 U.S. 1 (1976)..........................................................................................16

*Dershowitz v. CNN*,
  2022 WL 2662352 (S.D. Fla. June 15, 2022) .......................................................9

*Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*,
  568 F. Supp. 3d 1301 (S.D. Fla. 2021) .........................................................15, 16

*Hallmark Ins. Co. v. Fannin*,
  2018 WL 8929810 (N.D. Ga. July 16, 2018).................................................13, 14

*Howard v. Hartford Life & Acc. Ins. Co.*,
  2012 WL 3069384 (M.D. Fla. July 26, 2012) .......................................................12

*Hugo ex rel. BankAtlantic Bancorp, Inc. v. Levan*,
  2009 WL 1758708 (S.D. Fla. June 19, 2009) .......................................................12

*James v. Wash Depot Holdings, Inc.*,
  240 F.R.D. 693 (S.D. Fla. 2006).......................................................................12

*Lake v. Hobbs*,
  2022 WL 17351715 (D. Ariz. Dec. 1, 2022) .......................................................13

*McConnell v. Pacificorp, Inc.*,
  2008 WL 2783230 (N.D. Cal. July 15, 2008).......................................................11

*McCormick v. City of Lawrence*,
  2005 WL 1606595 (D. Kan. July 8, 2005) .........................................................16

*McNamee v. Clemens*,
  2014 WL 1338720 (E.D.N.Y. Apr. 2, 2014) ......................................................8, 9

*NAACP v. Alabama ex rel. Patterson*,
   357 U.S. 449 (1958) ................................................................................................15

*Nunes v. Lizza*,
   2021 WL 7186264 (N.D. Iowa Oct. 26, 2021) ...................................................5, 13

*Perez v. Aircom Mgmt. Corp.*,
   2013 WL 45895 (S.D. Fla. Jan. 3, 2013) ...............................................................15

*In re Pons*,
   2020 WL 1860908 (S.D. Fla. Apr. 13, 2020), *aff'd sub nom. Pons v. AMKE
   Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020) ..................................15

*Principe v. Seacoast Banking Corp. of Fla.*,
   2010 WL 11558221 (S.D. Fla. July 12, 2010) .......................................................14

*Prolo v. Blackmon*,
   2022 WL 2189643 (C.D. Cal. Mar. 25, 2022) .......................................................11

*Rouviere v. DePuy Orthopaedics, Inc.*,
   560 F. Supp. 3d 774 (S.D.N.Y. 2021) .....................................................................8

*SEC v. Merkin*,
   283 F.R.D. 699 (S.D. Fla. 2012) ..............................................................................9

*United States v. 484 Bags, More or Less*,
   423 F.2d 839 (5th Cir. 1970) ..................................................................................10

*Whitesell Corp. v. Electrolux Home Prod., Inc.*,
   2019 WL 637776 (S.D. Ga. Feb. 14, 2019) ..........................................................13

**Statutes**

21 U.S.C. § 342 ................................................................................................................10

**Rules**

Fed. R. Civ. P.
   26 ..............................................................................................................................3
   72 .........................................................................................................................7, 8

S.D. Fla. Loc. R. 4 .............................................................................................................8

Defendant Cable News Network, Inc. ("CNN") respectfully submits this memorandum in response to Plaintiff's objections, ECF No. 272 ("Obj."), to Magistrate Judge Hunt's clarifying order of November 28, 2022, ECF No. 261 ("November 28 Order").

## I.    PRELIMINARY STATEMENT

In response to CNN's first set of interrogatories, Plaintiff stated that no one is funding this action. One year later, during his deposition, Plaintiff revealed that his earlier response was false and that the "Alan Dershowitz Legal Defense Trust" (the "Trust") is funding this case. The dispute here arises from Plaintiff's continuing resistance to disclosing the donors to the Trust.

Throughout this dispute, CNN has consistently and repeatedly requested that Plaintiff disclose **all** funders of the Trust—in its original motion to compel and in its multiple correspondences with Judge Hunt's chambers and with Plaintiff. ECF No. 223, at 5–6; Ex. A, at 1; Ex. B, at 1; ECF No. 272-2, at 2–3. In his initial order of November 10, 2022, Judge Hunt agreed with CNN and ordered Plaintiff to disclose, under the protective order, "[t]he names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust." ECF No. 248 ("November 10 Order"), at 4–5.

For his part, Plaintiff has persistently dissembled, delayed, and obfuscated. As just one example, rather than appeal the November 10 Order, Plaintiff chose to violate its unambiguous terms under the guise of contorted semantics, forcing CNN to once again raise the issue with Judge Hunt. As expected, in his November 28 Order, Judge Hunt affirmed the clear ruling in his earlier order.

Plaintiff now wants a third bite at the apple. This Court should reject Plaintiff's position. While Plaintiff has tried to muddy the waters throughout this dispute, one thing has become perfectly clear. Plaintiff's pattern of falsehoods about his funders—in his interrogatory response and deposition, in his communications with CNN, and before Judge Hunt and this Court—has

demonstrated that he cannot unilaterally determine which of his funders are relevant to this action. For that reason, among many others, Judge Hunt was correct to order Plaintiff to disclose all funders of the Trust and *a fortiori* was not clearly erroneous. Plaintiff's objections should be overruled.

## II.    BACKGROUND

### A.    Plaintiff's False and Shifting Statements

Plaintiff has repeatedly misled CNN and the Court regarding his litigation funders. This pattern began when he responded to CNN's First Set of Interrogatories, served on September 27, 2021. CNN's Interrogatory No. 7 asked Plaintiff to "[i]dentify any non-party Person or entity that has provided or is providing financial support for this Action." ECF No. 223-1, at p.5. "Person" was defined as "all individuals and entities." *Id.* at p.2. At first, Plaintiff responded unequivocally: "None." ECF No. 223-2, at p.4.

