## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

     Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

     Defendant.

_____/

### DEFENDANT CABLE NEWS NETWORK, INC.'S
### REPLY MEMORANDUM IN FURTHER SUPPORT OF
### <u>MOTION FOR SUMMARY JUDGMENT</u>

GUNSTER, YOAKLEY & STEWART, P.A.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

DAVIS WRIGHT TREMAINE LLP
Katherine M. Bolger, Esq.
(*pro hac vice admitted*)
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 489-8230

*Counsel for Defendant Cable News Network, Inc.*

# <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 3

I.     Plaintiff Cannot Simply Rely On the Motion to Dismiss Decision To Prevail ................. 3

II.    CNN Is Entitled To Summary Judgment As A Matter Of Law ......................................... 5

        A.     Plaintiff Has No Evidence of Actual Malice ......................................................... 5

              1.     Plaintiff Misstates the Subjective Nature of the Actual Malice Inquiry ..... 5

              2.     Plaintiff's "Evidence" of Actual Malice Is Made Up ................................. 6

              3.     This Case Is Controlled by the *Pape* Rational Interpretation Test ............ 9

              4.     Plaintiff Has Identified No "Contradictory Facts" .................................... 12

        B.     Plaintiff's Admissions Establish the Statements Are Protected Pure Opinion ..... 13

III.   Plaintiff Has No Evidence of Actual Damages Caused By CNN .................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aldana v. Del Monte Fresh Produce N.A., Inc.*,
    578 F.3d 1283 (11th Cir. 2009) ...................................................................................3

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986).......................................................................................................5

*Berisha v. Lawson*,
    973 F.3d 1304 (11th Cir. 2020) ...................................................................................6

*Cannon v. Peck*,
    36 F.4th 547 (4th Cir. 2022) ......................................................................................10

*Cordoba v. Dillard's, Inc.*,
    419 F.3d 1169 (11th Cir. 2005) ...................................................................................8

*Corsi v. Newsmax Media, Inc.*,
    519 F. Supp. 3d 1110 (S.D. Fla. 2021) .......................................................................7

*Cutino v. Untch*,
    2015 WL 1855788 (S.D. Fla. Apr. 22, 2015) .............................................................7

*Dunn v. Air Line Pilots Ass'n*,
    193 F.3d 1185 (11th Cir. 1999) ...................................................................................7

*Garrison v. Louisiana*,
    379 U.S. 64 (1964).....................................................................................................14

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
    491 U.S. 657 (1989).....................................................................................................6

*Henriquez v. Total Bike, LLC*,
    2013 WL 6834656 (S.D. Fla. Dec. 23, 2013) .............................................................5

*Hunt v. Liberty Lobby*,
    720 F.2d 631 (11th Cir. 1983) .....................................................................................7

*Levan v. Cap. Cities/ABC, Inc.*,
    190 F.3d 1230 (11th Cir. 1999) ...................................................................................6

*Michel v. NYP Holdings, Inc.*,
    816 F.3d 686 (11th Cir. 2016) .................................................................................5, 6

*Moldea v. N.Y. Times Co.*,
    22 F.3d 310 (D.C. Cir. 1994) ...........................................................................14, 15

*Moore v. Tractor Supply Co.*,
    352 F. Supp. 2d 1268 (S.D. Fla. 2004), *aff'd*, 140 F. App'x 168 (11th Cir. 2005) ................15

*Munro v. Fairchild Tropical Botanic Garden, Inc.*,
    2022 WL 452257 (S.D. Fla. Jan. 13, 2022) (Singhal, J.)...........................................................3

*N.Y. Times Co. v. Sullivan*,
    376 U.S. 254 (1964).............................................................................................................8, 10

*Orr v. Argus-Press Co.*,
    586 F.2d 1108 (6th Cir. 1978) ...............................................................................................10

*Partington v. Bugliosi*,
    56 F.3d 1147 (9th Cir. 1995) ..................................................................................................14

*Rebozo v. Washington Post Co.*,
    637 F.2d 375 (5th Cir. 1981) ..................................................................................................10

*Reid v. Viacom Int'l*,
    2017 WL 11634619 (N.D. Ga. Sept. 22, 2017) ......................................................................12

*Reuber v. Chem. News, Inc.*,
    925 F.2d 703 (4th Cir. 1991) ....................................................................................................6

*Safex Found., Inc. v. Safeth, Ltd.*,
    531 F. Supp. 3d 285 (D.D.C. 2021) ........................................................................................14

*Sandmann v. N.Y. Times Co.*,
    2022 WL 2960763 (E.D. Ky. July 26, 2022)............................................................................3

*Santana v. Miami-Dade Cty.*,
    2015 WL 5084136 (S.D. Fla. Aug. 28, 2015)...........................................................................5

*Schiavone Construction Co. v. Time, Inc.*,
    847 F.2d 1069 (3d Cir. 1988)............................................................................................12, 13

*Silvester v. Am. Broad. Cos., Inc.*,
    839 F.2d 1491 (11th Cir. 1988) .................................................................................................6

*St. Amant v. Thompson*,
    390 U.S. 727 (1968)..................................................................................................................6

*Thomas v. L.A. Times Commc'ns, LLC*,
    189 F. Supp. 2d 1005 (C.D. Cal. 2002) ..................................................................................14

*Time, Inc. v. Pape*,
    401 U.S. 279 (1971) ......................................................................................... *passim*

