UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0-20-CV-61872-SINGHAL/HUNT

ALAN DERSHOWITZ,

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.,

        Defendant.
_____/

**PLAINTIFF'S RESPONSE TO CNN'S BILL OF COSTS AND
SUPPORTING MEMORANDUM OF LAW**

Pursuant to Local Rule 7.3(c), Plaintiff Alan Dershowitz submits this response in opposition to CNN's Bill of Costs (ECF No. 297) and its memorandum of law in support thereof (ECF No. 298).

**INTRODUCTION**

This is a defamation case that this Court noted "raised important issues[.]" (ECF No. 290 at 17). Indeed, although CNN ultimately prevailed on summary judgment, this Court observed "[i]t is understandable why [Plaintiff] brings this case."[1] *Id.* at 12. As the prevailing party, CNN now requests a total award of $61,139.99 as alleged taxable costs pursuant to 28 U.S.C. § 1920.

Yet CNN's supporting memorandum, for the most part, fails to show how or why CNN should be entitled to such costs under § 1920. Nor does CNN make any meaningful attempt—especially with respect to its deposition-related costs—to distinguish between its taxable versus nontaxable costs. For example, instead of identifying which specific line items in its invoices may

---

[1] On April 13, 2023, Plaintiff filed a notice of appeal to the Eleventh Circuit. (ECF No. 292).

1

be taxed as costs (as opposed to those that are not taxable), CNN has simply dumped all its invoices into the record and left it for Plaintiff (and this Court) to determine which specific line-item charges may be properly taxed pursuant to § 1920 and which may not. *See, e.g.* (ECF No. 297-1 at 43) (seeking $15,354.85 in taxable costs for Plaintiff's deposition, even though most of the line-item charges—such as charges for laptop rentals, court reporter appearance fees, a rough draft, an expedited transcript, "Realtime" streaming, shipping, handling, and processing—are *not* taxable as shown below). Plaintiff has thus parsed all the line-item charges in CNN's invoices in light of the applicable law as shown in Exhibit A hereto. Accordingly, for the reasons below, Plaintiff respectfully requests that CNN only be awarded a total of **$12,754.65** in taxable costs.

## MEMORANDUM OF LAW

Title 28 U.S.C. § 1920 expressly provides that the following items may be taxed as costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. *Roberts v. Charter Nat'l Life Ins. Co.*, 112 F.R.D. 411, 412 (S.D. Fla. 1986). These six categories of costs should be narrowly construed. *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001); *see also Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-37JBT, 2012 WL 2913179, at *2 (M.D. Fla. June 13, 2012).

### *Pro Hac Vice* Fees

Plaintiff objects to CNN's request for $1,200.00 in *pro hac vice* fees, because such fees are

not taxable under 28 U.S.C. § 1920. In *Easterwood v. Carnival Corp.*, 19-CV-22932, 2021 WL 3473184, at *7 (S.D. Fla. Aug. 6, 2021), the plaintiff sought "to recover the costs of legal research, mediation, and admission pro hac vice for her counsel." *Id.* at *7. But the Court denied the plaintiff's requests because "these costs are not listed as taxable costs under § 1920, and the Court concludes that they are not recoverable." *Id.* Like in *Easterwood*, CNN's request for an award of $1,200.00 for *pro hac vice* fees should be denied.

**Deposition-Related Costs**

Plaintiff also objects to CNN's request for $57,882.04 in fees for printed or electronically recorded transcripts. Although CNN has simply lumped all the line-items from its invoices together without any effort to distinguish between those costs that are taxable versus those that are not, Plaintiff has prepared Exhibit A, which includes a breakdown of each invoice and the objectionable line-items. Plaintiff's specific objections to each line-item in Exhibit A correspond to the paragraph numbers below.

1. In the Eleventh Circuit, deposition transcripts are generally taxable so long as they were "necessarily obtained for use in the case." *E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 620-21 (11th Cir. 2000). However, "court reporter attendance fees are not included in Section 1920(2) and, therefore, cannot be awarded." *Bostick v. State Farm Mutual Auto. Ins. Co.*, Case No.: 8:16-cv-1400-T-33AAS, 2018 WL 1474712, at *4 (M.D. Fla. Mar. 8, 2018); *Newman v. Hous. Auth. of City of Ft. Lauderdale*, No. 06-60359, 2007 WL 315098, at *3 (S.D. Fla. Jan. 31, 2007); *see also Miles v. Jones*, No. 08-20612-CIV, 2011 WL 10565588, at *2 (S.D. Fla. Feb. 4, 2011) (court reporter "appearance fees are not taxable under § 1920" (emphasis in original)).

