UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61872-AHS

ALAN DERSHOWITZ,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

**CABLE NEWS NETWORK, INC.'S REPLY MEMORANDUM
IN SUPPORT OF BILL OF COSTS**

Defendant, CABLE NEWS NETWORK, INC. ("CNN"), pursuant to Local Rule 7.3(c) and Federal Rule of Civil Procedure 54(d)(1), hereby files its Reply Memorandum in Support of its Bill of Costs.

**I.  Introduction**

In compliance with Local Rule 7.3(c), CNN filed its itemized Bill of Costs on form AO 133, and submitted supporting documentation organized in the order of the itemized categories. ECF No. 297.  CNN also submitted a supporting memorandum, which cited case law supporting its entitlement to recover its costs in each of those categories.  ECF No. 298.

In his response, Plaintiff attempts to slice and dice those categories into various subcategories that Plaintiff contends are not taxable—such as fees for remote depositions during a global pandemic and a last-minute cancellation caused by Plaintiff himself.  ECF No. 299 ("Pl.'s Resp.").  But the case law cited in CNN's opening memorandum and this reply shows that all of those subcategories are indeed taxable (with two small exceptions, for which CNN will withdraw its request).  Accordingly, this Court need not parse the minutia of voluminous line items as

Plaintiff urges. The Court should award the full costs requested in CNN's Bill of Costs, less the small deduction explained below ($4,942.56), yielding a total of **$56,197.43** in taxable costs.

**II.     CNN's Requested Costs Are Taxable**

"The presumption is in favor of awarding costs." *Ferguson v. N. Broward Hosp. Dist.*, 2011 WL 3583754, at *1 (S.D. Fla. Aug. 15, 2011) (Cohn, J.). The "opposing party has the burden of showing that the costs requested fall outside the scope of 28 U.S.C. § 1920 or are otherwise unreasonable." *R.M. v. Miami-Dade Cnty.*, 2022 WL 2669489, at *2 (S.D. Fla. June 20, 2022), *report and recommendation adopted*, 2022 WL 2666887 (S.D. Fla. July 11, 2022) (Huck, J.); *see also Kaplan v. Nautilus Ins. Co.*, 2020 WL 9458649, at *2 (S.D. Fla. Aug. 11, 2020) (Moore, J.) (holding that opposing party "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case"). Plaintiff fails to meet his burden.

**A.     Fees of the Clerk**

"*[P]ro hac vice* fee[s] paid to the Clerk" are "reasonable and compensable" because "fees of the clerk are taxable." *Hamilton v. Sikorsky Aircraft Corp.*, 2019 WL 8641131, at *1 (S.D. Fla. Mar. 21, 2019) (Rosenberg, J.) (citing 28 U.S.C. § 1920(1)); *see also Mardegan v. Mylan, Inc.*, 2012 WL 12850765, at *2 (S.D. Fla. Apr. 20, 2012) ("[T]his Court permits the Defendants to recover the . . . pro hac vice fee as one of their 'Fees of the Clerk.'"), *report and recommendation adopted*, 2012 WL 12850766 (S.D. Fla. May 15, 2012) (Martinez, J.). Thus, CNN is entitled to $1,200 for its *pro hac vice* fees.

**B.     Fees for Service of Subpoenas**

Plaintiff does not object to CNN's request for $479 for the service of subpoenas. Pl.'s Resp. at 7. Accordingly, this cost should be awarded. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

### C. Fees for Printed or Electronically Recorded Transcripts

Plaintiff attempts to divide CNN's request for transcript fees into various subcategories and contends that they are not taxable. But all of those subcategories are necessary and taxable here, with two small exceptions (resulting in a deduction of $4,942.56). Accordingly, the Court should award $52,939.48 in transcript fees. Support for CNN's position is set forth below in the order corresponding to Plaintiff's paragraph numbers.[1] *See* Pl.'s Resp. at pp.3–6.