One year later, during his deposition on September 13, 2022 and after written discovery had closed, Plaintiff revealed that his earlier response was incorrect. When confronted with evidence of the "Alan Dershowitz Legal Defense Trust," Plaintiff testified that people contributed to the Trust to fund his litigation against Virginia Giuffre, and "some small amounts of money were paid for some of the expenses in this case as well."[1] ECF No. 211 Ex. C, at 560:3, 563:10–18. Plaintiff professed to not remember a single person who contributed to the Trust. *Id.* at 563:19–24. When CNN's counsel stated that she was entitled to this information, Plaintiff did not object and said that the trustee may have the information. *Id.* at 564:6–21.

On September 17, CNN asked Plaintiff to correct and supplement his response to

---

[1] According to Plaintiff, he asked for and received permission to spend his donors' funds on this case "[w]hen [he] commenced the present action against CNN." ECF No. 272-1, ¶ 6. As such, Plaintiff's initial interrogatory response was false at the time he made it.

Interrogatory No. 7, as required by Rule 26(e)(1)(A), to identify the funders of the Trust. ECF No. 223-3, at 6. At first, Plaintiff's counsel agreed to do so. On September 22, Plaintiff's counsel advised that he "should be able to get you everything shortly." *Id.* at 5. On September 27, after CNN followed up, Plaintiff's counsel agreed that he "will amend the interrogatory" response with "the identities of people who have contributed to the Alan Dershowitz Legal Defense Trust" as soon as he received that information from the trustee. *Id.* at 4.

On October 5, after CNN followed up once again, Plaintiff again reversed his position. Without explanation, Plaintiff's counsel stated that he is "in compliance with Rule 26(e)(1)(A) and do[es] not intend on amending the interrogatory." *Id.* at 2. When CNN asked for an explanation, Plaintiff took the position that he need not supplement because the "corrective information" had already been made known to CNN. *Id.* at 1. He also served a "supplemental answer" to the interrogatory repeating that the "Alan Dershowitz Legal Defense Trust has provided financial support for this action," but declining to identify any persons who contributed to the fund. ECF No. 223-4.

CNN moved to compel Plaintiff to supplement his response as he previously agreed, and asked the Court to compel Plaintiff to "identify[] all individuals and entities who contributed to the Trust." ECF No. 223, at 5–6. In his opposition, among other things, Plaintiff invented a new, artificially cabined interpretation of the interrogatory, contending that he need only disclose the Trust entity and not its individual funders. *See* ECF No. 226, at 1–2. Plaintiff's post-hoc rationalization was contrary to the parties' mutual understanding and the express language of the interrogatory, which called for the disclosure of "all individuals and entities." ECF No. 223-1, at pp. 2, 5.

On October 26, 2022, Judge Hunt held an in-person hearing on the matter, at which Plaintiff

again misrepresented facts to the Court. One of CNN's arguments was that if someone is funding Plaintiff's lawsuit in order to advance an agenda (whether for political, competitive, or other reasons), that ulterior motive would undermine Plaintiff's claim that he brought this lawsuit in order to vindicate his personal reputation. ECF No. 269 ("Oct. 26 Tr."), at 21:6–16. In considering that argument, Judge Hunt contrasted the ulterior motive situation with a hypothetical "fund of his neighbors in Martha's Vineyard chipping in a hundred bucks." *Id.* at 26:16-17. Plaintiff's counsel then stated that "nobody has donated to the fund for the specific purpose of grinding an axe" against CNN and the funders are "more the Martha's Vineyard characters." *Id.* at 29:18–21. Plaintiff's counsel further stated that many of Plaintiff's funders are "former students of his" who were "simply supporting their friend." *Id.* at 26:2–3. Plaintiff's counsel also repeated that a "very small amount" of funds from the Trust have been used to cover expenses in this case. *Id.* at 23:8-9. **<u>None of these representations by Plaintiff's counsel proved to be true.</u>**

Plaintiff's counsel suggested that he provide the information *in camera* to aid Judge Hunt's decision, and Judge Hunt directed the parties to confer to see if they could agree on such review. Oct. 26 Tr. at 29:22–24, 32:7–33:2. On October 28, unable to reach agreement, the parties submitted competing proposals for the parameters of such review. Ex. A, at 1–2. Plaintiff proposed submitting for review "[t]he names of any person or entity who donated to the Alan Dershowitz Defense Trust *to support this case*." *Id.* at 1 (emphasis added). CNN objected to the italicized limitation. As CNN wrote to Judge Hunt: "That limitation fails to identify the relevant funders for two reasons. First, because the fund as a whole supported this case, all the funders are responsive to CNN's interrogatory. Second, Plaintiff testified that certain people donated to support his Giuffre litigation, and then subsequently, Plaintiff sought and received permission to expend those preexisting funds on this case. [ECF No. 211 Ex. C] at 563:10–18. Thus, Plaintiff's limitation may

not capture these funders even though they are clearly relevant." Ex. A, at 1. Instead, CNN proposed that Plaintiff submit "[t]he names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who otherwise has provided or is providing financial support for this action." *Id.*

## B.     The November 10 Order

On November 10, Judge Hunt granted CNN's motion, finding that CNN met the threshold for discovery into litigation funding under the framework set out in *Nunes v. Lizza*, 2021 WL 7186264 (N.D. Iowa Oct. 26, 2021). ECF No. 248. Specifically, Judge Hunt found that "Plaintiff's initial denial of [the fund's] existence, coupled with the ultimate admission of its existence, equivocations regarding its disclosure, and subsequent actions 'lift the basis for [CNN's] inquiry above the level of mere speculation and raise legitimate subjects for inquiry not present in a more run-of-the-mill personal injury case or commercial dispute.'" Nov. 10 Order at 3–4 (quoting *Nunes*, 2021 WL 7186264, at *4). Judge Hunt further found that the information was "relevant as it may illuminate possible bias as to potential witnesses as well as Plaintiff's own motivation in pursuing the litigation." *Id.* at 4 (footnote omitted).