*Turner v. Wells*,
    879 F.3d 1254 (11th Cir. 2018) ...............................................................................13

*Vintilla v. United States*,
    931 F.2d 1444 (11th Cir. 1991) ..................................................................................3

*Vital Pharms., Inc. v. Alfieri*,
    2022 WL 1450042 (S.D. Fla. May 9, 2022) ..............................................................1

**State Cases**

*Nader v. de Toledano*,
    408 A.2d 31 (D.C. 1979) ..........................................................................................12

*Zimmerman v. Allen*,
    2014 WL 3731999 (Fla. 18th Cir. Ct. June 30, 2014), *aff'd*, 2015 WL 7904195 ...................10

**Rules**

Federal Rule of Civil Procedure 56 ...........................................................................5, 9

Local Rules
    Rule 56.1 .....................................................................................................................5

Defendant Cable News Network, Inc. ("CNN") submits its reply in further support of its Motion for Summary Judgment (ECF 213) ("MSJ" or "Motion"):

## PRELIMINARY STATEMENT

In its Motion, CNN established that this Court should grant summary judgment because the undisputed facts preclude Plaintiff from carrying his constitutionally mandated burden of establishing that CNN's statements were made with actual malice and/or were not protected expressions of opinion. To support these arguments, CNN marshalled thousands of pages of testimony, scores of exhibits, and clear legal precedent. But Plaintiff's opposition to CNN's Motion (ECF 252) ("Opposition" or "Opp.") barely engages with any of it. Instead, Plaintiff argues that the Court made three determinations at the motion to dismiss stage – that CNN's statements are false because they misrepresent what Plaintiff said on the floor of the Senate; that the rational interpretation rule in *Time, Inc. v. Pape*, 401 U.S. 279 (1971), does not apply; and that CNN was not entitled to invoke the opinion defense – that predetermine the outcome here. But these three foundational pillars do not support Plaintiff's burden on this motion. As this Court has previously noted, any rulings on the motion to dismiss are simply "out of date," *Vital Pharms., Inc. v. Alfieri*, 2022 WL 1450042, at *3 (S.D. Fla. May 9, 2022), and are not the law of the case. To prevail here, Plaintiff was required to find (and present) evidence of his claims, not just repeat his allegations. Because he has not done so, this Court should grant CNN's motion for summary judgment.

Specifically, and contrary to Plaintiff's assertion, there has been no determination that the statements are false. And since the Motion to Dismiss decision, CNN produced substantial evidence that the statements were reasonable interpretations of the Response, including that each CNN witness testified they independently believed the statements were true, the Response was understood across the media in a manner consistent with CNN's statements, and the Congressional

1

Record contains an error that relates directly to CNN's understanding of the Response. Because Plaintiff has no actual evidence to rebut this, he simply makes things up. In particular, Plaintiff repeatedly asserts that, in his January 29 Response, Plaintiff "actually said … that a quid pro quo could be illegal, unlawful, or corrupt and thus impeachable." Opp. at 2. **But Plaintiff never spoke those words in the Response or at any other time before then**. Ironically, he claims that John Berman "made up" a quote that is, in fact, verbatim from the Response. In short, the evidence establishes the statements were a reasonable interpretation of the Response. One pillar down.

Next, Plaintiff argues that he has somehow carried his burden on actual malice under the theory that CNN admits the Response was not ambiguous and, therefore, cannot invoke the *Pape* defense. That is incorrect. *Pape* holds there is no actual malice as a matter of law where a reporter makes a "deliberate choice" in how to interpret an ambiguous event (401 U.S. at 290), but there is no requirement in *Pape* or any of its progeny that the reporter declare they found the underlying document ambiguous. In any event, the evidence establishes that the Response *was* ambiguous. Plaintiff himself admitted the Response was "difficult to parse" and many of CNN's witnesses found it to be so. Plaintiff argues further that he can show actual malice because CNN knew about but "omitted" "contradictory facts," but he avoids pointing to any such "contradictory facts," relying again on the contention that he made a "statement" in the Response or on January 27 that he simply did not make. At bottom, every CNN witness testified that they believed the statements were true when they made them, and Plaintiff did not produce any evidence to contradict that testimony. Plaintiff has not established that CNN acted with actual malice. Two pillars down.

Finally, Plaintiff's Opposition, which acknowledges, as it must, that the Response was widely reported on by CNN and all major media outlets, confirms CNN's argument that the facts

underlying CNN's constitutionally protected opinion were well known to the public, and therefore constitute protected "pure opinion." Three pillars down.

The undisputed evidence establishes that the statements were rational interpretations of the Response, that each speaker believed in their truth at the time of publication, and/or that the statements were opinion. This Court should grant CNN's motion for summary judgment.

## ARGUMENT

### I.     Plaintiff Cannot Simply Rely On the Motion to Dismiss Decision To Prevail

Plaintiff's Opposition is based on a misconception that this Court's decision on the Motion to Dismiss somehow determines the outcome of this motion. Plaintiff is wrong in two ways. First, Plaintiff wrongly argues that this Court "already addressed" several of the legal issues in its ruling on CNN's Motion to Dismiss and that those determinations constitute the "binding law of the case." Opp. at 13; *id.* at 1, 5, 15-16, 17-18. Specifically, Plaintiff seems to suggest it is the law of the case that the statements are false. Plaintiff is incorrect as a matter of law. *See Munro v. Fairchild Tropical Botanic Garden, Inc.*, 2022 WL 452257, at *6 n.4 (S.D. Fla. Jan. 13, 2022) (Singhal, J.). In fact, this Court recently rejected the very same argument because:

> a motion to dismiss and motion for summary judgment serve different purposes and are evaluated under different factual and evidentiary standards with respect to whether a plaintiff's suit may proceed any further.… Thus, any ruling at the motion-to-dismiss stage does not preclude the Court from reaching a different result after considering the record evidence, and law of the case is inapplicable here.