2. Moreover, courts in this district have made a clear distinction that – while costs for deposition transcripts are recoverable under § 1920 – "fees for expedited or condensed transcripts

3

. . . are not reimbursable under § 1920." *Muldowney v. MAC Acquisition, LLC*, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010), *Report and Recommendation adopted*, 2010 WL 3367914 (S.D. Fla. Aug. 24, 2010) (citing *Licausi v. Symantec Corp.*, 2009 WL 3177566 *3 (S.D. Fla. Sept. 29, 2009) ("However, the fees for expedited or condensed transcripts, compressed and mini script versions, and CD ROM's with ASCII are not reimbursable under § 1920.")). Also, fees related to miniscripts, keyword indices, special file types, and computer disc copies are not taxable costs. *Id.*; *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

3. Likewise, costs associated with taking a remote deposition and cancellation fees are not taxable. *See Bucklew v. Charter Communications, LLC*, 8:19-CV-2029-TPB-AAS, 2021 WL 3621892, at *3 (M.D. Fla. July 16, 2021), *report and recommendation adopted,* 8:19-CV-2029-TPB-AAS, 2021 WL 3617404 (M.D. Fla. Aug. 16, 2021) ("Section 1920 does not specifically allow for recovery of remote video platform fees nor has Charter provided authority in this District when the court allowed such fees. Thus, Charter should not be awarded the costs of the remote deposition platform used for Mr. Bucklew's deposition."); *George v. Chipotle Mexican Grill Serv. Co.*, 6:12-CV-845-ORL, 2014 WL 5426519, at *4 (M.D. Fla. Oct. 24, 2014) ("Cancellation fees are not listed as a recoverable cost under § 1920.").

4. Deposition costs incurred merely for counsel's convenience are not taxable either. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). For example, expedited transcripts, rough drafts, and "Realtime" transcript access are primarily for the convenience of counsel and are therefore not taxable. *See generally Maris Distributing Co. v. Anheuser–Busch. Inc.*, 302 F.3d 1207 (11th Cir. 2002); *Nat'l Bancard Corp. V. VISA, U.S.A., Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986) (holding that "the expedited nature of the transcript was for the convenience of counsel and

4

therefore the additional expense is not taxable."); *see also Lehman Bros. Holdings, Inc. v. Hirota*, No. 8:06–CV–2030–T–24–MSS, 2010 WL 3043653 (M.D. Fla. July 30, 2010) (costs incurred for Realtime are for the convenience of counsel and are not taxable); *Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, 8:09-CV-1850-T-30CPT, 2019 WL 3208445, at *5 (M.D. Fla. June 28, 2019), *report and recommendation adopted,* 8:09-CV-1850-T-30CPT, 2019 WL 3207025 (M.D. Fla. July 16, 2019) ("The weight of authority in this area is that such rough draft and expedited costs incurred merely for the convenience of counsel are not taxable."). The same is true of laptop rentals. *Witbart v. Mandara Spa (Hawaii), LLC*, 18-CV-21768, 2022 WL 1241439, at *5 (S.D. Fla. Apr. 12, 2022), *report and recommendation adopted sub nom. Witbar v. Mandara Spa (Hawaii), LLC*, 1:18-CV-21768, 2022 WL 1239232 (S.D. Fla. Apr. 27, 2022) (finding that "the costs of electronic and condensed transcripts, litigation packages, copies of exhibits, and laptop rentals" were incurred for convenience of counsel and thus not taxable).

5.     Furthermore, CNN cannot tax the cost of both transcription and videography. "It is within the court's discretion to tax the cost of videotaping and transcribing a deposition only when both are necessarily obtained for use in the case." *Muldowney*, 2010 WL 3385388, at *4, *Report and Recommendation adopted*, 2010 WL 3367914 (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). Importantly, "[a] party seeking to tax the cost of a videotaped deposition must show the necessity of the videotaping and not merely convenience. If a party succeeds in taxing the cost of a videotaped deposition, then that party may not also succeed in taxing the transcription thereof. One is in lieu of the other." *Univ. of Miami v. Intuitive Surgical, Inc.*, 2007 WL 781912, at *1 n. 2 (S.D. Fla. Mar. 13, 2007) (quoting *United States v. Davis*, 87 F. Supp. 2d 82, 88 (D.R.I. 2000) (citations omitted)). In no event, therefore, should CNN be awarded costs for both videotaping and a written transcript and since there's been no showing that

videography was necessary; only the lower cost of transcription should be eligible for taxation.

6. Costs for copies of exhibits, litigation support packages, electronic processing and delivery, and shipping are not taxable. *Chase Bank USA, N.A. v. Jacucci*, 19-62318-CIV, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6, 2021) ("[T]he Court finds that Chase's claimed costs of $122.60 for additional copies of exhibits to the deposition, the litigation support package, and electronic processing and delivery are not recoverable.") (citations omitted).