#### 1. Court Reporter Attendance

"Fees" under 28 U.S.C. § 1920(2) include "all costs associated with preparing the transcript, which would necessarily include the court reporter's appearance fee." *Feise v. N. Broward Hosp. Dist.*, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017) (Bloom, J.) ("It is axiomatic that a deposition cannot be transcribed unless a court reporter is physically present at the proceeding."). "Recoverable costs include . . . attendance fees of the court reporter or *per diem*." *Zendejas v. Redman*, 2018 WL 5808706, at *4 (S.D. Fla. Nov. 6, 2018), *report and recommendation adopted*, 2018 WL 6680994 (S.D. Fla. Nov. 28, 2018) (Marra, J.); *see also Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, 2010 WL 680948, at *14 (S.D. Fla. Feb. 24, 2010) (Dimitrouleas, J.) (same); *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (Graham, J.) ("The court reporter's appearance fee at depositions should be awarded.").

#### 2. Expedited and Rough Transcripts

"If an expedited or rough transcript was necessary, the cost is recoverable." *Zendejas*, 2018 WL 5808706, at *4. In particular, it is "necessary to obtain expedited transcripts or rough

---

[1] Plaintiff's numbered paragraphs appear to blend and duplicate certain subcategories, making it unclear which objections correspond to which line items. *See, e.g.*, Pl.'s Resp. at pp.3–6 (repeating objections to expedited transcripts in paragraphs 2 and 4, condensed transcripts in paragraphs 2, 4, and 7, exhibit copies in paragraphs 4, 6, and 7, and delivery in paragraphs 6 and 7). For clarity, CNN has grouped the subcategories into logically discrete sections and does not repeat its arguments.

draft transcripts for . . . witnesses deposed shortly before the . . . discovery deadline." *Kearney v. Auto-Owners Ins. Co.*, 2010 WL 1856060, at *2 (M.D. Fla. May 10, 2010) (taxing costs of expedited and rough transcripts for depositions taken less than 30 days before discovery deadline). In such circumstances, it is necessary to obtain the transcripts "sooner in order to evaluate the[] case by the discovery deadline and prepare dispositive motions." *Id.*

Here, all the expedited and rough transcripts were for depositions taken less than 30 days before the discovery deadline under the operative scheduling order, with minor exceptions.[2] *See* ECF No. 297-1 at 25, 28, 34 (depositions on July 8, 12, and 19, 2022); ECF No. 81 (discovery deadline of August 5, 2022); *see also* ECF No. 297-1 at 43 (deposition on September 13, 2022); ECF No. 185 (deadline for limited items by September 13, 2022). In addition, it was necessary to order an expedited transcript of the October 26, 2022 discovery hearing, ECF No. 297-1 at 45, because Plaintiff objected to the magistrate's ruling, requiring CNN to cite the transcript in its response just days later, ECF No. 279 at 3–4. Plaintiff does not dispute that it was necessary to order a daily transcript of the April 21, 2022 discovery hearing, ECF No. 299-1 at 1; ECF No. 297-1 at 11, which also resulted in objections to the magistrate's oral ruling, ECF Nos. 113, 114.

Accordingly, CNN's costs for expedited and rough transcripts are recoverable, with the minor exception of a $262.56 deduction as noted in footnote 2.

### 3. Remote Depositions and Cancellation

Costs associated with remote deposition platforms, such as RemoteDepo or Exhibit Share, are recoverable during the COVID-19 pandemic. "Due to the COVID-19 pandemic, in-person

---

[2] CNN withdraws its request for $120 for the rough transcript of Ella Dershowitz's deposition on May 26, 2022. *See* ECF No. 297-1 at 15. In addition, CNN modifies its request for the expedited transcript of the summary judgment hearing, ECF No. 297-1 at 46, and requests that this cost be taxed at the ordinary rate of $4.02 per page ($434.16 in total), which results in a discount of $142.56. *See* S.D. Fla. Transcript Rate Schedule, https://www.flsd.uscourts.gov/transcript-rate-schedule.

depositions posed a risk to an individual's health, thus such programs have been routinely used to allow Parties to effectively conduct depositions remotely. . . . Accordingly, as such measures are needed to conduct a remote deposition, . . . these expenses are recoverable." *Baer's Furniture Co. v. Comcast Cable Commc'ns Mgmt. LLC*, 2023 WL 1781818, at *3 (S.D. Fla. Jan. 17, 2023) (Hunt, M.J.), *report and recommendation adopted*, 2023 WL 1778551 (S.D. Fla. Feb. 6, 2023); *see also Versfelt v. Sanza Food Serv., LLC*, 2022 WL 2441314, at *3 (S.D. Fla. June 17, 2022) (Hunt, M.J.) ("[D]ue to the COVID-19 pandemic, such measures were needed to conduct the deposition remotely."), *report and recommendation adopted*, 2022 WL 2439092 (S.D. Fla. July 5, 2022).