In granting CNN's motion, Judge Hunt found that *in camera* review was not feasible given the lack of agreement of the parties in their joint submission. *Id.* at 3. But Judge Hunt relied on their submission to define the scope of the funders that must be disclosed. Importantly, Judge Hunt adopted CNN's proposed language, ordering Plaintiff to turn over "[t]he names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who otherwise has provided or is providing financial support for this action." *Id.* at 5. Judge Hunt repeated that "Plaintiff must turn over to [CNN] the list of those who have contributed to the fund." *Id.* at 3.

## C.     Plaintiff's Deficient Disclosure in Violation of the November 10 Order

Plaintiff opted to not object to the November 10 Order. Instead, Plaintiff unilaterally

limited his disclosure to his preferred scope that Judge Hunt had expressly rejected. In his supplemental answer to the interrogatory, Plaintiff identified three individuals "who have donated to the Alan Dershowitz Legal Defense Trust *for this case*." Ex. C, at 2 (emphasis added).

As noted above, CNN's counsel quickly determined that one of the disclosed donors— ███████████████████████████████—has publicly and repeatedly attacked CNN,[2] Ex. D, which is contrary to Plaintiff's representation that the donations were insignificant and not motivated by animus against CNN, Oct. 26 Tr. at 29:18–21. In addition, Plaintiff revealed that he spent over ██████ from the Trust on this case, Ex. C, at 3, contradicting his previous testimony and his counsel's representation that the sum was "small," ECF No. 211 Ex. C, at 563:16–18; Oct. 26 Tr. at 23:8–9. And, contrary to what he told Judge Hunt, Oct. 26 Tr. at 26:2–3, none of the donors were former students, according to the descriptions in his disclosure. Ex. C.

Given Plaintiff's violation of the November 10 Order, as well as confirmation of CNN's suspicion that Plaintiff's funders have an ulterior motive for this litigation, CNN promptly raised this deficiency with Plaintiff. Plaintiff's counsel took the position that the November 10 Order "clearly required [his] client to provide '[t]he names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who *otherwise* has provided or is providing financial support *for this action*.'" Ex. B, at 1 (emphases in original) (quoting Nov. 10 Order at 5). CNN was then forced to raise this issue with Judge Hunt once again to compel Plaintiff to make a complete disclosure. On November 21, the parties jointly requested that Judge Hunt clarify the scope of compelled disclosure. ECF No. 272-2, at 5. CNN explained that Plaintiff was improperly attempting to revive a limitation that the parties extensively discussed and that Judge Hunt

---

[2] ████████████████████████████████████████████████████████████
███████████████████████████████████████████

expressly rejected. *Id.* at 2. For his part, Plaintiff contended, *inter alia*, that because the Order was "disjunctive," Plaintiff "could produce either the names of the persons or entities who had contributed to the Defense Trust for the Guiffre litigation, or who otherwise have provided or are providing financial support for this action." *Id.* at 3.

**D.      The November 28 Order**

On November 28, in a paperless order (ECF No. 261), Judge Hunt confirmed what was clear all along: the November 10 "Order should be read as requiring that Plaintiff turn over the requested information as to any entity or individual that has provided funding for this action as well as any entity or individual that has donated to the Alan Dershowitz Legal Defense Trust." Nov. 28 Order. Judge Hunt confirmed that Plaintiff must disclose any donor of the Trust, regardless of Plaintiff's unilaterally claimed purpose of the donation.

Fourteen days after the November 28 Order, Plaintiff filed objections to that Order. ECF No. 272.

### III.      ARGUMENT

**A.      Plaintiff Did Not Timely Object to the November 10 Order**

Plaintiff did not file timely objections to the November 10 Order, the deadline for which was November 25. Plaintiff filed his objections on December 12, more than a month after the Order and over two weeks after the deadline. Rule 72(a) is clear that a "party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). As such, Plaintiff's objections to the November 10 Order are waived. *See, e.g.*, *Bennett v. Langford*, 796 F. App'x 564, 567 (11th Cir. 2019) (affirming denial of untimely Rule 72(a) objection).

Further, the parties' joint request for clarification of the November 10 Order did not toll

the deadline to object, nor did it ask for any such tolling.[3] The mere filing of a motion for clarification or reconsideration, "by the plain terms of Rule 72, has no effect on the 14-day deadline to file an objection before the district court." *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 788 (S.D.N.Y. 2021). This Court has so held in this very case.[4] ECF No. 127, at 2.

**B.     Only the November 28 Order Is at Issue**

Consequently, the only order that is properly before this Court on appeal is the November 28 Order ruling on the parties' request for clarification. "If a party chooses to file a motion for reconsideration instead of a Rule 72 objection . . . and that party later files an objection to the reconsideration decision, that objection brings up only the reconsideration decision, not the underlying order. In other words, the sole issue before the district court is whether the magistrate judge erred in denying reconsideration—and not whether the magistrate judge erred in his or her initial decision." *Rouviere*, 560 F. Supp. 3d at 788.

Here, the only issue on appeal from the November 28 Order is whether Judge Hunt correctly interpreted and clarified his earlier November 10 Order. While Plaintiff spills much ink on the merits of the underlying order, all of these arguments could have been raised in objections to the November 10 Order. "The proper procedural route would have been to timely contest the initial [November 10 Order] to this Court through Rule 72(a)." *McNamee v. Clemens*, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014). Instead, Plaintiff needlessly delayed and multiplied the proceedings, contesting the scope of his disclosure twice before Judge Hunt (*see* Ex. A; ECF No. 272-2) and now before this Court. Plaintiff should not receive "a third (and undue) bite of the

---

[3] Notably, Local Rule 4(a)(1) confirms that objections are due "within fourteen (14) days after being served with the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or District Judge." S.D. Fla. Loc. R. 4(a)(1). Despite the ability to request a different timeframe for objections, Plaintiff did not make any such request to Judge Hunt in the motion for clarification or to this Court.