*Id.*[1] Here, as in *Munro*, the law-of-the-case doctrine does not bar CNN from litigating the issues raised in this Motion. Opp. at 1 n.1.[2]

---

[1] *See also Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289 (11th Cir. 2009) (citing *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991) ("district court's denial of [an] initial motion to dismiss [is] not a final judgment," and court is "free to reconsider its ruling … at the summary judgment stage")).

[2] *See also Sandmann v. N.Y. Times Co.*, 2022 WL 2960763, at *4 (E.D. Ky. July 26, 2022) (granting summary judgment in defamation case based on "opinion" defense, after having denied motion to dismiss on those grounds, and rejecting same "law of the case" argument).

4879-6130-3361v.1 0026517-000208

This Court's ability to look at this case with fresh eyes is important. On the Motion to Dismiss, the Court reviewed the Response in the Congressional Record alongside videos of the statements, but did not specifically consider evidence showing the Congressional Record was incomplete. Now with the full record, it is indisputable[3] that Plaintiff concluded his Response with the full version of the Greatest President Argument:

> But a complex middle case is: I want to be elected. I think I am a great President. I think I am the greatest President there ever was, and if I am not elected, the national interest will suffer greatly. That cannot be an impeachable offense.

Ex. 30 at 16:26; ECF 214, CNN Stmt. of Undisputed Material Facts ("SUMF" or "56.1") ¶ 31. And it is undisputed that the underlined sentence was inadvertently cut off in the Congressional Record. *See* Ex. 30; 56.1 ¶ 31. As Plaintiff himself admits, this *"quotation … asserts that a president could do anything at all to get elected,"* Opp. at 15; indeed, that is among the reasons CNN's commentators (and others) interpreted his Response as they did.[4] As such, any determination at the pleading stage that did not take into account the underlined sentence (or the broader context of Plaintiff's Response and how it was interpreted) cannot control whether the statements were a fair summary of the Response. The full language and full context establish that the commentators' statements reflect a rational and supportable interpretation of the Response.

Second, as shown by Plaintiff's deficient responses to CNN's SUMF, Plaintiff misunderstands his evidentiary burden to avoid summary judgment. In a libel case, Plaintiff cannot "defeat a defendant's properly supported motion for summary judgment … without offering any concrete evidence from which a reasonable juror could return a verdict in his favor and by merely asserting that the jury might, and legally could, disbelieve the defendant's denial … of legal

---

[3] Plaintiff claims the "the video recording does not make that clear," but offers no evidence of this claim, and, in any event, CNN was hardly alone in hearing what Plaintiff said. *See, e.g.*, Ex. 136 at 47-48 (Fox News); Ex. 147 at 5 (Law & Crime); Ex. 102, rows 1346, 1389, 1401, 1720, 1791 (verified tweets). And the video, Ex. 30, speaks for itself.

[4] *See, e.g.*, Ex. 5 at 68:3-10 (Begala); Ex. 6 at 99:6-15 (Berman); Ex. 11 at 53:11-16 (Lockhart).

malice." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Plaintiff's Opposition does not point to any such concrete *evidence*. Not only does Plaintiff admit many of the facts set forth in CNN's SUMF,[5] but even as to those facts Plaintiff claims to "dispute," he makes no serious effort to present competent *evidence* to do so, as Rule 56 and Local Rule 56.1 require. *See Henriquez v. Total Bike, LLC*, 2013 WL 6834656, at *1 (S.D. Fla. Dec. 23, 2013) (non-movant must "present[] competent evidence" to avoid summary judgment).[6] For others, the sole basis for his dispute is his own conclusory declaration.[7] Finally, under *Liberty Lobby*, a plaintiff cannot create factual disputes simply by challenging a witness's credibility,[8] yet Plaintiff's only response to the paragraphs in CNN's SUMF based on sworn testimony is to say he "disputes the credibility of the testimony as scripted and self-serving."[9] None of these answers are enough to create an issue of fact. This Court, therefore, should now consider CNN's arguments based on the undisputed record it has submitted as part of its Motion and should grant summary judgment.

## II.   CNN Is Entitled To Summary Judgment As A Matter Of Law

### A.   Plaintiff Has No Evidence of Actual Malice

Plaintiff cannot establish actual malice by clear and convincing evidence.

#### 1.   Plaintiff Misstates the Subjective Nature of the Actual Malice Inquiry

Plaintiff first misquotes the decision in *Michel v. NYP Holdings, Inc*., 816 F.3d 686 (11th Cir. 2016), to argue the actual malice standard is an objective test that can be satisfied by a showing

---

[5] *See* ECF 253 ¶¶ 1-2, 4, 9, 16, 20, 22-26, 30, 35, 41, 52, 55-56, 58, 64, 74, 77, 87, 93, 98-105, 107, 111.