7. "Scanning and other electronic conversion charges are not taxable." *Tillman v. Advanced Public Safety, Inc.*, Case No. 15-CV-81782, 2018 WL 5768570, at *15 (S.D. Fla. Nov. 2, 2018) (also holding that "costs incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable" (emphasis added)), *Report and Recommendation adopted*, 2018 WL 6424899 (S.D. Fla. Nov. 21, 2018); *see also Arcadian Fertilizer*, 249 F.3d at 1297 (computerized and videotape exhibits are not within the meaning of § 1920). Nor are costs for delivery, mailing, and postage. *Pena v. RDI, LLC*, 8:17-CV-01404-T-AAS, 2019 WL 3017574, at *2 (M.D. Fla. July 10, 2019) ("Delivery, mailing, and postage charges are not taxable costs under 28 U.S.C. § 1920.").

Nevertheless, CNN has sought many of these disallowed costs as part of its Bill of Costs. For example, CNN seeks reimbursement for appearance fees, "realtime" costs, expedited transcripts, rough drafts, deposition exhibits, cancellation fees, shipping, handling, and processing fees, and various litigation support "packages." (*See* ECF No. 297-1 at 12-46). To be sure, CNN has made no effort to show that any of these disallowed costs should be allowed or were even necessary and reasonable—and CNN should *not* be permitted to try to do so for the first time in its reply. Importantly, CNN completely failed to separate out its taxable costs from its non-taxable costs and instead commingled them all in its Bill of Costs and the backup invoices submitted

6

therewith. Specifically, CNN lumped all line-items from an invoice together and made no effort to break out costs that are recoverable under § 1920 and those that are not.

"It was the Defendants' burden to provide this Court with an explanation of the charges that was sufficient for the Court to determine whether this was a necessary and reasonable charge. Since the Defendants failed to do so, and it appears that the charge included non-recoverable expenses, this charge is disallowed in its entirety." *Rodriguez v. M.I. Quality Lawn Maintenance, Inc.*, No. 10-21031, 2012 WL 664275, at *5 (S.D. Fla. Feb. 9, 2012), *Report and Recommendation adopted*, 2012 WL 664274 (S.D. Fla. Feb. 28, 2012); *Shire Develop., LLC v. Mylan Pharma., Inc.*, Case No. 8:12-cv-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) (defendant denied costs for expedited deposition transcripts when"[t]he Defendant only provides the total amount charged for each deposition transcript in their invoices, instead of breaking down the taxable (e.g., deposition transcript) and non-taxable costs (e.g., expedited or shipping costs) for the Plaintiff and the Court"). Accordingly, CNN's request to tax $57,882.04 in deposition-related costs should be denied and, at most, CNN should be awarded $12,155.65 in deposition-related taxable costs.

Additionally, Plaintiff does not object to CNN's request for $479.00 for the service of subpoenas via private process server and $120.00 in statutory witness fees. (ECF No. 297 at 1). In sum, the total amount of taxable costs that CNN should be awarded is **$12,754.65**.

Finally, given the pending appeal of the summary judgment order, Plaintiff respectfully requests that this Court stay its ruling on CNN's application for a Bill of Costs (or deny it without prejudice) pending resolution of the appeal. *See, e.g., Chavez v. Mercantil Commercebank, N.A.,* 10-CV-23244, 2012 WL 12861093, at *3 (S.D. Fla. Aug. 20, 2012) (denying prevailing party's application for a Bill of Costs pending resolution of the appeal); *Specialized Transp. of Tampa*

7

*Bay, Inc. v. Nestle Waters N. Am., Inc.*, 8:06-CV-421-T-33EAJ, 2009 WL 1788373, at *1 (M.D. Fla. June 22, 2009) (denying prevailing party's application for a Bill of Costs pending resolution of the appeal, in part because "[i]f this Court were to resolve the attorney's fees and costs issues while an appeal remains pending, it would likely be asked to repeat the procedure following the appeal[]" and it "prefers to avoid piecemeal adjudication of attorney's fees and costs"); *Bowers v. Universal City Dev. Partners, Ltd.*, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (same).

Dated: May 18, 2023                                    Respectfully submitted,

*/s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)
SCHWEIKERT LAW PLLC
1111 Brickell Avenue, Suite 1550
Miami, FL 33131
Tel: (305) 999-1906
mark@schweikertlaw.com

John B. Williams (*pro hac vice*)
WILLIAMS LOPATTO PLLC
1629 K Street, N.W., Suite 300
Washington D.C. 20006
Tel: (202) 296-1665
jbwilliams@williamslopatto.com
fnkitton@williamslopatto.com

Neil H. Koslowe (*pro hac vice*)
POTOMAC LAW GROUP, PLLC
1300 Pennsylvania Avenue, N.W., Suite 700
Washington D.C. 20004
Tel: (202) 320-8907
nkoslowe@potomaclaw.com

*Counsel for Plaintiff Alan Dershowitz*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 18, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, and that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

<i>/s/ Mark A. Schweikert</i>