In addition, a party may recover a cancellation fee where the cancellation was not due to any fault of that party. *Nicholas v. Allianceone Receivables, Mgmt., Inc.*, 2011 WL 13175103, at *5 (S.D. Fla. May 13, 2011), *aff'd*, 450 F. App'x 887 (11th Cir. 2012). Here, Plaintiff himself caused the late cancellation just days before his scheduled deposition, ECF No. 192 at 4–5, so it is entirely appropriate that he bear the cost of his cancellation, ECF No. 297-1 at 23.

### 4.  Condensed and Realtime Transcripts Are Withdrawn

CNN withdraws its request for the costs of condensed and realtime transcripts. This results in a deduction of $4,680. *See* ECF No. 297-1 at 12, 15, 17, 20, 25, 43.

### 5.  Video Depositions

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded . . . by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Zendejas*, 2018 WL 5808706, at *4; *see also Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (same). If transcripts and videos are "reasonably necessary" for the case, <u>both</u> stenography and videography are taxable.[3] *Zendejas*, 2018 WL 5808706, at *5.

---

[3] Even Plaintiff's cited case acknowledges that both stenography and videography may be taxed. *See Muldowney v. MAC Acquisition, LLC*, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010) (cost of

Here, the depositions were noticed to be recorded both by stenographic means and by video, and Plaintiff never objected. Plaintiff does not dispute this. *See* Pl.'s Resp. at 5–6.

Further, both the transcripts and videos were necessary for this case. CNN cited the transcripts throughout its summary judgment papers, ECF Nos. 213, 214, 263, 264, and played videos of Anderson Cooper's and Paul Begala's depositions at the summary judgment hearing, ECF No. 285 at 18:17–24, 28:4–5. CNN also utilized deposition videos to prepare for trial and evaluate deposition designations, which were due the week that summary judgment was granted, with trial to begin just a few weeks later. ECF No. 259 ¶¶ 1–2.

Accordingly, CNN is entitled to recover the costs of both stenography and videography.[4]

### 6. Processing and Technology

"[P]rocessing and handling . . . are part of the court reporter's fee and are taxable." *Akkasha v. Bloomingdales, Inc.*, 2020 WL 6820876, at *1–2 (S.D. Fla. June 23, 2020) (quoting *Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007)), *report and recommendation adopted*, 2020 WL 6820880 (S.D. Fla. July 8, 2020) (Martinez, J.). In addition, deposition "equipment" or technology fees are recoverable. *Paylan v. Teitelbaum*, 2018 WL 5289501, at *5 (N.D. Fla. Aug. 1, 2018), *report and recommendation adopted*, 2018 WL 5283442 (N.D. Fla. Oct. 24, 2018).

---

"videotaping *and* transcribing" may be taxed where "*both* are necessarily obtained for use in the case" (emphases added)), *report and recommendation adopted*, 2010 WL 3367914 (S.D. Fla. Aug. 24, 2010).

[4] If this Court determines that videography is not taxable, CNN should still recover its stenography costs, as Plaintiff concedes in his brief. *See* Pl.'s Resp. at 6. But Plaintiff's attached spreadsheet goes further and asks that CNN receive *nothing* for ten depositions (John Berman, Paul Begala, Jeff Zucker, Anderson Cooper, Susie Xu, Erin Burnett, Joe Lockhart, Chuck Hadad, Isabella Povich, and Anne Milgram), ECF No. 299-1 at 4–6—presumably because the court reporter (whom Plaintiff selected) lumped the cost of stenography and videography together, ECF No. 297-1 at 28, 31, 34–41. Stenography represents approximately 55% of the total cost, as confirmed by the reporter's other deposition invoices. *Id.* at 29–30, 32–33. Accordingly, if the Court elects to award only stenography costs, those ten depositions should be taxed at 55% of their total cost, which yields $11,010.08 for those ten.