[4] The order containing this Court's holding was later vacated on other grounds. ECF No. 141.

apple." *McNamee*, 2014 WL 1338720, at *2 n.4.

Because Plaintiff did not timely object to the November 10 Order, only the November 28 Order is under review here.

**C.    Judge Hunt's November 28 Order Correctly Interpreted His Earlier Order**

A magistrate judge's discovery order may be reversed only if it is "clearly erroneous or contrary to law." *Dershowitz v. CNN*, 2022 WL 2662352, at *1 (S.D. Fla. June 15, 2022) (quoting *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *Id.* (quoting *Merkin*, 283 F.R.D. at 700).

Judge Hunt's November 28 Order correctly interpreted and clarified his earlier order. The November 10 Order squarely and repeatedly rejected the limited scope that Plaintiff proposed on October 28. *See* Ex. A, at 1. Judge Hunt held that "Plaintiff must turn over to Defendant the list of those who have contributed to the fund"—period. Nov. 10 Order at 3. And Judge Hunt's order used language that is *identical* to what CNN proposed in opposition to Plaintiff's proposed scope. The November 10 Order could not be clearer: Plaintiff was and is required to turn over "[t]he names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who otherwise has provided or is providing financial support for this action." *Id.* at 5. The November 28 Order correctly affirmed this clear holding.

Moreover, the November 28 Order correctly interpreted the earlier order as a matter of grammar. By its unambiguous terms, the November 10 Order requires two categories of disclosure: any person or entity "[1] who donated to the Alan Dershowitz Legal Defense Trust **or** [2] who otherwise has provided or is providing financial support for this action." Nov. 10 Order at 5 (emphasis added). These are two separate categories that are phrased disjunctively to capture both. (If Judge Hunt wanted to limit the scope of the first category, he would have used the word "and"

instead of the disjunctive "or.") Further, the word "otherwise" reflects Judge Hunt's expectation that anyone in the first category will also be in the second category.[5]

Notably, Plaintiff does not even attempt to defend his contorted interpretation of the November 10 Order that he submitted to Judge Hunt on November 21. *See* ECF No. 272-2, at 3; *see also* Ex. B, at 1. Plaintiff's abandonment of this frivolous argument only confirms that the Order was clear all along.

Accordingly, the November 28 Order's interpretation was plainly correct, and certainly was not "clearly erroneous."

**D.      Even on the Merits, the November 10 Order Was Correct**

This Court need not consider Plaintiff's substantive objections to the underlying November 10 Order. But if this Court elects to consider them, they should be rejected, because the November 10 Order was not clearly erroneous—in fact, it was correct.[6]

1.      <u>All the Individual Funders Are Relevant and Were Expressly Requested</u>

The November 10 Order is correct because in his initial "supplemental answer" to CNN's interrogatory, Plaintiff designated the entire "Alan Dershowitz Legal Defense Trust" as providing financial support for this action. ECF No. 223-4. Plaintiff did *not* state that only a portion of the Trust provided financial support for this action, or that only certain funders of the Trust did. He

---

[5] The November 28 Order's interpretation is also consistent with case law. The then-binding Fifth Circuit, interpreting an analogous statutory provision, held: "21 U.S.C. § 342(a)(3) provides that a food is deemed adulterated 'if it consists in whole or in part of any filthy, putrid or decomposed substance, <u>or</u> if it is otherwise unfit for food.' . . . This court, along with others, has long held that the <u>two clauses are independent and complementary</u>, so that a food substance may be condemned as decomposed, filthy, or putrid even though it is not unfit for food, or condemned as unfit for food even though not decomposed, filthy or putrid." *United States v. 484 Bags, More or Less*, 423 F.2d 839, 840 (5th Cir. 1970) (emphases added) (citations omitted). Plaintiff's argument, "in effect that the alternative provision of the section must be read into the prior provision, will not do. It is contrary to the plain language and meaning of the statute and . . . to its uniform construction by the courts." *Bruce's Juices, Inc. v. United States*, 194 F.2d 935, 936 (5th Cir. 1952). Likewise here, the November 10 Order requires the disclosure of any funders of the Trust, even if Plaintiff purports to unilaterally deem certain funders as not supporting this action.

[6] Likewise, to the extent that the November 28 Order can be read as ruling on the merits, it was also not clearly erroneous and was in fact correct.

identified the entire entity as a funder of this action.

Consequently, all the individual funders of the Trust are effectively funding this action. Because all the individuals' funds are commingled in the Trust, they are all relevant. Plaintiff has offered no evidence that he segregated the funds of the three individuals he identified. He merely gave his *ipse dixit* of the purpose of their donations. This Court need not accept Plaintiff's proffer of self-serving representations. And it was not clearly erroneous for Judge Hunt to reject Plaintiff's October 28 proposal to do just that. *See Blue Cross & Blue Shield of R.I. v. Korsen*, 2011 WL 13365760, at *1 (D.R.I. June 23, 2011) (granting broad discovery into "likely a commingled business operating account," notwithstanding opponent's "self-serving representations about the use and nature" of such accounts); *McConnell v. Pacificorp, Inc.*, 2008 WL 2783230, at *2 (N.D. Cal. July 15, 2008) (holding that where business's finances are "commingled" with other business, "it is unreasonable to withhold records of other business").