[6] For many of the paragraphs, Plaintiff lodges a conclusory "denial," but does not provide factual support. For example, in response to the paragraph in CNN's SUMF that "Plaintiff was also publicly criticized for his shifting legal opinion on impeachment," Plaintiff states "Denied. Dershowitz's position did not 'shift,' he performed more research." *See* ECF 253 ¶ 13. *See also* ECF 253 ¶¶ 3, 12, 14, 18-19, 27-28, 32-33, 36-40, 53, 73, 95-97, 106.

[7] For example, in response to SUMF ¶ 27, "Plaintiff's position was criticized in prominent outlets after his opening statement; he received many critical emails from strangers," Plaintiff responds "Disputed and out of context: Dershowitz's statement was also praised," but cites no evidence beyond his Declaration that states merely "my statement was also praised." ECF 253 ¶ 27 (citing Pl. Ex. B ¶ 31). *See also* ECF 253 ¶¶ 6-8, 10-11, 15, 36-37, 39, 108.

[8] *See also Santana v. Miami-Dade Cty.*, 2015 WL 5084136, at *8 (S.D. Fla. Aug. 28, 2015).

[9] *See* 56.1 ¶¶ 42-51, 54, 57, 59-63, 65-72, 75-76, 79-86, 88-92, 94.

that the defendant failed to include "contrary" information in the article. Opp. at 8. This is incorrect. Actual malice is a subjective standard and, to defeat summary judgment, Plaintiff must produce evidence such that a jury could find by clear and convincing evidence that "the defendant *in fact entertained serious doubts* as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968) (emphasis added). While a plaintiff can establish subjective awareness of probable falsity based on circumstantial evidence, a decision "not to include" purportedly contrary information, without more, is "irrelevant" to the actual malice inquiry. *Levan v. Cap. Cities/ABC, Inc.*, 190 F.3d 1230, 1243 (11th Cir. 1999).[10] *Michel* does not hold otherwise – on the contrary, *Michel* says nothing about "failure" to include information; it holds that "where the publisher *includes* information contrary to the general conclusions reached in an article, that showing tends to *undermine* the claims of malice." *Id.* at 703 (emphasis added).[11] In short, Plaintiff was required to produce evidence that CNN witnesses actually possessed information causing them to doubt the truth of the statements.[12] Plaintiff's complete failure to do so is fatal to his defamation claim.

## 2. Plaintiff's "Evidence" of Actual Malice Is Made Up

CNN established that Plaintiff could not make this showing because each and every one of the CNN witnesses watched the Response in full, independently reached their own conclusions about it, were not given any kind of "story line" from (former CNN president) Jeff Zucker or anyone else at CNN, and believed the statements were true when they were made. *See* MSJ at 16-

---

[10] *See also Silvester v. Am. Broad. Cos., Inc.*, 839 F.2d 1491, 1498 (11th Cir. 1988).

[11] *See also Berisha v. Lawson*, 973 F.3d 1304, 1312-13 (11th Cir. 2020).

[12] Plaintiff's citation to the Code of Ethics from the Society for Protection of Journalists is also unavailing. As Plaintiff acknowledges, the Supreme Court has held that actual malice *cannot* be established by showing "highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989). And one of the cases on which Plaintiff relies to show otherwise actually *reversed* a trial court verdict because the judge had instructed the jury that "a failure to follow accepted standards of journalistic practice can be considered in determining whether the element of reckless indifference is present." *Reuber v. Chem. News, Inc.*, 925 F.2d 703, 711 (4th Cir. 1991). *See* Opp. at 13. Even if a third party organization's "code of ethics" had any evidentiary value for the actual malice inquiry (and it does not), Plaintiff has produced no evidence that any of these principles were violated here.

18; *see also, e.g.*, Ex. 6 at 166:20-167:2.[13] In the Opposition, Plaintiff, who has no evidence to contradict this sworn testimony, tries to invent some. But a plaintiff cannot avoid summary judgment by "mischaracterize[ing] the record evidence or offer[ing] strained interpretations of that evidence." *Cutino v. Untch*, 2015 WL 1855788, at *2 n.3 (S.D. Fla. Apr. 22, 2015).

First, Plaintiff bizarrely claims John Berman's quoting of the <span style="color:red">Greatest President Argument</span> nearly verbatim is a "made-up quotation," and that Plaintiff "never made that statement." Opp. at 15. This is directly contradicted by the plain facts.[14] Review of the video of the Response shows Plaintiff absolutely "made that statement," despite the last clause being missed by the Congressional Record, as it was spoken slightly off-mike. *See* Ex. 30. That Plaintiff would seek to mislead the Court by telling it to reject the evidence of its eyes and ears shows how weak his claim is.[15]

Second, Plaintiff unsuccessfully tries to rebut the testimony that each CNN witness reached his or her own independent conclusion about the Response by speculating that these claims are false because the Response was a topic of discussion during a CNN meeting on January 29 and the subject of a "News Account" summary to which a hyperlink was emailed to some CNN employees (although not to all of the decisionmakers or speakers of the statements, including Lockhart,

---

[13] Even if Plaintiff could show actual malice by any of the individual speakers (which he cannot), he still could not establish actual malice on the part of CNN, because the state of mind of independent contractors cannot be imputed to CNN. *See* MSJ at 17 n.19. The cases cited by Plaintiff are not to the contrary. *See* Opp. at 22-24. Indeed, in the Eleventh Circuit case he cites, the court held "it was error to include [an independent contractor] in a[ jury] instruction on vicarious liability" as to actual malice. *Hunt v. Liberty Lobby*, 720 F.2d 631, 649 (11th Cir. 1983); *see also Corsi v. Newsmax Media, Inc*., 519 F. Supp. 3d 1110, 1122 (S.D. Fla. 2021) ("[plaintiff's] agency theory [of liability for defamation] fails"). The other cases fall outside the defamation context, and he does not cite a single case holding that the state of mind of an independent contractor can be imputed to a news organization in a defamation case.