6

### 7. Delivery

"Normal delivery charges for transcripts are considered reasonable costs associated with depositions and are recoverable." *Zendejas*, 2018 WL 5808706, at *4; *see also Parrot*, 2010 WL 680948, at *14 (same).[5]

### D. Fees for Witnesses

Plaintiff does not object to CNN's request for $120 in statutory witness fees. Pl.'s Resp. at 7. Accordingly, this cost should be awarded. *See Zendejas*, 2018 WL 5808706, at *3.

### E. Copying Costs

"Photocopying costs," including for copies of deposition exhibits, are taxable under 28 U.S.C. § 1920(4) "if they were necessarily obtained for use in a case . . . or the incurring party reasonably believed they were necessary." *R.M. v. Miami-Dade Cnty.*, 2022 WL 2669489, at *3 (S.D. Fla. June 20, 2022), *report and recommendation adopted*, 2022 WL 2666887 (S.D. Fla. July 11, 2022) (Huck, J.).

Plaintiff does not dispute that the eighteen depositions in this case were necessary. Thus, "it follows that the exhibits used in th[ose] deposition[s] were also necessary." *Id.* Accordingly, CNN is entitled to $1,458.95 in copying costs for deposition exhibits.

## III. The Court Should Not Stay Its Ruling

In this district, "the Court's regular practice is 'not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit.'" *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, 2020 WL 6585873, at *2 (S.D. Fla. Sept. 11, 2020) (quoting *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*,

---

[5] In his paragraphs 4, 6, and 7, Plaintiff objects to costs for copies of deposition exhibits. Pl.'s Resp. at pp.5–6. However, exhibit copying costs are properly taxable under 28 U.S.C. § 1920(4) (rather than under § 1920(2), which covers transcription). Accordingly, CNN separately itemized such fees on its Bill of Costs, and sets forth support for them in corresponding order here. *See infra* Part II.E.

2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010)), *report and recommendation adopted*, 2020 WL 6581641 (S.D. Fla. Nov. 10, 2020) (Smith, J.); *see also SunTrust Bank v. Ruiz*, 2016 WL 4006665, at *2 (S.D. Fla. Mar. 7, 2016) ("[T]he Court will not use its discretion to postpone the taxation of costs pending the resolution of an appeal."). This practice is reinforced by the Local Rules, which direct that the "prospects or pendency of supplemental review or appellate proceedings" shall *not* affect the time to file a bill of costs. S.D. Fla. L.R. 7.3(c).

Here, there is no reason to depart from the regular practice. "Plaintiff advances no arguments as to any of the requisite factors" for the issuance of a stay, "and instead solely focuses on the broad concept of judicial economy," which is insufficient to support a stay. *Tamiami*, 2020 WL 6585873, at *2; *see* Pl.'s Resp. at 7–8. Nor is there any basis to deny CNN's Bill of Costs "without prejudice" and force it to needlessly refile after the appeal is resolved.[6]

## IV. Conclusion

CNN respectfully requests that it be awarded the amount identified in its Bill of Costs, less a deduction of $4,942.56 for certain expedited or rough transcripts and condensed or realtime transcripts. *See supra* p.4 note 2, p.5. Accordingly, the Court should enter an order awarding CNN recovery from Plaintiff in the amount of **$56,197.43**, plus interest.

---

[6] Plaintiff's cited cases are inapposite because they deferred a motion for *attorney's fees* under Rule 54(d)(2)(B)—not a standalone bill of *costs* under Rule 54(d)(1), which governs here. *See Chavez v. Mercantil Commercebank, N.A.*, 2012 WL 12861093, at *2 (S.D. Fla. Aug. 20, 2012); *Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, 2009 WL 1788373, at *1 (M.D. Fla. June 22, 2009); *Bowers v. Universal City Dev. Partners, Ltd.*, 2005 WL 1243745, at *1 (M.D. Fla. May 19, 2005).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 25th day of May 2023 to Mark Schweickert, Esq., mark@schweikertlaw.com, Schweickert Law, 1111 Brickell Avenue, Suite 1550, Miami, Florida 33131, and John B. Williams, Esq., jbwilliams@williamslopatto.com, Williams Lopatto PLLC, 1629 K Street, NW, Suite 300, Washington, DC 20006, *Counsel for Plaintiff*.

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ Eric C. Edison, Esq.
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
*(pro hac vice admitted)*
Email: katebolger@dwt.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230

*Counsel for Defendant Cable News Network, Inc.*