For the same reason, all the individual funders are responsive to CNN's interrogatory, which asked for "all individuals and entities" that "provided . . . financial support for this action." ECF No. 223-1, at pp. 2, 5. The commingled funds of all the individual donors provided financial support, and those individuals must be disclosed. *See Prolo v. Blackmon*, 2022 WL 2189643, at *8 (C.D. Cal. Mar. 25, 2022) (holding that discovery request was "broad enough to encompass" the compelled information, where responding party had "clear notice of the scope" in meet-and-confer process). Contrary to Plaintiff's false assertion (Obj. at 7–8), CNN made the interrogatory's scope explicitly clear in its original motion to compel (in addition to the joint October 28 email to chambers), asking Judge Hunt to "compel Plaintiff to fully and completely supplement his response to Interrogatory No. 7, including by identifying ***all** individuals and entities who contributed to the Trust*"—period. ECF No. 223, at 5–6 (emphasis added). It was not clearly

erroneous for Judge Hunt to grant that explicit request.[7]

2.   <u>Plaintiff Cannot Unilaterally Decide Which Funders Are Relevant</u>

It was not clearly erroneous to reject the limited scope of disclosure that Plaintiff proposed.

That is particularly true here, where Plaintiff has, time and time again, misled CNN and the Court

about his funders. Over the course of this litigation, Plaintiff has variously represented that:

(i)      there were no funders, ECF No. 223-2, at 4;

(ii)     there were funders, ECF No. 211 Ex. C, at 563:10–18;

(iii)    he will identify the funders, ECF No. 223-3, at 4–5;

(iv)    he will not identify the funders, *id.* at 2;

(v)     he already identified the funders, *id.* at 1;

(vi)    the funders have no animus against CNN and are insignificant, Oct. 26 Tr. at 29:18–21; ECF No. 272-1, ¶ 3, which is contradicted by a █████ donation from a funder who has publicly and repeatedly attacked CNN, Ex. C, at 3; Ex. D;

(vii)   the funders are former students, Oct. 26 Tr. at 26:2–3;

(viii)  the funders are not former students, Ex. C;

(ix)    the expended funds are "very small," Oct. 26 Tr. at 23:8–9; ECF No. 211 Ex. C, at 563:16–18; and

(x)     over █████ in funds have been expended, Ex. C, at 3.

Taken together, these contradictions and equivocations demonstrate that Plaintiff is in no

position to unilaterally determine the relevance of individual funders. As Judge Hunt correctly

recognized, Plaintiff's actions "lift the basis for [CNN's] inquiry above the level of mere

speculation and raise legitimate subjects for inquiry not present in a more run-of-the-mill personal

---

[7] CNN's formal and express request for this information in its interrogatory and motion to compel readily distinguishes this case from Plaintiff's cited cases, which concerned information that was informally requested or not requested at all. *See, e.g.*, *Hugo ex rel. BankAtlantic Bancorp, Inc. v. Levan*, 2009 WL 1758708, at *1 (S.D. Fla. June 19, 2009); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006); *Howard v. Hartford Life & Acc. Ins. Co.*, 2012 WL 3069384, at *7 (M.D. Fla. July 26, 2012).

injury case or commercial dispute." Nov. 10 Order at 3–4 (quoting *Nunes*, 2021 WL 7186264, at *4). Making matters worse, Plaintiff refused to comply with his discovery obligations and Judge Hunt's clear order under the guise of contrived and specious semantics. *See* ECF No. 272-2, at 3; ECF No. 226, at 1–2. This Court should put an end to Plaintiff's habitual dissembling and misdirection, and require him to disclose all his funders, period.[8]

In many ways, this case is like *Whitesell Corp. v. Electrolux Home Prod., Inc.*, 2019 WL 637776 (S.D. Ga. Feb. 14, 2019). There, the plaintiff "violated its discovery obligations," "denied the existence of [relevant] data, and when its deceit was revealed, it refused to produce the information" because it contended that the data was "unreliable" and "unnecessary." *Id.* at *2. Despite the court's clear "directive that [the] data be produced," the plaintiff "double-downed and opted to withhold the information by insisting that production was unwarranted," and then "essentially triple-downed, obfuscating the issues with semantics and qualifications as to what Defendants and the Court actually requested of it."[9] *Id.* at *5 (imposing sanctions for "willful" and in "bad faith" conduct). The similarities to this case are striking.

In *Whitesell*, the court prudently recognized that the plaintiff "may not unilaterally determine what evidence it will disclose and produce based upon its own evaluation of its usefulness or relevance." *Id.* at *2. Likewise, in *Hallmark Ins. Co. v. Fannin*, 2018 WL 8929810 (N.D. Ga. July 16, 2018), the court held that "the plaintiff's unilateral assertion of what it considers relevant is insufficient to deny [defendant] access to the discovery of information that could be

---

[8] Just this month, another federal judge sanctioned Plaintiff for his loose relationship with the truth. *See Lake v. Hobbs*, 2022 WL 17351715, at *1, *16–17 (D. Ariz. Dec. 1, 2022) (sanctioning Dershowitz, as counsel, for signing and filing "false, misleading, and unsupported" papers in "baseless" and "frivolous" lawsuit).

[9] Moreover, just like this case, the plaintiff began "producing the data only after the close of fact discovery," depriving the defendants of the opportunity to select and question deponents about the information and to craft their defense with it. *Whitesell*, 2019 WL 637776, at *5. The court deemed this prejudice to the defendants "extraordinary" and "irreparable." *Id.* Judge Hunt similarly recognized that Plaintiff's compelled disclosure came "at the last minute" after discovery closed and CNN moved for summary judgment. Oct. 26 Tr. at 22:4–10.

relevant at trial," and compelled production of the plaintiff's "entire claim file." *Id.* at *3; *see also Principe v. Seacoast Banking Corp. of Fla.*, 2010 WL 11558221, at *2 (S.D. Fla. July 12, 2010) ("The [opponent] says the [movant] already has the [materials] relevant to the instant case, but the [opponent] cannot make that relevance determination unilaterally."). So too, here. Plaintiff cannot unilaterally determine which funders are relevant and must disclose all funders of the Trust.