[14] Contrary to Plaintiff's mistaken assertion, Opp. at 4 n.4, CNN played an additional clip that included the <span style="color:red">Greatest President Argument</span> during the 7 a.m. hour of New Day. Ex. 1 ¶ 39; Ex. 38 at timestamp 4:28; Ex. 39 at 3.

[15] Plaintiff also argues there was evidence of "ill will and hostility" because Berman's internal email used the subject line "Dersh-O-Nuts." Opp. at 15. Ill will and hostility, however, are not the subject of the actual malice inquiry, *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1198 n.17 (11th Cir. 1999), and, even if they were, this email subject line does not suggest actual "ill will." Berman explained that he was characterizing the *argument* articulated by Plaintiff, and he did not, in fact, bear any ill will towards Plaintiff personally. Ex. 6 at 154:23-155:8, 157:3-8.

Milgram, and Harman[16]). Opp. at 4.[17] Plaintiff's bare conjecture is not *evidence* that can raise a jury question. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a *genuine* issue of fact …."). Plaintiff is required to produce evidence that the January 29 call or the News Account not only influenced but also caused the speakers to doubt the statements, and he has none.[18] In fact, there is little evidence about who joined the call or read the News Account, matters Plaintiff barely asked about at any of the 12 depositions he took in this case. And the testimony he did elicit directly contradicts his argument.[19] Plaintiff's conspiracy theories do not create an issue of fact.

Third, Plaintiff distorts Paul Begala's deposition testimony to claim Begala admitted he knowingly misstated Plaintiff's Response in his column. Opp. at 14. This claim is absurd, because the full colloquy shows that Begala was simply testifying that his column did not purport to quote Plaintiff, but instead expressed Begala's opinion on the impact of Plaintiff's argument. Begala testified, in relevant part:

> A. "The Dershowitz Doctrine would make Presidents immune from every criminal act, so long as they could plausibly claim they did it to boost their reelection effort. Campaign finance laws: Out the window. Bribery statutes: Gone. Extortion: No more. This is Donald Trump's fondest dream, to literally be able to shoot someone on Fifth Avenue and get away with it." …
> Q. Did you believe at the time that you wrote this that that was an accurate, fair, and faithful characterization of Mr. Dershowitz's statements during the impeachment trial?
> A. No. I wasn't trying to -- I wasn't saying this is what he said. I was saying this is what it would do. This is what others will do with that. This is what it will do. **I'm not quoting Professor Dershowitz. He didn't say anything like that, but what I'm saying is … the argument he laid out will be abused to justify all manner of things by politicians seeking their reelection.** I don't say Dershowitz says this.

---

[16] CNN 56.1 Reply ¶ 10.

[17] Plaintiff falsely asserts that this was "the only news article of the Dershowitz statement published online on CNN.com by CNN on January 29, 2020," but CNN, in fact, published several pieces discussing the Response that day. *See* CNN 56.1 Reply ¶ 11. Plaintiff has not sued about the "News Account" or any other January 29 publication.

[18] *Cf. N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964) ("the state of mind required for actual malice would have to be brought home to the persons in the ... organization having responsibility for the publication ….").

[19] *See* Ex. 5: 64:7-13; Ex. 9 97:4-100:9; Def. Ex. 2 ¶ 12.

I say this is a doctrine that would do this. I think it's an important distinction.

Ex. 5 at 105:21-106:23 (emphasis added). *See also id.* at 127:14-128:7. In short, Begala testified that the column did not put words in Plaintiff's mouth; rather, it opined on the logical conclusion of Plaintiff's argument. And Begala repeatedly and emphatically stood behind the opinion he expressed in his column. *See* Ex. 5 at 102:22-103:23, 117:16-118:25, 148:24-149:21, 182:25-183:9.[20] Plaintiff's efforts to mislead the Court as to the factual record should be rejected.

### 3.      This Case Is Controlled by the *Pape* Rational Interpretation Test

Plaintiff fares no better in his legal arguments. In its Motion, CNN argued that because Plaintiff's Response was "extravagantly ambiguous" – or, as he admitted, "given spontaneously" and not capable of being "parsed together" – and CNN's statements were rational interpretations of the Response, the Supreme Court's decision in *Time, Inc. v. Pape* mandated summary judgment for CNN. *See* MSJ at 18-23. In the Opposition, Plaintiff attempts to avoid this dispositive authority by first claiming that the Court already "rejected" this argument in its decision on the motion to dismiss.[21] Opp. at 15-16. That is false. Although the Court held that *Pape* did not compel dismissal at the *pleading* stage, it did so because this Court "ha[d] before it only the allegations of the Complaint, which must be taken as true, and the substance of the broadcasts." MTD Op. at 20. The Court specifically noted that it was differently situated than the *Pape* Court, which was able to review

---

[20] In a similar vein, Lockhart's "acknowledg[ment]" that he was "trying to 'make a broader point, a political point'" about the dangerous implications of the argument set forth in the Response cannot be reasonably understood as an admission that Lockhart "considered himself at liberty to disregard Dershowitz's actual words." Opp. at 14-15. Rather, as Lockhart's testimony makes clear, he was expressing an opinion based on his honest interpretation of the Response, which he stands behind to this day. *See* 56.1 ¶ 66. And, contrary to Plaintiff's assertion, Milgram plainly did testify that she based her opinion on Plaintiff's words (combined with her "legal training and experience") and believed that her commentary was fair. *Id.* ¶ 53. Although Plaintiff alludes to his pending motion to reopen Milgram's deposition, he does not assert that, pursuant to Fed. R. Civ. P. 56(d), "he cannot present facts essential to justify [his] opposition."