### 3. The Protective Order Will Protect Plaintiff and His Funders

Plaintiff's overwrought concerns over the privacy of the information are amply addressed by the protective order in this case. Indeed, Judge Hunt correctly found that any privacy concerns are "adequately covered under the terms of the Parties' confidentiality order." Nov. 10 Order at 4. The parties' heavily negotiated amended protective order has three levels of confidentiality, the most restrictive of which prohibits disclosure to CNN's non-attorney employees (and allows disclosure to counsel only to the extent necessary for purposes of this litigation). ECF No. 153, ¶ 12. As such, this restricted confidentiality level squarely prohibits disclosure to CNN's reporters, which seems to animate Plaintiff's baseless concerns.[10] *See* Obj. at 10–11. CNN does not object to Plaintiff using this restricted confidentiality designation for his funders.[11]

Plaintiff also speculates that disclosure of his funders to CNN's counsel "could" discourage future donations. Obj. at 9. There is no basis for this speculation beyond Plaintiff's *ipse dixit*. In fact, disclosure to CNN's counsel under the protective order would fully comply with Plaintiff's

---

[10] Plaintiff disingenuously suggests that "CNN has begun an investigation" of one of the funders. Obj. at 10. In fact, CNN's *outside counsel* researched public information about that funder that can be found with a simple Google search. *See* Ex. D. Plaintiff also misleadingly suggests that "CNN proceeded to disclose" information that was "under a protective order" in a footnote in CNN's summary judgment reply brief. Obj. at 10. In fact, CNN filed that reply brief *under seal* pursuant to the protective order. ECF No. 263, at 15 n.31. The only party who publicly disclosed that information is Plaintiff, who included it in his publicly filed objections.

[11] Notably, CNN has produced highly sensitive contracts with on-air talent, and Plaintiff has produced his tax returns, under this restricted confidentiality designation. If the protective order can protect this highly sensitive information, it surely can protect Plaintiff's funders.

own promise to his funders, which merely promised that they "would not be *publicly* disclosed." ECF No. 272-1, ¶ 5 (emphasis added). Plaintiff's concerns, therefore, are unfounded.[12]

      4.   <u>Plaintiff's Constitutional Arguments Are Meritless</u>

Plaintiff argues that his funders are protected as private financial information under the Florida state constitution. Obj. at 9–10. As an initial matter, Plaintiff never presented this argument to Judge Hunt; therefore, this Court need not consider it. *See In re Pons*, 2020 WL 1860908, at *15 (S.D. Fla. Apr. 13, 2020) ("Because [the party] did not argue that complying with the subpoena would be unduly intrusive . . . in its submissions to [the Magistrate Judge], the Court exercises its discretion to decline to consider it here."), *aff'd sub nom. Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020). In any event, the right to privacy in financial information is overcome when that information is relevant, as it is here. *See Perez v. Aircom Mgmt. Corp.*, 2013 WL 45895, at *3 (S.D. Fla. Jan. 3, 2013) ("A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery . . . .").

Finally, Plaintiff argues that his personal litigation fund has a First Amendment privilege against discovery. Obj. at 11. This argument should be rejected out of hand. "The associational privilege protects against compelled disclosure that would adversely affect an *organization* by 'induc[ing] *members* to withdraw . . . and dissuading others from joining because of fear of exposure.'" *Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*, 568 F. Supp. 3d 1301, 1307 (S.D. Fla. 2021) (emphases added) (alteration in original) (quoting *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 463 (1958)). Plaintiff's litigation fund is not an "organization" nor does it have "members." The Trust and its funders plainly do not possess an associational

---

[12] In any event, Plaintiff's litigation against Giuffre has concluded, so it is unclear why Plaintiff is concerned about future donations for that case. *See* ECF No. 272-1, ¶¶ 4, 9.

privilege.[13] Even if they did, Plaintiff "bears the burden of making a *prima facie* showing" of a "reasonable probability that the compelled disclosure . . . will subject them to threats, harassment, or reprisals from either Government officials or private parties." *Id.* (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976)). Plaintiff has not and cannot make that showing. There is no evidence of any harassment, which is guarded against by the "protective order designating those documents as confidential." *Id.*

## IV.     CONCLUSION

For all the foregoing reasons, Plaintiff's objections to the November 28 Order should be overruled.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 15th day of December 2022 to Mark A. Schweickert, Esq., mark@schweikertlaw.com, Schweickert Law, 1111 Brickell Avenue, Suite 1550, Miami, Florida 33131, John B. Williams, Esq., jbwilliams@williamslopatto.com, Williams Lopatto PLLC, 1629 K Street, NW, Suite 300, Washington, DC 20006, and Neil H. Koslowe, Esq., nkoslowe@potomaclaw.com, Potomac Law Group PLLC, 1300 Pennsylvania Avenue, NW, Suite 700, Washington, DC 20004, *Counsel for Plaintiff.*

> **GUNSTER, YOAKLEY & STEWART, P.A.**
> 450 East Las Olas Boulevard, Suite 1400
> Fort Lauderdale, Florida 33301
> Telephone: (954) 462-2000
>
> By: */s/ Eric C. Edison, Esq.*
>      George S. LeMieux, Esq.

---

[13] Moreover, Plaintiff does not have standing to assert any associational privilege held by the Trust or its funders. "[P]laintiff himself is not an organization and he does not claim to represent any particular identified organization, even an informal one. Therefore, he has standing only to assert his individual rights, not the associational rights of others." *McCormick v. City of Lawrence*, 2005 WL 1606595, at *8 (D. Kan. July 8, 2005).

Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 489-8230

*Counsel for Defendant Cable News Network, Inc.*

# EXHIBIT A

**Bolger, Kate**

| | |
|---|---|
| **From:** | Bolger, Kate |
| **Sent:** | Friday, October 28, 2022 7:49 PM |
| **To:** | 'Heath Hooper'; Mark Schweikert; Edison, Eric |
| **Cc:** | LeMieux, George; jbwilliams@williamslopatto.com; Feder, Eric |
| **Subject:** | RE: Dershowitz v CNN - No. 20-61872 |

Dear Mr. Hooper:

CNN and Plaintiff have conferred regarding his litigation funders and were unable to reach agreement.

CNN's position is that in camera review of the funders is not a practical way to resolve this issue, because the Court does not have all the information necessary to determine the relevancy of the funders, such as the names of individuals and entities that may have an interest in a goal other than vindicating Mr. Dershowitz's alleged reputational harm through this lawsuit and/or background that may help identify such persons.  CNN has the knowledge and resources to identify such individuals and entities and is best positioned to conduct that review.

If, however, the Court decides to review the funders in camera, CNN proposes that Plaintiff submit the following information to the Court.  The points of disagreement with Plaintiff's proposal are in <span style="color:red">red</span>:

1. The names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust <span style="color:red">or who otherwise has provided or is providing financial support for this action</span>.
2. A description of each person or entity.
3. The amount of any donation.
4. The total amount expended from the Trust to pay expenses in this case.
5. <span style="color:red">The total amount remaining in the Trust to pay expenses in this case.</span>

Regarding #1, Plaintiff has proposed to limit his submission to anyone who donated specifically "to support this case."  That limitation fails to identify the relevant funders for two reasons.  First, because the fund as a whole supported this case, all the funders are responsive to CNN's interrogatory.  Second, Plaintiff testified that certain people donated to support his Giuffre litigation, and then subsequently, Plaintiff sought and received permission to expend those preexisting funds on this case.  Pl.'s Dep. Tr. at 563:10–18.  Thus, Plaintiff's limitation may not capture these funders even though they are clearly relevant.

Regarding #5, the total amount remaining in the Trust is highly relevant, particularly if there is a large reserve saved to cover the costs of the upcoming summary judgment briefing, trial, and any appeal.  Providing only the amount expended thus far would give an incomplete picture.

Plaintiff's proposal follows in *italics*:

*Plaintiff proposes to submit the following to the Court for in camera review:*
1. *The names of any person or entity who donated to the <u>Alan Dershowitz Defense Trust</u> to support this case.*
2. *A description of each person or entity.*
3. *The amount of any donation.*

4.  *The total amount expended from the Fund to pay expenses in this case.*

*The Trustee has advised that he will be able to provide this information next Wednesday when he returns to his office.*

\*\*\*

Respectfully submitted,
Katherine Bolger

---

**From:** Heath Hooper <Heath_Hooper@flsd.uscourts.gov>
**Sent:** Friday, October 28, 2022 12:22 PM
**To:** Mark Schweikert <mark@schweikertlaw.com>; Edison, Eric <EEdison@gunster.com>
**Cc:** LeMieux, George <GLeMieux@gunster.com>; jbwilliams@williamslopatto.com; Feder, Eric <EricFeder@dwt.com>; Bolger, Kate <KateBolger@dwt.com>
**Subject:** RE: Dershowitz v CNN - No. 20-61872

[EXTERNAL]

---

Counsel,

We need the Parties to coordinate on what, if anything, will be reviewed by the Court.   Mr. Schweikert, please contact Defendants' counsel today and do so.

Best,

Heath Hooper
Law Clerk to the Honorable Patrick M. Hunt
United States Magistrate Judge
United States District Court for the Southern District of Florida
299 E. Broward Blvd, Room 310A
Fort Lauderdale, FL 33301
(954) 769-5470

---

**From:** Mark Schweikert <mark@schweikertlaw.com>
**Sent:** Friday, October 28, 2022 11:18 AM
**To:** Edison, Eric <EEdison@gunster.com>
**Cc:** Heath Hooper <Heath_Hooper@flsd.uscourts.gov>; LeMieux, George <GLeMieux@gunster.com>; jbwilliams@williamslopatto.com; Feder, Eric <EricFeder@dwt.com>; Bolger, Kate <KateBolger@dwt.com>
**Subject:** Re: Dershowitz v CNN - No. 20-61872

**CAUTION - EXTERNAL:**

Dear Mr. Hooper,

2

We have conferred with our client.  We will provide for the amount of the Trust's funds used to pay expenses in this lawsuit and the names of the donors specific to this case for the Court's in camera review.  We believe the information will be sufficient for the Court to resolve this issue.

Thank you,

Mark

Sent from Schweikert Law's iPhone

On Oct 28, 2022, at 10:53 AM, Edison, Eric <EEdison@gunster.com> wrote:

Dear Mr. Hooper:

Kate Bolger, Sen. George LeMieux and I represent CNN in the above referenced matter.  The parties' counsel were recently before the Court on October 26, 2022 on CNN's Motion to Compel [D.E. 223].

Pursuant to Judge Hunt's directions, CNN has attempted to confer with Plaintiff regarding his litigation funders four (4) times, but has been unable to confer.  CNN attempted to confer (1) immediately after the hearing on Wednesday, when Mr. Schweikert stated that he did not have authority to do so; (2) Wednesday evening by email, when Mr. Schweikert referred us to his co-counsel; (3) Wednesday evening again by email, when we proposed times but received no response; and (4) Thursday afternoon by email, to which we again received no response.  (See attached emails.)

Surprisingly, while Plaintiff apparently did not have time to confer on this matter, both he and his counsel found time to speak to a Reuters reporter about this very topic on Thursday, October 27th.  According to the article, Plaintiff stated that "most" of his funders are "liberal Democrats," and Mr. Schweikert stated that "there's nothing there," among other things.  (See attached article, available at https://www.reuters.com/legal/litigation/cnn-pushes-alan-dershowitz-disclose-funders-defamation-suit-2022-10-27/.)