[21] Plaintiff also attempts to limit *Pape* by wrongly claiming that "the only problem with the allegedly defamatory article about a government report in that case was the omission of the word 'alleged.'" Opp. at 16. But the issue was not simply the omission of a single word – it was the creation of the implication that the government committee that wrote the report found the incidents at issue had actually occurred, rather than were only alleged in a civil lawsuit. *See* 401 U.S. at 285.

9

both the underlying documents "*and the testimony of the Time writer*." *Id.* Far from precluding CNN from now making the *Pape* argument, the MTD Decision left the door open to it.[22]

Next, Plaintiff wrongly suggests that *Pape* is inapplicable because none of the commentators "claimed in their broadcasts or writing that [the Response] was 'ambiguous' at all." Opp. at 16. But that is incorrect as a factual matter,[23] and irrelevant as a legal matter. *Pape* does not require the speaker to state that the underlying event or document is ambiguous. Just the opposite – the journalist in *Pape* thought the report was clear and that he understood it, making a "deliberate choice" to interpret it as stating that the police brutality incident had occurred. 401 U.S. at 290. Here, the commentators all testified they believed when they made the statements that they correctly understood the Response, just like the journalist in *Pape*. *See* MSJ at 16-18. And there is ample evidence that the Response was indeed, "extravagantly ambiguous," from its jumbled syntax, to the testimony of multiple witnesses that they found the Response "confusing" and that it "made no sense," to Plaintiff's own admission that the Response is "difficult to parse" and that he "slipped up" in articulating what he claims was a key "qualification" of his arguments.[24] The "rational interpretation" rule specifically protects a "deliberate choice" in how to interpret such an obviously ambiguous set of statements.[25]

Finally, Plaintiff seeks to avoid *Pape* by claiming that CNN's interpretation of the Response was not rational because it "ignored" "qualifying language" in the Response or on January 27.

---

[22] Plaintiff also seeks to avoid *Pape* by claiming the case was somehow "*sui generis*" and that "the Supreme Court decided not to apply the accepted standard of actual malice." Opp. at 16. Both of these characterizations are false. *Pape*'s rational interpretation test has been cited and applied in courts throughout the country, including in Florida. *See, e.g.*, *Cannon v. Peck*, 36 F.4th 547, 570 n.14 (4th Cir. 2022); *Orr v. Argus-Press Co.*, 586 F.2d 1108, 1116 (6th Cir. 1978); *Zimmerman v. Allen*, 2014 WL 3731999 (Fla. 18th Cir. Ct. June 30, 2014), *aff'd*, 2015 WL 7904195 (DCA 5th Dec. 1, 2015; *see also* MSJ at 19-21 & n.22. And the expressly referenced *Sullivan*. *Pape*, 401 U.S. at 290.

[23] Some of the CNN commentators in fact did state in the broadcasts at issue that they found the Response ambiguous. *See* Ex. 53 at 3, 4 (Cooper: "I don't understand that argument at all"; Milgram: "it was a head scratcher").

[24] *See* Ex. 6 at 107:13-17; Ex. 8 at 53:19-20, 84:8-10; Ex. 11 at 53:11-16; Ex. 17 at 402:6-11, 415:9-23, 432:19-24.

[25] *Rebozo v. Washington Post Co.*, 637 F.2d 375 (5th Cir. 1981), cited in Opp. at 13, 16 n.9, is not to the contrary. That case did not cite *Pape*, was not a rational-interpretation case, and has no applicability here.

Plaintiff, however, has not identified what that "qualifying language" is. In fact, he pointedly avoids doing so. In the Complaint, Plaintiff argued the Illegal Quo Line was the qualifying language, Compl. ¶¶ 8-11, but Plaintiff never once quotes or relies on that line in his Opposition. In any event, the Illegal Quo line – on which Plaintiff admits he "slipped up" in his choice of words[26] – is a nonsensical tautology that conveys nothing about what is or is not "impeachable," let alone clearly "qualify" all of the separate arguments in his Response. *See, e.g.*, Ex. 107 at 7-10. Instead, in the Opposition, Plaintiff now argues the language that CNN "omitted" was his argument during the Response "that a quid pro quo could be illegal, unlawful, or corrupt and thus impeachable." Opp. at 2. **But Plaintiff did not actually say that in the Response or at any time before then**.