In light of CNN's inability to confer with Plaintiff, CNN requests that Judge Hunt rule on CNN's motion on the papers and argument heretofore presented.

Respectfully submitted,


<image002.png>
**Eric C. Edison, Esq.** | Shareholder
Business Litigation
Las Olas Centre, 450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301-4206
**P** 954-468-1331  **C** 954-261-1500
gunster.com   |   eedison@gunster.com

<10.26.2022 1039pm Email.pdf>
<10.26.2022 1104pm Email.pdf>
<10.27.2022 432pm Email.pdf>
<10.27.2022 Reuters Article.pdf>

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT B

## Bolger, Kate

| | |
|---|---|
| **From:** | Mark Schweikert <mark@schweikertlaw.com> |
| **Sent:** | Friday, November 18, 2022 7:11 PM |
| **To:** | Bolger, Kate |
| **Cc:** | Feder, Eric; GLeMieux@gunster.com; eedison@gunster.com; Holoszyc-Pimentel, Raphael; John Williams |
| **Subject:** | Re: Second Supplemental Answer to ROG #7 per Court's order |

[EXTERNAL]

Dear Kate,

We disagree.  The Order clearly required our client to provide "[t]he names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust or who *otherwise* has provided or is providing financial support *for this action*." (DE 248 at 5) (emphases added).  Our client's supplemental interrogatory fully complies with the Order.

Enjoy your weekend.

Regards,

**Mark A. Schweikert, Esq.**



1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Office: (305) 999-1906
Mobile: (305) 926-9452
mark@schweikertlaw.com
https://www.schweikertlaw.com/

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

PLEASE BE ADVISED that neither this email nor any other correspondence between you and I will establish or shall be construed as establishing an attorney-client relationship. An attorney-client relationship between us can only be established by a separate written agreement signed in writing by you.

**From:** Bolger, Kate <KateBolger@dwt.com>
**Date:** Friday, November 18, 2022 at 6:44 PM
**To:** Mark Schweikert <mark@schweikertlaw.com>
**Cc:** Feder, Eric <EricFeder@dwt.com>, GLeMieux@gunster.com <GLeMieux@gunster.com>, eedison@gunster.com <eedison@gunster.com>, Holoszyc-Pimentel, Raphael <rhp@dwt.com>, John Williams <jbwilliams@williamslopatto.com>
**Subject:** Re: Second Supplemental Answer to ROG #7 per Court's order

Dear Mark and John
We have received your Second Supplement to interrogatory #7 and it does not comply with the Court's order.  The Court very clearly required Mr. Dershowitz to disclose the "names of any person or entity who donated to the Alan Dershowitz Legal Defense Trust."  Order at 5.  You provided "the persons or entities who have donated to the Alan Dershowitz Legal Defense Trust **for this case**" (emphasis added).  That limitation, which you previously asked for in your email to chambers, was expressly rejected by the Court.
Please provide us the required information by Monday or we will raise the issue with Magistrate Judge Hunt.

1

Thanks
Kate Bolger

> On Nov 18, 2022, at 4:15 PM, Mark Schweikert <mark@schweikertlaw.com> wrote:
>
> **[EXTERNAL]**
>
> Good afternoon,
>
> Please see the attached Second Supplemental Response to Interrogatory Number 7 in compliance with the Court's order (DE 248).
>
> Thank you.
>
> **Mark A. Schweikert, Esq.**
>
> 1111 Brickell Avenue, Suite 1550
> Miami, Florida 33131
> Office: (305) 999-1906
> Mobile: (305) 926-9452
> mark@schweikertlaw.com
> https://www.schweikertlaw.com/
>
> CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.
>
> PLEASE BE ADVISED that neither this email nor any other correspondence between you and I will establish or shall be construed as establishing an attorney-client relationship. An attorney-client relationship between us can only be established by a separate written agreement signed in writing by you.

# EXHIBIT C

# CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:20-CV-61872-SINGHAL/HUNT

ALAN DERSHOWITZ

       Plaintiff,

vs.

CABLE NEWS NETWORK, INC.

       Defendant.

_____/

### PLAINTIFF'S *SECOND* SUPPLEMENTAL ANSWER TO DEFENDANT'S INTERROGATORY NO. 7

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Court's order (ECF No. 248), Plaintiff Alan Dershowitz hereby supplements his answer to the following interrogatory:

**INTERROGATORY NO. 7:**  Identify any non-party Person or entity that has provided or is providing financial support for this Action (including but not limited to payment of attorneys' fees and costs) and/or that has a financial interest in the outcome of this Action.

**ANSWER:**  The Alan Dershowitz Legal Defense Trust has provided financial support for this action.  Additionally, in compliance with the Court's order (ECF No. 248), Plaintiff states that the persons or entities who have donated to the Alan Dershowitz Legal Defense Trust for this case are ██████████████████████████████

████████████████████████████████████

███████████████████████████████

████████████████████████████████

██████████████████████████████

# CONFIDENTIAL

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████

Respectfully submitted,

By: */s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)
mark@schweikertlaw.com
**SCHWEIKERT LAW PLLC**
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Office (305) 999-1906
Cell (305) 926-9452

and

John B. Williams (*pro hac vice*)
jbwilliams@williamslopatto.com
**WILLIAMS LOPATTO PLLC**
1629 K Street, N.W., Suite 300
Washington D.C. 20006
Tel: (202) 277-8435

*Counsel for Plaintiff Alan Dershowitz*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November 18, 2022, I served the foregoing upon counsel of record

for Defendant by email.

*/s/ Mark A. Schweikert*

# EXHIBIT D

# Filed Under Seal