Plaintiff also suggests his Senate argument on January 27 contradicts the CNN statements about the Response. Initially, the idea that CNN was required to somehow harmonize Plaintiff's constantly shifting past arguments on impeachment when commenting on the Response is not reasonable. And in any event, nothing from January 27 contradicted CNN's interpretation of the Response. There, Plaintiff said a crime was *necessary* for impeachment, but never said a crime was *always* impeachable. *See* MSJ at 18. The Response, which was about whether acts done in the interest of reelection were impeachable, was widely interpreted by media outlets and commentators as a *new* argument, not a gloss on the January 27 argument. More fundamentally, the omission of qualifying language – the word "alleged" – was also the purported evidence of actual malice in *Pape*, and that omission alone was *not* enough "[t]o permit the malice issue to go to the jury." 401 U.S. at 290.[27] This is an even clearer case for the defendant than *Pape*. If leaving out the word "alleged," which most people can agree changes the meaning of a sentence, cannot establish actual malice, then

---

[26] Plaintiff claims this "slip[] up" is an "inconsequential nit" (Pl. Ex. B ¶ 8). But there is difference between saying "the only thing that would make a quid pro quo unlawful is if the quo were in some way illegal," on the one hand, and saying that "the quid pro quo would be unlawful if the quid *or the quo* was unlawful," on the other. ECF 253 ¶ 32.

[27] This negates Plaintiff's assertion that "ambiguity and rational interpretation are jury questions." Opp. at 16 n.9.

leaving out some ambiguous language that Plaintiff cannot even identify – whether from January 27 or 29 – certainly cannot. Plaintiff cannot demonstrate that CNN acted with actual malice.

### 4.      Plaintiff Has Identified No "Contradictory Facts"

Plaintiff's claim that CNN decisionmakers omitted or disregarded "contradictory facts" when making the statements is similarly unsuccessful. Opp. at 5, 12-14. A comparison between this case and those cited in Plaintiff's Opposition makes this clear. For example, in *Schiavone Construction Co. v. Time, Inc.*, 847 F.2d 1069 (3d Cir. 1988), the defendant published an article reporting – based on an FBI memo – that the plaintiff's name appeared in the Bureau's files in a manner suggesting mafia connections, despite a statement in the same memo that the references in the files did *not* "suggest[] any criminality, or organized crime associations." The reporter testified he had seen the statement, but had excluded it from the article because he did not believe it. The court held this could show actual malice. *Id.* at 1092. In other words, in *Schiavone* (and Plaintiff's other cited cases), (1) there was a concrete fact that directly contradicted the alleged defamatory statement, and (2) the reporter subjectively knew that fact contradicted the defamatory statement, but elected to disregard it.[28] Plaintiff has not established that either factor is present here.

As to the first factor, Plaintiff, as discussed *supra,* has not identified a concrete *fact* that could have contradicted CNN's statements – *i.e.*, he has not identified any omitted language. And Plaintiff has no evidence to support the second factor at issue in the *Schiavone* cases: he cannot show that the commentators (or any CNN decisionmakers) were aware that specific "facts" contradicted the statements, and omitted those facts in the face of that knowledge. On the contrary,

---

[28] In *Nader v. de Toledano*, 408 A.2d 31, 37-38 (D.C. 1979), a columnist asserted a Senate committee report "demonstrate[d] conclusively" that an activist had "falsified and distorted evidence" to support his campaign, when the report stated the plaintiff's campaign had been "made in good faith based on the information available to him" and the columnist chose to disbelieve it. Likewise, in *Reid v. Viacom Int'l*, 2017 WL 11634619, at *1 (N.D. Ga. Sept. 22, 2017), a biopic portrayed a pop group's manager as blocking the members from having their own lawyers look over their record contract, but the producers were aware – and even deleted a scene showing – the attorneys *had* reviewed the contract beforehand. Plaintiff's other cases are distinguishable along similar lines. *See* Opp. at 12-13.

the uncontroverted testimony confirms <u>no</u> CNN witness viewed the Illegal Quo Line (or any other part of the Response) as contradicting their interpretation of the Response, or as qualifying the Public Interest or Greatest President Arguments. *See* MSJ at 21-23.

In sum, unlike *Schiavone*, where a reporter was aware of – but omitted – a specific fact contradicting the published statement, the commentators interpreted a nuanced legal argument based on the totality of the Response, and did not believe there were any contradictory facts that would render their interpretations false. Plaintiff has not carried his burden of demonstrating that a jury could find by clear and convincing evidence that CNN acted with actual malice.

**B.      Plaintiff's Admissions Establish the Statements Are Protected Pure Opinion**

In the alternative, Plaintiff's Opposition merely reinforces that the statements are expressions of nonactionable "pure opinion" based on facts readily available to the public at the time of publication. *See Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018).

In his Opposition, Plaintiff claims that the Court ruled on CNN's Motion to Dismiss that the statements were not opinion and that this is the binding law of the case. Opp. at 5. But the law of the case doctrine does not apply, *see supra* Section I, and the Court expressly stated that a "more fully developed record" of the "context of the broadcasts and its audience" would be "required" in order to decide whether the statements were "pure opinion" on the grounds that "the underlying facts were 'known to the audience.'" MTD Op. at 15-16. Not only did the MTD decision not preclude CNN's opinion argument, it, in fact, provided a roadmap for CNN to make it. CNN has now followed that map and proven that the facts underlying the CNN statements, including the full content of the Response and the widespread criticism thereof, were known or available to the audience at the time CNN's statements were published and support CNN's nonactionable opinion.

Plaintiff's other argument is to claim there is not an "adequate factual foundation" for CNN's opinion. Opp. at 18. This argument is puzzling. Plaintiff does not dispute that, under

13

Florida law, a pure opinion "based upon facts that the communicator sets forth in a publication, or that are otherwise known or available to the reader or the listener as a member of the public" is nonactionable. Opp. at 19 (citation omitted). And Plaintiff does not dispute that the Trump impeachment was the top news story in early 2020 (ECF 253 ¶ 24); the Response and the entire impeachment trial were aired and live-streamed in full by CNN and other outlets (and that the video of the proceedings remains online) (*id.* ¶¶ 23, 25); the Response received widespread coverage in the media (*id.* ¶ 35); and at least "some" reporting on the Response also focused on the Public Interest Argument (*id.* ¶ 36). In light of these concessions, Plaintiff's claim that "the facts regarding Dershowitz's views on impeachment and quid pro quo arrangements were not known to the general public" (Opp. at 20) is obviously incorrect. And, in particular, Plaintiff's repeated assertion that CNN "conceal[ed]" the truth about Plaintiff's Response from the public – when CNN itself aired and streamed the entire trial and the Response in full and allowed Plaintiff to discuss it on CNN's air after the statements were published – is risible.

Finally, in its Motion, CNN cited *Moldea v. N.Y. Times Co.*, 22 F.3d 310, 313 (D.C. Cir. 1994), to argue the statements were protected as "supportable interpretations" of the Response. In opposition, Plaintiff argues that *Moldea* is inapposite because it only applies to book reviews. This argument should be rejected. First, as with book reviews, there is indisputably a "long and rich history in our cultural and legal traditions of affording … latitude" (*id.* at 315) to discussion of what occurs in the halls of Congress and other events of obvious political significance.[29] This is particularly so for the Begala statement, which is in the opinion section of the CNN website.[30] And second, no court since *Moldea* has so limited its holding, and it has been applied in a wide variety

---

[29] *See, e.g.*, *Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964) ("[S]peech concerning public affairs is more than self-expression; it is the essence of self-government.").

[30] *See, e.g.*, *Partington v. Bugliosi*, 56 F.3d 1147, 1154 (9th Cir. 1995); *Safex Found., Inc. v. Safeth, Ltd.*, 531 F. Supp. 3d 285, 312-13 (D.D.C. 2021); *Thomas v. L.A. Times Commc'ns, LLC*, 189 F. Supp. 2d 1005, 1015 (C.D. Cal. 2002).

of contexts. This Court should reject Plaintiff's efforts to limit *Moldea*.

### III.    Plaintiff Has No Evidence of Actual Damages Caused By CNN

Finally, in its Motion, CNN argued that Plaintiff will never be able to bear the burden of showing that the statements were the proximate cause of his reputational damage because Plaintiff has repeatedly and publicly stated that his "entire" reputation was destroyed by allegations made by Virginia Giuffre and his pre-impeachment defense of Trump. In the Opposition, rather than grapple with this testimony, Plaintiff dissembles it, attempting to create an issue of fact by claiming that when he testified that the Giuffre accusations had destroyed his "entire reputation" he "was referring to his personal reputation as it related to sexual morality" (ECF 253 ¶¶ 10-11). But "[a] party opposing summary judgment may not substitute an affidavit alleging helpful facts in place of earlier deposition testimony in hopes of avoiding summary judgment.… Plaintiff may not create a factual dispute by attempting to recharacterize the nature of his position." *Moore v. Tractor Supply Co.*, 352 F. Supp. 2d 1268, 1275-76 (S.D. Fla. 2004), *aff'd*, 140 F. App'x 168 (11th Cir. 2005). Plaintiff's newfound assertions are directly at odds with his actual sworn testimony, which states in no uncertain terms: "My entire reputation has been destroyed" (Ex. 78 at 349:14-15), including his "career as a public speaker" and writer (Ex. 80 at 622:14-21). And it is at odds with his many statements about the profoundly negative effects Plaintiff's defense of Trump had on his reputation and personal life. Plaintiff has unequivocally testified that his entire reputation was destroyed before the publication of the CNN statements. For this and the reasons set forth in the Opening, Plaintiff cannot carry his burden of demonstrating that the CNN statements were the proximate cause of his harm.[31] This Court should grant CNN's motion for summary judgment.

---

[31] Plaintiff's claim that he has brought this litigation to vindicate a reputational harm is further undercut by the fact that at least one of the individuals who is paying his legal fees has a public dispute with CNN.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 2nd day of December, 2022 to Mark A. Schweikert, Esq., mark@schweikertlaw.com; Schweikert Law, *Counsel for Plaintiff*, 1111 Brickell Avenue, Suite 1550, Miami Florida, 33131, and to John B. Williams, Esq., jbwilliams@williamslopatto.com; Williams Lopatto PLLC, *Counsel for Plaintiff*, 1629 K Street, NW, Suite 300, Washington, DC 20006

> **GUNSTER, YOAKLEY & STEWART, P.A.**
> 450 East Las Olas Boulevard, Suite 1400
> Fort Lauderdale, Florida 33301
> Telephone: (954) 462-2000
> By: /s/ Eric C. Edison, Esq.
>     George S. LeMieux, Esq.
>     Florida Bar No. 16403
>     Email: glemieux@gunster.com
>     Eric C. Edison, Esq.
>     Florida Bar No. 010379
>     Email: eedison@gunster.com
>
> **DAVIS WRIGHT TREMAINE LLP**
> Katherine M. Bolger, Esq.
> (*pro hac vice admitted*)
> Email: katebolger@dwt.com
> 1251 Avenue of the Americas
> New York, NY 10020
> Telephone: 212-489-8230
> *Counsel for Defendant Cable News Network, Inc.*

16